IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED, | ) ) ) | CIVIL ACTION FILE NO. |
| Plaintiffs, | ) ) ) | 18-cv-05824-MLB |
| vs. | ) ) ) | |
| INGENICO, INC., INGENICO CORP., INGENICO GROUP, SA, and INGENICO VENTURES SAS, | ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e), AND PLAINTIFFS' CONSENT TO THE ENTRY OF THE RELIEF SOUGHT PURSUANT TO DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404**

Plaintiffs AnywhereCommerce, Inc. ("AnywhereCommerce") and BBPOS Limited ("BBPOS"; collectively, "Plaintiffs"), by and through their counsel, hereby submit this Memorandum of Law in response to the Motion of Defendants Ingenico Inc., Ingenico Corp., Ingenico Ventures SAS, and Ingenico Group, SA (collectively, "Defendants") to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), or transfer venue under 28 U.S.C. § 1404, and for a more definite statement, pursuant to Fed. R. Civ. P. 12(e) filed March 25, 2019 [Doc. 23].

## I.      INTRODUCTION

In the interests of expediency and convenience, Plaintiffs now ***consent*** to the entry of the relief sought by Defendants pursuant to their motion to transfer this entire action to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404.[1]   Plaintiffs oppose the remaining relief sought by Defendants, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e) (in the alternative or otherwise) as lacking merit and/or for mootness in light of Plaintiffs' consent to transferring venue.  With respect to their Rule 12(b)(6) motion, Defendants mention in passing that dismissal of a lawsuit based on a forum selection clause under this Rule is not outside the realm of possibility, but then immediately move on to their transfer arguments, providing no measure of legal analysis of the propriety of a dismissal under the circumstances here as an alternative to transfer.[2]  That is because none exist.

Moreover, if the Court grants the motion to "transfer[] the entire case to Massachusetts[,]" Defendants' motion for a more definite statement as to "any

---

[1] In so doing, however, Plaintiffs do not concede and, in fact, expressly deny that the act of filing this lawsuit in the Northern District of Georgia was in contravention of a valid forum selection clause or constituted a "wrong" or "improper" venue for the adjudication of this controversy.

[2] *See* Defendants' Memorandum [Doc. 23-1] at 9-10 (citing two cases that declined to prohibit use of the dismissal mechanism under Rule 12(b)(6) as a potential remedy for filing a lawsuit in contravention of a valid forum selection clause).

4838-4126-1459.2

remaining Plaintiff(s)" becomes *moot* where there are no remaining Plaintiffs before this Court. Given Plaintiffs' consent to a wholesale transfer of venue, the Rule 12(e) motion should be denied as moot.[3] To the extent the Rule 12(e) motion is not determined by this Court to be moot, Plaintiffs *oppose* the Rule 12(b)(3) motion as both factually and legally insufficient.

Consequently, this Court should enter an Order transferring the entire case and denying the remaining relief sought by Defendants, pursuant to Rules 12(b)(6) and 12(e) (in the alternative or otherwise) as lacking merit and/or for mootness in light of Plaintiffs' consent to transfer.

## II.    FACTUAL BACKGROUND

This is a business tort action initiated by Plaintiffs AnywhereCommerce and BBPOS for tortious interference and breach of contract and theft of trade secrets against French payments technology behemoth Defendant Ingenico Group, SA ("Ingenico Group"); its primary United States subsidiaries, Defendants Ingenico

---

[3] *See* Defendants' Motion [Doc. 23] at 1 ("Defendants also move, under Federal Rule of Civil Procedure 12(e), for the Court to order **any remaining Plaintiff(s)** to file a more definite statement."); Defendants' Memorandum [Doc. 23-1] at 3 ("Finally, **if this Court does not transfer the entire action**, then it should order Plaintiffs to provide a more definite statement of any remaining claims under Rule 12(e)."), 24 (**"If the Court does not transfer the entire case to Massachusetts**, then it should require **any remaining Plaintiff(s)** to submit a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure[].") (emphasis added).

