UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANYWHERECOMMERCE, INC., and BBPOS LIMITED, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 19-cv-11457-IT |
| INGENICO, INC., INGENICO CORP., INGENICO GROUP, SA, and INGENICO VENTURES SAS, | * * * * | |
| Defendants. | * | |

ORDER

August 1, 2019

TALWANI, D.J.

    Plaintiffs AnywhereCommerce, Inc., and BBPOS Limited filed this breach of contract action in the United States District Court for the Northern District of Georgia against Defendants Ingenico, Inc., Ingenico, Corp., Ingenico Group, SA, and Ingenico Ventures SAS (collectively, the "Ingenico entities"). Compl. [#1]. The Ingenico entities moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) or to transfer the case to the District of Massachusetts under 28 U.S.C. § 1404 based on a forum selection clause in the contract that is the subject of the dispute. The Ingenico entities moved further for any remaining Plaintiffs to provide a more definite statement of any remaining claims pursuant to Fed. R. Civ. P. 12(e). Defs.' Mot. 1 [#23]. With the consent of all parties, the Georgia court allowed the motion to transfer venue to this district, denied as moot the motion to dismiss, and referred to this court for adjudication the Rule 12(e) motion for more definite statement. Consent Order [#36].

    A party may move for a more definite statement "[i]f the pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to

frame a responsive pleading." Fed. R. Civ. P. 12(e). The Ingenico entities assert that Plaintiffs' failure to clarify which individual Defendant allegedly performed which action or omission deprives Defendants of sufficient information for each Defendant to answer, assert affirmative defenses, or move for relief. Defs.' Mem. at 3-4, 24-25 [#23-1]. At the same time, the Defendants have conceded that they are affiliated corporate entities, id. at 3, and have relied on their close relationship as the basis for all of the Ingenico entities to be protected by a forum selection clause contained in a contract to which only one Defendant, Ingenico, Inc., was a signatory, id. at 13-16. Moreover, while Defendants claim that Plaintiffs' alleged failure to individually identify the specific allegations against each of the Defendants has interfered with their ability to raise defenses under Rule 12 of the Federal Rules of Civil Procedure, they offer no further explanation or argument for why this would be so.

The court finds that Plaintiffs have sufficiently alleged facts concerning the various transactions on which their complaint is based, including identifying individuals who engaged in the purported conduct, to allow the Defendants to answer. The additional details Ingenico entities seek are details about which they are aware and which will be revealed during the discovery process. See Town of Hooksett Sch. Dist. v. W.R. Grace & Co., 617 F. Supp. 126, 135 (D.N.H.1984) (defendant "ably situated" to ascertain facts).

Accordingly, Defendants' Motion for More Definite Statement [#23] is DENIED.

IT IS SO ORDERED.

Date: August 1, 2019 /s/ Indira Talwani
United States District Judge