**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ANYWHERECOMMERCE, INC. and BBPOS LIMITED**<br><br>    **Plaintiffs,**<br><br>        **v.**<br><br>**INGENICO, INC., INGENICO CORP., INGENICO GROUP, SA, and INGENICO VENTURES SAS**<br><br>    **Defendants.** | **Civil Docket No: 1:19-cv-11457-IT** |

**ANYWHERECOMMERCE, INC.'S AND BBPOS LIMITED'S ANSWER TO INGENICO, INC.'S COUNTERCLAIMS**

Plaintiffs / Counterclaim-Defendants AnywhereCommerce, Inc. ("AnywhereCommerce") and BBPOS Limited ("BBPOS," and together, "Counterclaim-Defendants"), by and through their attorneys, hereby submit this Answer to Defendant / Counterclaim-Plaintiff Ingenico, Inc.'s Counterclaims, responding as follows:

1.      Counterclaim-Defendants admit that ROAM Data, Inc. ("ROAM") merged into Ingenico, Inc.   The Counterclaims themselves are a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the underlying licensing agreement entered into by and between ROAM and BBPOS, which further is a writing that speaks for itself.   Ingenico, Inc.'s allegations regarding an "exclusive license" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.   Except as expressly admitted, Counterclaim-Defendants deny Paragraph 1 of the Counterclaims.

2.      Denied.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Paragraph 6 of the Counterclaims states a legal conclusion to which no response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

7.      Paragraph 7 of the Counterclaims states a legal conclusion to which no response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

8.      Paragraph 8 of the Counterclaims states a legal conclusion to which no response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

9.      Counterclaim-Defendants admit that venue is proper in the District of Massachusetts.  The referenced document is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 9 of the Counterclaims.

10.     Counterclaim-Defendants admit that Ingenico, Inc., BBPOS, and AnywhereCommerce participate in the business of mobile payments.  Counterclaim-Defendants further admit that BBPOS designs and manufactures mobile payment devices. Except as expressly admitted, Counterclaim-Defendants deny Paragraph 10 of the Counterclaims.

11.     Counterclaim-Defendants admit that ROAM participated in the business of mobile payments. Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that ROAM merged with and into an entity identified merely as "Ingenico."  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 11 of the Counterclaims.

12.     Counterclaim-Defendants admit that BBPOS and ROAM entered into that certain "Engineering Development and License Agreement" on or around May 4, 2010, and which was

amended on or around August 15, 2010 ("Counterclaim Exhibit 1").   Counterclaim-Defendants further admit that a copy of the referenced document is attached to the Counterclaims as Exhibit 1. Counterclaim-Defendants further admit that ROAM merged into Ingenico, Inc.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Ingenico, Inc.'s subjective rationale for referring to the document attached as Exhibit 1 as "Ingenico-BBPOS Agreement."   Except as expressly admitted, Counterclaim-Defendants deny Paragraph 12 of the Counterclaims.

13.    The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of it purportedly "reflect[ing]" payment made and "valuable consideration" provided to BBPOS, as presumably evidenced thereby, any mischaracterization of the type and quality of BBPOS's purported services to be provided thereunder, or any mischaracterization of the nature of the license so granted therein.  Ingenico, Inc.'s allegations regarding "valuable consideration" and an "exclusive license" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

14.    Ingenico, Inc.'s allegations regarding an "exclusive license" and the purported scope thereof, insofar as purportedly "cover[ing]" and "extend[ing] to" certain technology and products collectively identified in Paragraph 14 of the Counterclaims as "the devices (and portions of devices)" and further unilaterally defining the same as the purportedly "Covered Mobile Payment Devices", state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations of Paragraph 14 of the Counterclaims, including the injection of phrases in quotations, *i.e.*, "based upon the foundation of BBPOS" and "similar to or based upon", attempt to restate the

substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein or any mischaracterization of the document itself effected by selectively quoting only a portion of it. Counterclaim-Defendants deny the allegations of Paragraph 14 of the Counterclaims, requiring a response.

