```
 1              IN THE UNITED STATES DISTRICT COURT

 2                FOR THE DISTRICT OF MASSACHUSETTS

 3    * * * * * * * * * * * *    19CV11457-IT
      ANYWHERECOMMERCE, INC.,  *
 4    et al                    *
                               *   AUGUST 12, 2019
 5    VS.                      *   12:00 P.M.
                               *
 6    INGENICO, INC., et al    *
                               *   BOSTON, MA
 7    * * * * * * * * * * * *

 8             BEFORE THE HONORABLE INDIRA TALWANI

 9                        DISTRICT JUDGE

10                    (Scheduling Conference)
```

11  **APPEARANCES**:

12  FOR THE PLAINTIFFS:     OLIVER D. GRIFFIN, ESQ.
                            MELISSA ANN BOZEMAN, ESQ.
13                          Kutak Rock LLP
                            Suite 1100
14                          1760 Market Street
                            Philadelphia, PA  19103-4104
15
                            ROBERT P. RUDOLPH, ESQ.
16                          Rudolph Friedmann LLP
                            92 State Street
17                          Bsoton, MA 02109

18  FOR THE DEFENDANTS:     JOHN A. TARANTINO, ESQ.
                            WILLIAM K. WRAY, JR., ESQ.
19                          Adler Pollock & Sheehan P.C.
                            One Citizens Plaza
20                          8th Floor
                            Providence, RI 02903
21
    Court Reporter:         Debra D. Lajoie, RPR-FCRR-CRI-RMR
22                          One Courthouse Way
                            Boston, MA  02210
23

24              Proceeding reported and produced
                 by computer-aided stenography
25

```
 1   12 AUGUST 2019 -- 12:00 P.M.
 2         THE CLERK:  United States District Court is now
 3   in session, the Honorable Indira Talwani presiding.
 4   This is Case No. 19CV11457, AnywhereCommerce, Inc.,
 5   et al, v. Ingenico, Inc., et al.
 6         Will counsel please identify themselves for the
 7   record.
 8         MR. GRIFFIN:  Oliver Griffin for Plaintiff.
 9         MS. BOZEMAN:  Melissa Bozeman for Plaintiff.
10         MR. RUDOLPH:  Robert Rudolph for Plaintiff.
11         MR. TARANTINO:  Good afternoon, Your Honor.
12   John Tarantino for the Defendants.
13         MR. WRAY:  Good afternoon, Judge.  William Wray
14   for the Defendant.
15         THE COURT:  Good afternoon.  Please be seated.
16         So this is a scheduling conference.  And I have
17   your proposed timetable for discovery, you now have my
18   order, so initial disclosures, answer, everything
19   should now follow from these timelines.  So answer
20   would have been due 14 days after the order on the
21   motion to dismiss.  I've lost track of time, but --
22         MR. TARANTINO:  Your Honor, it's due on
23   Thursday.  We're going to be filing it this Thursday,
24   answer and counterclaim.
25         THE COURT:  Thank you.
```

1     And initial disclosures will be due 14 days
2 after that, sounds fine.  Amendments to pleading is of
3 course motions for leave to amend, and this is halfway
4 through your proposed discovery, that's fine.  I'm
5 either going to suggest that you have an earlier due
6 date for serving your requests for production or that
7 you eliminate this deadline altogether.  The point of
8 it is to try to have everyone understand that fact
9 discovery closes with things ending up being completed.
10 If you're serving a request for production on
11 March 2nd, the chance of having everything in on
12 April 1st is pretty non-existent.
13     So if the parties think it would be helpful to
14 set an interim date for making sure your requests for
15 production are served, I'm happy to set that.
16     MR. TARANTINO:  Your Honor, just my view on
17 that:  We've had, and I expect we'll continue to have,
18 a pretty cooperative relationship with the Plaintiffs'
19 counsel.  If there's an option of setting an earlier
20 date or not putting in a date, I'm pretty confident
21 counsel can work that out so that, by the close of
22 discovery, which we have here, everything will be
23 served.
24     MS. BOZEMAN:  I agree, Your Honor.
25     THE COURT:  So I'll just eliminate the request

