# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **ANYWHERECOMMERCE, INC. and BBPOS LIMITED,** | **Leave to file granted on October 17, 2019** |
| **Plaintiffs,** | |
| **v.** | |
| **INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A.** | **CIVIL ACTION NO. 1:19-cv-11457-IT** |
| **Defendants.** | **JURY TRIAL DEMANDED** |

### Defendants' Answer to Plaintiffs' Amended Complaint and Ingenico Inc.'s Amended Counterclaims

Defendants Ingenico Inc., Ingenico Corp., and Ingenico Group SA ("Defendants") hereby submit this Answer to Plaintiffs' Amended Complaint. Defendant and Counterclaim-Plaintiff Ingenico Inc. further submits the within Amended Counterclaims.

Defendants respond to Plaintiffs' Amended Complaint as follows:

### INTRODUCTION

1. Defendants admit that Ingenico Group S.A. was incorporated in France and that Ingenico Corp. and Ingenico Inc. are Ingenico Group S.A.'s subsidiaries and were incorporated in the United States. Except as expressly admitted, Defendants deny paragraph 1 of the Amended Complaint.

2. Denied.

3. Defendants admit that Plaintiffs filed their Complaint on December 20, 2018.

4. Defendants admit that the United States District Court for the Northern District of Georgia granted Defendants' Motion to Transfer to this Court. Defendants deny that the transfer was subject to this Court's application of the Transferor Court's choice-of-law rules.

### THE PARTIES TO THIS COMPLAINT

#### A.      Plaintiffs

5. Defendants admit that an entity named AnywhereCommerce Inc. was incorporated in Canada. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of the Amended Complaint.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the Amended Complaint.

### B.     Defendants

7.  Defendants admit that Ingenico Inc. is a subsidiary of Ingenico Corp.
    Defendants further admit that Ingenico Corp. was incorporated in Delaware and
    continues to exist. Defendants further admit that Ingenico Inc. was incorporated
    in Georgia and continues to exist. Defendants state that ROAM Data, Inc.
    merged with and into Ingenico Inc. Defendants further admit that Ingenico
    Inc.'s principal place of business is located in Alpharetta, Georgia. Plaintiffs'
    allegations concerning "successor-in-interest" state a legal conclusion to which
    no response is required, and Defendants deny these allegations to the extent a
    response is required. Except as expressly admitted, Defendants deny paragraph
    7 of the Amended Complaint.

8.  Defendants admit that Ingenico Corp. is a subsidiary of Ingenico Group S.A.,
    that Ingenico Corp. is registered to do business in Georgia, that Ingenico Corp.
    was incorporated in Delaware, and that its principal place of business is located
    in Alpharetta, Georgia. Except as expressly admitted, Defendants deny the
    allegations in paragraph 8 of the Amended Complaint.

9.  Defendants admit the allegations contained in paragraph 9 of the Amended
    Complaint.  Defendants

### JURISDICTION AND VENUE

10. Paragraph 10 of the Amended Complaint states a legal conclusion to which no
    response is required. Defendants deny that they are liable in this action.

11. Paragraph 11 of the Amended Complaint states a legal conclusion to which no
    response is required. Defendants deny that they are liable for the claims.

12. Paragraph 12 states a legal conclusion to which no response is required. Defendants deny that they are liable in this action.

13. Paragraph 13 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny paragraph 13 of the Amended Complaint.

14. Defendants admit that venue is proper in the District of Massachusetts. Except as expressly admitted, Defendants deny the allegations contained in paragraph 14 of the Amended Complaint.

### FACTUAL BACKGROUND

15. Defendants admit that Plaintiff AnywhereCommerce Inc. purports to sell credit card readers and related accessories. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 15 of the Amended Complaint.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Amended Complaint.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23. Defendants admit that paragraph 23 contains typed excerpts of a document entitled "License Agreement and Non Competition Agreement" that states it was made as of March 18, 2010. The document speaks for itself and Defendants deny any mischaracterization thereof, including mischaracterizations of the document effected by quoting only a portion of it. The remaining allegations of paragraph 23 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny paragraph 23 of the Amended Complaint.

24. Paragraph 24 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny paragraph 24 of the Amended Complaint.

25. Defendants admit that paragraph 25 contains typed excerpts of a document entitled "License Agreement and Non Competition Agreement" that states it was made as of July 1, 2013. The document speaks for itself and Defendants deny any mischaracterization thereof, including mischaracterizations of the document effected by quoting only a portion of it. The remaining allegations of paragraph 25 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny paragraph 25 of the Amended Complaint.

26. Defendants admit that paragraph 26 contains a typed excerpt of a document entitled "License Agreement and Non Competition Agreement" that states it was made as of July 1, 2013. The document speaks for itself and Defendants deny any mischaracterization thereof, including mischaracterizations of the document effected by quoting only a portion of it. The remaining allegations of paragraph 26 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny paragraph 26 of the Amended Complaint.

27. Defendants admit that paragraph 27 contains a typed excerpt of a document entitled "License Agreement and Non Competition Agreement" that states it was made as of July 1, 2013. The document speaks for itself and Defendants deny any mischaracterization thereof, including mischaracterizations of the document effected by quoting only a portion of it. The remaining allegations of paragraph 27 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny paragraph 27 of the Amended Complaint.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Amended Complaint.

