# EXHIBIT A

## LICENSE AGREEMENT AND NON COMPETITION AGREEMENT

**THIS AGREEMENT** is made the 18th day of March, 2010

Between:

**HOMEATM EPAYMENT SOLUTION** whose registered office is situate at 5250 Decarie Blvd #615, Montreal, Qc H3X 2H9 (the "**Licensor**");

And

**BBPOS LIMITED** whose place of business is Flat 810, Grand City Plaza, 1 Sai Lau Kok Road, Tsuen Wan, New Territories (the "**Licensee**").

### 1.     INTERPRETATION

1.1     In this Agreement:

'Commencement Date' means *March 18, 2010*;

'Confidential Information" means any information whether written or otherwise, which is identified as confidential when provided by the disclosing party to the recipient for any intended purpose;

"Intellectual Property Rights' means trademark, design or patent and other intellectual property rights of **DTMF technology** titled the **Apparatus and Method for Commercial Transactions Using a Communication Device;**

'Products' means the communication device using the DTMF technology;

'Region' means worldwide.

 Competition means selling each others products

### 2.     GRANT OF LICENCE

2.1     The Licensor grants to the Licensee a non-exclusive licence to use the Intellectual Property Rights in the Region in relation to the Products.

### 3.     DURATION OF LICENCE

3.1     This Agreement shall commence on the Commencement Date and shall continue until terminated by either party hereto giving to the other party not less than 3 months' notice in writing in accordance with Clause 6 hereto.

## 4.    PAYMENT TERMS

4.1    The Licensee agrees to pay to the Licensor the following license fee:

| Monthly Sales amount | Percentage of Gross Revenue |
| --- | --- |
| Below US$100,000 | 5% |
| US$100,000 or above | 4% |

Royalties are to be paid within 30 days of the end of the prior month if the sum amounts to $3,000 or more.

## 5.    INTELLECTUAL PROPERTY

5.1    The Licensor warrants that it is the sole beneficial owner of the Intellectual Property Rights. The Licensor further warrants that it has applied to register the Intellectual Property Rights. To the best of the knowledge of the Licensor, the Intellectual Property Rights or the use of the Intellectual Property Rights on or in relation to the Products in the Region does and will not infringe the rights of any third party.

5.2    The Licensor will hold harmless and indemnify the Licensee if any claims against the Licensee for any intellectual property infringement, product liability or third party's claim arising from the use of the Intellectual Property Rights or in instituting or pursuing any action against any third party to enforce the Licensor's rights in respect of any of the Intellectual Property Rights.

## 6.    TERMINATION OF AGREEMENT

6.1    Either party may terminate this Agreement by giving not less than three (3) months' notice.

6.2    Either party may terminate this Agreement immediately by giving written notice to the other party in the event that:

(i)     the other party shall become insolvent, shall enter into liquidation (whether voluntary or compulsory) or shall have a receiver appointed in respect of the whole or any part of its assets or undertaking (save in connection with a bona fide amalgamation or restructuring approved by the other party, such approval not to be unreasonably withheld);

(ii)    any third party takes any legal action to enforce any lien or foreclose any mortgage over, or in respect of, any property of the other party or exercises any right of forfeiture or re-entry in respect of any premises owned or occupied by the other party or enters or seeks to enter into possession thereof;

(iii)   the other party ceases or is about to cease business; or

(iv)   either party commits any breach of the provisions of this Agreement which is not capable of remedy.

## 7.   CONFIDENTIALITY

7.1   The parties agree to treat all Confidential Information of the other in strict confident. No Confidential Information disclosed by one party to the other may be disclosed to a third party without the prior written consent of the other party.

7.2   Where the disclosure of Confidential Information is required by a governmental body, court of law or other tribunal having jurisdiction over either party, the disclosing party undertakes to the other party to disclose only so much information as is necessary and shall use all reasonable efforts to obtain from such body, court or tribunal a written undertaking not to disclose such information to any third party.

## 8   Non Competition

Licensor and Licensee are in similar businesses. Licensee agrees not to solicit any merchants introduced to it by licensor for a period of 18 months following the termination of this agreement. Licensee agrees not to sell or reproduce products that form licensors product listing including safety pin and Slim .
Licensor and Licensee agree to work in a most favored client relationship and to share revenues fairly, determined on a case by case basis, when a conflict exists between a client of either party requiring products from either or both parties.

## 9   ASSIGNABILITY

9.1   Save as provided below, neither the Licensor nor the Licensee shall be entitled to assign any of its rights or benefits, or transfer or purport to transfer any of its duties or obligations, under this Agreement to any third party without the prior written consent of the other party hereto. Transfers to associated or related parties of each entity is permissable. Transfers for tax planning reasons are permitted.

## 10   WAIVER

10.1   No failure or delay by either party in exercising any of its rights under this Agreement shall be deemed to be a waiver of that right, and no waiver by either party of any breach of this Agreement by the other shall be considered as a waiver of any subsequent breach of the same or any other provision.

## 11   SEVERABILITY

11.1    Should any provision of this Agreement be deemed to be invalid or unenforceable by a court of competent jurisdiction such provision shall be severed from the Agreement and the balance hereof shall not be affected and will continue in full force and effect.

## 12    ENTIRE AGREEMENT

12.1    The parties hereto acknowledge that this Agreement constitutes the entire agreement between them and that this Agreement supersedes any previous oral or written agreements or understandings between them with respect to the subject matter hereof.

## 13    HEADINGS

13.1    The headings set out in this Agreement are for convenience only and shall not in any way affect the interpretation hereof.

## 14    AMENDMENTS

14.1    The terms of this Agreement may only be amended by both parties in writing.

## 15    NOTICES

15.1    All notices required or permitted by this Agreement shall be in writing and in the English language and sent to the address of the recipient set out below, or as otherwise directed by the recipient. Notices shall be delivered by hand or sent by pre-paid mail, courier or by facsimile. If delivered by hand or sent by courier, notice will be effective on the date of receipt, if sent by facsimile, on the date of transmission and, if sent by pre-paid mail, three days after being posted.

15.2    The addresses and facsimile numbers of the parties are as follows:

Licensor:
5250 Decarie Blvd #615,  Montreal, Qc  H3X 2H9

*Fax Number: 514 9400151*

Licensee:
Flat 810, Grand City Plaza,
1 Sai Lau Kok Road,
Tsuen Wan, New Territories
Fax Number: 21809790

## 16    APPLICABLE LAW

16.1   This Agreement shall be governed by, and construed in all respects in accordance with, the laws of the Hong Kong Special Administrative Region of the People's Republic of China ("HKSAR"). Both parties submit to the non-exclusive jurisdiction of the courts of HKSAR.

IN WITNESS WHEREOF, the Licensor and the Licensee have executed this Agreement on the day and year first above written.

SIGNED by Mr. Mitchell Cobrin
for and on behalf of the Licensor      HOME ATM EPAYMENT SOLUTION
in the presence of:      Michael kron

SIGNED by Mr. Chi Wah Lo
for and on behalf of the Licensee      BBPOS Limited
in the presence of: *Chan Wing Cheong*)

*Chan Wing Cheong*

Private and Confidential

Dated the 23rd day of March ,2010

LICENCE AGREEMENT