# **<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A.<br><br>Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

**STIPULATED RULE 502(d) ORDER**

This matter came before the Court on February 27, 2020, on Plaintiffs' and Defendants' Joint Motion for Entry of a Rule 502(d) Order. This Court hereby enters this Order pursuant to Rule 502(d) of the Federal Rules of Evidence.

The provisions below shall govern the parties' disclosure of information in connection with the pending case:

**(a)** **No Waiver by Disclosure.** Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

**(b)** **Notification Requirements; Best Efforts of Receiving Party.** A Disclosing Party must promptly notify the party receiving the Protected Information (the "Receiving Party"),

1

in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it has returned and destroyed the disclosed material and will cease further review, dissemination, and use of the Protected Information. Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

**(c)** **Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Receiving Party must seek to file the Disclosure Motion under impoundment and in accordance with District of Massachusetts Local Rule 7.2 and ECF Administrative Procedures, and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the impounded Disclosure Motion.

**(d)** **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

**(e)     Attorney's Ethical Responsibilities.** Nothing in this order overrides any attorney's ethical responsibilities concerning the inadvertent production of privileged materials.

**(f)     Burden of Proving Privilege or Work-Product Protection.** The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information.

**(g)     *In Camera* Review.** Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

**(h)     Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rules of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

**(i)     Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

---

JUDGE INDIRA TALWANI

Dated: February 27, 2020

| | |
|---|---|
| INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A. | ANYWHERECOMMERCE, INC. and BBPOS LIMITED, |
| By its attorneys, | By their attorneys, |
| */s/ John A. Tarantino* | */s/ Melissa A. Bozeman* |
| JOHN A. TARANTINO (BBO #492230) | OLIVER D. GRIFFIN (pro hac vice) |
| PATRICIA K. ROCHA (BBO #542348) | MELISSA A. BOZEMAN (pro hac vice) |
| NICOLE J. BENJAMIN (BBO #666959) | PETER N. KESSLER (pro hac vice) |
| WILLIAM K. WRAY, JR. (BBO #689037) | Kutak Rock LLP |
| Adler Pollock & Sheehan P.C. | 1760 Market Street, Suite 1100 |
| One Citizens Plaza, 8th Floor | Philadelphia, PA 19103 |
| Providence, RI 02903 | Melissa.Bozeman@kutakrock.com |
| Tel: (401) 274-7200 | Oliver.griffin@kutakrock.com |
| Fax: (401) 351-4607 | Peter.kessler@kutakrock.com |
| jtarantino@apslaw.com | |
| procha@apslaw.com | DANIEL CARMELI (pro hac vice) |
| nbenjamin@apslaw.com | Kutak Rock LLP |
| wwray@apslaw.com | 1801 California Street, Suite 3000 |
| | Denver, Colorado 80202 |
| | Daniel.carmeli@kutakrock.com |
| | |
| | JONATHON D. FRIEDMANN (BBO #180130) |
| | ROBERT P. RUDOLPH (BBO #684583) |
| | Rudolph Friedmann LLP |
| | 92 State Street |
| | Boston, MA 02109 |
| | jfriedmann@rflawyers.com |
| | rrudolph@rflawyers.com |