## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANYWHERECOMMERCE, INC.** and **BBPOS LIMITED,**<br><br>    **Plaintiffs,**<br><br>        v.<br><br>**INGENICO INC., INGENICO CORP.,** and **INGENICO GROUP S.A.**<br><br>    **Defendants.** | **CIVIL ACTION NO.**<br>**1:19-cv-11457-IT** |

## STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by agreement of Plaintiffs ANYWHERECOMMERCE, INC. and BBPOS LIMITED,  (collectively, "Plaintiffs"), as well as Defendants INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A. (collectively, "Defendants"), and the Court having reviewed the terms of the Protective Order, and having found that good cause exists for entry of a protective order in the above captioned matter (this "Litigation"), to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c), during and after the course of litigation, IT IS HEREBY ORDERED THAT:

### 1.    Confidential Information

(a)    This Order governs the use, production, storage, handling and disclosure of all products of discovery, including but not limited to, documents, information, things, electronically stored information, depositions, deposition exhibits, information or tangible things disclosed or produced in response to requests for production of documents, answers to

interrogatories, responses to requests for admissions, expert reports and supporting data and any other information or material, and the contents thereof, including all copies, excerpts and summaries thereof, produced, given or exchanged by and among the parties and any non-parties to this Litigation who agree to be bound by its terms (whether by formal process, agreement, court order, or otherwise) ("Discovery Materials") in the Litigation, including all Confidential Information (defined below), given or exchanged by any party or other person (the "Producing Entity") to any other party (the "Receiving Entity") in the Litigation. Plaintiffs and Defendants, as well as their officers, directors, current employees, former employees, agents and legal counsel, are referred to collectively as the "Parties" and individually as the "Party." Any other persons who are subject to discovery or otherwise furnish non-public information to any Party in connection with this Litigation are referred to collectively as "Non-Parties" and individually as a "Non-Party."

**2. Use of Discovery Information**

(a)     All Discovery Materials produced by any Producing Entity shall be used only for the Litigation, including any appeals therefrom.

(b)     Except as otherwise provided in section 5 herein, all persons given access to Confidential Information shall (1) read and agree to be bound by this Order, and (2) consent to this Court's continuing jurisdiction for purposes of enforcing and remedying any violations of the Order. Confidential Information shall not be disclosed or used except in accordance with sections 5 and 8 herein.

**3. "Confidential Information"**

(a)     "Confidential Information" includes any and all Discovery Materials properly designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (as defined below), whether such Confidential Information is a document (electronic or otherwise),

2

information contained in a document, information revealed during a deposition or testimony, information revealed in an interrogatory response/request for admission, or information otherwise revealed.

(b)     For purposes of this Order, the Producing Entity may designate Confidential Information produced in this Litigation as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" based on a good faith belief that such materials are entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

(i)     A Producing Entity may designate any non-public information, document, or thing, or portion of any document or thing, as "Confidential" if it contains trade secrets or other non-public confidential and proprietary technical, research, development, marketing, financial, sales, or other business information which is in the normal course of business maintained as confidential and which has not been released into the public domain; private or confidential personal information; or other information, including information received from third parties, which the Producing Entity believes in good faith to be entitled to protection under the Federal Rules of Civil Procedure and/or other applicable law.

(ii)     A Producing Entity may designate as "Highly Confidential – Attorneys' Eyes Only" nonpublic, highly sensitive business or personal information that has not been disclosed to the public, the disclosure of which is highly likely to cause significant harm to an individual or to the Producing Entity's commercial or competitive position, including but not limited to new product technologies; research and development, including proposed research and development, that has not been disclosed to the public; private or confidential personal data protected by General

3

Data Protection Regulations or any similar applicable data privacy law(s); work with third-party collaborators and licensees; non-public information related to current, recent, or future pricing (including but not limited to credits, discounts, returns, allowances, rebates, and chargebacks), projected future sales, volumes, profits, revenue, costs; highly sensitive claims and reimbursement data; confidential, non-public agreements with third parties;  transactional data; other materials that contain particularly sensitive trade secret; or confidential and highly sensitive information related to settlement of litigation or negotiations thereof that has not yet been publicly disclosed.  Before material is designated Highly Confidential – Attorneys' Eyes Only under this subsection, the designating Party will make a good faith effort to evaluate whether that material meets the requirements for Highly Confidential – Attorneys' Eyes Only information as set forth herein.  Highly Confidential – Attorneys' Eyes Only designations must be limited in scope.

