EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **ANYWHERECOMMERCE, INC.**<br>**and BBPOS LIMITED,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**INGENICO INC., INGENICO CORP.,**<br>**INGENICO GROUP SA, and INGENICO**<br>**VENTURES SAS,**<br><br>**Defendants.** | **CIVIL ACTION NO.**<br>**1:19-cv-11457-IT** |

## ANYWHERECOMMERCE, INC.'S OBJECTIONS & RESPONSES TO INGENICO CORP.'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and L.R. 34.1, Plaintiff AnywhereCommerce, Inc. ("Plaintiff") submits the following objections and responses to the Defendant Ingenico Corp.'s First Set of Requests for Production of Documents upon Plaintiff AnywhereCommerce, Inc. (the "Request").

## RESERVATION OF RIGHTS

The responses and documents addressed herein are based on information known at this time and are set forth without prejudice to the right to supplement, revise, correct or clarify these responses or to assert additional objections should additional information or grounds for objections be discovered at any time before trial. These responses are made without in any way waiving or intending to waive: (a) any objections as to the competence, relevance, materiality, privilege (including attorney-client and/or work-product), immunity or admissibility as

1

evidence, for any purpose, of any answer provided in response to the discovery requests; (b) the right to object on any ground to the use of the answers provided in response to the discovery requests at any hearing or trial, whether in this action or otherwise, or (c) the right to object on any ground at any time to a demand for further responses to the discovery requests.

## GENERAL OBJECTIONS

1.      Plaintiff objects to each Definition, Instruction, and Request to the extent it fails to comply with Rule 26, which limits discovery to nonprivileged matter that is relevant to any party's claim or defense and which is noncumulative or duplicative and where the burden or expense of the discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues.

2.      Plaintiff objects to each Definition, Instruction, and Request to the extent it is overly broad or unduly burdensome or contains undefined, ambiguous or confusing terms, is compound, vague or has overlapping subject matter.

3.      Plaintiff objects to each Definition, Instruction, and Request to the extent it is not limited as to time or the time limits stated are unreasonable.  Unless otherwise indicated, Plaintiff's responses are limited to the relevant time period of January 1, 2011 through the filing of this lawsuit.

4.      Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information or documents regarding or containing information about persons or entities other than the parties to the action for the reason that such information or documents are not relevant to the subject matter of the pending action or reasonably calculated to lead to the discovery of admissible evidence.

5.     Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks to compel Plaintiff's production of documents and things on behalf of any third-party or distinct entity, including, without limitation, non-party, 4361423 Canada Inc.

6.     Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information, documents, or tangible things which have been prepared in anticipation of litigation or for trial or are otherwise subject to protection under the work-product doctrine.

7.     Plaintiff objects to each Definition, Instruction, and Request to the extent it is propounded in bad faith, is overly broad, is unreasonably annoying, embarrassing, oppressive, burdensome or expensive, or would require the making of an unreasonable investigation.

8.     Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information or documents that are protected by the attorney-client privilege and to the extent it seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiffs and their attorneys.

9.     Plaintiff objects to each Definition, Instruction, and Request to the extent it calls for a legal conclusion.

10.     Plaintiff objects to each Definition, Instruction, and Request to the extent it purports to impose obligations that are inconsistent with or are beyond the requirements set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable local rules and any court orders entered in this litigation, including the Stipulated Protective Order and/or the anticipated Stipulated Order Regarding Discovery of Electronically Stored Information and Hard Copy Documents.

11.     The general objections set forth herein are applicable to each Response to the Requests.

12.     Plaintiff reserves the right to supplement the Responses to these Requests.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1** All documents concerning the terms of any Existing Relationship that you claim Ingenico interfered with.

**RESPONSE:**

**Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 2** All documents concerning the prospective terms of any Prospective Relationship that you claim Ingenico interfered with.

**RESPONSE:**

**Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal**

theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 3** All documents concerning Ingenico's knowledge of an Existing Relationship that you claim Ingenico interfered with.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and

not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 4** All documents concerning Ingenico's knowledge of a Prospective Relationship that you claim Ingenico interfered with.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 5** All documents concerning Ingenico's interference with an Existing Relationship.

**RESPONSE:**

**Objection. Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 6** All documents concerning Ingenico's alleged interference with a Prospective Relationship.

**RESPONSE:**

**Objection. Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

   **REQUEST NO. 7** All documents concerning Your valuation of any Existing Relationship that You claim Ingenico interfered with.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion or expert opinion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and

subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 8** All documents concerning Your valuation of any Prospective Relationship that You claim Ingenico interfered with.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion or expert opinion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 9** All documents concerning communications between You and any person with whom you had an Existing Relationship or Prospective Relationship that You claim Ingenico interfered with.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

> **REQUEST NO. 10** All documents concerning agreements or contracts between You and any person with whom you had an Existing Relationship or Prospective Relationship that You claim Ingenico interfered with.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 11** All documents concerning any loss or damage that You claim Ingenico

caused by interfering with an Existing Relationship.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion or expert opinion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 12** All documents concerning any loss or damage that You claim Ingenico caused by interfering with a Prospective Relationship.

