UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANYWHERECOMMERCE, INC., and BBPOS LIMITED, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 19-cv-11457-IT |
| INGENICO, INC., INGENICO CORP., and INGENICO GROUP, SA. | * * * | |
| Defendants. | * * | |

ORDER

August 31, 2020

TALWANI, D.J.

Before the court is Plaintiffs AnywhereCommerce, Inc., and BBPOS's Motion to Compel Production of Documents [#104]. Plaintiffs state that domestic Defendants Ingenico, Inc. and Ingenico Corp., and French Defendant Ingenico Group SA have all refused to comply with a request for production of documents served on Defendants pursuant to Federal Rules of Civil Procedure 26 and 34. See Pls.' Mem. Supp. Mot. Compel 4 [#105]. Plaintiffs state further that although the document request was served on all three Defendants, Plaintiffs expect much of the responsive documents to be in the United States and in the possession of the two domestic defendants. Id. at 12. Plaintiffs seek an order compelling Defendants to produce documents without redacting or withholding information pursuant to the 2018 French General Data Protection Regulation ("GDPR"). Pls.' Mot. to Compel 1 [#104]. Defendants jointly argue in response that the discovery request is unlawful since the GDPR "sharply restricts the collection, review, and transmission of data that includes personal information, including any person's

'names' or 'online identifiers,' and establishes severe penalties for failure to comply." Defs.' Opp. 1 [#106].

Plaintiffs contend that the GDPR does not apply because of the GDPR's "Litigation Exemption." Pls.' Mem. Supp. Mot. Compel 1 [#105]. This provision allows production of documents "necessary for the establishment, exercise or defense of legal claims, whether in court proceedings or in an administrative or out-of-court procedure." Id. Furthermore, Plaintiffs contend that even if the litigation exemption does not apply, this court can and should order Defendants to comply with their discovery obligations under the Federal Rules of Civil Procedure. Id.

There is relevant precedent regarding a federal district court's authority to compel foreign discovery from a foreign party or non-party. In Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa, the Supreme Court ruled that neither the Hague Convention nor international comity required Plaintiffs to necessarily obtain discovery through the Hague Convention as opposed to under the Federal Rules. 482 U.S. 522, 544 (1987). The Court further noted that it was "well settled that [foreign laws limiting discovery] do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." Id. at 544, n.29 (citing Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 204–06 (1958)). Accordingly, the court concludes that the GDPR does not constrain the court's authority to compel the production of discovery sought in this proceeding.

However, as the Supreme Court noted in Societe Nationale, issues of comity between nations are implicated where documents sought in a federal district court proceeding may be subject to protections provided by foreign law. As the Court observed, "American courts, in

supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." Id. at 546. This includes demonstrating "due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." Id. Reflecting these concerns, the Court set forth a list of factors that American courts should consider when analyzing whether considerations of comity should limit the "scope of the district court's power to order foreign discovery in the face of objections by foreign states." Id. at 544, n.28. Those factors include (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. Id.

Here, while the GDPR may not bind this court or otherwise limit the scope of discovery it can order, the GDPR may be fairly construed as an objection by a foreign state over some of the discovery sought by Plaintiffs to the extent that the requested discovery impinges on the protections for residents of France or obligations on companies doing business in France, as secured by the GDPR. To that end, comity towards France may be implicated and the court is obliged to consider the factors set forth by the Supreme Court—and any other considerations that may be relevant—before compelling the discovery sought here.[1] Importantly, as the party

---

[1] Plaintiffs persuasively argue that comity may not be implicated since the litigation exemption to the GDPR makes it such that there is no conflict between Defendants' obligations under French Law and their obligations to respond to discovery under the Federal Rules. See Pls.'

seeking to rely on the GDPR, it is Defendants' burden to demonstrate that these laws bar production of the documents at issue. Knight Capital Partners Corp. v. Henkel Ag & Co., KgaA, 290 F. Supp. 3d 681, 689 (E.D. Mich. 2017) (citing BrightEdge Techs., Inc. v. Searchmetrics, GmbH., No. 14-01009, 2014 WL 3965062, at *4 (N.D. Cal. Aug. 13, 2014)).

In considering Plaintiffs' motion, the court finds it appropriate to bifurcate the analysis in light of two Defendants being domestic entities and Plaintiffs' assertion that much of the relevant information is in the two domestic Defendants' custody and control. See Pls.' Mem. Supp. Mot. Compel 12 [#105]. Where it may be possible to obtain the sought-after information domestically, concerns regarding comity militate for avoiding superfluous foreign discovery. Cf. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1475 (9th Cir. 1992) ("where the evidence sought is cumulative of existing evidence, courts have generally been unwilling to override foreign secrecy laws") (citations omitted). Accordingly, at this time, the court limits consideration of the motion to the extent it seeks an order compelling discovery from the domestic defendants, Ingenico Inc. and Ingenico Corp.

