UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br><br>    **Defendants.** | Civil Docket No: 1:19-cv-11457-IT |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF AUGUST 31, 2020 ORDER**

Plaintiffs AnywhereCommerce, Inc. ("AnywhereCommerce") and BBPOS Limited ("BBPOS"), by and through counsel, submit this Motion for Reconsideration of August 31, 2020 Order (the "Motion"), requesting that the Court reconsider its order, dated August 31, 2020 (Dkt. No. 118) (the "Order"), as to Plaintiff's Motion to Compel Production of Documents (Dkt. Nos. 104, 105) (the "Motion to Compel") for the reasons stated below and in the accompanying Memorandum of Law.

1.    On August 31, 2020, the Court issued an Order granting in part Plaintiff's Motion to Compel, with the intention of clearing the way for the parties to conduct discovery efficiently without the burdens imposed by the 2018 French General Data Protection Regulation (the "GDPR"). Specifically, the Court granted the Motion to Compel "to the extent that it requests an order compelling Defendants Ingenico Inc. and Ingenico Corp. to produce responsive documents in their custody or control, that are located in the United States, without redaction or withholding of personal data pursuant to the GDPR. Following the production of domestic discovery from these two Defendants, Plaintiffs may renew their motion to compel as to Defendant Ingenico Group SA

4839-5459-5539.1

or as to documents held abroad by the domestic Defendants if the parties are not otherwise able to come to an agreement concerning the appropriate scope of discovery in this matter." (Order, at 7).

2. Plaintiffs agree with the Court's ruling as to Ingenico Inc. and Ingenico Corp. and broadly that Defendants must produce domestically held responsive documents. However, Plaintiffs request that the Court reconsider its ruling as to the remainder of the responsive documents in Defendants' possession, custody, or control – in particular, those documents held by Ingenico Group SA or otherwise not maintained in the United States. The key decisionmakers (and therefore the key witnesses) and the important documents and evidence relevant to Plaintiffs' claims are in France – which Defendants have acknowledged in their initial disclosures and through the ESI Protocol. Given the parties' shared belief as to the importance of those individuals and documents, Plaintiffs request that the Court reconsider its Order.

WHEREFORE, Plaintiffs request that the Court modify its Order to fully grant their Motion to Compel.

Respectfully submitted this 4th day of December 2020,

>Plaintiffs
>AnywhereCommerce, Inc.
>and BBPOS Limited,
>
>By their attorneys,
>
>Jonathon D. Friedman (BBO #180130)
>Robert P. Rudolph (BBO # 684583)
>Rudolph Friedmann LLP
>92 State Street
>Boston, MA 02109
>Tel.: (617) 723-7700
>Fax: (617) 227-0313
>jfriedmann@rflawyers.com
>rrudolph@rflawyers.com
>
>-and-

4839-5459-5539.1

KUTAK ROCK LLP

*/s/ Melissa A. Bozeman*
Oliver D. Griffin (Pro Hac Vice)
Pennsylvania Bar No. 88026
Oliver.griffin@kutakrock.com
Peter N. Kessler (Pro Hac Vice)
Pennsylvania Bar No. 209033
Peter.kessler@kutakrock.com
Melissa A. Bozeman (Pro Hac Vice)
Pennsylvania Bar No.  201116
Melissa.bozeman@kutakrock.com
1760 Market Street
Suite 1100
Philadelphia, PA  19103-4104
(215) 299-4384 (Telephone)
(215) 981-0719 (Facsimile)

Daniel Carmeli (Pro Hac Vice)
Colorado Bar No. 52880
Daniel.carmeli@kutakrock.com
1801 California Street
Suite 3000
Denver, CO 80202-2652
(303) 297-2400 (Telephone)
(303) 292-7799 (Facsimile)

-and-

Ricardo G. Cedillo (Pro Hac Vice)
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave
Suite 500
San Antonio, TX 78212
(210) 822-6666 (Telephone)
rcedillo@lawdcm.com

3

4839-5459-5539.1

## CERTIFICATION UNDER LOCAL CIVIL RULE 7.1(A)(2)

I certify that I met and conferred via telephone conference and email on November 12 and December 3, 4 with counsel for Defendants in a good faith effort to resolve or narrow this issue. Defendants have indicated that Defendants cannot agree to Plaintiffs' requested disclosure of documents absent a Court order.

<em><u>/s/ Daniel Carmeli</u></em>

**CERTIFICATE OF SERVICE**

I certify that on this 4th day of December 2020, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Melissa A. Bozeman*
Melissa A. Bozeman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANYWHERECOMMERCE, INC. and BBPOS LIMITED,**<br><br>    **Plaintiffs,**<br><br>        v.<br><br>**INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,**<br><br>    **Defendants.** | **Civil Docket No: 1:19-cv-11457-IT** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF AUGUST 31, 2020 ORDER

On August 31, 2020, the Court issued an Order granting in part Plaintiff's Motion to Compel, with the intention of clearing the way for the parties to conduct discovery efficiently without the burdens imposed by the 2018 French General Data Protection Regulation (the "GDPR"). Specifically, the Court "limit[ed] consideration of the motion to the extent it seeks an order compelling discovery from the domestic defendants, Ingenico Inc. and Ingenico Corp." (Order, at 4). In that regard, the Court granted the motion

> to the extent that it requests an order compelling Defendants Ingenico Inc. and Ingenico Corp. to produce responsive documents in their custody or control, that are located in the United States, without redaction or withholding of personal data pursuant to the GDPR. Following the production of domestic discovery from these two Defendants, Plaintiffs may renew their motion to compel as to Defendant Ingenico Group SA or as to documents held abroad by the domestic Defendants if the parties are not otherwise able to come to an agreement concerning the appropriate scope of discovery in this matter.

