# EXHIBIT 1

ADLER POLLOCK @ SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI  02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA  02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

September 24, 2020

VIA E-MAIL

Oliver Griffin
Kutak Rock LLP
1760 Market Street, Suite 1100
Philadelphia, PA 19103-4104
Oliver.Griffin@KutakRock.com

Re:     Document Production in *AnywhereCommerce, Inc. et al. v. Ingenico Inc. et al.*

Dear Oliver:

I am writing as a follow up to our call on September 14, 2020 concerning the parties' document production in the above-captioned action.

As of the date of this letter neither Plaintiffs nor Defendants in the above-captioned action have produced any documents responsive to the counter-parties' requests for the production of documents.

As you know, Defendants objected to Plaintiffs' requests for production based on, among other things, the application of the General Data Protection Regulation ("GDPR").  GDPR hindered Defendants' ability to collect, process, and review responsive documents in preparation for production.  While that issue was pending before the Court, to keep discovery moving, Defendants worked with Plaintiffs to draft a Stipulated Order Regarding Discovery of Electronically Stored Information (ECF No. 102, filed March 30, 2020) and to reach an agreement on search terms and custodians pending the Court's resolution of the Defendants' GDPR-based objections.

As you know, on August 31, 2020 the Court issued a decision that resolved Defendants' objections concerning the effect of GDPR on Defendants' document production obligations (the "Decision").  The Decision orders Defendants Ingenico Inc. and Ingenico Corp. to "produce responsive documents in their custody or control, that are located in the United States … ."  As

Oliver Griffin
September 24, 2020
Page 2

such, I am writing to provide an update concerning the Defendants'/Counter-Claimants' production of documents.

Ingenico Inc. and Ingenico Corp. have analyzed which data fall within the scope of the Court order and the parties' Stipulated Order Regarding Discovery of Electronically Stored Information and subsequent agreements concerning custodians and search terms (the "Discovery Agreements"). Based on that analysis, Ingenico Inc. and Ingenico Corp. have determined to proceed as outlined in the Discovery Agreements as to the data stored locally on the electronic devices of the following custodians:

- Christopher Rotsaert
- Will Graylin
- John Frontz
- Ken Paull
- David Szczepanski
- Nino Maisuradze
- Tieg Bean
- Sandeep Gaur
- Mike Nourie
- Lisa Shipley
- Hal Hannah
- John Coloe.

Before the Decision, the parties had contemplated that, subject to GDPR and other objections, Defendants would search the documents of the following custodians:

- Christopher Dolique
- Vince Tallent

Oliver Griffin
September 24, 2020
Page 3

- Philippe Lazare
- Christopher Coonen
- Jean-Marc Thienpoint
- Florian Sailler.

However, in light of the Decision, Defendants will not do so at this time. These individuals were employees of Ingenico Group GA and based on the information available to us at present, neither Ingenico Inc. nor Ingenico Corp. have custody or control over devices located in the United States that could be searched for responsive documents. In light of the large quantity of data already collected and under review—data which includes e-mails to or from the above individuals—we expect that there will be no need to revisit this issue.

As discussed, Defendants intend to produce documents on a rolling basis. Defendants intend to produce the first group of documents on or before October 5, 2020.

Although GPDR issues hindered Defendants' ability to produce documents, Plaintiffs did not maintain an objection based on foreign data privacy laws and to date have proffered no explanation for their failure to produce documents in response to requests for production served in February 2020, and concerning which agreement was reached on ESI discovery, search terms, and custodians in April 2020. At this point it has been nearly five months since agreement was reached on the relevant aspects of Plaintiffs' obligations to search and produce documents. Defendants are aware of the burdens and obstacles imposed by the Coronavirus pandemic and have thus far refrained from moving to compel Plaintiffs to produce documents. When I raised this issue with you on September 14, 2020, you assured me that Plaintiffs would be producing their within five days. We await the production of these documents and, as I said in my email of September 22, 2020, if Plaintiffs need additional time, Defendants are willing to accommodate Plaintiffs but want to sure we are all on the same page with our expectations.

