UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br><br>    Defendants. | Civil Docket No: 1:19-cv-11457-IT |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF AUGUST 31, 2020 ORDER**

Defendants Ingenico Group, S.A., Ingenico Inc., and Ingenico Corp. ("Defendants") submit this Opposition to Plaintiffs' Motion for Reconsideration. For the reasons that follow, Defendants must oppose Plaintiffs' request that the Court order that Defendants are not bound by General Data Protection Regulation ("GDPR"). Such a determination would be both overbroad and inaccurate: Ingenico Group S.A. is a French corporation that is expressly bound by GDPR and, according to official guidance, Ingenico Inc. and Ingenico Corp. may be bound by GDPR as well. However, Defendants recognize, as a result of their efforts to comply with the Court's August 31, 2020 Order, both Defendants and the Court now have more information about the documents Defendants are able to produce within the confines of the Court's existing order and those they are not, as detailed more fully herein.

**ARGUMENT**

**I.      The Court's August 31, 2020 Order.**

On August 31, 2020, the Court issued a ruling concerning Defendants' objection to producing documents based on the application of the GDPR. The Court concluded that "GDPR

does not constrain the Court's authority to compel the production of discovery sought in this proceeding," but "construed [GDPR] as an objection by a foreign state over some of the discovery sought by Plaintiffs …." August 31, 2020 Order (ECF No. 118) at 3. The Court noted that Supreme Court precedent requires "'American courts, in supervising pretrial proceeding, [to] exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them a disadvantageous position,'" and that comity requires courts to demonstrate "'due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations … .'" *Id.* (quoting *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. Of Iowa,* 482 U.S. 522, 546 (1987)). Applying the precepts of that case and other relevant precedent, the Court ultimately ordered "Ingenico Inc. and Ingenico Corp. to produce responsive documents in their custody or control, that are located in the United States, without redaction or withholding of personal data pursuant to GDPR." *Id.* at 7.

**II.     Defendants' Collection and Production of Documents Pursuant to the Court's August 31, 2020 Order.**

Ingenico Inc. and Ingenico Corp. have concluded (and have informed Plaintiffs) that the Court's August 31, 2020 Order permits them to search, collect and produce data stored locally on the electronic devices of the following custodians:  Christopher Rotsaert, Will Graylin, John Frontz, Ken Paull, David Szczepanski, Nino Maisuradze, Tieg Bean, Sandeep Gaur, Mike Nourie, Lisa Shipley, Hal Hannah and John Coloe.  Of these individuals, Will Graylin, John Frontz, Ken Paull, Tieg Bean, Lisa Shipley, Hal Hannah and John Coloe are all former employees of either ROAM or Ingenico Inc. who left the company long before this litigation was commenced and, following the Court's August 31, 2020 Order, Ingenico Inc. and Ingenico Corp. confirmed that they do not have any archived data for these custodians.  Ingenico Inc. and

Ingenico Corp. have also separately confirmed that custodian Mike Nourie does not have any documents responsive to Plaintiffs' Requests for Production of Documents.

Ingenico Inc. and Ingenico Corp. have further concluded (and have informed Plaintiffs) that the Court's August 31, 2020 Order permits them to collect and produce any responsive data *stored locally* on the electronic devices of the following custodians: Christopher Rotsaert, David Szczepanski, Nino Maisuradze and Sandeep Gaur. While Ingenico Inc. and Ingenico Corp. have reason to believe that Mr. Rotsaert and Mr. Szczepanski may also have responsive emails stored on email servers, Ingenico Inc. and Ingenico Corp. are unable to conclude that those email servers are located in the United States. Accordingly, Ingenico Inc. and Ingenico Corp. have informed Plaintiffs that they do not believe the Court's August 31, 2020 Order permits them to collect and produce such documents. Ingenico Inc. and Ingenico Corp., however, have located certain email communications from Mr. Graylin and Mr. Rotsaert that were collected for purposes of other litigation and stored in the United States. Ingenico Inc. and Ingenico Corp. have completed their review and production of those documents.

Finally, before the Court issued its August 31, 2020 Order, the parties had contemplated that, subject to other objections and the Discovery Agreements, Defendants would also search the documents of the following custodians: Christopher Dolique, Vince Tallent, Philippe Lazare, Christopher Coonen, Jean-Marc Thienpoint and Florian Sailler. However, in light of the August 31, 2020 Order, Defendants have not done so. Each of these individuals were employees of Ingenico Group GA and neither Ingenico Inc. nor Ingenico Corp. have custody or control over any devices in the United States that are likely to contain these custodians' documents.

