UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A.<br><br>    Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

**INGENICO INC.'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS COUNT VIII OF <u>INGENICO INC.'S SECOND AMENDED COUNTERCLAIMS</u>**

Ingenico Inc. ("Ingenico") submits this Supplemental Memorandum in Opposition to Plaintiffs' Motion to Dismiss Count VIII of Ingenico Inc.'s Second Amended Counterclaims to address the December 4, 2020 order of the United States District Court for the Northern District of California in *Uniloc USA, Inc. v. Apple, Inc.* ("*Uniloc*"), No. C 18-00358 WHA, 2020 WL 7122617, at *5 (N.D. Cal. Dec. 4, 2020), which was cited by Plaintiffs/Counterclaim Defendants during oral argument on their Motion to Dismiss.

Plaintiffs argued that *Uniloc* shows that if a default under the applicable license occurred in 2015 or 2017, then Ingenico had no right to sue for patent infringement, even if the infringement occurred during the time that Ingenico was an exclusive licensee of the patents-in-suit. Plaintiffs are incorrect. The United States Supreme Court has held that "[T]he [patent infringement] right of action is given to the person or persons owning the exclusive right at the time the infringement is committed. Subsequent sale and transfer of exclusive right are no bar to an action to recover damages for infringement committed before such sale and transfer." *Moore v. Marsh*, 74 U.S. 515, 1868 WL 11114 (1868).[1]

Of course, a former owner or holder of all substantial rights in a patent can take actions that deprive itself of standing that had occurred when it did hold the necessary rights, as was the

---

[1] *See also Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 40, 43 S.Ct. 254, 67 L.Ed. 516 (1923) ("'[T]he plaintiff in an [infringement] action ... must be the person or persons in whom the legal title to the patent resided at the time of the infringement.'") (quoting 3 Robinson on Patents § 937); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1551 (Fed. Cir. 1995) ("Generally, one seeking money damages for patent infringement must have held legal title to the patent at the time of the infringement."); Annotated Patent Digest § 9:48 ("After assigning a patent, the assignor generally has no standing to bring an infringement action for infringement that occurs after the assignment since it has parted with its rights in the patent. *It may retain the right to sue for damages from infringement that occurred while it held the patent*.") (emphasis supplied) (citations omitted); *Alloc, Inc. v. Pergo, Inc.*, 572 F. Supp. 2d 1019, 1022–23 (E.D. Wis. 2008) (disposing of a standing challenge by noting that "[e]ven if [plaintiffs] are currently relegated to the status of non-exclusive licensees, which is apparently the case, neither [] are attempting to recover damages or obtain relief for the period of time after their exclusive licenses were terminated.").

case in *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1202 (Fed. Cir. 2005). The *Alloc* court noted that in *Schreiber*, the former holder executed an assignment that "'explicitly included an assignment of all causes of actions,' including the right to sue for past infringement." *Alloc, Inc.*, 572 F. Supp. 2d at 1023. But that was not the case in *Alloc*, it is not the case here, and as the *Schreiber* court noted, "an assignment of a patent does not ordinarily include the right to sue for past infringement … ." *Schreiber Foods, Inc.*, 402 F.3d at 1202.

*Uniloc*, which is on appeal,[2] would fall into the *Schreiber* line of cases. In 2014, Uniloc gave a fully-paid up license to a third-party ("Fortress") to exploit the patents in any lawful manner, and stated that "Licensee shall only use the Patent License following an event of default." *Uniloc*, 2020 WL 7122617, at *1. This license did *not* provide that Fortress' license only came into effect upon the event of default—rather, it came into effect in 2014, and was only exercisable upon the event of default in 2017. The Court found that Uniloc defaulted, and therefore that Fortress had licensing rights "both prospectively and retrospectively." *Id.* at *8.

Here, unlike *Schreiber* and *Uniloc*, there was no agreement that BBPOS would obtain any of the rights in the patents-in-suit during the period that the license was in effect (assuming, for the sake of argument, that it terminated). Accordingly, "the [patent infringement] right of action is given to the person or persons owning the exclusive right at the time the infringement is committed," Ingenico Inc., and "[s]ubsequent … transfer … [is] no bar to an action to recover damages for infringement committed before such sale and transfer." *Moore*, 74 U.S. 515, 1868 WL 11114.

---

[2] *See* Uniloc's Notice of Appeal to the Federal Circuit (ECF No. 191) in N.D. Cal. No. 3:18-cv-00358.

Dated: January 7, 2021	Respectfully Submitted,

**INGENICO INC.,**

By its attorneys,


/s/ John A. Tarantino
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE BENJAMIN (BBO #666959)
WILLIAM K.WRAY, JR. *(#689037)*
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
wwray@apslaw.com