UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br><br>    **Defendants.** | **Civil Docket No: 1:19-cv-11457-IT** |

## PLAINTIFFS' <u>UNOPPOSED</u> THIRD MOTION TO MODIFY CASE SCHEDULE

Plaintiffs / Counterclaim-Defendants AnywhereCommerce, Inc. ("AnywhereCommerce") and BBPOS Limited ("BBPOS," and together, "Plaintiffs"), by and through counsel, submit this <u>Unopposed</u> Third Motion to Modify Case Schedule (the "Motion") requesting that the Court extend the fact discovery cut-off and deadline to file dispositive motions by 90 days, to June 28, 2021[1] and November 24, 2021, respectively, and in support thereof state as follows:

1. By order, dated November 27, 2019, the Court established a fact discovery cut-off of June 30, 2020 and a deadline to file dispositive motions of November 29, 2020 (Dkt. No. 74).

2. On March 23, 2020, the parties filed a Stipulated Motion to Modify Case Schedule, requesting that, because of the need for international discovery and complications resulting from the COVID-19 pandemic, the Court extend the deadlines to conduct fact discovery and to file dispositive motions by 90 days (Dkt. No. 97).

3. As discussed in that prior stipulated motion to extend discovery, the parties are located in various countries around the world, including Canada, France, and Hong Kong.

---

[1] The 90-day extension falls on Sunday, June 27, 2021.

Accordingly, the parties anticipate needing to obtain discovery (both written and oral) from those countries, from the parties themselves and potentially third parties as well. Even before COVID-19, such discovery could have taken several months to complete. At the time the parties filed that stipulated motion, they anticipated that, as a result of the COVID-19 situation and related effects on travel, business, health, government operations, and the like, they would need additional time to complete the discovery. The stipulated motion also advised that, given the uncertainty relating to COVID-19, further extensions may become necessary.

4. By order, dated March 24, 2020, the Court granted that stipulated motion (Dkt. No. 98).

5. On August 18, 2020, the parties filed a Second Stipulated Motion to Modify Case Schedule, requesting that, because of the continued complications resulting from the COVID-19 pandemic, the need for international discovery, and the then-pending Motion to Compel Production of Documents, the Court extend the deadlines to conduct fact discovery and to file dispositive motions by 180 days (Dkt. No. 114).

6. By order, dated August 19, 2020, the Court granted the Second Stipulated Motion to Modify Case Schedule, extending the deadlines to complete fact discovery and to file dispositive motions to March 29, 2021 and August 26, 2021, respectively (Dkt. No. 115).

7. On August 31, 2020, the Court ruled upon the Motion to Compel Production of Documents, which facilitated the progression of discovery (Dkt. No. 118). Thereafter, the parties agreed to substantially complete their document productions by December 23, 2020. However, on December 30, 2020, counsel for Defendants notified counsel for Plaintiffs that they had just received about one million more of their clients' documents and that they anticipated producing around 250,000 additional documents on a rolling basis with an anticipated completion date of

January 21, 2021. By December 30, 2020, Defendants had produced approximately 45,000 documents. Since then, Defendants have made a supplemental production of 2,120 documents. Accordingly, based on Defendants' counsel's represented projections, Plaintiffs still anticipate receiving an additional 250,000 documents at some point.

8. The Court's August 31, 2020 order compelled Defendants to produce responsive documents maintained domestically and left the door open for discovery of documents maintained abroad, should the domestic discovery prove insufficient. Because of the anticipated volume of domestic documents that Defendants are expected to produce, Plaintiffs will not be in a position for some time to determine whether further discovery of foreign documents will be necessary.

9. Further, on December 4, 2020, Plaintiffs filed a motion for reconsideration of the Court's August 31, 2020 order on the Motion to Compel Production of Documents, requesting that the Court permit discovery not just of documents maintained domestically, but also documents maintained abroad. Should the Court grant that motion, the parties would certainly require additional time to complete discovery.

10. Accordingly, there exists good cause to extend discovery (and post-discovery deadlines) by 90 days. That would extend the fact discovery cut-off to June 28, 2021[2] and the deadline to file dispositive motions to November 24, 2021.[3]

WHEREFORE, Plaintiffs / Counterclaim-Defendants AnywhereCommerce, Inc. and BBPOS Limited request that the Court extend the fact discovery deadline to June 28, 2021 and the deadline to file dispositive motions to November 24, 2021.

---

[2] The 90-day extension falls on Sunday, June 27, 2021.
[3] Given the uncertainty of the COVID-19 situation and related effects on travel, business, health, and government operations, longer extensions of both of these deadlines may become necessary.

Respectfully submitted this 19th day of January 2021,

          ANYWHERECOMMERCE, INC.
          and BBPOS LIMITED,

          By their attorneys,

          */s/Melissa A. Bozeman*
          MELISSA A. BOZEMAN
          OLIVER D. GRIFFIN
          PETER N. KESSLER
          Kutak Rock LLP
          1760 Market Street, Suite 1100
          Philadelphia, PA 19103
          Tel: (215) 288-4384
          Fax: (215) 981-0719
          Melissa.bozeman@kutakrock.com
          Oliver.griffin@kutakrock.com
          Peter.kessler@kutakrock.com

          DANIEL CARMELI
          Kutak Rock LLP
          1801 California Street, Suite 3000
          Denver, Colorado 80202
          Tel: (303) 297-2400
          Fax: (303) 292-7799
          Daniel.carmeli@kutakrock.com

          JONATHON D. FRIEDMANN
          ROBERT P. RUDOLPH
          Rudolph Friedmann LLP
          92 State Street
          Boston, MA 02109
          Tel: (617) 723-7700
          Fax: (617) 227-0313
          jfriedmann@rflawyers.com
          rrudolph@rflawyers.com

          RICARDO G. CEDILLO
          Davis, Cedillo & Mendoza, Inc.
          755 E. Mulberry Ave., Ste 500
          San Antonio, Texas 78212
          Tel: (210) 822-6666
          Fax: (210) 822-1151
          rcedillo@lawdcm.com

## CERTIFICATION UNDER LOCAL CIVIL RULE 7.1(A)(2)

I certify that I met and conferred with opposing counsel in a good faith effort to resolve or narrow this issue. Defendants have indicated that they do not oppose the relief requested in this Motion.

*/s/ Daniel Carmeli*

## CERTIFICATE OF SERVICE

I certify that on this 19th day of January, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

>                                    */s/ Melissa A. Bozeman*
>                                    Melissa A. Bozeman