UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br><br>　　　Defendants. | Civil Docket No: 1:19-cv-11457-IT |

**DEFENDANTS' MOTION TO IMPOUND EXHIBIT TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

　　　Defendants Ingenico Inc., Ingenico Corp., and Ingenico Group SA ("Defendants"), pursuant to Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts and the Stipulation and Protective Order entered in this action (ECF No. 92) hereby move to impound a single document containing five e-mails that, Defendants are informed, Plaintiffs intend to file as an exhibit to their Motion for Summary Judgment. Defendants move that this document be impounded until further order of the Court.

　　　The Stipulation and Protective Order in this action provides that a party producing documents may mark them as "Confidential" or "Highly Confidential – Attorneys Eyes Only" based on a good faith belief that such materials are entitled to protection under Federal Rule of Civil Procedure 26(c). *Id.* ¶ 3(b). "No Party shall file Confidential Information with the Court until the Court determines whether such materials may be filed under impoundment or on the public docket." *Id.* ¶ 9(a). "[T]he Party seeking to maintain the confidentiality of the material shall promptly file a Motion to Impound Confidential Material … ." ¶ 9(a). Here, Ingenico Inc. produced the document in question and seeks to maintain the confidentiality thereof.

The document that Ingenico Inc. marked as "Highly Confidential – Attorneys' Eyes Only" is an e-mail thread containing five e-mails that were sent between August 29, 2012 to September 17, 2012. This e-mail thread qualifies for protection as "Highly Confidential" under the Stipulation and Protective Order and should be impounded for the following reasons:

**It contains information about a French citizen protected by GDPR.** The Stipulation and Protective Order states that "A Producing Entity may designate as 'Highly Confidential … ' nonpublic, highly sensitive business or personal information … including but not limited to … private or confidential personal data protected by General Data Protection Regulations." *Id.* ¶ 3(b)(ii). The GDPR defines "personal data" as "any information relating to an identified or identifiable natural person … an identifiable natural person is one who can be identified, directly or indirectly, in particular by reference to an identifier such as a name, an identification number, location data, an online identifier or to one or more factors specific to the … economic, cultural or social identity of that natural person." GDPR Art. 4(1). The e-mail that Ingenico seeks to have impounded contains the first and last name of the French citizen, indicates his country of origin, includes his e-mail address, identifies his employer, and demonstrates the nature of his employment and the areas of his technical competence (which would allow persons with some information about him to confirm his identity by virtue of the description of his position, even if he had left Ingenico). All of this information is "personal data" under the GDPR, and is therefore entitled to protection as a Highly Confidential document under the Stipulation and Protective Order. Defendants respectfully move for the e-mail to be impounded.

**It is a non-public document that contains technical and trade information concerning mobile card readers and Ingenico's business plans.** The Stipulation and Protective Order states that a party may designate as "Highly Confidential" any "nonpublic highly sensitive

business … information that has not been disclosed to the public, the disclosure of which is highly likely to cause significant harm to … [a] commercial or competitive position … ." *Id.* ¶ 3(b)(ii). Such information includes but is not limited to: "new product technologies; research and development, including proposed research and development … work with third-party collaborators and licensees … confidential, non-public agreements with third parties" and "other materials that contain particularly sensitive trade secret … ." *Id.* The e-mail thread in question relates almost exclusively to Ingenico's research and development concerning several mobile commerce devices and its work with third parties in connection therewith. Although the e-mail is from 2012, it still contains sensitive non-public information: It contains non-public statements concerning the identity of Ingenico's suppliers and vendors and what they supply; identifies intellectual property included in Ingenico's products and its alleged origin; information concerning Ingenico's product development; information concerning customer reactions to Ingenico's products; and information concerning Ingenico's assessments of the success of various products. Lastly, the e-mail thread contains information that appears to fall within Plaintiffs' definition of their trade secrets in this litigation, which they allege to still be entitled to protection as trade secrets.

Even if the e-mail did not qualify for "Highly Confidential" status under the Stipulation and Protective Order, it would still be entitled to "Confidential" status and should therefore be impounded. "Confidential" information is "trade secrets or other non-public confidential and proprietary technical, research, development, … or other business information which is in the normal course of business maintained as confidential and which has not been released into the public domain … ." *Id.* ¶ 3(b)(i). The document in question contains private correspondence between two employees concerning confidential business information.

For the foregoing reasons, Defendants respectfully move the Court to impound the document in question.

| | |
|---|---|
| February 5, 2021 | INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A. |
| | By their attorneys, |
| | /s/ John A. Tarantino |
| | JOHN A. TARANTINO (BBO #492230) |
| | PATRICIA K. ROCHA (BBO #542348) |
| | NICOLE J. BENJAMIN (BBO #666959) |
| | WILLIAM K. WRAY, JR. *(#689037)* |
| | Adler Pollock & Sheehan P.C. |
| | One Citizens Plaza, 8th Floor |
| | Providence, RI 02903 |
| | Tel: (401) 274-7200 |
| | Fax: (401) 351-4607 |
| | jtarantino@apslaw.com |
| | procha@apslaw.com |
| | nbenjamin@apslaw.com |
| | wwray@apslaw.com |

**Rule 7.1(a)(2) Certification**

I certify that counsel for Defendants have conferred with opposing counsel and attempted in good faith to resolve or narrow the issue. Plaintiffs would not assent to the relief sought.

/s/ William K. Wray Jr.