UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br><br>    **Defendants.** | **Civil Docket No: 1:19-cv-11457-IT** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO IMPOUND EXHIBIT TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

    Defendants seek to impound a document that is neither highly confidential nor confidential. Rather, the document is highly *damaging* to Defendants' case, which is the only reason they wish to hide it. But that is not a proper basis for impounding a document and the Court therefore should deny Defendants' Motion to Impound Exhibit to Plaintiffs' Motion for Summary Judgment (the "Motion").

**I.    BACKGROUND**

    Plaintiff AnywhereCommerce, Inc. ("AnywhereCommerce") is in the credit card processing business. It was the first technology company to develop and market a mobile payment "dongle" that connects to the audio port of a wireless device (e.g., smartphone, tablet). Plaintiff BBPOS Limited ("BBPOS") is a mobile point of sales solution provider, a leading innovator, designer, and manufacturer of end-to-end mobile point of sale solutions, and manufactures mobile point of sale terminals for AnywhereCommerce and others. Through Plaintiffs' joint efforts, AnywhereCommerce has cornered the market by obtaining all patents related to mobile payment transactions done on smartphones and tablets.

That, however, did not stop Defendants from developing and selling their own products using BBPOS's trade secrets and Plaintiffs' technology.

Defendants are entities affiliated with the Ingenico trade name (collectively, "Ingenico"), which has been a significant manufacturer and seller of card-based electronic point of sale payment terminals. Historically, its focus had been on in-store and online electronic payments – not mobile payments, the space occupied by Plaintiffs.

However, Ingenico's focus in this regard began a slow shift toward the mobile payments space, in or around 2009, when it acquired a non-controlling ownership interest in ROAM Data, Inc. ("ROAM"), a U.S.-based mobile point of sale device supplier (and direct competitor of Plaintiffs). Soon thereafter, ROAM obtained a product licensing agreement from BBPOS to sell two contemplated mobile point of sale devices that were to be specifically developed and manufactured by BBPOS for ROAM's use and sale. One of those devices – the Acoustic CircleSwipe – was quickly brought to realization, thanks to BBPOS's technical expertise and guarded trade secrets, and then launched for sale in the marketplace by ROAM and its sales partners.

In February 2012, Ingenico acquired a majority ownership interest in ROAM. Leveraging its newly-acquired ownership position and enhanced operational controls over ROAM, Ingenico was then able to gain access to Plaintiffs' trade secrets and, in time, wrongfully misappropriate those stolen trade secrets by using them to develop its own competitive product line.

Seeing the value of the trade secrets it already had misappropriated, Ingenico sought to obtain even more of BBPOS's trade secrets through a proposed acquisition of BBPOS that ROAM claimed to be pursuing for itself also around this time. Based on ROAM's alleged interest in acquiring BBPOS, Ingenico, through its recent installation of its employee Christopher Rotsaert

as ROAM's Vice President of Products, secretly obtained unauthorized access to BBPOS's trade secrets that had been collected under the guise of conducting due diligence. That information, which was protected from improper disclosure and unauthorized use by the various confidentiality and non-disclosure obligations in place between the two (and only) parties in privity in this case (i.e., ROAM and BBPOS), had been provided by BBPOS to ROAM solely for the purpose of evaluating the contemplated acquisition of BBPOS. Instead it was disclosed to and acquired by Ingenico by improper means, which then used this secret information to develop the same technology for itself and compete for Plaintiffs' business.

Through discovery, Plaintiffs have obtained clear documentary proof of Ingenico's theft. Among the most damning documents is an internal Ingenico email chain circa September 2012 at bates number IngenicoInc_0071720 (the "Ingenico Email"). Plaintiffs intend to rely on the Ingenico Email as part of their impending motion for partial summary judgment. However, Ingenico has designated the Ingenico Email "Highly Confidential – Attorneys' Eyes Only" and has sought to enforce that designation by filing their Motion.

As discussed below, just because the Ingenico Email is highly damaging to Ingenico's case does not make it "highly confidential" or even "confidential." The only sensitive information in the Ingenico Email is the text evidencing Ingenico's liability, not any legally or legitimately protectable confidential or private personal data, or any trade secret or commercial proprietary information. Accordingly, the Court should deny the Motion.

**II.   ARGUMENT**

    **A.   Any Personal Data in the Ingenico Email does not Entitle the Document to a Designation of Highly Confidential – Attorneys' Eyes Only.**

Defendants argue that the Ingenico Email is Highly Confidential pursuant to the Stipulation and Protective Order (Dkt. No. 92) (the "Order") merely because it contains personal data

3

protected by an EU/French data privacy law known as the General Data Protection Regulations or "GDPR." Defendants express concern over alleged personal data such as first name, last name, country of residence, email address, employer, and nature of employment – in other words the type of information typically found in an email header or business email signature. In that regard, Defendants take the position that any email to or from a French resident should be subject to the restrictions of a "Highly Confidential – Attorneys' Eyes Only" designation. That is untenable.

> More importantly, it is a misapplication of the Order. The Order provides:
>
> A Producing Entity may designate as "Highly Confidential – Attorneys' Eyes Only" nonpublic, highly sensitive business or personal information that has not been disclosed to the public, **the disclosure of which is highly likely to cause significant harm to an individual or to the Producing Entity's commercial or competitive position**, including but not limited to . . . **private or confidential** personal data protected by General Data Protection Regulations or any similar applicable data privacy law(s); . . . **Highly Confidential – Attorneys' Eyes Only designations must be limited in scope**.

