**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ANYWHERECOMMERCE, INC. and BBPOS LIMITED** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,** <br><br> **Defendants.** | **Civil Docket No: 1:19-cv-11457-IT** |

## ANYWHERECOMMERCE, INC.'S AND BBPOS LIMITED'S ANSWER TO INGENICO, INC.'S SECOND AMENDED COUNTERCLAIMS

Plaintiffs / Counterclaim-Defendants AnywhereCommerce, Inc. ("AnywhereCommerce") and BBPOS Limited ("BBPOS," and together, "Counterclaim-Defendants"), by and through their attorneys, hereby submit this Answer to Defendant / Counterclaim-Plaintiff Ingenico, Inc.'s Second Amended Counterclaims [Doc. 78] (referred to hereinafter as the "Counterclaims"), responding as follows:

1.      Counterclaim-Defendants admit that ROAM Data, Inc. ("ROAM") merged into Ingenico, Inc.  The Am. Counterclaims themselves are a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the underlying licensing agreement entered into by and between ROAM and BBPOS, which further is a writing that speaks for itself.  Ingenico, Inc.'s allegations regarding an "exclusive license" and "exclusive worldwide license" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 1 of the Counterclaims.

2.      Denied.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Paragraph 6 of the Counterclaims states a legal conclusion to which no response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

7.      Paragraph 7 of the Counterclaims states a legal conclusion to which no response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

8.      Paragraph 8 of the Counterclaims states a legal conclusion to which no response is required. To the extent that a response is required, it is denied that this Court has subject-matter jurisdiction over Ingenico Inc.'s claim for patent infringement under the patent laws of the United States.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

9.      Paragraph 9 of the Counterclaims states a legal conclusion to which no response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

10.     Counterclaim-Defendants do not contest, for purposes of this lawsuit only, venue in the District of Massachusetts.  The referenced document is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof.  By way of further response, Counterclaim-Defendants state that their Complaint [Doc. 1] was originally filed in the United States District Court for the Northern District of Georgia (the "Transferor Court") on December 20, 2018.  On July 2, 2019, the Transferor Court entered a Consent Order [Doc. 36], whereby, upon the consent of all appearing parties, Defendants' Motion to Transfer Venue under 28 U.S.C. § 1404 [Doc. 23] was granted, such that, in relevant part, the "entire action [was] transferred to the United States District Court for the District of Massachusetts, Boston Division[,]" subject to this

Court's application of the Transferor Court's choice-of-law rules, as applicable.[1]   Except as expressly admitted, Counterclaim-Defendants deny Paragraph 9 of the Counterclaims.

11.     Counterclaim-Defendants admit that Ingenico, Inc., BBPOS, and AnywhereCommerce participate in the business of mobile payments.  Counterclaim-Defendants further admit that BBPOS designs and manufactures mobile payment devices. Except as expressly admitted, Counterclaim-Defendants deny Paragraph 11 of the Counterclaims.

12.     Counterclaim-Defendants admit that ROAM participated in the business of mobile payments. Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that ROAM merged with and into an entity identified merely as "Ingenico."  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 12 of the Counterclaims.

13.     Counterclaim-Defendants admit that BBPOS and ROAM entered into that certain "Engineering Development and License Agreement" on or around May 4, 2010, and which was amended on or around August 15, 2010 (the "BBPOS-ROAM Licensing Agreement"). Counterclaim-Defendants further admit that a copy of the referenced document is attached to the Counterclaims as Exhibit 1.  Counterclaim-Defendants further admit that ROAM merged into Ingenico, Inc.  Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Ingenico, Inc.'s subjective rationale for referring to the document attached as Exhibit 1 as "Ingenico-BBPOS Agreement."  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 13 of the Counterclaims.

---

[1] "[W]here a case is transferred pursuant to 28 U.S.C. § 1404(a), [a court] must apply the choice-of-law rules of the State from which the case was transferred." *In re Volkswagen & Audi Warranty Extension Litig.*, 692 F.3d 4, 18 (1st Cir. 2012) (citations omitted). In Georgia, "[t]he application of another jurisdiction's laws is limited to statutes and decisions construing those statutes. When no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law." *In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 362 F. Supp. 3d 1295, 1311-12 (N.D. Ga. 2019) (citing *Coon v. The Med. Ctr., Inc.*, 300 Ga. 722, 729, 797 S.E.2d 828 (2017).

14.    The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of it purportedly "reflect[ing]" that Ingenico Inc. and ROAM paid and provided "valuable consideration" to BBPOS, as presumably evidenced thereby, any mischaracterization of the type and quality of BBPOS's purported services to be provided thereunder, or any mischaracterization of the nature of the license so granted therein.  Ingenico, Inc.'s allegations regarding "valuable consideration" and an "exclusive license" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

15.    Ingenico, Inc.'s allegations regarding an "exclusive license" and the purported scope thereof, insofar as purportedly "cover[ing]" and "extend[ing] to" certain technology and products collectively identified in Paragraph 15 of the Counterclaims as "the devices (and portions of devices) covered by the exclusive license" and further unilaterally defining the same as the purportedly "Covered Mobile Payment Devices", state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. To the extent that the allegations of Paragraph 15 of the Counterclaims, including the injection of phrases in quotations, i.e., "based upon the foundation of BBPOS" and "similar to or based upon", attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein or any mischaracterization of the document itself effected by selectively quoting only a portion of it. Counterclaim-Defendants deny the allegations of Paragraph 15 of the Counterclaims, requiring a response.

16.     Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein, any mischaracterization of BBPOS's purported promises as to "exclusiv[ity]", or any mischaracterization of the purported "exception" thereto.  Counterclaim-Defendants deny the allegations of Paragraph 16 of the Counterclaims, requiring a response.

