UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC., and BBPOS LIMITED, | * * * |
| Plaintiffs, | * * |
| v. | * Civil Action No. 19-cv-11457-IT * |
| INGENICO, INC., INGENICO CORP., and INGENICO GROUP S.A., | * * * |
| Defendants. | * |

ORDER

June 3, 2021

TALWANI, D.J.

Before the court is Plaintiffs AnywhereCommerce, Inc., and BBPOS Limited's Motion for Reconsideration of August 31, 2020 Order [#127]. The August 31, 2020 Order [#118] addressed Plaintiffs' Motion to Compel Production of Documents [#104]. There, Plaintiffs complained that domestic Defendants Ingenico, Inc., and Ingenico Corp., and French Defendant Ingenico Group S.A. were improperly refusing to comply with a request for production of documents by contending that the 2018 French analogue of the European General Data Protection Regulation ("GDPR") precluded Defendants from producing the requested materials.

The August 31, 2020 Order concluded that the GDPR did not limit the court's authority to order Defendants to produce the requested evidence, even assuming that production of the documents would run afoul of the GDPR.[1] Mem. & Order 2 [#118] (citing Societe Nationale

---

[1] Plaintiffs contended that the GDPR's "litigation exemption" allows production of documents "necessary for the establishment, exercise or defense of legal claims, whether in court proceedings or in an administrative or out-of-court procedure." Mem. Supp. Mot. Compel 1 [#105]. Defendants, on the other hand, argued that, even if the litigation exemption applied, it

Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa, 482 U.S. 522, 544 (1987)). Nonetheless, the court considered the GDPR as an objection by a foreign state over the discovery sought by Plaintiffs to the extent that the requested discovery would have impinged on protections the GDPR provides to French nationals. Id. at 3. Where a United States court is faced with an objection by a foreign country over the scope of discovery, the Supreme Court has advised that the domestic court should consider the factors set out in the Restatement (Third) of Foreign Relations Law § 442(1)(c). See Societe Nationale, 482 U.S. at 544, n. 28. These are: "(1) the importance to the . . . litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." Id.

At the time the court issued its August 31, 2020 Order, Plaintiffs had represented to the court that they expected much of the requested documents to be located in the United States and in the possession and control of the domestic Defendants. See Pls.' Mem. Support 12 [#105]. Taking this representation as accurate, the court noted that considerations of comity required

---

only allows a production of materials information "necessary" for the case and that this standard was more restrictive than the standard of production under Fed. R. Civ. P. 26. Ingenico Opp'n 9–10 [#106]. However, Defendants did not identify any support for the proposition that a company would be subject to liability under the GDPR for complying with a court order to produce materials and at least one American court has rejected this argument. See Knight Capital Partners Corp. v. Henkel Ag & Co., KGaA, 290 F. Supp. 3d 681, 687–88 (E.D. Mich. 2017). Whether the litigation exemption would protect a foreign company from liability under the GDPR is ultimately a question of foreign law that the court need not address as the issue may be resolved applying domestic law.

avoiding potentially cumulative foreign discovery. Mem. & Order 4 [#118] (citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1475 (9th Cir. 1992) ("[W]here the evidence sought is cumulative of existing evidence, courts have generally been unwilling to override foreign secrecy laws")). Accordingly, the court bifurcated the analysis as to those documents in possession and control of the domestic Defendants (even if subject to the GDPR) and those documents in possession and control of the foreign Defendant and then considered the Restatement factors only as to the former. For the reasons set forth in the August 31, 2020 Order, the court found that the Restatement factors supported Plaintiffs' argument that the material should be produced over any objections arising from the GDPR and the court ordered the production of the requested documents by the domestic Defendants. Id. at 4–7.

Plaintiffs' request for reconsideration of the August 31, 2020 Order asserts that, contrary to Plaintiffs' previous representations of where the relevant information was located, "the key decisionmakers . . . and the important documents and evidence relevant to Plaintiffs' claims are in France." Pls.' Mem. Support [#127]. Defendants do not disagree with this representation and, indeed, the representation is consistent with the parties' initial disclosures, which identify a number of witnesses outside the United States. See Pls.' Mem. Support, Exs. 2 & 3 [#126-2], [#126-3]. Where a party requests relief from an interlocutory order, the court should grant such relief "as justice requires." Monsarrat v. Zaiger, 303 F. Supp. 3d 164, 166 (D. Mass. 2018) (quoting Greene v. Union Mut. Life Ins. Co. of Am., 764 F.2d 19, 22–23 (1st Cir. 1985)). Here, reconsideration is appropriate since the August 31, 2020 Order was based on the court's misapprehension that discovery in this case could meaningfully proceed while also being limited to the domestic Defendants. Disabused of that premise, the court now reconsiders the conclusion

reached in the August 31, 2020 Order without bifurcating the analysis between those documents in possession and control of the domestic as opposed to foreign Defendants.

