

**Kutak Rock LLP**
1760 Market Street, Suite 1100, Philadelphia, PA 19103-4104
office 215.299.4384

**Oliver D. Griffin**
215.717.8487
oliver.griffin@kutakrock.com

November 8, 2021

**VIA CM/ECF**

Honorable Indira Talwani
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse, Suite 2300
1 Courthouse Way
Boston, MA 02210

  Re: *AnywhereCommerce, Inc., et al. v. Ingenico Inc., et al.* (No. 1:19-cv-11457-IT)

Dear Judge Talwani:

  We represent the Plaintiffs in the above-referenced action. Foremost, as lead counsel on this case, I endeavor to personally attend each of the Court conferences and hearings. Regrettably, I was unable to attend the most recent conference on November 5, 2021, due to a previously scheduled deposition in another case, which created a conflict when the discovery conference was rescheduled. Moreover, we appreciate the Court setting aside time on short notice to hear our concerns.

  I understand from my colleagues that during that conference the Court expressed its own concerns about our discovery requests and posited that those requests demonstrated a lack of candor to the Court. We take our ethical and professional responsibilities very seriously – in particular our responsibility to be candid with the Court. In this instance, I understand that the last request for a discovery extension did not refer to plans to issue additional discovery. Please note that it was on my directive to Mr. Carmeli that that the most recent set of discovery requests were propounded. The basis for my initiative, and as I believe Mr. Carmeli may have submitted to Your Honor, was that by the time we submitted the extension request in August 2021, our initial set of document requests had been pending since December 2019 and so our immediate concern (as it had been with the multiple prior extension requests) was to receive a complete set of documents responsive to those requests.

  From the outset, our plan had been to use our first set of document requests to get broad email and business records, and to then use those documents (in conjunction with consultation with our expert) to craft our second (and final) set of targeted requests for technical records and things that are necessary for the prosecution of our trade secret theft claims. Because each of the extensions in this case has been predicated, in part, on the incomplete production in response to

**KUTAK**ROCK

Honorable Indira Talwani
November 8, 2021
Page 2

our first set of requests, we did not view our intention for a second set of document requests as the justification for the extensions – which is why that intention was not included in the extension request. Nevertheless, and as intended by us, upon finally receiving in September 2021 the last rolling production of documents responsive to our December 2019 document requests, we issued our final permissible set of document requests. We submit this above basis for our discovery plan and not some other basis that would include any issue that was not intended to be known to all parties and to the Court.

Although no rule or order prohibited us from issuing the discovery requests, we understand now that we did not anticipate Your Honor's valid concerns and that was a mistake by me and it has now created an unintended consequence that could have been managed better by our side and thus avoided altogether. In that respect, and as lead counsel, and as the attorney for Plaintiffs who attended the initial scheduling conference, I take full responsibility for the representations that have been made on behalf of Plaintiffs on this issue (and all issues). We will endeavor in all future matters to provide the Court with fulsome descriptions of the facts and proceedings to support the Court's abilities to make fully informed evaluations and decisions.[1]

Again, we appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/Oliver D. Griffin*

OLIVER D. GRIFFIN

---

[1] As for the issue at hand, as my colleague Mr. Carmeli articulated during the recent conference, we have been working diligently both internally and with opposing counsel to complete all discovery by December 17, 2021. In particular, we have taken multiple depositions and have cooperated with counsel for Defendants with respect to scheduling their depositions. We do not anticipate any issues with completing depositions by December 17, 2021. Similarly, we issued our second set of requests for production on September 8, 2021, which we also expected would provide enough time for the Defendants to provide a full response and for the parties to work out any issues as to the completeness of the response (and we are not aware of any such issues at this time). Accordingly, consistent with the Court's desires, we are committed to completing all discovery by the deadline.

KUTAKROCK

Honorable Indira Talwani
November 8, 2021
Page 3


ODG
cc:     counsel of record (via CM/ECF)

4815-1215-8923.1