4838-4126-1459.2

Corp. ("Ingenico GA") and Ingenico, Inc. ("Ingenico DE"); and its France-based acquisition vehicle, Defendant Ingenico Ventures SAS.[4]

As alleged in Plaintiffs' Complaint [Doc. 1], the Ingenico Defendants tortiously interfered with their relationships with First Data Corporation, First Data Merchant Services Corporation (First Data Corporation's merchant acquiring business arm), and their affiliates and partners, giving rise to common law claims for tortious interference with contracts.  Compl., ¶2.  Additionally, Defendants stole Plaintiffs' trade secrets and business plans, continuing to profit from that theft, giving rise to claims for misappropriating trade secrets and other rights/privileges at common law and under Georgia, Massachusetts, and federal trade secret and unfair practices statutes, as well as giving rise to claims for breach of contract and unjust enrichment.  Compl., ¶2, *et seq.*

Relevant to Defendants' Rule 12 and § 1404(a) motions, Plaintiffs acknowledge that an ill-defined and/or unenforceable forum selection clause appears in a contract underlying one out of total nine counts alleged in this lawsuit (*i.e.*, Count V), regarding a single claim for breach of contract, which has been asserted by BBPOS (only) against Ingenico GA (only).  Compl., Exhibit A at § 16.1.  That contract is the Engineering Development and License Agreement, by and between

---

[4] Counsel for Defendants have advised that Ingenico Ventures SAS is a defunct entity.

4

BBPOS and ROAM Data, Inc.[5] ("ROAM"), dated May 4, 2010, as amended August 15, 2010, which is referred to in the Complaint and hereinafter as the "ROAM Sublicense." Compl., ¶26.

Defendants argue that "[t]he [forum selection] clause does not limit itself to claims for breach of contract, and instead demonstrates the parties' intent for it to apply to 'any dispute concerning th[e] Agreement … .' " *See* Defendants' Memorandum at 11. Plaintiffs disagree with Defendants' interpretation of the clause, which speaks for itself, as follows:

> This Agreement shall be governed by and construed in all respects in accordance with the laws of Massachusetts, USA and the parties hereto irrevocably submit to the exclusive jurisdiction of the courts of Massachusetts. Either party may require that any dispute concerning this Agreement that is not resolved by the parties within 30 days be resolved by binding arbitration in Boston, Massachusetts using one arbitrator and the Commercial Arbitration Rules of the American Arbitration Association.

Compl., Exhibit A at § 16.1. Regardless of any disagreement over the scope or applicability of this clause, all parties apparently agree, however, that any enforceable right to compel arbitration based on the same has now been waived. *See* Defendants' Memorandum at n. 19 ("No party has elected to arbitrate the dispute.").

Several other contracts are mentioned throughout the Complaint, concerning BBPOS's licensing rights, in particular, having some tenuous relevance to

---

[5] Ingenico GA purports to be the successor-in-interest by merger to ROAM, a Boston-based mobile point of sale device supplier. Compl., ¶5.

4838-4126-1459.2

Defendants' Rule 12 and § 1404(a) motions. In seeking to contractually impute consent to a Massachusetts forum on the part of Plaintiff AnywhereCommerce, Defendants implicate two related contracts: (i) that certain License Agreement and Non Competition Agreement dated March 18, 2010 (the "Original License"), by and between the Licensor, "HomeATM EPayment Solution," who is now AnywhereCommerce, and the Licensee, BBPOS; and (ii) that certain License Agreement and Non-Competition Agreement dated July 1, 2013 (the "Second License"), by and between the Licensor, 4361423 Canada Inc. ("436 Canada"), AnywhereCommerce's parent, and the Licensee, BBPOS.[6] Compl., ¶21.

At § 9.2 of the Second License, the signatory thereto, 436 Canada (although, notably, not a party hereto), acknowledges the existence of the ROAM Sublicense and "consents to such agreement" as of July 1, 2013. Compl., ¶26. Putting aside the obvious question as to what "consent[ing] to such agreement" may mean in this context, Defendants fail at a more fundamental level to acknowledge that AnywhereCommerce is not a party to the Second License, erroneously arguing that "AnywhereCommerce expressly consented to the contract with the forum selection clause. . ." *See* Defendants' Memorandum at 8.