15.     Ingenico, Inc.'s allegations regarding grant of any license to "Ingenico Inc." and regarding  the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein, any mischaracterization of BBPOS's purported promises as to "exclusive[ity]", or any mischaracterization of the purported "exception" thereto.  Counterclaim-Defendants deny the allegations of Paragraph 15 of the Counterclaims, requiring a response.

16.     Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations of Paragraph 16 of the Counterclaims, including those regarding what BBPOS purportedly "agreed that it would not do" with respect to the purportedly "Covered Mobile Payment Devices", attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as

set forth therein.   Counterclaim-Defendants deny the allegations of Paragraph 16 of the Counterclaims, requiring a response.

17.    Paragraph 17 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

18.    Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations regarding the purportedly "Covered Mobile Payment Devices" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein. Counterclaim-Defendants deny the allegations of Paragraph 18 of the Counterclaims, requiring a response.

19.    Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations regarding the purportedly "Covered Mobile Payment Devices" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein. Counterclaim-Defendants deny the allegations of Paragraph 19 of the Counterclaims, requiring a response.

20.     Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations regarding the purportedly "Covered Mobile Payment Devices" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein. Counterclaim-Defendants deny the allegations of Paragraph 20 of the Counterclaims, requiring a response.

21.     The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein.  Ingenico, Inc.'s allegations regarding any license grant to intellectual property, whether any license is granted to "Ingenico Inc.," and the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 21 of the Counterclaims, requiring a response.

22.     Paragraph 22 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

23.     The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein.  Ingenico, Inc.'s allegations regarding

BBPOS's purported breach of the document attached as Exhibit 1 and the purportedly "Covered Mobile Payment Devices" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. Counterclaim-Defendants deny that they are liable for the Counterclaims.

24.     The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein or any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein.  Ingenico, Inc.'s allegations regarding BBPOS's purported "promise[]" of an "exclusive" license, "to Ingenico Inc.", the purportedly "Covered Mobile Payment Devices", and BBPOS's purported "violation" of the document attached as Exhibit 1 state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. Counterclaim-Defendants deny the allegations of Paragraph 24 of the Counterclaims, requiring a response.

25.     The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" and BBPOS's purported "promises" to comply with applicable law and against infringement state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 25 of the Counterclaims, requiring a response.

26.     Ingenico, Inc.'s allegations regarding the nature and scope of its purported indemnity rights state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations of Paragraph 26 of the Counterclaims, including the injection of the phrase in quotations, *i.e.*, "any claim brought by a third party against [Ingenico Inc.] as a result of or relating to any actual or alleged breach hereof[]", attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's duties and obligations as set forth therein or any mischaracterization of the document itself effected by selectively quoting only a portion of it or by substituting in brackets therein "Ingenico Inc." for "the Company".  Counterclaim-Defendants deny the allegations of Paragraph 26 of the Counterclaims, requiring a response.

27.     Paragraph 27 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

28.     Counterclaim-Defendants admit that Ingenico, Inc. has asserted a right to indemnity from BBPOS under the document attached as Exhibit 1.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" and the nature and scope of its purported indemnity rights state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 28 of the Counterclaims.

29.     Paragraph 29 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. Counterclaim-Defendants deny that they are liable for the Counterclaims.

30.     Paragraph 30 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. Counterclaim-Defendants deny that they are liable for the Counterclaims.  To the extent that the allegations regarding the license purportedly granted to Ingenico, Inc. and a "first right . . . to institute legal proceedings" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein or any mischaracterization of Ingenico, Inc.'s rights as set forth therein. Counterclaim-Defendants deny the allegations of Paragraph 30 of the Counterclaims, requiring a response.

31.     Admitted.

32.     To the extent that the allegations regarding the purportedly "Covered Mobile Payment Devices" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices," the purported grant of exclusive licenses to Ingenico, Inc., and "related intellectual property" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 32 of the Counterclaims, requiring a response.