1    for production date.  I'll leave in the request for
2    admissions.
3             And let's get a status conference around
4    April 1st.
5             April 2nd at 2:15.
6             So let me ask you this next question, which is:
7    Is this a case that a referral to a Magistrate Judge
8    for mediation would be helpful?
9             MS. BOZEMAN:  Your Honor, we talked about that
10   with counsel, and I think we were both -- you know, had
11   not fully been convinced either way.  But I think that
12   that we were leaning towards just being in front of
13   Your Honor.
14            MR. TARANTINO:  I think it's a different
15   question that you asked, Your Honor.
16            THE COURT:  Yeah.  This isn't the consent
17   question.
18            MS. BOZEMAN:  Okay.
19            THE COURT:  This is just mediation.  If you'd
20   like, we have an excellent -- our Magistrate Judges are
21   available for mediation.  It saves you the money of
22   private mediation.  They tend to be very good.  So
23   we -- I make them available at different stages in the
24   case.  Some cases will never go to mediation.  I don't
25   force anyone to mediation.  But some parties find it

1   very helpful.
2          We also, to the extent that it's possible to
3   accommodate it, if you think that you have -- that
4   there's a particular Magistrate Judge here who would
5   work well with your clients, you're welcome to jointly
6   request someone. But they tend to have a pretty good
7   success rate. But that's completely separate from the
8   consent question.
9          MR. TARANTINO: Your Honor, my view on that is
10  that certainly we think there can be a productive
11  mediation at some point in time. With respect to the
12  Magistrate Judge, my suggestion would be, if there's a
13  particular Magistrate Judge who is either knowledgeable
14  or experienced in intellectual property issues, that
15  would be quite helpful in this case.
16         And my view would be to try with a Magistrate
17  Judge first. If for some reason the -- these are
18  pretty complex intellectual property issues. There's
19  also, obviously, the ability to go to a private
20  mediator, but we could probably save a lot of money
21  going to the Magistrate Judge.
22         THE COURT: So I think it's something for you to
23  probably talk to your peers. I do think some of our
24  Judges do have a reputation in the community of having
25  done more successful intellectual property mediations,

1   but I think I'll leave that to you to make that
2   decision.  But, you know, if you think mediation would
3   be helpful, and I think in these cases often it may be,
4   think hard about whether it would be good to start it
5   early before you get the expenses of discovery or
6   whether there is some targeted discovery you need first
7   or whether you want a complete fact discovery.  You can
8   tell your clients that I tend to ask this question
9   whenever I see counsel, so no one has to be the one
10  looking for mediation first.
11          So if you think at this point that you're ready
12  for a referral, I would do that.  But, otherwise, at
13  any point, if you want to jointly make a request
14  through the Clerk, I would put that order in.
15          MS. BOZEMAN:  Your Honor, I think it would be
16  premature right now, as pleadings haven't closed.  But
17  we'd be more than willing to revisit it once the legal
18  issues are better framed.
19          MR. TARANTINO:  We can do that again,
20  Your Honor, have a discussion with counsel and, you
21  know, make a submission to the Court, a request to the
22  Court, at some appropriate time in the future.
23          THE COURT:  Okay.  And that, you could do it
24  formally on the docket.  You're also welcome to, as
25  long as you copy the other side, send that through my

Clerk.

MR. TARANTINO: Thank you.

THE COURT: The other -- the next question that I ask at these sessions -- well, I'm happy to adopt the dates that you have included here for expert disclosures and for dispositive motions, but I tend to ask at the status conference that follows fact discovery two questions. One is: Are you in fact intending to file a dispositive motion? And if the answer is yes, does either side need expert discovery for that dispositive motion? If the answer to that is no, I will switch the order so that we'll do the dispositive motions before you incur the costs of expert discovery. If either side thinks they need the experts, then we will keep the order as you have it.