Defendants deny the allegations contained in the unnumbered sentence between paragraph 30 and 31 of the Amended Complaint.

31. Defendants admit that ROAM Data, Inc. was based in Boston and founded by Will Wang Graylin. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32. Paragraph 32 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny paragraph 32 of the Amended Complaint.

33. Defendants admit that paragraph 33 contains a typed excerpt of a document attached as Exhibit A to the Amended Complaint. The document speaks for itself and Defendants deny any mischaracterization thereof, including mischaracterizations of the document effected by quoting only a portion of it.

34. Defendants admit that paragraph 34 contains a typed excerpt of a document attached as Exhibit A to the Amended Complaint. The document speaks for itself and Defendants deny any mischaracterization thereof, including mischaracterizations of the document effected by quoting only a portion of it.

35. Defendants admit that paragraph 35 contains a typed excerpt of a document attached as Exhibit A to the Amended Complaint. The document speaks for itself and Defendants deny any mischaracterization thereof, including mischaracterizations of the document effected by quoting only a portion of it.

36. Defendants admit that paragraph 36 contains a typed excerpt of a document attached as Exhibit A to the Amended Complaint. The document speaks for itself and Defendants deny any mischaracterization thereof, including mischaracterizations of the document effected by quoting only a portion of it. The remainder of paragraph 36 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny paragraph 36 of the Amended Complaint.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the Amended Complaint.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39 of the Amended Complaint.

Defendants deny the allegations contained in the unnumbered sentence between paragraph 39 and 40 of the Amended Complaint.

40. Defendants admit that Ingenico Group S.A. was incorporated in 1980 and sells payment solutions. Defendants deny that Ingenico Group S.A. conducted a "theft." Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 40 of the Amended Complaint, including but not limited to Plaintiffs' characterizations of Ingenico as "significant," and its focus as "relatively steady."

41. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Amended Complaint.

42. Denied.

43. Defendants admit that Tallent was on the board of ROAM Data, Inc. with Will Graylin. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44. Denied.

45. Defendants admit that Ingenico Ventures SAS held more than 70% of the ownership interests in ROAM Data, Inc. on or around February 6, 2012. Defendants admit that Philippe Lazare and Christopher Coonen were at some times employed by one or more Defendants, and that each at some point was on ROAM Data, Inc.'s board. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of the Amended Complaint.

46. Defendants admit that Lazare was a director of Ingenico Inc.; a director of ROAM Data, Inc., a director of Ingenico Group S.A., Chief Executive Officer of Ingenico Group S.A., and Chairman of Ingenico Group S.A. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of the Amended Complaint.

47. Denied.

48. Defendants admit that a "court filing"—i.e., a complaint that was filed against certain Ingenico entities in 2012 and dismissed with prejudice by the Massachusetts Superior Court[1]—contains the typed excerpt quoted in the Amended Complaint. Defendants deny the substance of the quoted allegation contained in paragraph 48 of the Amended Complaint.

49. Denied.

50. Denied.

51. Paragraph 51 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny paragraph 51 of the Amended Complaint.

52. Paragraph 52 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny paragraph 52 of the Amended Complaint.

---

[1] *Graylin et al. v. Lazare et al.*, C.A. No. 12-4032 BL2 (Superior Court Department of the Trial Court).

53. Denied.

54. Defendants admit that Ingenico Ventures SAS acquired 100% of the ownership interests in ROAM Data, Inc. by January 1, 2015. Except as expressly admitted, Defendants deny paragraph 54 of the Amended Complaint.

Defendants deny the allegations contained in the unnumbered sentence between paragraph 54 and 55 of the Amended Complaint.

55. Denied.

56. Denied.

Defendants deny the allegations contained in the sentence numbered "1" between paragraph 56 and 57 of the Amended Complaint.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 57 of the Amended Complaint.

58. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 58 of the Amended Complaint.

59. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 59 of the Amended Complaint.

60. Denied.

61. Denied.

62. Denied.

Defendants deny the allegations contained in sentence numbered "2" between paragraph 62 and 63 of the Amended Complaint.

63. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 63 of the Amended Complaint.

64. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64 of the Amended Complaint.

65. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 65 of the Amended Complaint.

66. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 66 of the Amended Complaint.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 67 of the Amended Complaint.

68. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 68 of the Amended Complaint.

69. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 69 of the Amended Complaint.

70. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 70 of the Amended Complaint.

71. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 71 of the Amended Complaint.

72. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 72 of the Amended Complaint.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 73 of the Amended Complaint.

74. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 74 of the Amended Complaint.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 75 of the Amended Complaint.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 76 of the Amended Complaint.

Defendants deny the allegations contained in the unnumbered sentence between paragraph 76 and 77 of the Amended Complaint.

77. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 77 of the Amended Complaint.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 78 of the Amended Complaint.

79. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 79 of the Amended Complaint.

80. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 80 of the Amended Complaint.

81. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 81 of the Amended Complaint.

82. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 82 of the Amended Complaint.

83. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 83 of the Amended Complaint.

84. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 84 of the Amended Complaint.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the unnumbered sentence between paragraphs 84 and 85 of the Amended Complaint.

85. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 85 of the Amended Complaint.

86. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 86 of the Amended Complaint.

87. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 87 of the Amended Complaint.

88. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 88 of the Amended Complaint.

89. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 89 of the Amended Complaint.

90. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 90 of the Amended Complaint.

91. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 91 of the Amended Complaint.

92. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 92 of the Amended Complaint.

93. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 93 of the Amended Complaint.

94. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 94 of the Amended Complaint.

95. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 95 of the Amended Complaint.

96. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 96 of the Amended Complaint.

97. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 97 of the Amended Complaint.

98. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 98 of the Amended Complaint.

99. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 99 of the Amended Complaint.

100.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 100 of the Amended Complaint.

101.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 101 of the Amended Complaint.

102.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 102 of the Amended Complaint.

103.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 103 of the Amended Complaint.

104.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 104 of the Amended Complaint.

105.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 105 of the Amended Complaint.

106.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 106 of the Amended Complaint.

107.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 107 of the Amended Complaint.

108.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 108 of the Amended Complaint.

109.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 109 of the Amended Complaint.

110. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 110 of the Amended Complaint.

111. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 111 of the Amended Complaint.

112. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 112 of the Amended Complaint.

113. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 113 of the Amended Complaint.

114. Paragraph 114 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 114 of the Amended Complaint.

115. Paragraph 115 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 115 of the Amended Complaint.

116. Paragraph 116 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 116 of the Amended Complaint.

117. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 117 of the Amended Complaint.

118. Paragraph 118 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 118 of the Amended Complaint.

119. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 119 of the Amended Complaint.

Defendants deny the allegations contained in the unnumbered sentence between paragraph 119 and 120 of the Amended Complaint.

120. Denied.

121. Paragraph 121 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 121 of the Amended Complaint.

122. Paragraph 122 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 122 of the Amended Complaint.

123. Paragraph 123 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 123 of the Amended Complaint and Defendants deny that they are liable.

124. Paragraph 124 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 124 of the Amended Complaint..

## CLAIMS AND VIOLATIONS ALLEGED

125. In response to paragraph 125 of the Amended Complaint, Defendants incorporate, as if fully set forth herein, each and every response to the allegations set forth in the preceding paragraphs of the Amended Complaint.

126.  Denied.

127.  Denied.

128.  Denied.

129.  Denied.

130.  Denied.

131.  Denied.

132.  Denied.

133.  Denied.

134.  Denied.

135.  In response to paragraph 135 of the Amended Complaint, Defendants incorporate, as if fully set forth herein, each and every response to the allegations set forth in the preceding paragraphs of the Amended Complaint.

136.  Denied.

137.  Denied.

138.  Denied.

139.  Denied.

140.  Denied.

141.  Denied.

142. Denied.

143. Denied.

144. In response to paragraph 144 of the Amended Complaint, Defendants incorporate, as if fully set forth herein, each and every response to the allegations set forth in the preceding paragraphs of the Amended Complaint.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. In response to paragraph 153 of the Amended Complaint, Defendants incorporate, as if fully set forth herein, each and every response to the allegations set forth in the preceding paragraphs of the Amended Complaint.

154. Denied.

155. Denied.

156. Denied.

157.  Denied.

158.  Denied.

159.  Denied.

160.  Denied.

161.  Denied.

162.  Denied.

163.  In response to paragraph 163 of the Amended Complaint, Defendants incorporate, as if fully set forth herein, each and every response to the allegations set forth in the preceding paragraphs of the Amended Complaint.

164.  Denied.

165.  Denied.

166.  Denied.

167.  Denied.

168.  Denied.

169.  In response to paragraph 169 of the Amended Complaint, Defendants incorporate, as if fully set forth herein, each and every response to the allegations set forth in the preceding paragraphs of the Amended Complaint.

170.  Denied.

171.  Denied.

172. Denied.

173. Denied.

174. In response to paragraph 174 of the Amended Complaint, Defendants incorporate, as if fully set forth herein, each and every response to the allegations set forth in the preceding paragraphs of the Amended Complaint.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. In response to paragraph 180 of the Amended Complaint, Defendants incorporate, as if fully set forth herein, each and every response to the allegations set forth in the preceding paragraphs of the Amended Complaint.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187.  Denied.

188.  Denied.

189.  In response to paragraph 189 of the Amended Complaint, Defendants incorporate, as if fully set forth herein, each and every response to the allegations set forth in the preceding paragraphs of the Amended Complaint.

190.  Denied.

191.  Denied.

192.  Denied.

193.  Denied.

194.  Denied.

195.  Denied.

196.  Denied.

197.  Denied.

## DEFENSES

### First Defense

Some or all of Plaintiffs' claims are or may be barred by the applicable statutes of limitations.

### Second Defense

Plaintiffs' recovery, if any, should be reduced by set off.

### Third Defense

Plaintiffs' recovery, if any, should be reduced due to recoupment.