(iii)    Notwithstanding any of the foregoing, information that is in the public domain or which is already known by the Receiving Party through proper means or which is or becomes available to a Party from a source other than the Producing Entity asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be presumed non-confidential material under this Protective Order.

**4.    Designation of Confidential Information**

(a)    Any material, whether or not filed with the Court, that contains Confidential Information for which the Producing Entity seeks protection under this Order shall be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as follows:

4

(i)     For documents in hard-copy form or in a modifiable electronic format, by affixing a legend, stamp, or watermark to each page of the document, or portion thereof, that is deemed Confidential or Highly Confidential – Attorneys' Eyes Only in such a way so as not to obscure any part of the text or content.

(ii)     For electronically stored documents (other than documents in a modifiable electronic format), by affixing a legend or stamp to the cover letter referring to such electronically stored documents or to each page of the document and, to the extent possible, to the media (i.e., disc, hard drive, etc.) on which the documents are provided.  Whenever any Party to whom electronically stored documents designated as Confidential Information are produced reduces such documents to hardcopy form, that Party shall designate the hard-copy documents with a legend, stamp or watermark as provided in section 4(a)(i).

(iii)     Deposition testimony shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (1) at the taking of the deposition, by a statement on the record by counsel at the time of such disclosure, or (2) by written notice sent to the court reporter and counsel of record for all Parties within fifteen (15) days after receiving a copy of the final transcript and errata sheet by counsel making the designations.  In order to make designations pursuant to (2) of this subsection, the party must reserve the right to do so by a statement on the record with a good faith basis that any of the testimony or exhibits actually constitutes Confidential Information and may be designated as such.  If a designation is made pursuant to (2) of this subsection, the designating Party shall make a good faith effort to designate the transcript as "Confidential," or "Highly Confidential – Attorneys'

Eyes Only" by page and line numbers.  For designations made at the taking of the

deposition, the court reporter will indicate the portions designated as containing

Confidential Information.  For designations made thereafter, it is the obligation of the

Parties to appropriate mark all copies of the transcripts of such deposition testimony.

Confidentiality designations of transcripts will apply to audio, video, or other

recordings of the testimony.  Until the fifteen (15) day period has expired, counsel

will not permit the deposition, including exhibits, to be distributed to persons beyond

those specified in section 5(a), other than the deponent, and shall treat the deposition

as "Highly Confidential – Attorneys' Eyes Only" under this Order.  If prior to the

expiration of the fifteen (15) day period, a Party wishes to file any motion or pleading

that will include reference to, or attach as exhibits, any portion of the deposition

transcript or confidential exhibits thereto, the Party shall follow the procedures set

forth in Paragraph 9.  If no Party or deponent designates any pages or exhibits from

the deposition as Confidential Information within fifteen (15) days, then the material

will not be treated as Confidential Information.

    (b)    Inadvertent failure to designate material as "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" does not constitute a waiver and may be corrected by

supplemental written notice.  The Party receiving such supplemental written notice will then treat

materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and those materials

will be fully subject to this Order as if they had been initially designated. The Party receiving

such supplemental notice however shall retain the right to challenge the designation on the basis

of waiver pursuant to Paragraph 7(a)(iii) below.   Within ten (10) days of issuing supplemental

written notice, the Producing Entity shall provide the Receiving Party with a replacement set of

materials marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Within seven (7) days of receipt of the replacement set, the Receiving Party shall return the non-designated material, or confirm in writing that it has destroyed all copies of it.

(c)     Documents and things produced without a legend designating that material Confidential or Highly Confidential – Attorneys' Eyes Only shall not be subject to the confidentiality restrictions imposed by this Order, unless otherwise agreed to by the Parties or ordered by the Court.