**RESPONSE:**

**Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion or expert opinion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 13** All documents that were not produced in response to a previous Request for Production that support your claim that Ingenico's alleged interference with an Existing Relationship was through improper motive or means.

**RESPONSE:**

Objection. Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 14** All documents that were not produced in response to a previous Request for Production that support your claim that Ingenico's alleged interference with a Prospective Relationship was through improper motive or means.

**RESPONSE:**

Objection. Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available

privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 15** All documents concerning Ingenico's "fake acquisition promises" or "other false claims" as alleged in the First Amended Complaint, or concerning any similar feigned or false interests.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and

subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 16** All documents concerning Your performance under any Existing Relationship that You claim Ingenico interfered with.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.

This Request is objectionable insomuch as it is overly broad or unduly burdensome and contains an undefined term for "performance", potentially implicating the production of an unlimited number of "[a]ll documents concerning [Plaintiff's] performance under any Existing Relationship[,]" much of which are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.

Plaintiff further objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 17** All documents that were not produced in response to a previous Request for Production concerning acts or omissions of Ingenico that You allege constituted tortious interference with an Existing Relationship or Prospective Relationship.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.   Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.   Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).   To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 18** All documents not produced in response to a previous Request concerning AnywhereCommerce's claim that Ingenico tortiously interfered with existing and/or prospective contracts and business relationships.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.   Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or**

documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 19** Please produce documents sufficient to show any of Your trade secrets and business plans that were rebranded as Ingenico's own.

**RESPONSE:**

Objection. Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and

not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 20** All documents concerning Ingenico "pretending to partner" with BBPOS as alleged in the First Amended Complaint.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 21** All documents concerning Ingenico "pretending to partner" with AnywhereCommerce as alleged in the First Amended Complaint.

**RESPONSE:**

**Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 22** All documents not produced in response to a previous Request concerning Your claim that customers are "certain to be deceived" by Ingenico's "business practices" as alleged in the First Amended Complaint.

**RESPONSE:**

**Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion or expert opinion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 23** All documents not produced in response to a previous Request concerning Plaintiffs' claim that Ingenico violated the Georgia Fair Business Practices Act.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 24** All documents not produced in response to a previous Request concerning Plaintiffs' claim that Ingenico violated the Georgia Deceptive Trade Practices Act.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.   Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.   Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).   To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 25** All documents that were not produced in response to a previous Request for Production concerning any benefit conferred on Ingenico by You.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.   Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.   Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).   To the extent that the Request calls for a legal conclusion or expert opinion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 26** All documents that were not produced in response to a previous Request for Production that show any compensation that You received from any person or entity in exchange for a benefit conferred on Ingenico by You that gives rise to Your claim for unjust enrichment.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion or expert opinion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 27** All documents that were not produced in response to a previous Request for Production that show that Ingenico's failure to compensate You for the benefit conferred on Ingenico by You would be unjust.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion

or expert opinion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 28** All documents not produced in response to a previous Request concerning the factual basis of Plaintiffs' claim that Ingenico is liable for unjust enrichment.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged

in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 29** All documents which demonstrate AnywhereCommerce transmitted confidential or sensitive business information to Ingenico.

**RESPONSE:**

**Objection. Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 30** All documents which demonstrate that BBPOS transmitted confidential or sensitive business information to Ingenico.

**RESPONSE:**

**Objection. Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development,**

personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 31** All documents in which persons other than Plaintiffs transmitted Plaintiffs' confidential or sensitive business information to Ingenico.

**RESPONSE:**

Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 32** All documents concerning Ingenico seeking Your confidential or sensitive business information.

**RESPONSE:**

**Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 33** All documents not produced in response to a previous Request that are referenced in the Amended Complaint or Your pleadings (as that term is defined in Fed. R. Civ. P. 7) in this action.

**RESPONSE:**

**Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it**

seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 34** All documents not produced in response to a previous request for production that reflect communications with Will Graylin.

**RESPONSE:**

Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.   Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and

**not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 35** All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C))

which were previously made by You and any of Your present or former directors, officers, or

employees concerning this action or relating to its subject matter.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.   Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.   Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).   Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 36** All agreements between AnywhereCommerce and BBPOS, whether

or not formalized as a contract.

**RESPONSE:**

**Objection. Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.**

**This Request is objectionable insomuch as it is overly broad or unduly burdensome, implicating the production of "[a]ll agreements between AnywhereCommerce and BBPOS[,]" including those that are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.**

**Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

   <u>**REQUEST NO. 37**</u> All communications concerning this action.