The court concludes that the pertinent factors as to Ingenico Inc. and Ingenico Corp. weigh strongly in favor of the requested discovery. As a general matter, that discovery would be cabined, at least initially, to only the domestic defendants substantially lessens concerns

---

Mem. Supp. Mot. Compel 7–9 [#105]. For the purposes of this discussion, the court assumes that there is a conflict since the comity analysis ultimately favors production of discovery from the domestic Plaintiffs. Other district courts have followed this same procedure in similar circumstances. For example, in Knight Capital Partners Corp. v. Henkel Ag & Co., KGaA, the district court first rejected the defendant's argument that there was any conflict between a European privacy law similar to the GDPR and the defendant's obligation to comply with discovery mandated by the Federal Rules. 290 F. Supp. 3d 681, 686–89 (E.D. Mich. 2017). Nevertheless, the court ruled that even if, for the purpose of argument, there were some conflict between the European privacy law and scope of discovery under the Federal Rules, the five factors enumerated in Societe Nationale weighed in favor of compelling the disclosure. Id. at 689–92.

regarding comity. While the court recognizes that the domestic defendants may still be subject to French law, France's interest in enforcing its privacy laws is attenuated where France is prescribing the conduct of non-nationals located abroad. See In re Vivendi Universal, S.A. Sec. Litig., 618 F. Supp. 2d 335, 342 (S.D.N.Y. 2009) (finding the French interest in prescribing a Delaware corporation operating in New York's conduct is weak). Furthermore, by proceeding first with the domestic defendants, comity concerns are necessarily lessened since the requested documents will be in the custody and control of a domestic entity.

As to the importance of the discovery to the litigation and the availability of other means for securing the information, the court also finds that these factors weigh heavily in favor of discovery proceeding as appropriate under the Federal Rules. Plaintiffs allege that they have not received any document production since the initiation of this litigation, even though initial disclosures were exchanged many months ago. See Pls.' Reply 4 [#109].[2] Where Plaintiff is effectively being precluded from proceeding in the normal course of litigation, concerns about comity carry less weight. See Proofpoint, Inc. v. Vade Secure, Inc., No. 19-cv-04238-MMC-RMI, 2020 WL 504962, at *2 (N.D. Cal. Jan. 31, 2020) ("Plaintiffs have complained that they have thus far not received any discovery whatsoever, and therefore the court also finds that the discovery presently sought is vital to Plaintiffs' case"). Likewise, Defendants' argument that Plaintiffs can obtain this same information through interrogatories and requests for admission is not persuasive. Defendants provide no support for the assertion that such discovery would be "'substantially equivalent' to the requested discovery." Finjan, Inc. v. Zscaler, Inc., No. 17-cv-

---

[2] Defendants assert that they offered a proposal to "prioritize the production of documents that fall within exceptions to the GDPR." Defs.' Opp. at 2 [#106]. Defendants were obligated to produce such documents as to which they were not objecting without waiting on a resolution or court order as to the objected-to documents. See Fed. R. Civ. P. 34(b)(2)(C) ("[a]n objection to part of a request must specify the part and permit inspection of the rest").

06946-JST-KAW, 2019 WL 618554, at *2 (N.D. Cal. Feb. 14, 2019) (citing Richmark Corp., 959 F.2d at 1475). As the Ninth Circuit noted in United States v. Vetco Inc., an alternate means is not "substantially equivalent" where it "may limit the information obtainable" or otherwise preclude the production of "relevant" information. 691 F.2d 1281, 1290 (9th Cir. 1981).

A closer call is the specificity of some of the requests. Defendants are correct to note that several of the requests do not seek "specific, identifiable documents" but instead request broad swaths of internal business documents related to the allegedly infringing technology. See Defs.' Opp. 14 [#106]. In this way, the requests are certainly somewhat intrusive. But there is no objection raised as to the relevancy and appropriateness of the requests under the standards set forth by the applicable Federal Rules. Pls.' Mem. Supp. Mot. Compel 12 [#105]. Furthermore, the intrusiveness of the requests is not of the dimension that triggers concerns about comity; *i.e.*, Defendants do not argue how those specific requests raise "any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." Societe Nationale, 482 U.S. at 546. Instead, the intrusiveness is of the dimension that all discovery is somewhat intrusive. Cf. Knight Capital, 290 F. Supp. 3d at 690 (finding that the specificity of the requests weighed in favor of the proponent where "[t]he plaintiff's requests do not demand any substantial mass of unrelated personal information of, for example, employees, customers, or third-party partners of [the foreign defendant] that were uninvolved with the negotiations and the technology discussed in the course of the proposed deal").

Finally, the court considers the balance of national interests. This factor also tips in favor of Plaintiffs. The United States has an important interest "in rendering an adequately informed decision on the rights of a civil plaintiff before this Court." Id. Defendants argue that this interest

is lessened where, as here, the Plaintiffs are not American. Defs.' Opp. 17 [#106]. Nonetheless, the court finds that this interest applies at least as to the two domestic corporate Defendants, and Defendants cite no cases in support of the contention that a court properly exercising its jurisdiction over domestic corporation should limit another party's access to discovery based on that party's nationality, and the court does not adopt such parochial interests here.

For the reasons set forth above, Plaintiffs' <u>Motion to Compel Production of Documents</u> [#104] is GRANTED IN PART to the extent that it requests an order compelling Defendants Ingenico Inc. and Ingenico Corp. to produce responsive documents in their custody or control, that are located in the United States, without redaction or withholding of personal data pursuant to the GDPR. Following the production of domestic discovery from these two Defendants, Plaintiffs may renew their motion to compel as to Defendant Ingenico Group SA or as to documents held abroad by the domestic Defendants if the parties are not otherwise able to come to an agreement concerning the appropriate scope of discovery in this matter.

IT IS SO ORDERED.

Date: August 31, 2020

/s/ Indira Talwani
United States District Judge