(Order, at 7). On November 6, 2020, the Court held a conference regarding a dispute that had arisen with respect to Defendants' compliance with the Order. During that conference, certain case-specific factual nuances came to the Court's attention that caused the Court to reevaluate its

Order.  As such, the Court invited Plaintiffs to file a motion for reconsideration of the Order to assist the Court fully assess the issues.  This Motion follows.

Plaintiffs agree with the Court's ruling as to Ingenico Inc. and Ingenico Corp. and broadly that Defendants must produce domestically held responsive documents.  However, Plaintiffs request that the Court reconsider its ruling as to the remainder of the responsive documents in Defendants' possession, custody, or control – in particular those documents held by Ingenico Group SA or otherwise not maintained in the United States.  A district court has "substantial discretion and broad authority" in addressing motions for reconsideration and may grant such motions where, among other reasons, it "has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension."  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81, 82 (1st Cir. 2008); *see also Provanzano v. Parker View Farm, Inc.*, 827 F. Supp. 2d 53, 62 (D. Mass. 2011).  As was made evident during the November 6, 2020 conference, certain facts regarding the nature, role, and significance of the French individuals and documents were not fully apprehended in reaching the decision specified in the Order.

As counsel for Plaintiffs explained during the conference, the key decisionmakers (and therefore the key witnesses) and the important documents and evidence relevant to Plaintiffs' claims are in France.  Plaintiffs' counsel referred to a letter it had received from Defendants' counsel, dated September 24, 2020, that indicated that, pursuant to the Order, Defendants would not be collecting, reviewing, or producing documents belonging to Christopher Dolique, Vince Tallent, Phillippe Lazare, Christopher Coonen, Jean-Marc Thienpoint, and Florian Sailler. (Exhibit 1, at 2-3).  But, as Plaintiffs' counsel highlighted during the conference, Defendants identified each of those individuals in their own initial disclosures (*see* Exhibit 2, at 3-4), as did Plaintiffs – except for Jean-Marc Thienpoint and Florian Sailler (*see* Exhibit 3, at 3-4).  Moreover,

Defendants agreed to designate all six of those individuals as custodians as part of the Stipulated ESI Protocol (hereinafter referred to as the "Withheld Custodians").

Plaintiffs understand that the Withheld Custodians have critical information and documents relating to Defendants' operations, mobile commerce activities, and acquisition of ROAM Data, Inc. and that company's mobile commerce activities. These subject matters go directly to the heart of Plaintiffs' claims, which allege that Defendants misappropriated BBPOS Limited's ("BBPOS") trade secrets through their acquisition of ROAM Data, Inc. (which had been licensing BBPOS's technology) and then used those trade secrets to create and develop their own mobile commerce products. Defendants' acquisition of ROAM Data, Inc., Defendants' misappropriation of BBPOS's trade secrets through that acquisition, and Defendants' pursuit of a competing product line by leveraging those trade secrets all occurred and were documented in France by the Withheld Custodians. As such, Plaintiffs had expected to discover the information and obtain the documents they needed relating to these key issues from the Withheld Custodians.

Given the parties' shared belief as to the importance of the Withheld Custodians, Plaintiffs request that the Court reconsider its Order that inadvertently shielded the Withheld Custodians from this case and otherwise inadvertently introduced inefficiencies into the discovery process. As Plaintiffs explained in their Motion to Compel, the GDPR does not apply to this litigation, thereby entitling them to discover Defendants' information and documents (particularly in relation to the Withheld Custodians) even though held in France. Accordingly, Plaintiffs request that the Court modify its Order to fully grant their Motion to Compel.

Respectfully submitted this 4th day of December, 2020,

>
> Plaintiffs
> AnywhereCommerce, Inc.
> and BBPOS Limited,

By their attorneys,

Jonathon D. Friedman (BBO #180130)
Robert P. Rudolph (BBO # 684583)
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700
Fax: (617) 227-0313
jfriedmann@rflawyers.com
rrudolph@rflawyers.com

-and-

KUTAK ROCK LLP

*/s/ Melissa A. Bozeman*
Oliver D. Griffin (Pro Hac Vice)
Pennsylvania Bar No. 88026
Oliver.griffin@kutakrock.com
Peter N. Kessler (Pro Hac Vice)
Pennsylvania Bar No. 209033
Peter.kessler@kutakrock.com
Melissa A. Bozeman (Pro Hac Vice)
Pennsylvania Bar No. 201116
Melissa.bozeman@kutakrock.com
1760 Market Street
Suite 1100
Philadelphia, PA 19103-4104
(215) 299-4384 (Telephone)
(215) 981-0719 (Facsimile)

Daniel Carmeli (Pro Hac Vice)
Colorado Bar No. 52880
Daniel.carmeli@kutakrock.com
1801 California Street
Suite 3000
Denver, CO 80202-2652
(303) 297-2400 (Telephone)
(303) 292-7799 (Facsimile)

-and-

Ricardo G. Cedillo (Pro Hac Vice)
Davis, Cedillo & Mendoza, Inc.

4

5

                        755 E. Mulberry Ave  
                        Suite 500  
                        San Antonio, TX 78212  
                        (210) 822-6666 (Telephone)  
                        rcedillo@lawdcm.com

## CERTIFICATE OF SERVICE

I certify that on this 4th day of December 2020, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Melissa A. Bozeman*
Melissa A. Bozeman