Sincerely,

/s/ Nicole Benjamin

NICOLE BENJAMIN
nbenjamin@apslaw.com

cc:     Counsel of Record

1027013.v1

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>INGENICO INC., INGENICO CORP., INGENICO GROUP SA, and INGENICO VENTURES SAS,<br><br>Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

**RULE 26 INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Ingenico Inc. (as Defendant and Counterclaim Plaintiff), Defendants Ingenico Corp., Ingenico Group SA and, only insofar as it is necessary to preserve all claims and defenses, the defunct and non-existent entity Ingenico Ventures SAS (collectively, "Defendants"), provide these initial disclosures.

In providing the following disclosures, Defendants: (i) do not concede the materiality, relevance, or discoverability of the information provided and/or the documents identified; (ii) expressly reserve any and all objections to the discoverability and/or admissibility at trial of such information and documents; (iii) do not waive or intend to waive the attorney-client, work product, or any other privilege or immunity that would otherwise entitle Defendants to refuse to transmit the information or documents identified herein, or to object to their use for any purpose; and (iv) do not waive, and expressly reserve, any and all defenses to the Complaint filed in this action.

1

1. <u>Individuals</u>

Based on counsel's investigation to date, counsel for Defendants believe the following individuals may have discoverable information on the subject matter of the allegations in Plaintiffs' Complaint. Defendants' investigation is ongoing. In referencing the "subject matter" of the Complaint, Defendants refer to Defendants' interactions with AnywhereCommerce, Inc., BBPOS Limited, First Data Corporation, ROAM Data, Inc., or Defendants. Defendants do not, by stating that an individual may have knowledge of the "subject matter" of the Complaint, concede the truth of any allegations in the Complaint nor the relevance of these allegations to Plaintiffs' claims.

| **Name** | **Address** | **Subject of Information** |
| --- | --- | --- |
| Christopher Rotsaert | c/o William K. Wray Jr.<br>Adler Pollock & Sheehan P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903 | Christopher Rotsaert is an employee of Ingenico Inc. who has knowledge of the subject matter of the Complaint. |
| Keeper of Records for Ingenico Inc. | c/o William K. Wray Jr.<br>Adler Pollock & Sheehan P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903 | The Keeper of Records is likely to have discoverable information related to the subject matter of the Complaint and the authenticity, presence, or absence of relevant documents. |
| Keeper of Records for Ingenico Corp. | c/o William K. Wray Jr.<br>Adler Pollock & Sheehan P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903 | The Keeper of Records is likely to have discoverable information related to the subject matter of the Complaint and the authenticity, presence, or absence of relevant documents. |
| Keeper of Records for Ingenico Group SA | c/o William K. Wray Jr.<br>Adler Pollock & Sheehan P.C.<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903 | The Keeper of Records is likely to have discoverable information related to the subject matter of the Complaint and the authenticity, presence, or absence of relevant documents. |

| | | |
|---|---|---|
| Keeper of Records for the Paris Commercial Court | Registry of the Commercial Court of Paris<br>1 Quai de la Corse<br>75198 Paris Cedex 04 | The Keeper of Records for the Paris Commercial Court has knowledge of the dissolution of Ingenico Ventures SAS. |
| Governor Brian P. Kemp, or his successor as Secretary of State, Brad Raffensperger | Office of the Secretary of State<br>214 State Capitol<br>Atlanta, Georgia 30334<br>844.753.7825<br>-or-<br>Office of the Governor<br>206 Washington Street<br>111 State Capitol<br>Atlanta, Georgia 30334 | The Secretary of State of Georgia, has knowledge of a merger between Ingenico Inc. and ROAM Data, Inc. |
| Will Wang Graylin | Mr. Graylin's current address is not presently known to Defendants. | Will Wang Graylin is a former employee of ROAM Data, Inc. who has knowledge of the subject matter of the Complaint. |
| Christophe Dolique | Mr. Dolique's current address is not known to Defendants based on counsel's investigation to date. | Christophe Dolique is a former employee of a Defendant who has knowledge of investments by one or more Defendants in ROAM Data, Inc. |
| Vince Tallent | Mr. Tallent's current address is not known to Defendants based on counsel's investigation to date. | Vince Tallent is a former employee of a Defendant who has knowledge of investments in ROAM Data, Inc. |