### III.   Plaintiffs' Overly Broad Request for Reconsideration.

Plaintiffs have moved to reconsider the Court's August 31, 2020 Order and to "fully grant

3

their Motion to Compel." *See* ECF No. 125 at 2. Specifically, Plaintiffs request, through their Proposed Order, that the Court determine that "the parties are not bound by the restrictions of the General Data Protection Regulation or its French analog [sic] as to the production of documents in this case" and that the parties "shall not redact or withhold information on the basis of any protection allegedly afforded by [GDPR] or its French analog [sic]." *See* ECF No. 125-1.

Plaintiffs' proposed order is both overbroad and inaccurate. Defendant Ingenico Group S.A. is a French company that is expressly subject to GDPR.[1] Similarly, Defendants Ingenico Inc. and Ingenico Corp. are corporate affiliates of Ingenico Group S.A. Although they are U.S.-based, official guidance from the Official European Data Protection Board on GDPR's extraterritorial effect suggests that they too may be subject to GDPR:

> Example 2: An e-commerce website is operated by a company based in China. The personal data processing activities of the company are exclusively carried out in China. The Chinese company has established a European office in Berlin in order to lead and implement commercial prospection and marketing campaigns towards EU markets. In this case, it can be considered that the activities of the European office in Berlin are inextricably linked to the processing of personal data carried out by the Chinese e-commerce website, insofar as the commercial prospection and marketing campaign towards EU markets notably serve to make the service offered by the e-commerce website profitable. The processing of personal data by the Chinese company in relation to EU sales is indeed inextricably linked to the activities of the European office in Berlin relating to commercial prospection and marketing campaign towards EU market. **The processing of personal data by the Chinese company in connection with EU sales can therefore be considered as carried out in the context of the activities of the European office, as an establishment in the Union. This processing activity by the Chinese company will therefore be subject to the provisions of the GDPR**

---

[1] As noted in Defendants' Opposition to Plaintiffs' Motion to Compel Concerning GDPR Issues, ECF No. 106 at 7: "GDPR Article 3 states that '[t]his Regulation applies to the processing of personal data in the context of the activities of a controller or a processor in the Union … .' Here, Defendant Ingenico Group SA is an EU-based organization. Plaintiffs' discovery requests purport to require Ingenico Group SA to process the data of EU residents. Because much of its data is located in France, Ingenico Group SA would need to process this data in France and transfer it to the United States for review and production. In those circumstances, the GDPR applies."

      **as per its Article 3(1)**."[2]

The same guidance states that "[t]he text of Article 3(1) does not restrict the application of the GDPR to the processing of personal data of individuals who are in the Union," and that "any personal data processing in the context of the activities of an establishment of a controller or processor in the Union [such as Ingenico Group S.A.] would fall under the scope of the GDPR, regardless of the location or the nationality of the data subject whose personal data are being processed." *Id.*

      Because GDPR applies to all Defendants, the Court must, as it held in its August 31, 2020 Order, "consider the factors set forth by the Supreme Court—and any other considerations that may be relevant—before compelling the discovery sought here." *See* August 31, 2020 Order (ECF No. 118) at 3.

      If the Court decides to reconsider its August 31, 2020 Order, then an order compelling the production of documents belonging to all of the custodians identified in the parties' initial disclosures (specifically, the initial disclosures served by Plaintiffs and Defendants on August 29, 2019) would be more appropriate than the Plaintiffs' proposed order. The initial disclosures represent both Plaintiffs' and Defendants' understanding of "the name … of each individual likely to have discoverable information … ." *See* Fed. R. Civ. P. 26(a)(1)(A)(i). In light of GDPR, and because Defendants have not completed production of the documents ordered to be produced in the Court's August 31, 2020, there is no need for the Court to order the collection, review and production of the documents

---

[2] European Data Protection Board, *Guidelines 3/2018 on the territorial scope of the GDPR (Article 3)*, Version 2.1, November 12, 2019 (emphasis supplied), *available at* https://edpb.europa.eu/sites/edpb/files/files/file1/edpb_guidelines_3_2018_territorial_scope_after_public_consultation_en_1.pdf .

of persons who were not identified by either party as likely to have discoverable information.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Reconsideration of August 31, 2020 Order as requested and, rather, should conduct the appropriate balancing under GDPR, given the information now available to the Court and the parties concerning the location of data belonging to custodians identified in the parties' initial disclosures, to determine to what extent further collection and production is required, and to the extent the Court so rules, enter an order consistent therewith.

December 17, 2020

INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A.

By their attorneys,

/s/ John A. Tarantino
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
WILLIAM K. WRAY, JR. (#689037)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
wwray@apslaw.com