(Order, ¶ 3(b)(ii)) (emphasis added). Contrary to Defendants' position, the Order does not broadly permit them to designate any document with any personal data subject to the GDPR as Highly Confidential – Attorneys' Eyes Only. Rather, that designation "must be limited in scope" to "personal data" that is "private" or "confidential" such that disclosure "is highly likely to cause significant harm to an individual." Run of the mill "personal data" is not covered.

But that is all that Defendants identify as the basis for the Highly Confidential – Attorneys' Eyes Only designation – i.e., name, email address, country of residence, employer, and nature of employment. Defendants do not characterize any of that as "private" or "confidential" or the type of information that "is highly likely to cause significant harm to an individual" if disclosed. Clearly it is none of those things. Accordingly, none of the personal data in the Ingenico Email entitles the document to a designation of Highly Confidential – Attorneys' Eyes Only.

4816-9616-7132.2

### B. The Ingenico Email is not Highly Confidential as a Result of any Technical or Trade Information.

Nor may Defendants designate the Ingenico Email as Highly Confidential – Attorneys' Eyes Only on the basis of any technical or trade information. The Order provides that

> A Producing Entity may designate as "Highly Confidential – Attorneys' Eyes Only" nonpublic, highly sensitive business [] information that has not been disclosed to the public, . . . including but not limited to new product technologies; research and development, including proposed research and development, that has not been disclosed to the public; . . . work with third-party collaborators and licensees; . . . confidential, non-public agreements with third parties; . . . [and] other materials that contain particularly sensitive trade secret.

(Order, ¶ 3(b)(ii)). Defendants contend that the Ingenico Email contains information satisfying these specified categories and therefore may be designated as Highly-Confidential – Attorneys' Eyes Only. It does not. Rather, the Ingenico employees discuss Ingenico's theft of BBPOS's trade secrets without actually revealing any of the trade secrets.[1] There is no disclosure of any new product technologies, actual or proposed research and development, work with collaborators or licensees, confidential agreements, or any other particularly sensitive trade secret information. In fact, as Defendants admit, these correspondences do not concern *Ingenico's* trade secrets, but rather *BBPOS's* trade secrets. (Motion, at 3) ("the e-mail thread contains information that appears to fall within Plaintiffs' definition of *their* trade secrets in this litigation") (emphasis added). Ingenico cannot seek protection of *BBPOS's* trade secrets, of which none is disclosed in the Ingenico Email anyway.

But even if the Ingenico Email did contain information satisfying any of the Order's categories, Defendants do not explain how disclosure of any of that information "is highly

---

[1] Ingenico has no legitimate interest in maintaining the privacy of unlawful conduct.

5

likely to cause significant harm to an individual or to the Producing Entity's commercial or competitive position."[2] (Order, ¶ 3(b)(ii)). It would not. To cause even *any* harm to Ingenico's commercial or competitive position, the Ingenico Email would need to reveal information that would enable a competitor to obtain some kind of advantage in developing and/or marketing competitive products. But the Ingenico Email contains no such information. The Ingenico Email also is nearly a decade old. In the fast-paced technology sector, the disclosure of obsolete technical information from 2012 is highly likely to cause <u>no harm</u> to Ingenico. Accordingly, a Highly Confidential – Attorneys' Eyes Only designation is inappropriate.

### C. The Ingenico Email is not Confidential.

Defendants contend that the Ingenico Email may be designated as "Confidential" inasmuch as it contains "trade secrets or other non-public confidential and proprietary technical, research, development, . . . or other business information which is in the normal course of business maintained as confidential and which has not been released into the public domain." (Motion, at 3). But, as discussed above, the Ingenico Email reveals no trade secrets or confidential, proprietary, technical, research, or development information. Accordingly, Defendants may not designate the Ingenico Email as Confidential.

### III. CONCLUSION

For the foregoing reasons, Defendants may not designate the Ingenico Email as Highly Confidential – Attorneys' Eyes Only or as Confidential and the Court should deny the Motion.

---

[2] Nor do they acknowledge that "Highly Confidential – Attorneys' Eyes Only designations must be limited in scope." (Order, ¶ 3(b)(ii)).

4816-9616-7132.2

Respectfully submitted this 18th day of February 2021,

        ANYWHERECOMMERCE, INC.
        and BBPOS LIMITED,

        By their attorneys,

        */s/Melissa A. Bozeman*
        MELISSA A. BOZEMAN
        OLIVER D. GRIFFIN
        PETER N. KESSLER
        Kutak Rock LLP
        1760 Market Street, Suite 1100
        Philadelphia, PA 19103
        Tel: (215) 288-4384
        Fax: (215) 981-0719
        Melissa.bozeman@kutakrock.com
        Oliver.griffin@kutakrock.com
        Peter.kessler@kutakrock.com

        DANIEL CARMELI
        Kutak Rock LLP
        1801 California Street, Suite 3000
        Denver, Colorado 80202
        Tel: (303) 297-2400
        Fax: (303) 292-7799
        Daniel.carmeli@kutakrock.com

        JONATHON D. FRIEDMANN
        ROBERT P. RUDOLPH
        Rudolph Friedmann LLP
        92 State Street
        Boston, MA 02109
        Tel: (617) 723-7700
        Fax: (617) 227-0313
        jfriedmann@rflawyers.com
        rrudolph@rflawyers.com

        RICARDO G. CEDILLO
        Davis, Cedillo & Mendoza, Inc.
        755 E. Mulberry Ave., Ste 500
        San Antonio, Texas 78212
        Tel: (210) 822-6666
        Fax: (210) 822-1151
        rcedillo@lawdcm.com

4816-9616-7132.2

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of February 2021, the foregoing electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/Melissa A. Bozeman*
Melissa A. Bozeman

4816-9616-7132.2