17.     Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations of Paragraph 17 of the Counterclaims, including those regarding what actions BBPOS purportedly "agreed that it would not" engage with respect to the purportedly "Covered Mobile Payment Devices", attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein.  Counterclaim-Defendants deny the allegations of Paragraph 17 of the Counterclaims, requiring a response.

18.     Paragraph 18 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

19.     Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants

deny these allegations to the extent a response is required.  To the extent that the allegations regarding the purportedly "Covered Mobile Payment Devices" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein. Counterclaim-Defendants deny the allegations of Paragraph 19 of the Counterclaims, requiring a response.

20.    Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations regarding the purportedly "Covered Mobile Payment Devices" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein. Counterclaim-Defendants deny the allegations of Paragraph 20 of the Counterclaims, requiring a response.

21.    Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations regarding the purportedly "Covered Mobile Payment Devices" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein.

Counterclaim-Defendants deny the allegations of Paragraph 21 of the Counterclaims, requiring a response.

22.     The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. Counterclaim-Defendants deny the allegations of Paragraph 22 of the Counterclaims, requiring a response.

23.     Paragraph 23 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

24.     The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein.  Ingenico, Inc.'s allegations regarding BBPOS's purported breach of the document attached as Exhibit 1 and the purportedly "Covered Mobile Payment Devices" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. Counterclaim-Defendants deny that they are liable for the Counterclaims.

25.     The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein or any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein.  Ingenico, Inc.'s

allegations regarding BBPOS's purported "promise[]" of an "exclusive" license, the purportedly "Covered Mobile Payment Devices", and BBPOS's purported "violation" of the document attached as Exhibit 1 state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 25 of the Counterclaims, requiring a response.

26.     The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's purported duties and obligations as set forth therein.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" and BBPOS's purported "promises" to comply with applicable law and against infringement state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 26 of the Counterclaims, requiring a response.

27.     Ingenico, Inc.'s allegations regarding the nature and scope of its purported indemnity rights state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations of Paragraph 27 of the Counterclaims, including the injection of the phrase in quotations, i.e., "any claim brought by a third party against [Ingenico Inc.] as a result of or relating to any actual or alleged breach hereof[]", attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of BBPOS's duties and obligations as set forth therein or any mischaracterization of the document itself effected by selectively quoting only a portion of it or by substituting in brackets therein

"Ingenico Inc." for "the Company".  Counterclaim-Defendants deny the allegations of Paragraph 27 of the Counterclaims, requiring a response.

28.     Paragraph 28 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny that they are liable for the Counterclaims.

29.     Counterclaim-Defendants admit that Ingenico, Inc. has asserted a right to indemnity from BBPOS under the document attached as Exhibit 1.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" and the nature and scope of its purported indemnity rights state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 29 of the Counterclaims.

30.     Paragraph 30 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. Counterclaim-Defendants deny that they are liable for the Counterclaims.

31.     Paragraph 31 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. Counterclaim-Defendants deny that they are liable for the Counterclaims.  To the extent that the allegations regarding the license purportedly granted to Ingenico, Inc. and Ingenico, Inc.'s "first right . . . to institute legal proceedings" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein or any mischaracterization of Ingenico, Inc.'s rights as set forth therein.

Counterclaim-Defendants deny the allegations of Paragraph 31 of the Counterclaims, requiring a response.

32.     Admitted.

33.     To the extent that the allegations regarding the purportedly "Covered Mobile Payment Devices" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" and the purported grant of "exclusive licenses" to Ingenico, Inc. state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 33 of the Counterclaims, requiring a response.

34.     Counterclaim-Defendants admit that AnywhereCommerce is a wholly-owned subsidiary of non-party, 4361423 Canada, Inc. ("436 Canada").  Ingenico, Inc.'s allegations regarding "exclusive licenses" to which 436 Canada purportedly "acknowledged and consented" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that these allegations attempt to restate the substance of any document, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof.  Except as expressly admitted, Except as expressly admitted, Counterclaim-Defendants neither admit nor deny the truth of the allegations contained in Paragraph 34 of the Counterclaims directed to 436 Canada, which is not a party to this proceeding.

35.     To the extent that the allegations regarding the purportedly "Covered Mobile Payment Devices" and Ingenico, Inc.'s purported "exclusive license covering the same" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" and Ingenico, Inc.'s purported "exclusive license covering the same" and purported "violation" thereof, state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 35 of the Counterclaims, requiring a response.

36.     To the extent that the allegations regarding the purported "intellectual property rights licensed to Ingenico, Inc." and Ingenico, Inc.'s purported "exclusive license covering the same" attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein. Ingenico, Inc.'s allegations regarding nature and scope of the license in intellectual property rights granted by BBPOS under the document attached as Exhibit 1 and the purported "violation of Ingenico, Inc.'s exclusive license covering the same" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 36 of the Counterclaims, requiring a response.

37.     To the extent that the allegations regarding the purported "intellectual property rights licensed to Ingenico, Inc." attempt to restate the substance of the document attached as

Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein.  Ingenico, Inc.'s allegations regarding nature and scope of the license in intellectual property rights granted by BBPOS under the document attached as Exhibit 1 state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants deny the allegations of Paragraph 37 of the Counterclaims, requiring a response.

### Count I

38.      Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

39.      Paragraph 39 of the Counterclaims states a legal conclusion to which no response is required.

40.      Paragraph 40 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants further specifically deny that all conditions precedent to BBPOS's performance under the document attached as Exhibit 1 have been fulfilled, including, without limitation, the express prohibition against transferring or assigning the license so granted therein "in the event of a sale of the Company to a competitor with its own POS products" absent BBPOS's prior written consent.  *See* BBPOS-ROAM Licensing Agreement, §1.2 ("The license granted in Section 1.1 is not transferrable or assignable in the event of a sale of the Company to a competitor with its own POS products without the prior written consent of the Partner, not to be unreasonably withheld.").