Reconsideration of the August 31, 2020 Order does not require starting with a blank slate. This is because the analysis of all but one of the Restatement factors set forth in the August 31, 2020 Order is not affected by whether the analysis is bifurcated between materials in the custody of the domestic or foreign entities. First, the documents and information requested continue to be of substantial importance to the litigation.[2] Indeed, the parties' initial disclosures make plain that French nationals are at the center of this dispute between the parties. Second, while Plaintiffs' discovery requests are sometimes quite broad, Defendants do not contend that the discovery requests raise concerns about disclosure of employees, customers, or third-party partners that were uninvolved in the events giving rise to the present dispute. Third, there remains no mechanism for Plaintiffs to discover substantially equivalent information through other means. Fourth, the United States continues to hold an important interest in rendering an adequately informed decision as to the rights of the parties to this action.

The only factor where the analysis now turns out differently is the question of whether the information originated in the United States or abroad. The parties no longer dispute that many if not most of the responsive documents either originated abroad or are located abroad. While the location of the materials is a weighty consideration in the comity analysis (and this

---

[2] Defendants' expansive application of the GDPR to the documents requested by Plaintiffs augments the importance of the material being withheld. It continues to be Defendants' position that practically any document that contains personally identifiable information, such as the information contained in a signature block, renders the document protected by the GDPR regardless of whether the information contained in the email is of a personal or confidential nature. See Defs.' Mot. Impound 2 [#138]. Thus, the question presented is not the importance of a specific category of documents to this litigation insomuch as it is the importance of document discovery as a whole.

court has attempted to avoid unnecessary discovery of foreign materials), that factor does not override the other four factors that, in this instance, tilt heavily in favor of disclosure. See Masimo Corp. v. Mindray DS USA, Inc., No. SACV1202206CJCJPRX, 2014 WL 12589321, at *3 (C.D. Cal. May 28, 2014) (finding that the location of the materials alone is not enough to block disclosure).

The existence of a Protective Order [#92] is a final consideration that is central to the court's analysis but does not fall squarely into the factors identified by the Restatement.[3] As Defendants state in their brief, the GDPR is founded on the principal that "[e]veryone has the right to the protection of personal data concerning him or her." Defs.' Opp'n 3 n.1 [#106]. The court is cognizant of France's interest in ensuring that its nationals are afforded the rights provided under the GDPR to protect against the commoditization and/or distribution of their personal information. Consistent with the objectives of the GDPR, the parties have agreed to, and the court has endorsed, a Protective Order [#92] that provides that Defendants may identify private and/or confidential documents subject to the GDPR as "Highly Confidential-Attorneys' Eyes Only" with specific procedures in place as to how any such material may be disseminated and providing that upon the conclusion of the litigation, the materials are to be returned or destroyed. The court does not issue protective orders lightly and violations of the terms of this Order subject the offender to sanctions up to and including criminal contempt. Thus, far from ignoring the protections of the GDPR, the court's Order ensures that the protections provided by

---

[3] Some courts consider the existence of a protective order in the fifth category, which balances the interests of the United States with the interests of the foreign country. See, e.g., In re Air Crash at Taipei, Taiwan on Oct. 31, 2000, 211 F.R.D. 374, 379 (C.D. Cal. 2002); Finjan, Inc. v. Zscaler, Inc., No. 17CV06946JSTKAW, 2019 WL 618554, at *3 (N.D. Cal. Feb. 14, 2019). Proceeding in that way may understate the importance of a well-drafted protective order that may obviate the need for the comity analysis in the first place.

the GDPR are maintained throughout and following this proceeding. See In re Air Crash at Taipei, Taiwan on Oct. 31, 2000, 211 F.R.D. 374, 379 (C.D. Cal. 2002) (noting that the presence of a protective order lessened concerns about the foreign government's interest in maintaining secrecy over the disclosed materials).

Finally, the court turns to Defendants' alternate proposal that the court limit any order compelling the production of documents to those belonging to the custodians identified in the parties' initial disclosures. See Defs.' Opp'n 5 [#129]. This argument is not persuasive since initial disclosures are primarily a tool for a party to share the factual and legal contentions underlying *their own cases*, not witnesses or material that may be helpful to the opposing party. See Silvagni v. Wal-Mart Stores, Inc., 320 F.R.D. 237, 240 (D. Nev. 2017) ("The purposes of the initial disclosure requirements are important and clear. Parties should be put on notice of the factual and legal contentions *of the opposing party*") (emphasis added); Ramirez v. Zimmerman, No. 17-CV-1230-BAS-AHG, 2020 WL 905603, at *10 (S.D. Cal. Feb. 25, 2020) ("Whether a document might support the opposing party's claims is not the relevant standard for whether a document must be included in initial disclosures."). Where, without the benefit of discovery, Plaintiffs may not know the individuals within the Ingenico companies that possess the sought-after information and where Defendants' disclosures may have only identified individuals who were known to have information helpful *to Defendants'* case, limiting discovery to the individuals identified in initial disclosures will place an asymmetric burden on Plaintiffs' ability to prosecute their case.

For the reasons set forth above, Plaintiffs' Motion for Reconsideration of August 31, 2020 Order [#127] is GRANTED. Defendants Ingenico, Inc., Ingenico Corp., and Ingenico Group S.A. are hereby ORDERED to produce, subject to the court's Protective Order [#92],

responsive documents in their custody or control without redaction or withholding of personal data pursuant to the GDPR.

    IT IS SO ORDERED.

Date: June 3, 2021                                                      /s/ Indira Talwani  
                                                                      United States District Judge