---

[6] Plaintiffs disagree with Defendants' characterization of the Second License as the "Prime License" throughout their briefing. *See* Defendants' Memorandum at 8, *et seq.*

In a final attempt to buttress their imputation arguments against AnywhereCommerce, Defendants go on to identify a 2010 contract that was not referenced in the Complaint, entitled "ROAM DATA RESELLER AGREEMENT," by and between ROAM and "HomeATM-AnywhereCommernce, a Delaware corporation," a copy of which was attached to Defendants' Affidavit [Doc. 24-2] at Exhibit 2. Defendants again seemingly fail to differentiate between AnywhereCommerce and the signatory thereto, "HomeATM-AnywhereCommerce," to conclude that AnywhereCommerce is bound by the forum selection clause contained therein at § 13, which states:

> Any dispute between the Parties shall be brought in a court of competent jurisdiction in the Commonwealth of Massachusetts.

Affidavit, Exhibit 2 at § 13. Again, Plaintiffs disagree with Defendants' argument.

## III.   LEGAL ARGUMENT

### A.   Plaintiffs Consent To Transferring The Entire Case To A Federal Massachusetts Forum.

All of the strained and unavailing arguments of Defendants in their moving papers, attempting to impute and extend to both Plaintiffs a purported consent to litigate the entire case in a exclusively federal Massachusetts forum, ultimately, were not necessary. Nor was the bulk of their remaining arguments at 10-24 of their Memorandum devoted to various equitable and public policy reasons purportedly warranting a wholesale transfer of the case based upon one or more forum selection

clauses.  That is because, in the interests of expediency and convenience, Plaintiffs

AnywhereCommerce and BBPOS now ***consent*** to the entry of the relief sought by

Defendants in their motion to transfer the entire action to the United States District

Court for the District of Massachusetts under 28 U.S.C. § 1404.  In so doing,

however, Plaintiffs do not concede and, in fact, expressly deny that the act of filing

this lawsuit in the Northern District of Georgia was in contravention of a valid forum

selection clause or constituted a "wrong" or "improper" venue for the controversy.

In relevant part, 28 U.S.C. § 1404 states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or **to any district or division to which all parties have consented**.

28 U.S.C. § 1404(a) (emphasis added).  Although the Northern District of Georgia

is a proper venue for this lawsuit under 28 U.S.C. § 1391, where all parties have now

consented to a particular federal forum, as here, a transfer of the case by a district

court consistent therewith, and other federal venue laws, is wholly appropriate.[7]

---

[7] *See*, *e.g.*, Defendants' Memorandum at 20 (noting that "some of the events referenced in the Complaint occurred in Boston or with a Boston-based company" and that "Ingenico employs roughly fifty employees in its Boston office and continues to run the mobile payment business formerly operated by ROAM Data Inc. primarily from that office.")

Plaintiffs' consent here thus disposes of the remaining alternative relief sought by Defendants, pursuant to Rules 12(b)(6) and 12(e)[8] and will presumably permit the parties to get down to the business of litigating the actual merits of the case (albeit, no longer before this Court).

B.   This Court Should Deny Defendants' Motion To Dismiss.

Defendants frame their motion to dismiss under Rule 12(b)(6), but assert 28 U.S.C. § 1404 as the basis for dismissal, which is a codification of the common law doctrine of *forum non conveniens* for transfers within the federal court system, *see Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013), pointing, presumably, to the forum selection clause in the ROAM Sublicense.   The motion is asserted almost observationally, however, with Defendants noting little more than the fact that dismissal under Rule 12(b)(6) of the lawsuit based on a forum selection clause is not an impossibility, citing to *Atlantic Marine* and *Claudio-De Leon v. Sistema Universitario Ana G. Mendez,* 775 F.3d 41 (1st Cir. 2014).   *See* Defendants' Memorandum at 10 (stating that forum selection

---

[8] Stated differently, Defendants ask this Court to either (A) arbitrarily dismiss Plaintiffs' entire lawsuit for an alleged improper choice in venue or (B) transfer it to a Massachusetts forum, (i) at least in part or (ii) in whole, but if not in whole, then (C) direct "any remaining Plaintiff(s)" here to submit a more definite statement.  If the Court were to deny (A) relief and grant (B)(ii) relief, as Plaintiffs' herein offer their consent, (C) relief is moot.

clauses can be enforced through a motion to transfer under § 1404(a), "and possibly through dismissal under Rule 12(b)(6).").