33.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of the Counterclaims.

34.     To the extent that the allegations regarding the purportedly "Covered Mobile Payment Devices" and Ingenico, Inc.'s purported "exclusive license covering the same" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" and Ingenico, Inc.'s purported "exclusive license covering the same" and purported "violation" thereof, state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 34 of the Counterclaims, requiring a response.

35.     To the extent that the allegations regarding the purported "intellectual property rights licensed to Ingenico, Inc." and Ingenico, Inc.'s purported "exclusive license covering the same" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein. Ingenico, Inc.'s allegations regarding nature and scope of the license in intellectual property rights granted by BBPOS under the document attached as Exhibit 1 and the purported "violation of Ingenico, Inc.'s exclusive license covering the same" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 35 of the Counterclaims, requiring a response.

36.     To the extent that the allegations regarding the purported "intellectual property rights licensed to Ingenico, Inc." attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein.  Ingenico, Inc.'s allegations regarding nature and scope of the license in intellectual property rights granted by BBPOS under the document attached as Exhibit 1 state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 36 of the Counterclaims, requiring a response.

## Count I

37.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

38.     Paragraph 38 of the Counterclaims states a legal conclusion to which no response is required.

39.     Paragraph 39 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants further specifically deny that all conditions precedent to BBPOS's performance under the document attached as Exhibit 1 have been fulfilled, including the express prohibition against transferring or assigning the license so granted therein "in the event of a sale of the Company to a competitor with its own POS products" absent BBPOS's prior written consent. *See* Counterclaim Exhibit 1, §1.2 ("The license granted in Section 1.1 is not transferrable or assignable in the event of a sale of the Company to a competitor with its own POS products without the prior written consent of the Partner, not to be unreasonably withheld.").

40. Paragraph 40 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

41. Denied.

## Count II

42. Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

43. Paragraph 43 of the Counterclaims states a legal conclusion to which no response is required.

44. Paragraph 44 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. Counterclaim-Defendants further specifically deny that all conditions precedent to BBPOS's performance under the document attached as Exhibit 1 have been fulfilled, including the express prohibition against transferring or assigning the license so granted therein "in the event of a sale of the Company to a competitor with its own POS products" absent BBPOS's prior written consent. *See* Counterclaim Exhibit 1, §1.2 ("The license granted in Section 1.1 is not transferrable or assignable in the event of a sale of the Company to a competitor with its own POS products without the prior written consent of the Partner, not to be unreasonably withheld.").

45. Paragraph 45 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

46. Denied.

**Count III**

47.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

48.     Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 of the Counterclaims.  To the extent that Paragraph 48 of the Counterclaims states a legal conclusion, no response is required.

49.     Paragraph 49 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

50.     Denied.

51.     Paragraph 51 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

52.     Denied.

**Count IV**

53.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

54.     Paragraph 54 of the Counterclaims states a legal conclusion to which no response is required.

55.     Denied.

56.     The allegations contained in Paragraph 56 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 56 of the Counterclaims, requiring a response.

57.     Paragraph 57 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

58.     Denied.

59.     Denied.

**Count V**

60.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

61.     Counterclaim-Defendants admit that BBPOS owns and maintains trade secrets relating to the manufacture of mobile payment devices.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. Except as expressly admitted, Counterclaim-Defendants deny Paragraph 61 of the Counterclaims.

62.     The allegations contained in Paragraph 62 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 62 of the Counterclaims, requiring a response.

63.     Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices derive economic value, actual and potential, from not being generally known to or readily ascertainable by other persons who can obtain economic value from their disclosure or use.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 63 of the Counterclaims.

64.     Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices are the subject of efforts by BBPOS that are reasonable

under the circumstances to maintain their secrecy.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 64 of the Counterclaims.

65.     Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices are used in and intended for use in interstate and foreign commerce.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 65 of the Counterclaims.