So those are the things I need to cover. Two matters that come up with some frequency, the one is protective orders, I have no problem with the parties exchanging -- having an agreement, having me sign it for the exchange of discovery. I view First Circuit's directive, however, that, if I am being asked to consider something in connection with a decision I'm making, I have to determine if there's any good reason for not having it on the public docket.

So at the point when you're filing your

1  dispositive motions, you can't just put things under
2  seal because it's signed under the protective order,
3  and your protective order shouldn't say that you're
4  simply going to file things under seal.  What would
5  happen, if you need to rely on something that one side
6  or the other has designated as confidential under one
7  of these orders, is that that party needs the
8  opportunity to and should be filing a motion for the
9  document to be filed under seal that gives a reason
10 that meets the standards under the Rule, rather than
11 simply the fact that it's something you agreed upon.
12         One device I am happy to have you use to avoid
13 unnecessary costs and efforts here is that, if you have
14 a document that has material that you need to keep --
15 one side needs to keep confidential and it is not
16 something that I need to see, I have no problem with
17 the parties agreeing to my seeing redacted documents
18 only.  So, for example, if there's a contract and you
19 don't want the dollar value of the contract out to your
20 competitors but you're asking me to look at language in
21 the contract, you could agree on a redacted version of
22 that, and that's fine with me.
23         The second thing is discovery disputes.  The
24 Rules of Civil Procedure now state, after the last
25 couple of years, actually, that Judges should consider

1   requiring conferences before discovery motions are
2   filed.  I don't require them, but I do try to make
3   myself available for them.  So if you are hitting a
4   discovery dispute before you paper it up, you are
5   welcome to contact my Clerk with a copy to the other
6   side.  I will try to get you in within a day or two,
7   either here or by telephone, and just see if it's
8   something I can give you some general guidance on.  If
9   it's something super complicated, I'll tell you to
10  brief it, and then I'll probably refer it to the
11  Magistrate Judge.  But if I can give some direction, I
12  will.
13          So that's all I have.  Anything else from the
14  parties?
15          MR. TARANTINO:  Your Honor, one thing that I
16  expect we'll be filing this week, within a day or so,
17  is I believe the parties have agreed that one of the
18  Defendants, named Defendants, should be dismissed from
19  the case.  It's a defunct entity, so we'll --
20          THE COURT:  Okay.
21          MR. TARANTINO:  -- send a proposed stipulation
22  to Plaintiffs on that.
23          THE COURT:  Okay.
24          MS. BOZEMAN:  That's fine.
25          THE COURT:  Okay.  Anything else?

1   MS. BOZEMAN:  Your Honor, one other thing.
2   Would there be an opportunity for telephonic
3   appearances, should the need arise, with Your Honor?
4   THE COURT:  Yes.  If you -- other than those two
5   examples that I just gave you of the Magistrate Judge
6   and the discovery motions, I like to have things on the
7   docket as much as possible.  It's just much easier for
8   me to track.  So if you put in an assented-to motion to
9   appear telephonically, I will, in most cases, simply
10  allow that, and the Clerk will put the number on the
11  docket entry to call in on.
12  I think, if it is substantive motions, you're at
13  a disadvantage to argue on the phone.  But certainly
14  for these kind of conferences, that's fine.
15  MS. BOZEMAN:  Great.  Thank you.  Thank you,
16  Your Honor.
17  THE COURT:  Anything else?
18  MR. TARANTINO:  I think that's it, Your Honor.
19  THE COURT:  Okay.  Thank you very much.
20  MR. TARANTINO:  Thank you, Your Honor.
21  MS. BOZEMAN:  Thank you, Your Honor.
22  (Adjourned, 12:15 p.m.)
23
24
25

C E R T I F I C A T I O N

I, Debra D. Lajoie, RPR-FCRR-CRI-RMR, do hereby certify that the foregoing pages are a true and accurate transcription of my stenographic notes in the above-entitled case.

/s/ Debra D. Lajoie

9/19/19