### Fourth Defense

Plaintiffs' recovery, if any, should be reduced as a result of their failure to mitigate damages.

### Fifth Defense

Plaintiffs' are not entitled to any remedy due to the doctrine of unclean hands.

### Sixth Defense

Some or all of Plaintiffs' claims are or may be barred by laches.

### Seventh Defense

All or part of Plaintiffs' claims are or may be barred because Defendants have a license to use that which Defendants are accused of unlawfully using.

### Eighth Defense

Some or all of Plaintiffs' claims are or may be barred because they lack standing.

### Ninth Defense

Some or all of Plaintiffs' claims are or may be barred because they materially breached the contract upon which they rely.

### Tenth Defense

Plaintiffs lack capacity to sue because they have failed to comply with Mass. Gen. Laws ch. 156D, §§ 15.02 & 15.03.

### Eleventh Defense

Some or all of Plaintiffs' claims are or may be barred because they fail to state a cause of action upon which relief can be granted.

## Twelfth Defense

Some or all of Plaintiffs' claims fail due to lack of agreement and lack of consideration with respect to the form and/or interpretation of the agreement(s) as Plaintiffs purport to be the case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that this Court:

1. Enter judgment in favor of Defendants and against Plaintiffs on the claims in the Amended Complaint;

2. Award Defendants their costs and expenses; and

3. Grant such other and further relief as the Court deems just and proper.

## **Jury Trial Demand**

Defendants demand a trial by jury on Plaintiffs' claims.

Dated: October 30, 2019

Respectfully Submitted,

Ingenico Inc., Ingenico Corp., Ingenico Group SA and Ingenico Ventures SAS

By their attorneys,

/s/ John A. Tarantino
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
WILLIAM K.WRAY, JR. (#689037)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200 Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
wwray@apslaw.com

### AMENDED COUNTERCLAIMS OF INGENICO INC.

1. These counterclaims relate to licensing and intellectual property rights in the mobile payments business. As more fully described below, ROAM Data, Inc., which later merged into Ingenico Inc., bargained and agreed with Defendant BBPOS Limited ("BBPOS") for an exclusive license to sell and use certain mobile payment devices, and to use related intellectual property.

2. BBPOS breached that exclusive license in several respects, including through sales of licensed devices and grants of licensed rights to AnywhereCommerce Inc. ("AnywhereCommerce").

26

## Parties

3.  Ingenico Inc. is a Georgia corporation with its principal place of business in
    Georgia.

4.  Upon information and belief, BBPOS Limited is a Hong Kong corporation
    with a principal place of business at Suite 1903-1904, Tower 2 Nina Tower,
    No. 8 Yeung UK Road, Tsuen Wan, N.T., Hong Kong.

5.  AnywhereCommerce Inc. is a foreign corporation incorporated under the laws
    of the Canada Business Corporations Act. Upon information and belief, its
    principal place of business in the United States is located at 4585 North Maroa
    Avenue, Fresno, CA 93704.

## Jurisdiction & Venue

6.  This Court has subject matter jurisdiction over these Counterclaims under 28
    U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the
    parties are of diverse citizenship.

7.  This Court also has subject matter jurisdiction over Ingenico Inc.'s claim for
    breach of the federal Defend Trade Secrets Act under 28 U.S.C. § 1331.

8.  This Court has subject matter jurisdiction over Ingenico Inc.'s claim for patent
    infringement under 28 U.S.C. § 1338.

9.  This Court also has subject matter jurisdiction over these Counterclaims under
    28 U.S.C. § 1367.

10. Venue is proper in this District because a substantial part of the events or
    omissions giving rise to the claim occurred in this judicial district and because

Ingenico Inc. and BBPOS selected Massachusetts as the proper forum for disputes arising out of the agreement central to these Counterclaims.

## Facts Common to All Counts

11. Ingenico Inc., BBPOS, and AnywhereCommerce all participate in the business of mobile payments. Upon information and belief, BBPOS primarily designs and manufactures mobile payment devices.

12. ROAM Data, Inc. ("ROAM") is the name of a company that formerly participated in the business of mobile payments. On December 31, 2017, ROAM merged with and into Ingenico.

### A. The Ingenico-BBPOS Agreement and BBPOS' breaches thereof

13. On or around May 4, 2010, ROAM and BBPOS entered into an "Engineering Development and License Agreement" that they amended on or around August 15, 2011. Because ROAM merged with Ingenico Inc., Ingenico Inc. refers to the amended agreement herein as the "Ingenico-BBPOS Agreement." A copy of the Ingenico-BBPOS Agreement is attached hereto as Exhibit 1.

14. The Ingenico-BBPOS Agreement reflects that Ingenico Inc. (and ROAM, before it merged with Ingenico Inc.) paid BBPOS and provided BBPOS with other valuable consideration in return for BBPOS' services, including the design, manufacture, and production of certain mobile payment devices. BBPOS also provided Ingenico Inc. with an exclusive license to certain mobile payment devices and related intellectual property.