(d)     Any material provided for inspection in this Litigation is to be treated during such inspection by the reviewing Party as Highly Confidential – Attorneys' Eyes Only information, pending the copying and delivery of any requested copies of the same by the Producing Entity to the Receiving Party. After such copies are delivered to the Receiving Party, the information in such documents or things will be treated consistent with any legend produced on each document or thing. Inspection of documents or things in accordance with this subsection shall be conducted by outside counsel eligible under section 5(a)(i) below.

**5.     Permissible Disclosure of Materials**

(a)     Any material designated as "Highly Confidential – Attorneys' Eyes Only," and any information derived therefrom, may be disclosed only to the following persons:

(i)     outside counsel of record retained by the Parties as counsel for this Litigation, as well as paralegals, assistants, and employees of the respective law firms of these outside counsel, to the extent such persons' duties and responsibilities require access to material designated Highly Confidential – Attorneys' Eyes Only.

(ii)     any expert or consultant retained to assist with preparation for pre-trial or trial proceedings by the attorneys described in section 5(a)(i) and who is not a current employee of any of the Parties in the Litigation, as well as support staff and assistants

7

of any such expert to the extent such persons' duties and responsibilities require access to material designated Highly Confidential – Attorneys' Eyes Only;

(iii)     a person who counsel has a reasonable, good faith basis to believe authored, prepared, received, or reviewed the Highly Confidential – Attorneys' Eyes Only information prior to its production here;

(iv)     the Court and court personnel, including court reporters providing services in court or at depositions for the purpose of assisting the Court in this Litigation;

(v)     interpreters, translators, copy services, graphics services, litigation consultants, and similar professional vendor personnel providing services for counsel described in section 5(a)(i), to the extent necessary to prosecute or defend the Litigation;

(vi)     any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

(vii)     any present officer, director, or employee of the Party or Non-Party who produced or designated the Highly Confidential – Attorneys' Eyes Only information unless otherwise prohibited from receiving or accessing the information; and

(viii)    any person to whom the Producing Entity agrees (in writing) Highly Confidential – Attorneys' Eyes Only information may be disclosed.

(b)     Any material designated as "Confidential" and any information derived therefrom may be disclosed only to the following persons:

(i)     the Parties; and

(ii)     persons identified in section 5(a);

8

(c)      Only persons permitted to receive Confidential Information pursuant to sections 5(a) and 5(b), the deponent, and his or her attorney (if any), shall be allowed to attend portions of depositions where Confidential Information is used and the Producing Entity shall have the right to require that any person other than the foregoing leave the room for such portion of a deposition.

(d)      Prior to the disclosure of any Confidential Information to any person identified in sections 5(a)(i), 5(a)(ii), and 5(a)(viii) above, each putative recipient of Confidential Information shall be provided with a copy of this Protective Order, which he or she shall read.  Upon reading this Protective Order, persons identified in sections 5(a)(ii), and 5(a)(viii) shall sign an Endorsement, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.  Counsel for each Party shall maintain the Endorsements.  The Parties expressly agree, and it is hereby ordered, that except in the event of a violation of this Protective Order, there will be no attempt to seek copies of the Endorsements or to determine the identities of persons signing them.  If the Court finds that any disclosure is necessary to investigate a violation of this Protective Order, such disclosure will be pursuant to separate court order.

(e)      Outside Counsel to the Parties in this matter, ~~the Court, and the Court's staff and~~ *ar* ~~official court reporter(s)~~ *IT* are not required to sign an Endorsement but shall comply with the terms of this Protective Order.  Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Endorsements but must comply with the terms of this Protective Order.

(f)      Nothing in this Order prevents or restricts Outside Counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential

9

Information, including documents stamped "Confidential" or "Highly Confidential – Attorneys' Eyes Only," so long as he or she does not disclose its specific contents.

(g)     Nothing in this Order shall prevent a Producing Entity from redacting from documents or things which otherwise contain relevant discoverable information, and each Producing Entity may redact from documents or things which otherwise contain relevant discoverable information, any Confidential Information that is protected by privilege, private or personal data information protected as such under the law governing such information, or other applicable immunity, or otherwise not discoverable pursuant to Federal Rule of Civil Procedure 26(b)(5). Such redactions shall be noted on the document as being redacted, and the Party redacting the material shall log that redaction in a privilege log with information sufficient to comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

(h)     All Parties, their respective counsel, and others bound by this Order will take all steps necessary to prevent the disclosure of Confidential Information other than in accordance with the terms of this Order.