**RESPONSE:**

**Objection. Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and**

subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

REQUEST NO. 38 All agreements with any other person or entity concerning this action.

**RESPONSE:**

Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

REQUEST NO. 39 All documents concerning the Second License as that term is defined

in the First Amended Complaint.

**RESPONSE:**

**Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.**

**This Request is objectionable insomuch as it is overly broad or unduly burdensome, implicating the wholesale, unlimited production of "[a]ll documents concerning the Second License[,]" much, if not most, of which are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.**

**Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 40** All communications concerning any potential legal claims against

Ingenico, whether or not asserted in this action.

**RESPONSE:**

**Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.**

**This Request is objectionable insomuch as it is overly broad or unduly burdensome, implicating the wholesale, unlimited production of documents, including documents that are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.**

Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion or expert opinion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 41** All documents that You claim constitute agreements between BBPOS and Ingenico.

**RESPONSE:**

**Objection.** Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 42** All documents that constitute You claim agreements between AnywhereCommerce and Ingenico.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.   Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.   Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).   To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 43** All documents concerning the Engineering Development and License

Agreement dated May 4, 2010 as amended August 15, 2010, between BBPOS and ROAM.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.**

**This Request is objectionable insomuch as it is overly broad or unduly burdensome, implicating the wholesale, unlimited production of "[a]ll documents concerning the Engineering Development and License Agreement[,]" some of which are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.**

**Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 44** All documents constituting communications concerning the Graylin

Litigation or the subject matter of the Graylin Litigation.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it**

seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 45** All documents not produced in response to a previous Request concerning any losses or damages You claim any Plaintiff has suffered for which Plaintiffs seek recovery in this action.

**RESPONSE:**

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other

confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion or expert opinion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

REQUEST NO. 46 All documents concerning sales projections, royalty projections, or sales or royalty forecasts relating to any products, devices, or services that concern any of Your claims for losses or damages.

RESPONSE:

Objection.  Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion or expert opinion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and

subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 47** All documents not produced in response to a previous Request that support Your claim for injunctive relief.

**RESPONSE:**

**Objection.** Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insomuch as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff also objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 48** All documents not produced in response to a previous Request that concern communications between You and 4361423 Canada Inc. concerning the factual matter giving rise to Your claims in the First Amended Complaint.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and not otherwise objectionable, following the entry of an appropriate ESI Protocol order and subject to its terms, and subject to the provisions of the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 49** All documents not produced in response to a previous Request that concern communications between You and any entity doing business under the names AnywhereCommerce, HomeATM, or HomeATM/AnywhereCommerce concerning the factual matter giving rise to Your claims in the First Amended Complaint.

**RESPONSE:**

**Objection.   Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.**

This Request is objectionable insomuch as it conflicts with Defendant's defined terms "You" and "AnywhereCommerce" as provided in Defendant's Instructions or otherwise is ambiguous, confusing, or vague in this context.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

Dated: March 13, 2020

Plaintiffs
AnywhereCommerce, Inc.
and BBPOS Limited,

By their attorneys,

JONATHON D. FRIEDMANN (BBO #180130)
ROBERT P. RUDOLPH (BBO # 684583)
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700
Fax: (617) 227-0313
jfriedmann@rflawyers.com
rrudolph@rflawyers.com

-and-

KUTAK ROCK LLP

*/s/ Melissa A. Bozeman*
Oliver D. Griffin (Pro Hac Vice)
Pennsylvania Bar No. 88026
Oliver.griffin@kutakrock.com

Peter N. Kessler (Pro Hac Vice)
Pennsylvania Bar No. 209033
Peter.kessler@kutakrock.com
Melissa A. Bozeman (Pro Hac Vice)
Pennsylvania Bar No.  201116
Melissa.bozeman@kutakrock.com
1760 Market Street
Suite 1100
Philadelphia, PA  19103-4104
(215) 299-4384 (Telephone)
(215) 981-0719 (Facsimile)

Daniel Carmeli (Pro Hac Vice)
Colorado Bar No. 52880
Daniel.carmeli@kutakrock.com
1801 California Street
Suite 3000
Denver, CO 80202-2652
(303) 297-2400 (Telephone)
(303) 292-7799 (Facsimile)

-and-

Ricardo G. Cedillo (Pro Hac Vice)
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave
Suite 500
San Antonio, TX 78212
(210) 822-6666 (Telephone)
rcedillo@lawdcm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2020 I caused to be served via electronic mail and first

class mail a true copy of the foregoing Objections & Responses of AnywhereCommerce, Inc. to

Ingenico Corp.'s First Set of Requests for Production of Documents on the following counsel of

record:


John A. Tarantino
Patricia K. Rocha
Nicole J. Benjamin
William K. Wray, Jr.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
wwray@apslaw.com




*/s/Melissa A. Bozeman*
Melissa A. Bozeman