| | | |
|---|---|---|
| Philippe Lazare | Based on counsel's investigation to date, Mr. Lazare's address is not known to Defendants. | Philippe Lazare is a employee of a Defendant who has knowledge of investments by one or more Defendants in ROAM Data, Inc. Philippe Lazare also has knowledge of the dissolution of Ingenico Ventures SAS. |
| Christopher Coonen | Based on counsel's investigation to date, Mr. Coonen's address is not known to Defendants. | Christopher Coonen is a former employee of a Defendant who has knowledge of investments by one or more Defendants in ROAM Data, Inc. |
| John Coloe | Mr. Coloe's current address is not known to Defendants based on counsel's investigation to date. | John Coloe is a former ROAM Data, Inc. employee who communicated with AnywhereCommerce. |
| Dan Bobier | Mr. Bobier's current address is not known to Defendants based on counsel's investigation to date. | Dan Bobier is a former employee of First Data Corp. who has knowledge of the allegations made in the Complaint. |
| O.B. Rawls | Mr. Rawls' current address is not known to Defendants based on counsel's investigation to date. | O.B. Rawls is a former employee of First Data Corp. who has knowledge of the allegations made in the Complaint. |
| Jean-Marc Thienpoint | Mr. Thienpoint's current address is not known to Defendants based on counsel's investigation to date. | Jean-Marc Thienpoint is a former employee of a Defendant who has knowledge of the subject matter of the Complaint. |
| Florian Sailler | Mr. Sailler's current address is not known to Defendants based on counsel's investigation to date. | Florian Sailler is a former employee of a Defendant who has knowledge of investments by one or more Defendants in ROAM Data, Inc. |

4

| | | |
|---|---|---|
| John Frontz | Mr. Frontz's current address is not known to Defendants based on counsel's investigation to date. | John Frontz is a former employee of ROAM Data, Inc. who has knowledge of the subject matter of the Complaint. |
| Ken Paull | Mr. Paull's current address is not known to Defendants based on counsel's investigation to date. | Ken Paull is a former employee of ROAM Data, Inc. who has knowledge of the subject matter of the Complaint. |

In addition to these individuals, Defendants state that principals and/or current and former employees of Plaintiffs (including but not limited to Mitchell Cobrin, Michael Kron, and Ben Lo) and their predecessor, successor, and affiliated companies are likely to have discoverable information. To the best of Defendants' knowledge and belief, Plaintiffs have superior knowledge concerning such persons' addresses.

2. <u>Documents</u>

Based on counsel's investigation, counsel for Defendants state that the following documents are in Defendants' possession, custody or control and may be used by Defendants in support of their defenses. In this section, any reference to "Plaintiffs" or "Defendants" includes a reference to their corporate affiliates, successors, and predecessors.

- Any of Plaintiffs' contractual agreements or other business agreements with any other Plaintiff.

- Any Defendant's contractual agreements or draft contractual agreements and any other business agreement with any Plaintiff.

- Certain correspondence between and among any of the individuals identified in Section 1.

- Correspondence concerning BBPOS' attempted sale to North American Bancard LLC.

- Records from the Registry of the Commercial Court of Paris showing the dissolution of Ingenico Ventures SAS.

5

- Records from the Georgia Secretary of State showing a merger between ROAM Data Inc. and Ingenico Inc.

3. <u>Damages</u>

Defendants will seek costs and attorneys' fees in connection with defending and ultimately seeking judgment on Plaintiffs' Complaint.

Counterclaim Plaintiff Ingenico Inc. seeks damages for breach of contract, breach of the contractual duty of good-faith and fair dealing, tortious interference with advantageous business relations, tortious interference with contract, violation of the Defend Trade Secrets Act and the Massachusetts Trade Secrets Act, and violation of M.G.L. Ch. 93A § 11, all in an amount to be proved at trial. Counterclaim Plaintiff will supplement this response or appropriate discovery responses as the facts necessary to compute such damages are discovered.

4. <u>Insurance</u>

Defendants are not presently aware of policies of insurance that would be available to them on the defense of Plaintiffs' claims.