41.     Paragraph 41 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

42.     Denied.

## Count II

43.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

44.     Paragraph 44 of the Counterclaims states a legal conclusion to which no response is required.

45.     Paragraph 45 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants further specifically deny that all conditions precedent to BBPOS's performance under the document attached as Exhibit 1 have been fulfilled, including, without limitation, the express prohibition against transferring or assigning the license so granted therein "in the event of a sale of the Company to a competitor with its own POS products" absent BBPOS's prior written consent.  *See* BBPOS-ROAM Licensing Agreement, §1.2 ("The license granted in Section 1.1 is not transferrable or assignable in the event of a sale of the Company to a competitor with its own POS products without the prior written consent of the Partner, not to be unreasonably withheld.").

46.     Paragraph 46 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

47.     Denied.

**Count III**

48.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

49.     Counterclaim-Defendants admit that ROAM merged into Ingenico Inc. To the extent that Paragraph 49 of the Counterclaims states a legal conclusion, no response is required. Except as expressly admitted, Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of the Counterclaims.

50.     Paragraph 50 of the Counterclaims states a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

51.     Denied.

52.     Paragraph 52 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

53.     Denied.

**Count IV**

54.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

55.     Paragraph 55 of the Counterclaims states a legal conclusion to which no response is required.

56.     Denied.

57.     The allegations contained in Paragraph 57 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 57 of the Counterclaims, requiring a response.

14

58.     Paragraph 58 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

59.     Denied.

60.     Denied.

## Count V

61.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

62.     Counterclaim-Defendants admit that BBPOS owns and maintains trade secrets relating to the manufacture of mobile payment devices.  Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 62 of the Counterclaims.

63.     Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" "the rightful and exclusive licensee" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof.  Counterclaim-Defendants deny the allegations of Paragraph 63 of the Counterclaims, requiring a response.

64.     Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices derive economic value, actual and potential, from not being generally known to or readily ascertainable by other persons who can obtain economic value

15

from their disclosure or use.   Except as expressly admitted, Counterclaim-Defendants deny Paragraph 64 of the Counterclaims.

65.     Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices are the subject of efforts by BBPOS that are reasonable under the circumstances to maintain their secrecy.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 65 of the Counterclaims.

66.     Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices are used in and intended for use in interstate and foreign commerce.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 66 of the Counterclaims.

67.     Denied.

68.     The allegations contained in Paragraph 68 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 68 of the Counterclaims, requiring a response.

69.     The allegations contained in Paragraph 69 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 69 of the Counterclaims, requiring a response.

70.     Denied.

### Count VI

71.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

72.     Counterclaim-Defendants admit that BBPOS owns and maintains trade secrets relating to the manufacture of mobile payment devices.  Ingenico, Inc.'s allegations regarding the

purportedly "Covered Mobile Payment Devices" state a legal conclusion to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 72 of the Counterclaims.

73.   Ingenico, Inc.'s allegations regarding the purportedly "Covered Mobile Payment Devices" "the rightful and exclusive licensee" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required. The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof.  Counterclaim-Defendants deny the allegations of Paragraph 73 of the Counterclaims, requiring a response.

74.   Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices derive economic value, actual and potential, from not being generally known to or readily ascertainable by other persons who can obtain economic value from their disclosure or use.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 74 of the Counterclaims.

75.   Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices are the subject of efforts by BBPOS that are reasonable under the circumstances to maintain their secrecy.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 75 of the Counterclaims.

76.   Denied.

77.     The allegations contained in Paragraph 77 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 77 of the Counterclaims, requiring a response.

78.     The allegations contained in Paragraph 78 of the Counterclaims state legal conclusions to which no response is required.  Counterclaim-Defendants deny the allegations of Paragraph 78 of the Counterclaims, requiring a response.

79.     Counterclaim-Defendants admit that BBPOS's trade secrets relating to the manufacture of mobile payment devices are used in and intended for use in interstate and foreign commerce.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 79 of the Counterclaims.

80.     Denied.

**Count VII**

81.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

82.     Paragraph 82 of the Counterclaims states legal conclusions to which no response is required.

83.     Paragraph 83 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

84.     Paragraph 84 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

85.     Denied.

**Count VIII**

86.     Counterclaim-Defendants incorporate and reallege, as though fully set forth herein, each and every response to the allegations set forth in the preceding Paragraphs of this Answer.

87.     Counterclaim-Defendants deny that Count VIII sufficiently alleges direct infringement of the identified "Asserted Patents" and further deny that they have committed any acts of infringement in this District, or anywhere else, as alleged in Count VIII. Counterclaim-Defendants deny Paragraph 87 of the Counterclaims.

88.     Counterclaim-Defendants admit that 436 Canada is the present assignee of U.S. Patent Nos. 8,281,998; 8,286,875; 8,534,554; 9,016,566; 9,311,637; 9,443,239; and 9,818,107 (collectively, the "4361423 Patents") and that BBPOS is the present assignee of U.S. Patent Nos. 9,362,689 and U.S. Patent No. 8,336,771 (the "BBPOS Patents").  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 88 of the Counterclaims.