Defendants then immediately shift to their § 1404(a) transfer arguments, providing no measure of legal analysis of the propriety of a dismissal under the circumstances here based on an allegedly valid forum selection clause as a viable alternative to transfer.[9]  That is because none exist.

In fact, their argument largely ignores the substantive holding of *Atlantic Marine*, which instructs that "the appropriate way to enforce a forum-selection clause" is "through a motion to transfer under § 1404(a)" or, if the clause points to a state or foreign forum, "through the doctrine of forum non conveniens," and not through an improper venue challenge arising under 28 U.S.C. § 1406(a) or a Rule 12(b)(3) motion. *Id.*, 571 U.S. at 60, 61.  Myopically focusing on the fact that the

---

[9] *See* Defendants' Memorandum [Doc. 23-1] at 9-10 (citing two cases that declined to outright eliminate a Rule 12(b)(6) dismissal as a potential remedy for an allegedly improper forum selection while acknowledging that the "appropriate way" to enforce a forum slection clause is via § 1404 or *forum non conveniens*).  *See Atlantic Marine,* 571 U.S. 49; *Claudio-De Leon,* 775 F.3d 41.  *But see Open Text Corp. v. Grimes*, 262 F. Supp. 3d 278, 284 n.10 (D. Md. 2017) ("The United States Court of Appeals for the First Circuit in *Claudio–De Leon* excused the appellant's failure to frame the motion under § 1404 or forum non conveniens because *Atlantic Marine* did not expressly reject the use of Rule 12(b)(6). *Claudio–De Leon*, 775 F.3d at 46, n. 3. However, in *Weber*, the United States Court of Appeals for the Fifth Circuit cast doubt on the Rule 12(b)(6) approach, stating that, '[t]he First Circuit apparently has determined that its previous approach therefore remains valid **despite *Atlantic Marine*'s exhortations in favor of the FNC analysis**.' *Weber [v. PACT XPP Techs., AG]*, 811 F.3d at 768, n. 11 [5th Cir. 2016] (emphasis added).").

*Atlantic Marine* court declined to express a view as to whether a Rule 12(b)(6) motion is a proper alternative, Defendants failed to acknowledge the Court's very next sentence that "[e]ven if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that § 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause...."). *Id.* at 61.

In sum, Defendants' Rule 12(b)(6) motion for dismissal here attempts to create a false equivalency between two courts declining to bar such a dismissal remedy outright under Rule 12(b)(6) and some nonexistent, unfettered discretion to summarily enter a dismissal for improper forum.  The two are not one and the same. Accordingly, this argument should be rejected by the Court.

C.  This Court Should Deny Defendants' Motion For A More Definite Statement.

If the Court grants Defendants' § 1404 motion, "transfer[ring] the entire case to Massachusetts[,]" Defendants' motion for a more definite statement as to "any remaining Plaintiff(s)" becomes ***moot*** where there are no remaining Plaintiffs before this Court.[10]

---

[10] *See* Defendants' Motion [Doc. 23] at 1 ("Defendants also move, under Federal Rule of Civil Procedure 12(e), for the Court to order **any remaining Plaintiff(s)** to file a more definite statement."); Defendants' Memorandum [Doc. 23-1] at 3 ("Finally, **if this Court does not transfer the entire action**, then it should order Plaintiffs to provide a more definite statement of any remaining claims under Rule 12(e)."), 24 ("**If the Court does not transfer the entire case to Massachusetts,**

To the extent the Rule 12(e) motion is not determined by the Court to be moot, Plaintiffs *oppose* the Rule 12(b)(3) motion as both factually and legally insufficient. Rule 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response . . . and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Complaining of "Plaintiffs' 53-page Complaint [that] reads like a novella" in one breath, Defendants go on to allege that defining "Ingenico" in the Complaint to refer to Ingenico Group, individually or generally, "as the context requires" and using the term "Defendants" to refer to any combination of the four named Defendants, "deprives Defendants of the ability to 'reasonably prepare a response' to the Complaint." *See* Defendants' Memorandum at 24-25.