66.     Denied.

67.     The allegations contained in Paragraph 67 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 67 of the Counterclaims, requiring a response.

68.     The allegations contained in Paragraph 68 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 68 of the Counterclaims, requiring a response.

69.     Denied.

## Count VI

70.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

71.     Counterclaim-Defendants admit that BBPOS owns and maintains trade secrets relating to the manufacture of mobile payment devices.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 71 of the Counterclaims.

72.     The allegations contained in Paragraph 72 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 72 of the Counterclaims, requiring a response.

73.     Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices derive economic value, actual and potential, from not being generally known to or readily ascertainable by other persons who can obtain economic value from their disclosure or use.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 73 of the Counterclaims.

74.     Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices are the subject of efforts by BBPOS that are reasonable under the circumstances to maintain their secrecy.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 74 of the Counterclaims.

75.     Denied.

76.     The allegations contained in Paragraph 76 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 76 of the Counterclaims, requiring a response.

77.     The allegations contained in Paragraph 77 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 77 of the Counterclaims, requiring a response.

78.     Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices are used in and intended for use in interstate and foreign commerce.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 78 of the Counterclaims.

79.     Denied.

## Count VII

80.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

81.     Paragraph 81 of the Counterclaims states legal conclusions to which no response is required.

82.     Paragraph 82 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

83.     Paragraph 83 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

84.     Denied.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to lack of standing.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred because they fail to state a cause of action upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to a failure of consideration.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as illegal.

## NINTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred because Counterclaim-Defendants have a license to use that which they have been accused of unlawfully using.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to mutual mistake as to the interpretation of the phrase in the document attached as Exhibit 1: "the Products, any portion thereof, or any products similar to or based upon any Products."

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to mutual mistake as to the interpretation of the phrase in the document attached as Exhibit 1: "any Products, or any portion thereof, or any products similar to or based upon any Products".

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to mutual mistake as to the interpretation of the phrase in the document attached as Exhibit 1: "the Devices, or products substantially similar to the Devices".

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to mutual mistake as to the interpretation of the phrase in the document attached as Exhibit 1: "the Products, or products substantially similar to the Products".

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as insufficiently definite to enable the Court to give an exact meaning to the phrase in the document attached as Exhibit 1: "the Products, any portion thereof, or any products similar to or based upon any Products."

### SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as insufficiently definite to enable the Court to give an exact meaning to the phrase in the document attached as Exhibit 1: "any Products, or any portion thereof, or any products similar to or based upon any Products".

### SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as insufficiently definite to enable the Court to give an exact meaning to the phrase in the document attached as Exhibit 1: "the Devices, or products substantially similar to the Devices".

## EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as insufficiently definite to enable the Court to give an exact meaning to the phrase in the document attached as Exhibit 1: "the Products, or products substantially similar to the Products".

## NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico Inc.'s claims are or may be barred given the express limitations placed on any license granted, including but not limited to BBPOS' right to terminate the agreement under Section 5.4 and the restrictions on assignment, sublicensing, divestiture, delegation, or other transfer under Section 9.1.

## TWENTIETH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as ambiguous with respect to the phrase in the document attached as Exhibit 1: "the Products, any portion thereof, or any products similar to or based upon any Products."

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as ambiguous with respect to the phrase in the document attached as Exhibit 1: "any Products, or any portion thereof, or any products similar to or based upon any Products".

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as ambiguous with respect to the phrase in the document attached as Exhibit 1: "the Devices, or products substantially similar to the Devices".

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as ambiguous with respect to the phrase in the document attached as Exhibit 1: "the Products, or products substantially similar to the Products".

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred to the extent that ROAM drafted the document attached as Exhibit 1.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as all conditions precedent to BBPOS's performance under the document attached as Exhibit 1 have not been fulfilled, including the express prohibition against transferring or assigning the license so granted therein "in the event of a sale of the Company to a competitor with its own POS products" absent BBPOS's prior written consent. *See* Counterclaim Exhibit 1, §1.2 ("The license granted in Section 1.1 is not transferrable or assignable in the event of a sale of the Company to a competitor with its own POS products without the prior written consent of the Partner, not to be unreasonably withheld.").