15. The exclusive license granted by BBPOS covers a magnetic swipe reader that interfaces with mobile devices or computers through an audio jack, a mobile

28

payment unit with a Bluetooth interface, and an EMV terminal "based on the foundation of BBPOS." The exclusive license extends to those specified devices, to products "similar to or based upon" such devices, and in the case of the swipe reader and the mobile payment unit with a Bluetooth interface, to any portion of the device. Collectively, the devices (and portions of devices) covered by the exclusive license are referred to as "Covered Mobile Payment Devices."

    *i.    The exclusive device license provisions and BBPOS' breach thereof*

16. In the Ingenico-BBPOS Agreement, BBPOS grants Ingenico Inc. a worldwide, perpetual, fully-paid license to use and sell Covered Mobile Payment Devices.[2] Further, BBPOS promises in the Ingenico-BBPOS Agreement that this license is exclusive even as to BBPOS (except that BBPOS has a non-transferrable right to sell two specific devices in China and the Philippines—an exception that applies to all licenses referenced in these Counterclaims).[3]

17. Specifically, BBPOS agreed that it would not use or sell any of the Covered Mobile Payment Devices, that it would not grant any rights to intellectual property related to Covered Mobile Payment Devices to develop or sell such devices, and that it would not design, produce, or assist in the design or production of Covered Mobile Payment Devices for any other party.[4]

18. BBPOS breached the referenced provisions of the Ingenico-BBPOS Agreement.

---

[2] *See id.* at pages 12-13.
[3] *See id.*
[4] Exhibit 1 at § 3.8.

19. In December 2015 BBPOS attempted to sell Covered Mobile Payment Devices to one of Ingenico Inc.'s customers, North American Bancard, LLC.

20. Upon information and belief, BBPOS sold and continues to sell Covered Mobile Payment Devices to AnywhereCommerce or permitted the use or sale thereof.

21. Upon information and belief, BBPOS sold and continues to sell Covered Mobile Payment Devices to other non-parties.

   ii.    *The intellectual property license provisions*

22. In the Ingenico-BBPOS Agreement, BBPOS grants Ingenico Inc. a worldwide, perpetual, fully-paid license to use a broadly-defined set of BBPOS' intellectual property.[5] This license includes any patents and patent applications that relate to Covered Mobile Payment Devices, any substitutions or extensions of these patents, and any of BBPOS' copyrights, trademarks, trade secrets, owned or controlled by BBPOS that relate to the Covered Mobile Payment Devices.[6]

23. BBPOS has breached these provisions of the Ingenico-BBPOS Agreement.

24. BBPOS breached these provisions by bringing claims against Ingenico Inc.— which enjoys an express, contractual, fully-paid license to any of BBPOS' intellectual property that relates to Covered Mobile Payment Devices—for misappropriating trade secret-protected information relating to the manufacture of mobile payment devices.

---

[5] *Id.* at page 12 of 16.

[6] *Id.*

25. Further, although BBPOS promised that the license granted to Ingenico Inc. was exclusive and that it would grant no rights in that intellectual property to any other parties for the use or sale of Covered Mobile Payment Devices, BBPOS has itself and has permitted third parties, including AnywhereCommerce, to use some or all of the licensed intellectual property rights in violation of the Ingenico-BBPOS Agreement.

   iii.   *The indemnification provisions and BBPOS' breach thereof*

26. In the Ingenico-BBPOS Agreement, BBPOS promises to comply with the applicable law in the course of providing services.[7] It also promises that none of the Covered Mobile Payment Devices or other deliverables infringe on any person's intellectual property rights.[8]

27. BBPOS also promises that it will indemnify and hold Ingenico Inc. harmless from any and all losses, costs, liabilities, or expenses—including attorneys' fees—that arise out of the breach of any of its promises.[9] BBPOS' obligation to indemnify Ingenico Inc. extends, *inter alia*, to "any claim brought by a third party against [Ingenico Inc.] as a result of or relating to any actual or alleged breach hereof."[10]

28. BBPOS has breached the aforementioned provisions of the Ingenico-BBPOS Agreement.

---

[7] *Id.* at § 3.2.
[8] *Id.* at § 3.10.
[9] *Id.* at § 3.18.
[10] *Id.*

29. Despite Ingenico Inc.'s demands, BBPOS has failed to indemnify Ingenico Inc. for attorneys' fees and other costs related to claims by third parties that the use or sale of Covered Mobile Payment Devices or other deliverables or services that BBPOS provided under the Agreement violates the third parties' intellectual property rights.

30. BBPOS has purported to place and/or placed unreasonable, overly-burdensome, and un-bargained-for conditions precedent and requirements on its contractual obligation to indemnify Ingenico Inc.

**B. AnywhereCommerce's knowledge of and interference with the Ingenico-BBPOS Agreement**

31. BBPOS not only granted Ingenico Inc. a license, it also granted Ingenico Inc. the first right, but not the obligation, to institute legal proceedings to prevent others from infringing or misappropriating any of the intellectual property licensed to Ingenico Inc.

32. AnywhereCommerce Inc. and BBPOS claim that they are long-time business partners, and that their operations are complementary and philosophically-aligned.

33. AnywhereCommerce knows and knew at all relevant times that BBPOS granted Ingenico Inc. exclusive licenses to Covered Mobile Payment Devices and to related intellectual property.