## 6.     Non-Party Designation of Confidential Information

(a)     Any Non-Party to this Litigation may designate any Confidential Information provided by it, whether pursuant to subpoena or by agreement, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the requirements of this Order.

(b)     A Party may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., deposition testimony, interrogatory, request for production, request for admission) if the Party is under an obligation to a Non-Party not to disclose such information. In such an event, such Party shall:

      (i)      timely serve a written objection to the production of the information in question on the basis of its obligation to a Non-Party not to disclose such information; and

      (ii)      within seven (7) days of receiving a discovery request that expressly seeks a Non-Party's confidential information or discovering that a Non-Party's confidential information is implicated by a discovery request, the Producing Entity shall provide to such Non-Party (i) written notice of the pending request to disclose the information in question (with a copy of such written notice being provided to the requesting Party), and (ii) a copy of this Order. For any requests for documents or information served prior to entry of this Order, such notice shall be timely if served on the Non-Party within fourteen (14) days of this Order.

      (iii)      if the Non-Party does not object to disclosure of information within the longer of (A) twenty one (21) from the date the written notice as described in section 6(b)(ii) is sent, (B) the time period by which the Producing Entity's written responses are due, or (C) as otherwise agreed to by the Parties, the Producing Entity shall produce the materials (subject to any appropriate designation under the terms of this Order).

**7.**      **Challenges to Confidentiality Designations**

      (a)      A Party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential – Attorneys' Eyes Only designation (or re-designation) at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. The acceptance or receipt by the Receiving Entity of material designated Confidential or Highly Confidential – Attorneys' Eyes Only including a designation provided by supplemental written notice under Paragraph 4(b) shall not constitute an admission or concession, or permit an

inference that such material is, in fact, Confidential or Highly Confidential – Attorneys' Eyes Only or that such designation has not been waived based on the prior production and treatment of the document. A Party may challenge a Confidential or Highly Confidential – Attorneys' Eyes Only designation made by another Party or a Non-Party, at any time, by using only the following procedure:

      (i)     The Party disputing the designation of materials shall notify the Producing Entity of such dispute in writing, specifying the materials in dispute by exact Bates number(s) (or by other identification if Bates number(s) are not on said materials) and specifying the reasons the Party believes the materials are not Confidential Information.  Counsel for the Party disputing the designation and the Producing Entity shall confer in good faith in an effort to resolve the dispute.

      (ii)    If the Parties are unable to resolve the dispute within fifteen (15) days of the Producing Entity receiving notice, either Party may present the dispute to the Court.  The Producing Entity shall have the burden of proof on such motion to establish the propriety of its confidential designation, and must make a showing that disclosure of the information is protected under the Federal Rules of Civil Procedure and applicable law.  The document or thing that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

      (iii)   However, nothing herein restricts the right of the Receiving Party to challenge the Producing Entity's "Confidential" or "Highly Confidential-Attorneys' Eyes Only" designation on the basis of waiver, or any other basis, if appropriate.  The Receiving Party must assert a challenge on the basis of waiver within fourteen (14) days after receiving notice of the inadvertent failure to designate.  The Receiving

Party shall have the right to apply for an order that such materials are not Confidential

Information under this Protective Order or that such designation has been waived.

The Producing Entity asserting the designation shall have the burden of proof on such

motion to establish the propriety of its confidential designation.  In seeking such

order, the Receiving Party is entitled to move that the Court conduct an in camera

review of the materials at issue.  The motion may describe the type of document(s)

and type of information that it contains (e.g. strategic plans, pricing information) but

unless filed under impoundment shall not disclose the substance of the inadvertently

undesignated material.  If the substance of any materials that are subsequently

determined by the court to be protected is discussed in a deposition or court filing

before discovery or notification of the disclosure, any Party or the Producing Entity

may seek an Order from the Court that such testimony or discussion be treated

according to the designation.