Dated: August 29, 2019

Respectfully submitted,

*/s/ John A. Tarantino*
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
WILLIAM K. WRAY, JR. (BBO #689037)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
wwray@apslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August, 2019 I sent this document via e-mail to opposing counsel of record:

Jonathon D. Friedmann, Esq.
jfriedmann@rflawyers.com
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109

Gregory R. Crochet, Esq.
Kutak Rock LLP
303 Peachtree Street, N.E., Suite 2750
Atlanta, GA 30308
Greg.crochet@kutakrock.com

Oliver D. Griffin, Esq.
Oliver.griffin@kutakrock.com

Peter N. Kessler, Esq.
Peter.kessler@kutakrock.com

Melisa A. Bozeman, Esq.
Melissa.bozeman@kutakrock.com
1760 Market Street, Suite 1100
Philadelphia, PA 19103-4104

                                             */s/ William K. Wray, Jr.*
                                             William K. Wray, Jr.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED<br><br>**Plaintiffs,**<br><br>v.<br><br>INGENICO, INC., INGENICO CORP., INGENICO GROUP, SA, and INGENICO VENTURES SAS<br><br>**Defendants.** | **Civil Docket No: 1:19-cv-11457-IT**<br><br>**Jury Trial Demanded** |

**PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs AnywhereCommerce, Inc. ("AnywhereCommerce") and BBPOS Limited ("BBPOS," and together, "Plaintiffs"), by and through their attorneys, provide the following initial disclosures. These initial disclosures are based on information reasonably available to the Plaintiffs at this time. These disclosures may be superseded by subsequent investigation and discovery in this case, and Plaintiffs may amend or supplement these disclosures based upon continuing investigations and discovery pursuant to Federal Rule of Civil Procedure 26(e). Plaintiffs do not waive their right to object to any discovery request or other proceeding related to the subject matter of these disclosures based on competency, privilege, relevancy, materiality, hearsay or any other proper ground for objection. Furthermore, these disclosures are not an admission by Plaintiffs regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

I.      **Individuals Likely to Have Discoverable Information to Support Plaintiffs' Claims or Defenses.**

1.      All persons and entities referenced in the Complaint, Answer, Counterclaim, or other pleadings. It is anticipated that some of these witnesses will be adverse to Plaintiffs.

2.      Mitchel Cobrin and Michael Kron – Messrs. Cobrin and Kron together have information related to AnywhereCommerce's interactions with the following: (1) First Data Corporation ("FDC"), First Data Merchant Services Corporation ("FDMS"), TASQ Technology Inc. ("TASQ"), FD Ventures, and their respective affiliates and related entities; (2) ROAM Data, Inc. ("ROAM"); (3) BBPOS; (4) Ingenico Group, S.A. ("Ingenico Group") and its affiliates and related entities; (5) 4361423 Canada Inc. ("436 Canada"); and (6) its customers, generally. In addition to the subject matter of AnywhereCommerce's claims, defenses, and allegations in the Complaint and other responsive pleadings, they also collectively have information related to AnywhereCommerce's (i) business opportunities; (ii) business operations; and (iii) trade secret-protected information and intellectual property rights. They may be contacted through counsel.

3.      Ben Lo – Mr. Lo has information related to BBPOS's interactions with the following: (1) ROAM; (2) AnywhereCommerce and its predecessor, HomeATM; (3) Ingenico Group, Ingenico Ventures, SAS ("Ingenico Ventures"), Ingenico, Inc. ("Ingenico GA") and/or Ingenico Corp. ("Ingenico DE"), and their respective affiliates and related entities; (4) 436 Canada; (5) North American Bancard, LLC ("NAB"); and (6) its customers, generally. In addition to the subject matter of BBPOS's claims, defenses, and allegations in the Complaint and other responsive pleadings, Mr. Lo also has information related to BBPOS's (i) business opportunities; (ii) business operations; and (iii) trade secret-protected information and intellectual property rights. He may be contacted through counsel.

4.      Daniel Tsai – Mr. Tsai has information related to his involvement in the invention and/or development of certain mobile point of sale technology that is subject to trade secret-protections or otherwise related to the respective intellectual property rights of BBPOS, AnywhereCommerce, and/or 436 Canada.  He may be contacted through counsel.

5.      Jimmy Tang – Mr. Tang has information related to his involvement in the invention and/or development of certain mobile point of sale technology that is subject to trade secret-protections or otherwise related to the respective intellectual property rights of BBPOS, AnywhereCommerce, and/or 436 Canada.  He may be contacted through counsel.

6.      OB Rawls – Mr. Rawls has information related to FDC's interactions with AnywhereCommerce.  Contact information for Mr. Rawls to be supplied.

7.      Dan Bobier – Mr. Bobier has information related to FDC's interactions with AnywhereCommerce.  Plaintiffs do not have verifiable contact information for Mr. Bobier.