89.     Ingenico, Inc.'s allegations regarding an " 'exclusive . . . worldwide' license" purportedly over certain technology and products identified in Paragraph 89 of the Counterclaims and the "non-exclusive, non-transferable right" purportedly retained by BBPOS, state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  To the extent that the allegations of Paragraph 89 of the Counterclaims, including the injection of phrases in quotations, i.e., "exclusive . . . worldwide" and "patents and patent applications relating to the Products, any portion thereof, or any products similar to or based upon any Products", attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein and rights retained thereunder or any mischaracterization of the

document itself effected by selectively quoting only a portion of it.  Counterclaim-Defendants deny the allegations of Paragraph 89 of the Counterclaims, requiring a response.

90.     Denied.

91.     To the extent that the allegations of Paragraph 91 of the Counterclaims, including the injection of phrases in quotations, i.e., "first right . . . to institute, prosecute and control legal proceedings . . . to prevent or restrain . . . infringement or misappropriation", attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and   Counterclaim-Defendants   deny   any   mischaracterization   thereof,   including   any mischaracterization  of  the  nature  and  scope  of  the  license  so  granted  therein  or  any mischaracterization  of  the  document  itself  effected  by  selectively  quoting  only  a  portion  of  it. Counterclaim-Defendants deny the allegations of Paragraph 91 of the Counterclaims, requiring a response.

92.     Paragraph 92 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

93.     Paragraph 93 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

94.     Counterclaim-Defendants admit that AnywhereCommerce is a wholly-owned subsidiary of 436 Canada.   Ingenico, Inc.'s allegations regarding the purportedly "exclusive license" to which 436 Canada purportedly "acknowledged and consented" state legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.   To the extent that these allegations attempt to restate the substance of the BBPOS-ROAM Licensing Agreement or any other document, which are writings, the documents speak for themselves, and Counterclaim-Defendants deny any mischaracterization thereof.  Except

as expressly admitted, Counterclaim-Defendants neither admit nor deny the truth of the allegations contained in Paragraph 94 of the Counterclaims directed to 436 Canada, which is not a party to this proceeding.

95.     Paragraph 95 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

96.     To the extent that the allegations of Paragraph 96 of the Counterclaims, including the injection of phrases in quotations, i.e., "Products", attempt to restate the substance of the document attached as Exhibit 1, which is a writing, the document speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the nature and scope of the license so granted therein or any mischaracterization of the document itself effected by selectively quoting only a portion of it.  Counterclaim-Defendants deny the allegations of Paragraph 96 of the Counterclaims, requiring a response.

97.     To the extent that the allegations of Paragraph 97 of the Counterclaims attempt to restate the substance of the patent papers associated with the nine patents-in-suit, which are writings, the documents speak for themselves, and Counterclaim-Defendants deny any mischaracterization thereof.

98.      Paragraph 98 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  The document attached as Exhibit 1 is a writing, which speaks for itself, and Counterclaim-Defendants deny any mischaracterization thereof.

99.     Paragraph 99 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants are unable to either admit or deny the truth of the allegations contained

in Paragraph 99 of the Counterclaims specific to the defined term "Infringing Devices", as Ingenico Inc. purports to cumulatively and open-endedly define it in Paragraph 99, insomuch as it is too vague, ambiguous, and/or ill-defined to enable Counterclaim-Defendants to undertake a reasonable investigation of the allegations or otherwise formulate an informed response thereto, and, therefore, Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations.

100.     Paragraph 100 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Counterclaim-Defendants are unable to either admit or deny the truth of the allegations contained in Paragraph 100 of the Counterclaims specific to the defined term "Infringing Devices", as Ingenico Inc. purports to cumulatively and open-endedly define it in Paragraph 99, insomuch as it is too vague, ambiguous, and/or ill-defined to enable Counterclaim-Defendants to undertake a reasonable investigation of the allegations or otherwise formulate an informed response thereto, and, therefore, Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations.

101.     Counterclaim-Defendants admit that BBPOS has manufactured mobile point of sale devices and that AnywhereCommerce has provided mobile point of sale devices consistent with their respective rights in and to one or more of the nine patents-in-suit.  Counterclaim-Defendants further admit that a document that appears to be an undated screenshot of a website maintained by AnywhereCommerce in a format and organization similar to the current appearance of its website as of the date of filing is attached as Exhibit 2 and, on its face, does not reference the BBPOS Patents.  To the extent that the allegations of Paragraph 101 of the Counterclaims, including the injection of phrases in quotations, i.e., "[e]ach of AnywhereCommerce [sic] products

is covered by one or more of the following patents", attempt to restate the substance of a website, or the purported excerpt thereof attached as Exhibit 2, which are (or otherwise electronically represent) writings, the website and document speak for themselves, and Counterclaim-Defendants deny any mischaracterization thereof, including any mischaracterization of the website itself effected by selectively excerpting only a portion of it to attach as Exhibit 2 or of the document itself effected by selectively quoting only a portion of it herein.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 101 of the Counterclaims.

102.    Counterclaim-Defendants admit that AnywhereCommerce has provided products sometimes referred to as "Magstripe Rambler 3, the Chip & Sign Walker 2, and the Chip & Sign Walker C2X."  Counterclaim-Defendants are unable to either admit or deny the truth of the allegations contained in Paragraph 102 of the Counterclaims, including its subparts (a) – (g), specific to the defined term "Infringing Devices", as Ingenico Inc. purports to cumulatively and open-endedly define it in Paragraph 99, insomuch as it is too vague, ambiguous, and/or ill-defined to enable Counterclaim-Defendants to undertake a reasonable investigation of the allegations or otherwise formulate an informed response thereto, and, therefore, Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations.  To the extent that the allegations of Paragraph 102 of the Counterclaims, including each of its subparts (a) – (g), attempt to restate the substance of the patent papers associated with one or more of the nine patents-in-suit, which are writings, the documents speak for themselves, and Counterclaim-Defendants deny any mischaracterization thereof.  Paragraph 102 of the Counterclaims, including its subparts (a) – (g), states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Except as expressly

admitted, Counterclaim-Defendants deny Paragraph 102 of the Counterclaims, including its subparts (a) – (g).