This falls well short of their burden of "point[ing] out the defects complained of and the details desired." Moreover, as the entities who engaged in the alleged improper acts, from a practical standpoint, Defendants are in the superior position to determine which corporate entities (and their respective relation to one another over time) participated in the acts alleged in the Complaint. Having failed to identify any "details desired" which are missing in support of their Rule 12(e) motion, Plaintiffs

---

then it should require **any remaining Plaintiff(s)** to submit a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure[].") (emphasis added).

12

can only guess at which facts Defendants seek a more definite statement here.  In some instances, the identity of the particular Ingenico actor for a given situation was not always know to Plaintiffs or was otherwise transparent to an Ingenico outsider.

Regardless, assuming that the Court grants Defendants' relief sought pursuant to § 1404, Plaintiffs oppose Defendants' Rule 12(e) motion summarily as moot.  To the extent that the Court determines that the motion is not moot, however, and further is inclined to grant Defendants' motion for a more definite statement, despite 53 pages of painstaking detail and Defendants' failure in pointing to missing "details desired[,]" Plaintiffs respectfully request that any such relief include the prohibition against the assertion of any further motions by Defendants under Rule 12 that could have been raised in their current motion here.  *See* Fed. R. Civ. P. 12(g)(2) ("***Limitation on Further Motions.*** Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

## IV.    CONCLUSION

Having consented, in the interests of expediency and convenience, to the entry of the relief sought by Defendants pursuant to their motion to transfer venue for the entire action to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404, Plaintiffs respectfully request that the Court enter an Order

4838-4126-1459.2

consistent therewith, denying the remaining relief sought by Defendants pursuant to Rules 12(b)(6) and 12(e) (in the alternative or otherwise) as lacking merit and/or for mootness, and entering such further relief as may be appropriate and proper.

Respectfully submitted this 8th day of April, 2019.

KUTAK ROCK LLP

/s/ Gregory R. Crochet
Gregory R. Crochet
Georgia Bar No. 196650
303 Peachtree Street, N.E., Suite 2750
Atlanta, GA  30308
(404) 222-4600 (Telephone)
(404) 222-4654 (Facsimile)
greg.crochet@kutakrock.com

and

/s/ Oliver D. Griffin
Oliver D. Griffin
*Pro Hac Vice*
Pennsylvania Bar No. 88026
Oliver.griffin@kutakrock.com
Peter N. Kessler
*Pro Hac Vice*
Pennsylvania Bar No. 209033
Peter.kessler@kutakrock.com
Melissa A. Bozeman
*Pro Hac Vice*
Pennsylvania Bar No.  201116
Melissa.bozeman@kutakrock.com
1760 Market Street, Suite 1100
Philadelphia, PA  19103-4104
(215) 299-4384 (Telephone)
(215) 981-0719 (Facsimile)

Attorneys for Plaintiffs

## <u>LOCAL RULE 5.1 CERTIFICATION</u>

I certify that to the best of my knowledge the foregoing Memorandum filed on April 8, 2019, complies with the type and format (including type and point size) selections as set forth in L.R. 5.1 and 7.1D, N.D. Ga.  The font used to prepare this document is 14 Point Times New Roman and there are no more than ten (10) characters per inch.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of April, 2019, the forgoing Plaintiffs'
Memorandum in  Opposition to Defendants' Motion To Dismiss Pursuant to Fed. R.
Civ. P. 12(b)(6) or Transfer Venue Under 28 U.S.C. § 1404 and Motion for More
Definite Statement Pursuant to Fed. R. Civ. P. 12(e) with the Clerk of Court using
the CM/ECF system, which will then send a notification of such filing (NEF) to the
following:

Laurance H. Kunnin
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA  30326
lkunin@mmmlaw.com
and

John A. Tarantino (phv pending)
Patricia K. Rocha (phv pending)
William K. Wray, (phv pending)
ALTER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI  02903
wwray@apslaw.com
jtarantino@apslaw.com
procha@apslaw.com

4838-4126-1459.2