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as ROAM's unauthorized sublicensing constitutes a material breach of the document attached as Exhibit 1.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that, as early as 2009 or at relevant times hereto, Ingenico Group, S.A. was engaging in competitive activities and developing POS products.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that, as early as 2009 or at relevant times hereto, Ingenico Ventures, SAS was engaging in competitive activities and developing POS products.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that, at relevant times hereto, Ingenico, Inc. was engaging in competitive activities and developing POS products.

## THIRTIETH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that BBPOS granted to ROAM the following:

> a worldwide, perpetual, fully-paid license to freely **use the Partner Intellectual Property** to make, have made, develop, have developed, use, sell, offer for sale, import and distribute **the Products, any portion thereof, or any products similar to or based upon any Products**. For purposes of this Agreement, "Partner Intellectual Property" shall mean: (a) any and all patents and patent applications **relating to the Products**, including without limitation US Patent Application Number 12/767,831 for secure audio coupled card swiper filed on April 27, 2010 with the United States Patent and Trademark Office (the "Patent Application") and any patents issuing on the Patent Application, including (i) any reissues, renewals, reexaminations, substitutions or extensions thereof and foreign equivalents of the foregoing; (ii) any claim of a continuation-in-part application or patent that is entitled to the priority date of, and is directed specifically to subject matter specifically described in, the Patent Application; (iii) any foreign counterpart thereof (including PCTS); and (iv) any supplementary protection certificates and any other patent term extensions, restorations and exclusivity periods and the like of the Patent Application; and (b) any copyrights, trademarks, trade names, trade secrets, knowledge, data and information owned or controlled by the Partner relating to the Products.

*See* Counterclaim Exhibit 1, §1.1, as amended (Emphasis added).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as the license granted by BBPOS to ROAM was not, in fact, nor ever intended to be fully "exclusive" to ROAM,

excluding even itself, as licensor, in certain regions; such a reading of the contract generally would render required performance by BBPOS impossible and further divest BBPOS of certain rights expressly granted to it therein (i) to jointly sell one of the two Products (*i.e.*, the BBPOS) or the Device (*i.e.*, ROAMpay POS) under certain proscribed circumstances, (ii) to resell the BBPOS and/or the ROAMpay POS solution, and (iii) to sell and use the Products in China and the Philippines without restriction and at its discretion).  *See* Counterclaim Exhibit 1, §§ 1.3, as amended, 1.4, 1.5.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that, in addition to expressly reserving the rights (i) to use the "Partner Intellectual Property" to sell the Products or products similar thereto within and for use in China and the Philippines pursuant to §1.3, (ii) to "resell" "the BBPOS and ROAMpay POS solution" pursuant to §1.4, and (iii) to "jointly sell" "the BBPOS or ROAMpay POS" under certain circumstances pursuant to §1.5 anywhere in the world, BBPOS also expressly, necessarily, and implicitly reserved the worldwide nonexclusive right to use the Partner Intellectual Property in order to make, use, and sell the Products, Device, Deliverables, and Services for ROAM as the contract clearly contemplates and, in fact, requires of BBPOS in rendering its performance thereunder.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that ROAM never opted to develop or complete the contemplated "BBPOS" and/or "ROAMpay POS".

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that BBPOS did not sell or use the "Encrypted Circle Swipe reader, sometimes referred to as he 'Crypto Swipe' or

'ROAMpay Swipe' that has ability to generate capacitance for encryption from the audio jack of a mobile device or PC, this was developed by the Partner, and including any variance of this design" in violation of the document attached as Exhibit 1.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that ROAM never opted to develop or complete the contemplated "BBPOS" and/or "ROAMpay POS".