34. AnywhereCommerce's parent company has expressly acknowledged and consented to the Ingenico-BBPOS Agreement which sets forth these exclusive licenses.

35. Upon information and belief, AnywhereCommerce is and has been acquiring Covered Mobile Payment Devices from BBPOS in violation of Ingenico Inc.'s exclusive license covering the same.

36. Upon information and belief, AnywhereCommerce is and has been using intellectual property rights licensed to Ingenico Inc. by BBPOS in violation of Ingenico Inc.'s exclusive license covering the same.

37. Upon information and belief, AnywhereCommerce is and has been using some or all of the intellectual property licensed to Ingenico Inc. by BBPOS without BBPOS' knowledge, consent, or approval.

**Count I**
**Breach of Contract**
**Against BBPOS**

38. Ingenico Inc. re-alleges the preceding paragraphs of this Counterclaim and incorporates them as if fully stated herein.

39. Ingenico Inc. and BBPOS are parties to a valid contract.

40. Ingenico Inc. has performed its duties and obligations under that contract, and has fulfilled all required conditions precedent to BBPOS' performance.

41. BBPOS has breached the foregoing contract.

42. Ingenico Inc. has been damaged and continues to be damaged by BBPOS' breach in an amount to be determined at trial.

**Count II**
**Breach of the Contractual Duty of Good-Faith and Fair Dealing**
**Against BBPOS**

43. Ingenico Inc. re-alleges the preceding paragraphs of this Counterclaim and incorporates them as if fully stated herein.

44. Ingenico Inc. and BBPOS are parties to a valid contract.

45. Ingenico Inc. has performed its duties and obligations under that contract, and has fulfilled all required conditions precedent to BBPOS' performance.

46. BBPOS has breached its implied contractual duty of good-faith and fair-dealing.

47. Ingenico Inc. has been damaged and continues to be damaged by BBPOS' breach in an amount to be determined at trial.

**Count III**
**Tortious Interference with Advantageous Business Relations**
**Against BBPOS**

48. Ingenico Inc. re-alleges the preceding paragraphs of the Counterclaim and incorporates them as if fully stated herein.

49. At all relevant times Ingenico Inc. or ROAM Data, Inc., which merged into Ingenico Inc., had advantageous business relations with a third-party, North American Bancard LLC.

50. BBPOS knew of Ingenico Inc.'s or ROAM Data, Inc.'s advantageous business relations with North American Bancard, LLC.

51. BBPOS intentionally interfered with Ingenico Inc.'s or ROAM Data, Inc.'s relationship for an improper purpose or by improper means.

52. BBPOS' interference with Ingenico Inc.'s or ROAM Data, Inc.'s advantageous business relation was not justified, privileged, or protected under any applicable law or legal authority.

53. Ingenico Inc. and ROAM Data, Inc. were harmed and damaged as a result of BBPOS' interference in an amount to be determined at trial.

**Count IV**
**Tortious Interference with Contractual Relations**
**Against AnywhereCommerce, Inc.**

54. Ingenico Inc. re-alleges the preceding paragraphs of the Counterclaim and incorporates them as if fully stated herein.

55. Ingenico Inc. has a valid contract with BBPOS.

56. AnywhereCommerce knew of Ingenico Inc.'s contract with BBPOS at all relevant times.

57. AnywhereCommerce intentionally and knowingly interfered with that contract by inducing BBPOS to breach the contract or preventing it from performing its contractual obligations.

58. AnywhereCommerce's interference was a significant factor in causing that breach.

59. AnywhereCommerce's interference was improper in motive or means, and lacked justification.

60. Ingenico Inc. was harmed and damaged as a result in an amount to be determined at trial.

## Count V
## Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq.
## Against AnywhereCommerce Inc.

61. Ingenico Inc. re-alleges the preceding paragraphs of the Counterclaim and incorporates them as if fully stated herein, with the exception that Ingenico Inc. does not re-allege paragraph 25 of the Counterclaim.

62. BBPOS represented and warranted to ROAM (and now Ingenico Inc.) that it owns and maintains trade secrets relating to the manufacture of mobile payment devices, and upon information and belief BBPOS does own and maintain such trade secrets, including but not limited to the data, formulae, patterns, programs, devices, methods, techniques, and product plans that relate to the development, use, sale, or distribution of the Covered Mobile Payment Devices.

63. Because Ingenico Inc. is the rightful and exclusive licensee of the trade secrets referenced in the preceding paragraph worldwide, except in China and the Philippines, Ingenico Inc. owns and maintains trade secrets relating to the manufacture of mobile payment devices, including but not limited to the data, formulae, patterns, programs, devices, methods, techniques, and product plans that relate to the development, use, sale, or distribution of the Covered Mobile Payment Devices.

64. The trade secrets referenced in the preceding paragraphs derive economic value, actual and potential, from not being generally known to or readily

ascertainable by proper means by other persons who can obtain economic value from their disclosure or use.

65. The trade secrets referenced in the preceding paragraphs are the subject of efforts by BBPOS and Ingenico Inc. that are reasonable under the circumstances to maintain their secrecy.