**8.      Use of Confidential Information at Court Hearings**

(a)      To the extent that a Receiving Party (or a witness called by a Receiving Party)

contemplates using in a court hearing Confidential Information that has not been previously been

disclosed in a court filing, the Party intending to use such information must, no later than three

(3) days before the hearing (unless the exigency of the court proceeding does not allow for such

notice), notify the Producing Party in writing of its intent to use such information.  The inclusion

of any Confidential Information in a court filing (either within the text of the filing, or in any

exhibits or appendices thereto) shall constitute sufficient notice of an intent to use such

information in conjunction with any court proceeding relating to such filing and the Receiving

Party shall not need to provide any additional notice. For Confidential Information previously

disclosed in a court filing, the Producing Party shall notify the Receiving Party that it intends to

meet and confer over the Confidential Information that will be disclosed at the hearing. If the

Producing Party does not notify the Receiving Party about Confidential Information that was

previously contained in a court filing the Receiving Party shall be able to use such Confidential

Information at the court proceeding without further consent of the Producing Party. The Parties

shall confer and attempt to agree before any hearing on the procedures under which Confidential

Information may be ~~used~~ *offered at* at such hearing. ~~Absent agreement,~~ a̶t̶ *Any* Party may request that the Court

issue an order governing the use of such Confidential Information at a hearing.

(b)     If the Confidential Information was produced by a Non-Party, the Party

contemplating disclosure of the Non-Party's Confidential Information shall provide notice to the

Non-Party no later than three (3) days before the hearing or trial (unless the exigency of the court

proceeding does not allow for such notice). The Party and Non-Party shall meet and confer to

agree on the procedures under which Confidential Information may be used at a hearing. Absent

agreement, a Party may request that the Court issue an order governing the use of such

Confidential Information at a hearing.

### 9.     Filing of Confidential Information with the Court

(a)     No Party shall file Confidential Information with the Court until the Court

determines whether such materials may be filed under impoundment or on the public docket. A

Party seeking to file such material shall first notify the Party who designated the material, and

the Party seeking to maintain the confidentiality of the material shall promptly file a Motion to

Impound Confidential Material in accordance with District of Massachusetts Local Rule 7.2 and

ECF Administrative Procedures. The Motion to Impound shall reference this Order, describing

the general nature and purpose for submitting the paper (i.e., exhibit to declaration in support of

motion, etc.), and provide a factual demonstration of potential harm to support the request for

leave to file the document under impoundment. Reference to a document's designation as

Confidential Information, without more, will not suffice to show a particularized need for impoundment. Motions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded.

### 10.   Inadvertent Disclosure of Confidential Information

(a)      If Confidential Information is used inadvertently during depositions in contravention of other provisions of this Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use. If such information is inadvertently disclosed to a deposition witness, and the witness has testified concerning that information, the witness may be examined and cross-examined with respect to the document(s) or information disclosed for the remainder of the deposition.

### 11.   Inadvertent Disclosure of Privileged Information

(a)      When the inadvertent or mistaken disclosure of any information, document or thing protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or other applicable privilege is discovered by the Producing Entity and brought to the attention of the Receiving Party through the provision of such information as would normally be contained in a proper privilege log, the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (b)—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the disclosed material and any reasonably accessible copies it has, and (ii) provide a certification that it has returned and destroyed the disclosed material and will cease further review, dissemination, and use thereof. Within five business days

15

of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

(b)      However, nothing herein restricts the right of the Receiving Party to challenge the Producing Entity's claim of privilege if appropriate within five business days after receiving notice of the inadvertent or mistaken disclosure.  The Receiving Party shall have the right to apply for an order that such materials are not protected from disclosure by any privilege or doctrine.  If the Producing Entity discovers at a deposition that it may have inadvertently or mistakenly disclosed privileged information the Receiving Party must return the document immediately but shall be allowed to examine the witness about the document only for the purpose of challenging the basis of the privilege and/or establishing the waiver thereof.  The Producing Entity asserting the privilege shall have the burden of proof on such motion to establish the propriety of its privilege designation.  In seeking such order, the Receiving Party is entitled to move that the Court conduct an *in camera* review of the materials at issue, provided that the motion unless filed under impoundment does not disclose the substance of the inadvertently produced material.  If the substance of any materials that are subsequently determined by the court to be protected is discussed in a deposition or court filing before discovery or notification of the disclosure, any Party or the Producing Entity may seek an Order from the Court that such testimony or discussion be stricken and not be used for any purpose.