8.      Will Graylin – Mr. Graylin has information related to ROAM's interactions with the following: (1) AnywhereCommerce and its predecessor, HomeATM; (2) BBPOS; and (3) Ingenico Group, Ingenico Ventures, Ingenico GA, and/or Ingenico DE, and their respective affiliates and related entities.  Contact information for Mr. Graylin to be supplied.

9.      Christophe Dolique and Vince Tallet – Messrs. Dolique and Tallet have information related to: (1) Ingenico Group and its global operations; (2) Ingenico Ventures and its mobile commerce activities; and (3) the acquisition of ROAM and its mobile commerce activities.  Plaintiffs do not have verifiable contact information for Messrs. Dolique and Tallet.

10.     Phillip Lazare – Mr. Lazare has information related to: (1) Ingenico Group and its global operations; (2) Ingenico Ventures and its mobile commerce activities; (3) the acquisition of

ROAM and its mobile commerce activities; and (4) Ingenico GA and its mobile commerce activities. Plaintiffs do not have verifiable contact information for Mr. Lazare.

11. Christopher Coonen – Mr. Coonen has information related to: (1) Ingenico Group and its global operations; (2) Ingenico Ventures and its mobile commerce activities; and (3) the acquisition of ROAM and its mobile commerce activities. Plaintiffs do not have verifiable contact information for Mr. Coonen.

12. Christopher Rotsaert – Mr. Rotsaert has information related to: (1) Ingenico Group and its global operations; (2) Ingenico Ventures and its mobile commerce activities; and (3) the acquisition of ROAM and its mobile commerce activities. Plaintiffs do not have verifiable contact information for Mr. Rotsaert.

13. John Coloe – Mr. Coloe has information related to ROAM's interactions with AnywhereCommerce respecting discussions of various partnership and M&A opportunities. Plaintiffs do not have verifiable contact information for Mr. Coloe.

14. Lisa Shipley and Hal Hanna – Ms. Shipley and Mr. Hanna have information related to Ingenico Group's and/or Ingenico Ventures's interactions with: (1) ROAM; and/or (2) AnywhereCommerce.

15. Corporate representatives of Defendants.

## II. Documents in Plaintiffs' Possession That Plaintiffs May Use to Support their Claims.

1. Communications by and amongst the parties respecting AnywhereCommerce's work with and on behalf of FDC and its affiliates.

2. Communications by and amongst the parties respecting BBPOS's work with and on behalf of ROAM and Ingenico Group and its affiliates.

3. Communications by and amongst the parties respecting Ingenico Group's and/or Ingenico Ventures's investments in and eventual acquisition of ROAM.

4. Communications by and amongst the parties respecting a possible investment in or acquisition of BBPOS.

5. Communications by and between AnywhereCommerce and representatives of FDC and its affiliates.

6. Communications by and between BBPOS and representatives of NAB.

7. Any and all contracts and/or agreements by and between the parties.

8. Materials prepared by Plaintiffs and with their respective trade secrets and confidential business information.

9. Materials pertaining to AnywhereCommerce's, BBPOS's, and 436 Canada's respective intellectual property rights.

10. AnywhereCommerce's relevant sales records.

11. BBPOS's relevant sales records.

12. Products manufactured and distributed by Plaintiffs, along with any promotional literature and specifications.

**III.   Damages**

Plaintiffs seek all compensatory, punitive, and statutory damages associated with their claims as asserted against Defendants herein.   However, the exact amount of damages incurred by Plaintiffs is, as-yet, not fully quantifiable.  Contemplated party and third-party discovery will reveal the amount and scope of Plaintiffs' respective damages.  Plaintiffs reserve the right to supplement this response.

**IV.    Insurance Agreements**

   Plaintiffs are not in possession of any relevant insurance agreements.

                                        KUTAK ROCK LLP

Dated: August 29, 2019.                 By: */s/ Melissa A. Bozeman*
                                        Oliver D. Griffin
                                        Peter N. Kessler
                                        Melissa A. Bozeman
                                        1760 Market Street, Suite 1100
                                        Philadelphia, PA  19103
                                        Tel 215.299.4384
                                        Fax 215.981.0719
                                        oliver.griffin@kutakrock.com
                                        peter.kessler@kutakrock.com
                                        melissa.bozeman@kutakrock.com

                                        *Attorneys for Plaintiffs*