103.   Counterclaim-Defendants admit that AnywhereCommerce has provided products sometimes referred to as "All-In-One N[omad] POS, the Chip & PIN Nomad WP2, the Chip & Sign Walker C2X, and the Chip & Sign Walker 2."  Counterclaim-Defendants are unable to either admit or deny the truth of the allegations contained in Paragraph 103 of the Counterclaims, including its subparts (a) and (b), specific to the defined term "Infringing Devices", as Ingenico Inc. purports to cumulatively and open-endedly define it in Paragraph 99, insomuch as it is too vague, ambiguous, and/or ill-defined to enable Counterclaim-Defendants to undertake a reasonable investigation of the allegations or otherwise formulate an informed response thereto, and, therefore, Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations.  To the extent that the allegations of Paragraph 103 of the Counterclaims, including each of its subparts (a) and (b), attempt to restate the substance of the patent papers associated with one or more of the nine patents-in-suit, which are writings, the documents speak for themselves, and Counterclaim-Defendants deny any mischaracterization thereof.  Paragraph 103 of the Counterclaims, including its subparts (a) and (b), states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.  Except as expressly admitted, Counterclaim-Defendants deny Paragraph 103 of the Counterclaims, including its subparts (a) and (b).

104.   Denied.

105.   Admitted, upon information and belief.

106.   Counterclaim-Defendants are unable to either admit or deny the truth of the allegations contained in Paragraph 106 of the Counterclaims specific to the defined term

"Infringing Devices", as Ingenico Inc. purports to cumulatively and open-endedly define it in Paragraph 99, insomuch as it is too vague, ambiguous, and/or ill-defined to enable Counterclaim-Defendants to undertake a reasonable investigation of the allegations or otherwise formulate an informed response thereto, and, therefore, Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations.  Paragraph 106 of the Counterclaims states legal conclusions to which no response is required, and Counterclaim-Defendants deny these allegations to the extent a response is required.

107.    Counterclaim-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the scope and extent of any express or implied licenses granted by or actions authorized by Ingenico Inc. Counterclaim-Defendants deny the allegations of Paragraph 107 of the Counterclaims, requiring a response.

108.    Denied.

109.    Denied.

WHEREFORE, Counterclaim-Defendants deny that Ingenico Inc. has sustained or will sustain any injury, damage, or loss in the sums alleged, or in any sum, or at all, as a result of the conduct alleged in the Counterclaims or by reason of any act, breach, or omission on the part of Counterclaim-Defendants, and deny that Plaintiff is entitled to legal, statutory, or equitable relief of any kind against Counterclaim-Defendants.

## AFFIRMATIVE DEFENSES

Counterclaim-Defendants assert the following separate and independent affirmative defenses in response to Ingenico Inc.'s Counterclaims. Counterclaim-Defendants recognize that depending upon the development of facts, some of the defenses may ultimately not be applicable. By such pleading, Counterclaim-Defendants also intend no alteration of the burden of proof and/or

burden of going forward with the evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all defenses are pled in the alternative, and do not constitute an admission of liability or as to whether Ingenico Inc. is entitled to any relief whatsoever.

Subject to the foregoing, and without waiving or excusing Ingenico Inc.'s burden of proof or assuming the burden of proof, Counterclaim-Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to lack of standing.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred because they fail to state a cause of action upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to a failure of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as illegal.

### NINTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred because Counterclaim-Defendants have a license to use that which they have been accused of unlawfully using.

### TENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to waiver or release.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to mutual mistake as to the interpretation of the phrase in the document attached as Exhibit 1: "the Products, any portion thereof, or any products similar to or based upon any Products."

### TWELVTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to mutual mistake as to the interpretation of the phrase in the document attached as Exhibit 1: "any Products, or any portion thereof, or any products similar to or based upon any Products".

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred due to mutual mistake as to the interpretation of the phrase in the document attached as Exhibit 1: "the Devices, or products substantially similar to the Devices".

### FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as insufficiently definite to enable the Court to give an exact meaning to the phrase in the document attached as Exhibit 1: "the Products, or products substantially similar to the Products".

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as insufficiently definite to enable the Court to give an exact meaning to the phrase in the document attached as Exhibit 1: "the Products, any portion thereof, or any products similar to or based upon any Products."

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as insufficiently definite to enable the Court to give an exact meaning to the phrase in the document attached as Exhibit 1: "any Products, or any portion thereof, or any products similar to or based upon any Products".

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as insufficiently definite to enable the Court to give an exact meaning to the phrase in the document attached as Exhibit 1: "the Devices, or products substantially similar to the Devices".

## EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as insufficiently definite to enable the Court to give an exact meaning to the phrase in the document attached as Exhibit 1: "the Products, or products substantially similar to the Products".

## NINETEENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as ambiguous with respect to the phrase in the document attached as Exhibit 1: "the Products, or products substantially similar to the Products".

### TWENTIETH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as ambiguous with respect to the phrase in the document attached as Exhibit 1: "the Products, any portion thereof, or any products similar to or based upon any Products."

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as ambiguous with respect to the phrase in the document attached as Exhibit 1: "any Products, or any portion thereof, or any products similar to or based upon any Products".

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as ambiguous with respect to the phrase in the document attached as Exhibit 1: "the Devices, or products substantially similar to the Devices".

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred as ambiguous with respect to the phrase in the document attached as Exhibit 1: "the Products, or products substantially similar to the Products".