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that BBPOS did not sell or use the "BBPOS" and/or "ROAMpay POS" in violation of the document attached as Exhibit 1.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as no infringement claim was brought by BBPOS as a result of ROAM's use of its intellectual property in connection with the Products or similar products nor has BBPOS otherwise granted an identical or similar license granted as set forth in the document attached as Exhibit 1 to any third party in violation of the same.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as the restrictive covenants contained in the document attached as Exhibit 1, including any purported restrictions on "us[ing] or sell[ing] any Products, or any portion thereof, or any products similar to or based upon any Products (other than as explicitly provided in this Agreement)" or "design[ing] or produc[ing], or assist[ing] in the design or production of" either the Device or the Products, or products substantially similar thereto, for any third party, are illegal and/or unenforceable restraints on trade.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as the restrictive covenants contained in the document attached as Exhibit 1 (1) are not necessary to protect the legitimate business interest of the party seeking to enforce it, (2) are not supported by consideration, (3) are not reasonably limited in all circumstances, including time and space, and (4) are not otherwise consonant with public policy.

### FORTIETH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as Ingenico, Inc. is not entitled by contract to restrain ordinary competition, as it attempts to do herein.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as the restrictive covenants contained in the document attached as Exhibit 1 lack the necessary relation between protecting a business interest and the indefinite duration of the applicable non-compete periods.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given ROAM's material breach of the document attached as Exhibit 1 in transferring and assigning the license without BBPOS's prior written consent upon a sale of ROAM to a competitor with its own POS products as early as February 2013, but in no event later than February 2015.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as Ingenico, Inc.'s alleged trade secrets fail to meet the applicable statutory definitions of "trade secrets."

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred because it has failed to comply with M.G.L.A. ch. 93, §42D.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred for ROAM's and Defendants' violations of M.G.L.A. ch. 93, § 4.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

The Counterclaim-Defendants state that Ingenico, Inc.'s claims fail to set forth any facts which, if true, would support a claim that the Counterclaim-Defendants engaged in any unfair method of competition or deceptive acts or practices.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Ingenico, Inc.'s G.L. c. 93A claim must be dismissed because the complained-of transactions did not occur primarily and substantially in Massachusetts and the Counterclaim-Defendants did not have a place of business in Massachusetts.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Ingenico, Inc.'s claim is barred in that Ingenico, Inc. failed to comply with the conditions precedent to commencing a claim pursuant to G.L. c. 93A.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Defendants pray:

A.      Judgment in Counterclaim-Defendants' favor on all Counterclaims asserted against Counterclaim-Defendants;

B.      Judgment be entered in Counterclaim-Defendants' favor and against Ingenico, Inc. for statutory damages including but not limited to double damages, costs of this action (including reasonable attorney's fees), equitable relief, and for such other further relief as the Court deems just and proper.

C.      Counterclaim-Defendants' costs and disbursements of this suit, including reasonable attorney's fees as provided by law and/or contract; and

D.      Such other further and different relief as the case may require and the Court may deem just and proper under the circumstances.

Dated: September 5, 2019.

Plaintiffs AnywhereCommerce, Inc.
and BBPOS Limited,

By their attorneys,

*/s/ Robert P. Rudolph*
JONATHON D. FRIEDMANN (BBO #180130)
jfriedmann@rflawyers.com
ROBERT P. RUDOLPH (BBO # 684583)
rrudolph@rflawyers.com
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700
Fax: (617) 227-0313

-and-

*/s/ Melissa A. Bozeman*
OLIVER D. GRIFFIN
PETER N. KESSLER
MELISSA A. BOZEMAN
Kutak Rock LLP
1760 Market Street, Suite 1100
Philadelphia, PA 19103-4104
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com
Melissa.bozeman@kutakrock.com

## CERTIFICATE OF SERVICE

I, Robert P. Rudolph, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 5, 2019.

/s/ Robert P. Rudolph
Robert P. Rudolph, Esq.