66. The trade secrets referenced in the preceding paragraphs are used in and intended for use in interstate and foreign commerce.

67. Upon information and belief, AnywhereCommerce has acquired the referenced trade secrets by improper means, including through breach or inducement of breach of a contractual relationship.

68. Upon information and belief, AnywhereCommerce has misappropriated the trade secrets referenced in the preceding paragraphs and has profited from the same without providing compensation to Ingenico Inc.

69. Upon information and belief, AnywhereCommerce's misappropriation was willful and malicious under 18 U.S.C. § 1836(b), as it intentionally and repeatedly took and used what it knew was a trade secret with conscious disregard of Ingenico Inc.'s rights.

70. Ingenico Inc. has been damaged and continues to be damaged by AnywhereCommerce's misappropriation of the trade secrets referenced in the preceding paragraphs in an amount to be determined at trial.

## Count VI
## Violation of the Massachusetts Trade Secrets Act, M.G.L. Ch. 93, § 42 *et seq.*
## Against AnywhereCommerce Inc.

71. Ingenico Inc. re-alleges the preceding paragraphs of the Counterclaim and incorporates them as if fully stated herein, with the exception that Ingenico Inc. does not re-allege paragraph 25 of the Counterclaim.

72. BBPOS represented and warranted to ROAM (and now Ingenico Inc.) that it owns and maintains trade secrets relating to the manufacture of mobile payment devices, and upon information and belief BBPOS does own and maintain such trade secrets, including but not limited to the data, formulae, patterns, programs, devices, methods, techniques, and product plans that relate to the development, use, sale, or distribution of the Covered Mobile Payment Devices.

73. Because Ingenico Inc. is the rightful and exclusive licensee of the trade secrets referenced in the preceding paragraph in all or part of the world, Ingenico Inc. owns and maintains trade secrets relating to the manufacture of mobile payment devices, including but not limited to the data, formulae, patterns, programs, devices, methods, techniques, and product plans that relate to the development, use, sale, or distribution of the Covered Mobile Payment Devices.

74. The trade secrets referenced in the preceding paragraphs derive economic value, actual and potential, from not being generally known to or readily ascertainable by proper means by other persons who can obtain economic value from their disclosure or use.

75. The trade secrets referenced in the preceding paragraphs are the subject of efforts by BBPOS and Ingenico Inc. that are reasonable under the circumstances to maintain their secrecy.

76. Upon information and belief, AnywhereCommerce has acquired the referenced trade secrets by improper means, including through breach or inducement of breach of a contractual relationship.

77. Upon information and belief, AnywhereCommerce has misappropriated the trade secrets referenced in the preceding paragraphs and has profited from the same without providing compensation to Ingenico Inc.

78. Upon information and belief, AnywhereCommerce's misappropriation was willful and malicious under M.G.L. Ch.  93 § 42C as it intentionally and repeatedly took and used what it knew was a trade secret with conscious disregard of Ingenico Inc.'s rights.

79. The trade secrets referenced in the preceding paragraphs are used in and intended for use in interstate and foreign commerce.

80. Ingenico Inc. has been damaged and continues to be damaged by AnywhereCommerce's misappropriation of the trade secrets referenced in the preceding paragraphs in an amount to be determined at trial.

**Count VII**
**Violation of M.G.L. Ch.  93A § 11**
**Against BBPOS and AnywhereCommerce Inc.**

81. Ingenico Inc. re-alleges the preceding paragraphs of the Counterclaim and incorporates them as if fully stated herein.

82.   Ingenico Inc., BBPOS and AnywhereCommerce Inc. are each engaged in the conduct of trade or commerce, including trade or commerce in the Commonwealth of Massachusetts.

83.   BBPOS' and AnywhereCommerce Inc.'s actions as alleged constitute an unfair method of competition and an unfair or deceptive act or practice declared unlawful by section two of M.G.L. Ch. 93A or by a rule or regulation issued under paragraph (c) of section two.

84.   BBPOS' and AnywhereCommerce Inc.'s unlawful actions constituted willful or knowing violations of M.G.L. Ch. 93A § 2.

85.   Ingenico Inc. has suffered loss of money and property and continues to so suffer as a result of these unlawful actions.

**Count VIII**
**Patent Infringement under 35 U.S.C. § 271**
**Against BBPOS Limited and AnywhereCommerce Inc.**

86.   Ingenico Inc. re-alleges the preceding paragraphs of the Counterclaim and incorporates them as if fully stated herein.

87.   As previously alleged, the Ingenico-BBPOS Agreement grants Ingenico Inc. an exclusive license (outside of China and the Philippines) for a broad range of intellectual property, including patents relating to a swipe reader that has the ability to interface through an audio jack and any patents relating to an EMV capable POS unit with a Bluetooth interface.

88.   BBPOS and AnywhereCommerce directly and indirectly design, produce, purchase, use, sale, manufacture, import, and distribute swipe readers with the ability to interface through an audio jack and EMV capable POS units with

40

Bluetooth interfaces, each of which employ the patents for which Ingenico has an exclusive license.