(c)      Recognizing the need for the Parties to prepare for their cases based on the discovery that is produced, if any information, document or tangible thing is (i) used in a hearing or deposition, (ii) attached as an exhibit to a pleading or motion, or (iii) is otherwise used openly in the Litigation, any claim of inadvertent production must be made within ten (10) business days after such use.

(d) In the event of a conflict between this section and any Court Order entered in this action under Rule 502(d) by and through the parties' joint motion, the latter shall control.

**12.     Subpoena by Other Courts or Agencies**

(a)     If a Receiving Party is served with a subpoena or similar administrative order, or a court order in separate litigation, that would compel the disclosure of another Party's or Non-Party's Confidential Information under the terms of this Order, the Receiving Party must notify the Producing Entity immediately (and in no event more than five (5) days after receiving the request) via written notice and provide the Producing Entity with a copy of the subpoena or other order and any other material information about the request.  Absent legal mandate, Confidential Information shall not be produced prior to the receipt of written notice authorizing such production by the Producing Entity and after a reasonable opportunity to object has been offered. The Producing Entity will bear the burden and all costs of opposing the subpoena or order on grounds of confidentiality.

**13.     Return or Certified Destruction of Confidential Information**

(a)     The provisions of this Order will not terminate at the conclusion of this Litigation. Within ninety (90) days after conclusion of this case, including any appeals related thereto, or such other time as the Producing Entity may agree in writing, the Receiving Party will, at their option, return or destroy Confidential Information and all copies containing such information.  If the Receiving Party destroys any such Confidential Information, that Party shall send a letter within ten (10) business days to the Producing Entity certifying that all such documents (including those in the possession of their expert witnesses, consultants, vendors, and off-site hosting litigation support service providers) have been destroyed.

(b)     As to those materials that contain or reflect attorney work product, counsel of record for the Parties shall be entitled to retain such work product in their files, so long as such

17

materials, in accordance with the provisions of this Order, are clearly marked to reflect that they contain Confidential Information, and are maintained as such.

(c)     The Parties and their respective representatives, attorneys, experts, consultants, and vendors, including off-site hosting litigation support service providers, shall thereafter be prohibited from restoring such deleted copies, including electronic files, through the employment of "undelete" software and other similar, computer forensic techniques, except to the extent required by a disaster recovery program that requires the restoration of data from otherwise inaccessible media.

(d)     Nothing in this section shall obligate any Party to destroy its own Confidential or Highly Confidential information at the close of this Litigation or at any other time.

**14.     Unauthorized Disclosure of Confidential Information**

(a)     If any person subject to this Protective Order becomes aware that he or she or any other person has, either intentionally or inadvertently, disclosed Confidential Information to someone not authorized to receive such material under this Order, counsel of record for the Party involved shall inform the Producing Entity's counsel of record about the unauthorized disclosure within five (5) business days of learning of such disclosure, and also shall use his or her best efforts to obtain the return of all improperly disseminated copies of the Confidential Information and to prevent any further improper dissemination of the same. The Party shall also provide a copy of this Order to the unauthorized person and request such person to sign the Endorsement. Disclosure of Confidential Information other than in accordance with this Order may subject the disclosing Party or person to sanctions and remedies as the Court may deem appropriate.