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred to the extent that ROAM drafted the document attached as Exhibit 1.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as all conditions precedent to BBPOS's performance under the document attached as Exhibit 1 have not been fulfilled, including the express prohibition against transferring or assigning the license so granted

therein "in the event of a sale of the Company to a competitor with its own POS products" absent BBPOS's prior written consent.  *See* BBPOS-ROAM Licensing Agreement, §1.2 ("The license granted in Section 1.1 is not transferrable or assignable in the event of a sale of the Company to a competitor with its own POS products without the prior written consent of the Partner, not to be unreasonably withheld.").

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as ROAM's unauthorized sublicensing or transfer of license grant constitutes a material breach of the document attached as Exhibit 1.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that, as early as 2009 or at relevant times hereto, Ingenico Group, S.A. was engaging in competitive activities and developing POS products.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that, as early as 2009 or at relevant times hereto, Ingenico Ventures, SAS was engaging in competitive activities and developing POS products.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that, at relevant times hereto, Ingenico, Inc. was engaging in competitive activities and developing POS products.

## THIRTIETH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that BBPOS granted to ROAM the following:

a worldwide, perpetual, fully-paid license to freely **use the Partner Intellectual Property** to make, have made, develop, have developed, use, sell, offer for sale, import and distribute **the Products, any portion thereof, or any products similar to or based upon any Products**. For purposes of this Agreement, "Partner Intellectual Property" shall mean: (a) any and all patents and patent applications **relating to the Products**, including without limitation US Patent Application Number 12/767,831 for secure audio coupled card swiper filed on April 27, 2010 with the United States Patent and Trademark Office (the "Patent Application") and any patents issuing on the Patent Application, including (i) any reissues, renewals, reexaminations, substitutions or extensions thereof and foreign equivalents of the foregoing; (ii) any claim of a continuation-in-part application or patent that is entitled to the priority date of, and is directed specifically to subject matter specifically described in, the Patent Application; (iii) any foreign counterpart thereof (including PCTS); and (iv) any supplementary protection certificates and any other patent term extensions, restorations and exclusivity periods and the like of the Patent Application; and (b) any copyrights, trademarks, trade names, trade secrets, knowledge, data and information owned or controlled by the Partner relating to the Products.

*See* BBPOS-ROAM Licensing Agreement, §1.1, as amended (Emphasis added).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as the license granted by BBPOS to ROAM was not, in fact, nor ever intended to be fully "exclusive" to ROAM, excluding even itself, as licensor, in certain regions; such a reading of the contract generally would render required performance by BBPOS impossible and further divest BBPOS of certain rights expressly granted to it therein (i) to jointly sell one of the two Products (i.e., the BBPOS) or the Device (i.e., ROAMpay POS) under certain proscribed circumstances, (ii) to resell the BBPOS and/or the ROAMpay POS solution, and (iii) to sell and use the Products in China and the Philippines without restriction and at its discretion).  *See* BBPOS-ROAM Licensing Agreement, §§ 1.3, as amended, 1.4, 1.5.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that, in addition to expressly reserving the rights (i) to use the "Partner Intellectual Property" to sell the Products or

products similar thereto within and for use in China and the Philippines pursuant to §1.3, (ii) to "resell" "the BBPOS and ROAMpay POS solution" pursuant to §1.4, and (iii) to "jointly sell" "the BBPOS or ROAMpay POS" under certain circumstances pursuant to §1.5 anywhere in the world, BBPOS also expressly, necessarily, and implicitly reserved the worldwide nonexclusive right to use the Partner Intellectual Property in order to make, use, and sell the Products, Device, Deliverables, and Services for ROAM as the contract clearly contemplates and, in fact, requires of BBPOS in rendering its performance thereunder.

<strong>THIRTY-THIRD AFFIRMATIVE DEFENSE</strong>

Some or all of Ingenico, Inc.'s claims are or may be barred given that ROAM never opted to develop or complete the contemplated "BBPOS" and/or "ROAMpay POS".

<strong>THIRTY-FOURTH AFFIRMATIVE DEFENSE</strong>

Some or all of Ingenico, Inc.'s claims are or may be barred given that BBPOS did not sell or use the "Encrypted Circle Swipe reader, sometimes referred to as he 'Crypto Swipe' or 'ROAMpay Swipe' that has ability to generate capacitance for encryption from the audio jack of a mobile device or PC, this was developed by the Partner, and including any variance of this design" in violation of the document attached as Exhibit 1.

<strong>THIRTY-FIFTH AFFIRMATIVE DEFENSE</strong>

Some or all of Ingenico, Inc.'s claims are or may be barred given that, prior to being amended on August 15, 2011, the BBPOS-ROAM Licensing Agreement attached as Exhibit 1 originally granted to ROAM a license "to freely use and sell the Products[,]" at §1, on a basis characterized as "exclusive" with respect to the United States, and elsewhere, at §1.3. The "Products," however, pertained specifically to just two devices, namely, the CircleSwipe and ROAMpay POS. *Id.* at Schedule II. To the extent that the two Products, in fact, incorporated

intellectual property owned by BBPOS, BBPOS granted to ROAM a non-exclusive license therein as follows:

> If the Products or Devices incorporate Partner-owned IP, the Company is hereby granted a worldwide, perpetual, fully paid, sublicensable license to use the Partner IP to continue developing, manufacturing and selling the Products and Devices.