89.     As previously alleged, the Ingenico-BBPOS Agreement grants Ingenico Inc. the right to institute legal proceedings to prevent or restrain patent infringement or misappropriation, and AnwyhereCommerce expressly acknowledged and consented to the Ingenico-BBPOS Agreement.

90.     Through the direct and indirect design, production, purchase, use, sale, manufacture, importation, or distribution of the Magstripe Rambler 3, the Chip & Sign Walker 2, the Chip & Sign Walker C2X, the preceding models of these products, and any other products that interface with mobile devices or PC's through an audio jack, or any products that are EMV capable POS units with Bluetooth interfaces including the All-In-One Nomad POS and the Chip & Pin Nomad WP2, and the BBPOS Chipper 2X BT and the predecessor models of those products (collectively, the "Accused Products"), BBPOS and AnwyhereCommerce have infringed and continue to infringe on the patents to which Ingenico Inc. was granted an exclusive license in the Ingenico-BBPOS Agreement (the "Infringed Patents").The Infringed Patents include:

     a.  U.S. Patent No. 8,281,998 B2;

     b.  U.S. Patent No. 8,286,875 B2;

     c.  U.S. Patent No. 8,534,554 B2;

     d.  U.S. Patent No. 9,016,566 B2;

     e.  U.S. Patent No. 9,311,637 B2;

      f.   U.S. Patent No. 9,443,239 B2;

      g.   U.S. Patent No. 9,818,107 B2;

      h.   U.S. Patent No. 9,362,689 B2; and

      i.   U.S. Patent No. 8,336,771 B2.

91.    The United States Patent and Trade Office duly and legally issued the Infringed Patents, and Ingenico Inc. holds a legally sufficient interest to bring this action, in and to the Infringed Patents.

92.    The Infringed Patents are in full force and effect.

93.    Upon information and belief, AnywhereCommerce and BBPOS have infringed and continue to infringe on the Infringed Patents by making, using, selling, offering for sale, and/or importing the Accused Products.

94.    BBPOS and AnywhereCommerce's actions constitute direct infringement of the Infringed Patents, either literally or under the doctrine of equivalents.

95.    The Accused Products have no substantially non-infringing use.

96.    Ingenico Inc. has not licensed or authorized any of BBPOS' or AnywhereCommerce's infringing actions, either expressly or by implication, and BBPOS and AnywhereCommerce have no valid license from Ingenico Inc. to practice the Infringed Patents and any purported assignments of the Infringed Patents among BBPOS and AnywhereCommerce are in violation of Ingenico Inc.'s exclusive contract rights, rights that BBPOS granted to Ingenico Inc. and rights that were acknowledged and consented to by AnywhereCommerce's parent company.

97.   BBPOS' and AnywhereCommerce's infringing conduct has injured and continues to injure Ingenico Inc., and it is entitled to damages adequate to compensate it for such infringement.

98.   BBBPOS and AnywhereCommerce's infringing conduct has caused and continues to cause irreparable injury to Ingenico Inc., for which remedies at law are inadequate to compensate it, such that the issuance of a permanent injunction against AnywhereCommerce's further manufacture, use, sale, importation, and/or offer for sale of products that infringe the asserted patent is warranted.

WHEREFORE, Ingenico Inc. seeks:

a)   Entry of judgment in its favor;

b)   Monetary damages in an amount to be proven at trial, and for such damages to be doubled or trebled;

c)   Disgorgement of profits;

d)   An account for past, present, and future sales, revenues, and profit for all devices or products made, sold, used, or licensed in violation of Ingenico Inc.'s exclusive licenses thereto, and for all devices or products that use intellectual property in violation of Ingenico Inc.'s exclusive licenses thereto;

e)   Entry of a preliminary and permanent injunction prohibiting further infringement of intellectual property for which Ingenico Inc. is the exclusive licensee and prohibiting further use or sale of Covered Mobile Payment Devices;

f) Its attorneys' fees;

g) For a declaration that this case is exceptional under 35 U.S.C. § 285, and for the award of treble damages, attorneys' fees, and the costs of the action pursuant to that statute;

h) For an award of pre-judgment and post-judgment interest pursuant to 28 U.S.C. § 1961 and 25 U.S.C. § 384 at the maximum rate allowed by law;

i) Its costs;

j) Exemplary and/or punitive damages; and

k) And such other and further relief as this Court may deem just and proper.

## Jury Demand

Defendants demand a trial by jury on Plaintiffs' claims and Defendant Ingenico Inc. demands a trial by jury on its counterclaims.

Dated: October 30, 2019   Respectfully Submitted,

           Ingenico Inc.,

           By its attorneys,


           /s/ John A. Tarantino
           JOHN A. TARANTINO (BBO #492230)
           PATRICIA K. ROCHA (BBO #542348)
           WILLIAM K.WRAY, JR. *(#689037)*
           Adler Pollock & Sheehan P.C.
           One Citizens Plaza, 8th Floor
           Providence, RI 02903
           Tel: (401) 274-7200
           Fax: (401) 351-4607
           jtarantino@apslaw.com
           procha@apslaw.com
           wwray@apslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants on October 30, 2019.

*/s/ William K. Wray, Jr.*
William K. Wray, Jr.