**16.     Miscellaneous**

(a)     All notice called for by this Order shall be sent by e-mail to the following people:

18

| Defendants' Counsel | Plaintiffs' Counsel |
|---|---|
| **ADLER POLLOCK & SHEEHAN P.C.**<br>John A. Tarantino<br>(jtarantino@apslaw.com)<br>One Citizens Plaza<br>8th Floor<br>Providence, RI 02903-1345 | **KUTAK ROCK LLP**<br>Daniel Carmeli<br>(Daniel.carmeli@kutakrock.com)<br>1801 California Street, Suite 3000<br>Denver, Colorado 80202 |
| **ADLER POLLOCK & SHEEHAN P.C.**<br>Patricia K. Rocha<br>(procha@apslaw.com)<br>One Citizens Plaza<br>8th Floor<br>Providence, RI 02903-1345 | **KUTAK ROCK LLP**<br>Oliver D. Griffin<br>(Oliver.griffin@kutakrock.com)<br>1760 Market Street, Suite 1100<br>Philadelphia, PA 19103 |
| **ADLER POLLOCK & SHEEHAN P.C.**<br>Nicole J. Benjamin<br>(nbenjamin@apslaw.com)<br>One Citizens Plaza<br>8th Floor<br>Providence, RI 02903-1345 | **KUTAK ROCK LLP**<br>Peter N. Kessler<br>(Peter.kessler@kutakrock.com)<br>1760 Market Street, Suite 1100<br>Philadelphia, PA 19103 |
| **ADLER POLLOCK & SHEEHAN P.C.**<br>William K. Wray, Jr.<br>(wwray@apslaw.com)<br>One Citizens Plaza<br>8th Floor<br>Providence, RI 02903-1345 | **KUTAK ROCK LLP**<br>Melissa A. Bozeman<br>(Melissa.Bozeman@kutakrock.com)<br>1760 Market Street, Suite 1100<br>Philadelphia, PA 19103 |
| | **RUDOLPH FRIEDMANN LLP**<br>Jonathon D. Friedmann<br>(jfriedmann@rflawyers.com)<br>92 State Street<br>Boston, MA 02109 |
| | **RUDOLPH FRIEDMANN LLP**<br>Robert P. Rudolph<br>(rrudolph@rflawyers.com)<br>92 State Street<br>Boston, MA 02109 |

(b)     Nothing in this Order prevents a Producing Entity from any use of its own documents and information, except that a Producing Entity using Confidential Information must comply with the notice provisions of section 8(a).

(c)     Nothing herein shall be construed to affect in any manner the admissibility of any document, testimony, or other evidence.

(d)     This Order shall apply to all information and material produced in this Litigation, including all information and material produced prior to the execution of this Order by the Court.

(e)     By written agreement of the Parties, or upon order of the Court, the terms of this Order may be amended or modified.

(f)     Nothing in this Order shall prejudice the right of any Party or Non-Party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

(g)     In the event that a new Party is added, substituted, or otherwise brought into this Proceeding, this Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of this Order.

(h)     The Parties reserve the right to request the Court to implement procedures for using materials covered under this Order at trial.

(i)     This Order shall survive the final termination of this action with respect to the obligations to maintain the confidentiality of the information set forth herein and shall remain in full force and effect unless modified, superseded, or terminated by written agreement of the Parties or by an Order of this Court.

(j)     The entry of this Order does not prevent any Party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

(k)     This Order shall be binding upon the Parties to this Litigation and signatories to

the Endorsement, including their successor(s) and assigns, and their respective attorneys, agents,

representatives, officers, and employees.

*Indira Talwani*

JUDGE INDIRA TALWANI

2/28/2020

INGENICO INC., INGENICO CORP., and
INGENICO GROUP S.A.

By their attorneys,

*/s/ John A. Tarantino*
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
WILLIAM K.WRAY, JR. (BBO #689037)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
wwray@apslaw.com

ANYWHERECOMMERCE, INC.
and BBPOS LIMITED,

By their attorneys,

*/s/ Melissa A. Bozeman*
MELISSA A. BOZEMAN
OLIVER D. GRIFFIN
PETER N. KESSLER
Kutak Rock LLP
1760 Market Street, Suite 1100
Philadelphia, PA 19103
Melissa.Bozeman@kutakrock.com
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com

DANIEL CARMELI
Kutak Rock LLP
1801 California Street, Suite 3000
Denver, Colorado 80202
Daniel.carmeli@kutakrock.com

JONATHON D. FRIEDMANN
ROBERT P. RUDOLPH
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
jfriedmann@rflawyers.com
rrudolph@rflawyers.com