*Id.* at §9.2 (emphasis added).  The limitation of licensing pertaining to "Partner-owned IP" set forth at §9.2 was not amended by the parties, who "confirm[ed] and acknowledge[d] the continuing validity and enforceability of the [BBPOS-ROAM Licensing Agreement] as amended [t]hereby." *See* BBPOS-ROAM Licensing Agreement at §9.2; Amendment at §6.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given that BBPOS did not sell or use the "BBPOS" and/or "ROAMpay POS" in violation of the document attached as Exhibit 1.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch no infringement claim was brought by BBPOS as a result of ROAM's use of its intellectual property in connection with the Products or similar products nor has BBPOS otherwise granted an identical or similar license granted as set forth in the document attached as Exhibit 1 to any third party in violation of the same.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as the restrictive covenants contained in the document attached as Exhibit 1, including any purported restrictions on "us[ing] or sell[ing] any Products, or any portion thereof, or any products similar to or based upon any Products (other than as explicitly provided in this Agreement)" or "design[ing] or produc[ing], or assist[ing] in the design or production of" either the Device or the Products, or

products substantially similar thereto, for any third party, are illegal and/or unenforceable restraints on trade.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as the restrictive covenants contained in the document attached as Exhibit 1 (1) are not necessary to protect the legitimate business interest of the party seeking to enforce it, (2) are not supported by consideration, (3) are not reasonably limited in all circumstances, including time and space, and (4) are not otherwise consonant with public policy.

## FORTIETH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as Ingenico, Inc. is not entitled by contract to restrain ordinary competition, as it attempts to do herein.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred the restrictive covenants contained in the document attached as Exhibit 1 lack the necessary relation between protecting a business interest and the indefinite duration of the applicable non-compete periods.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given ROAM's material breach of the document attached as Exhibit 1 in transferring and assigning the license without BBPOS's prior written consent upon a sale of ROAM to a competitor with its own POS products as early as February 2012, contemporaneous with Ingenico S.A. taking control over ROAM as its majority stakeholder, but in no event later than February 2015.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred given at the time of contracting the document attached as Exhibit 1, both parties thereto intended for §1.2 to cover the situation of Ingenico S.A. acquiring ROAM in the future.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred insomuch as Ingenico, Inc.'s alleged trade secrets fail to meet the applicable statutory definitions of "trade secrets."

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred because it has failed to comply with M.G.L.A. ch. 93, §42D.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Some or all of Ingenico, Inc.'s claims are or may be barred for ROAM's and Defendants' violations of M.G.L.A. ch. 93, § 4.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Counterclaim-Defendants assert that they performed all duties owed to Ingenico Inc., if any, other than any duties which were prevented or excused, and therefore was never in breach of said duties, if any or at all.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Ingenico Inc.'s claims against Counterclaim-Defendants are barred in whole or in part because the conduct alleged against Counterclaim-Defendants complied with the various agreements and arrangements described in the Counterclaims and to which Plaintiff was a party and was aware and/or applicable law.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Ingenico Inc.'s claims against Counterclaim-Defendants are barred in whole or in part because Ingenico Inc. expressly approved, authorized, participated in, and/or ratified the acts and conduct complained of and upon which recovery is sought.

## FIFTIETH AFFIRMATIVE DEFENSE

Ingenico Inc.'s claims against Counterclaim-Defendants are barred, in whole or in part, because any injuries, harm, damages, or losses allegedly sustained by Ingenico Inc. arose from and were caused by risks of which it was aware and expressly acknowledged and/or assumed.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Ingenico Inc.'s claims against Counterclaim-Defendants are barred, in whole or in part, because any loss, harm, damage, injury, or detriment that Ingenico Inc. alleges to have suffered was directly or proximately caused by superseding events, or the acts and conduct of others over which Counterclaim-Defendants had no control, thereby precluding any recovery against Counterclaim-Defendants.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Ingenico Inc.'s claims against Counterclaim-Defendants are barred, in whole or in part, because any loss, harm, damage, injury, or detriment that Ingenico Inc. alleges to have suffered was proximately caused by the acts or omissions of persons or entities other than Counterclaim-Defendants and over whom Counterclaim-Defendants had no control. In the unlikely event Counterclaim-Defendants is held liable to Ingenico Inc. for any loss, harm, damage, injury, or detriment, Counterclaim-Defendants is entitled to indemnity and contribution from those other persons or entities in direct proportion to their respective fault.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Ingenico Inc.'s claims are barred, in whole or in part, because Counterclaim-Defendants' conduct was reasonable, justified, and in good faith, based upon all relevant facts and circumstances known at the time.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

Ingenico Inc. failed, refused, and neglected to take reasonable steps to mitigate its damages, if any, thus barring or diminishing Ingenico Inc.'s recovery. Any alleged damages should be reduced to the extent Ingenico Inc. unreasonably delayed in asserting the claims in the Counterclaims.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

Counterclaim-Defendants assert that Ingenico Inc. and/or its agents failed to comply with the terms of written agreements with Counterclaim-Defendants, as applicable, by, among other things, changing the terms of the contract without the consent of Counterclaim-Defendants and breaching the implied warranty of good faith and fair dealing by acting unreasonably, denying the benefits of a contract to Counterclaim-Defendants, as applicable.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

Counterclaim-Defendants assert that Ingenico Inc. and/or Ingenico Inc.'s assignor/successor-in-interest, as applicable, obtained Counterclaim-Defendants' consent to the contracts or transactions through fraud, deceit, or misrepresentation by Ingenico Inc. and/or Ingenico Inc.'s assignor/successor-in-interest, and that as a result the contract or contracts are invalid.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Counterclaim-Defendants assert that Ingenico Inc. is seeking to recover more than Ingenico Inc. is entitled to recover in this case, and award of the judgment sought by Ingenico Inc. would unjustly enrich Ingenico Inc.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Counterclaim-Defendants assert that Ingenico Inc. and/or Ingenico Inc.'s assignor/successor-in-interest, as applicable, owes money or other valuable consideration to Counterclaim-Defendants, and that as a result Counterclaim-Defendant owes less than the amount claimed by Ingenico Inc., if anything at all.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Counterclaim-Defendants assert that even if Ingenico Inc.'s other allegations are true, Ingenico Inc. did not suffer any damages.

## SIXTIETH AFFIRMATIVE DEFENSE

Ingenico Inc.'s demand for judgment requests relief in whole or in part that is not supported by the allegations of its Counterclaims or otherwise to which Ingenico Inc. is not entitled.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Counterclaim-Defendants have not infringed and do not infringe, either literally or under the doctrine of equivalents, either directly or indirectly, or any valid, enforceable claim of the nine patents-in-suit and as to which Ingenico Inc. has a right to assert.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

Ingenico Inc.'s claims for damages are barred, in whole or in part, by 35 U.S.C. § 286.

### SIXTY-THIRD AFFIRMATIVE DEFENSE

Ingenico Inc. cannot prove that any alleged infringement was willful or that this is an exceptional case justifying an award or attorneys' fees or enhanced damages.

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

Ingenico Inc. has failed to state facts and/or a legal basis sufficient to permit the Court to grant equitable or injunctive relief against Counterclaim-Defendants.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

Counterclaim-Defendants cannot be held liable for infringing any of the nine patents-in-suit due to their status as owner and/or licensee of the patents, and because Ingenico Inc. lacks any ownership or other requisite interest in the nine patents-in-suit sufficient to confer standing under Article III or the U.S. Patent Act to assert any claim for infringement under the patents. In addition, because Ingenico Inc. lacks any legally cognizable standing to assert infringement under the nine patents-in-suit, there is no subject matter jurisdiction over Ingenico Inc.'s infringement allegations.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim for which relief can be granted.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

Ingenico Inc. lacks standing to sue on the grounds that it is not the owner, assignee, or exclusive licensee of the nine patents-in-suit.

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Ingenico Inc.'s patent infringement claims are barred in whole or in part by the doctrine of laches, estoppel, waiver, implied license, patent misuse, and/or unclean hands.

### SIXTY-NINTH AFFIRMATIVE DEFENSE

Ingenico Inc. is not entitled to injunctive relief because any injury is neither immediate nor irreparable, and Ingenico Inc. has an adequate remedy at law.

### SEVENTIETH AFFIRMATIVE DEFENSE

Ingenico Inc. is barred from recovery, either in whole or in part, by the applicable statute of limitations.

### SEVENTY-FIRST AFFIRMATIVE DEFENSE

BBPOS has never held nor been granted an exclusive license to the 4361423 Patents.

### SEVENTY-SECOND AFFIRMATIVE DEFENSE

Ingenico Inc.'s claims for infringement of the nine patents-in-suit are barred because Counterclaim-Defendants own, have an express right, and/or have an implied right to practice the nine patents-in-suit.

### SEVENTY-THIRD AFFIRMATIVE DEFENSE

Counterclaim-Defendants have not engaged in any conduct that entitles Ingenico Inc. to attorneys' fees.

### SEVENTY-FOURTH AFFIRMATIVE DEFENSE

Ingenico Inc.  is not entitled to treble damages under 35 U.S.C. § 284.

## **RESERVATION OF DEFENSES**

Counterclaim-Defendants currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, yet unstated, affirmative defenses available.  Counterclaim-Defendants thus expressly reserve the right to amend this answer as appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Defendants pray:

A.      Judgment in Counterclaim-Defendants' favor on all Counterclaims asserted against Counterclaim-Defendants;

B.      Judgment be entered in Counterclaim-Defendants favor and against Ingenico, Inc. for contractual and statutory damages including but not limited to double damages, costs of this action (including reasonable attorney's fees), equitable relief, and for such other further relief as the Court deems just and proper.

C.      Counterclaim-Defendants' costs and disbursements of this suit, including reasonable attorney's fees as provided by law and/or contract;

D.      Declaration that this case is exceptional under 35 U.S.C. § 285, and for the award of treble damages, attorneys' fees, and the costs of the action pursuant to that statute; and

E.      Such other further and different relief as the case may require or otherwise be recoverable and that the Court may deem just and proper under the circumstances.

**JURY TRIAL DEMAND**

Counterclaim-Defendants hereby demand a trial by jury, as to all triable issues.

Respectfully submitted this 18th day of February 2021,

ANYWHERECOMMERCE, INC.
and BBPOS LIMITED,

By their attorneys,

*/s/ Melissa A. Bozeman*
MELISSA A. BOZEMAN
OLIVER D. GRIFFIN
PETER N. KESSLER
Kutak Rock LLP
1760 Market Street, Suite 1100
Philadelphia, PA 19103
Tel: (215) 288-4384
Fax: (215) 981-0719
Melissa.bozeman@kutakrock.com
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com

DANIEL CARMELI
Kutak Rock LLP
1801 California Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 297-2400
Fax: (303) 292-7799
Daniel.carmeli@kutakrock.com

JONATHON D. FRIEDMANN
ROBERT P. RUDOLPH
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
Tel: (617) 723-7700
Fax: (617) 227-0313
jfriedmann@rflawyers.com
rrudolph@rflawyers.com

RICARDO G. CEDILLO
Davis, Cedillo & Mendoza, Inc.

755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
Tel: (210) 822-6666
Fax: (210) 822-1151
rcedillo@lawdcm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February 2021, I will electronically file this document through the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John A. Tarantino, Esq.
Patricia K. Rocha, Esq.
Nicole Benjamin, Esq.
William K. Wray, Jr., Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
wwray@apslaw.com

*/s/ Melissa A. Bozeman*
Melissa A. Bozeman