# EXHIBIT H

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**ANYWHERECOMMERCE, INC.**
**and BBPOS LIMITED,**

           **Plaintiffs,**

        **v.**

**INGENICO INC., INGENICO CORP. and**
**INGENICO GROUP, SA,**

           **Defendants.**

**CIVIL ACTION NO.**
**1:19-cv-11457-IT**

### INGENICO INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO ANYWHERECOMMERCE, INC.

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, Defendant and Counter-Claimant Ingenico Inc. hereby requests that Plaintiff AnywhereCommerce, Inc. produce for inspection and copying, in accordance with the following definitions and instructions, the following documents specified herein within thirty (30) days at the law offices of Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903.

### INSTRUCTIONS

For the purposes of these Requests for Production and responses thereto, the following instructions apply:

1.      Unless otherwise indicated in a specific Request for Production, the applicable time period for each Request is from January 1, 2011 to the present.

2.      The documents responsive to the requests shall be organized and labeled to correspond with each numbered paragraph of the requests to which they are responsive.

3.     In accordance with the applicable Federal Rules of Civil Procedure, these Requests call for the production of all responsive documents within your custody or control, even if those documents are not within your actual possession or the possession of your agents or attorneys.

4.     The singular form of a word should be interpreted in the plural as well, and the present tense shall always include the past tense, and vice versa. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the Request more inclusive. The term "any" or "each" should be understood to include and encompass "all."

5.     If a Request calls for documents that are no longer in your possession, custody or control, please state:

   (a)     when such documents were most recently in your possession, custody or control;

   (b)     what disposition you made of them;

   (c)     the identity of the person or persons presently in possession, custody or control of such documents;

   (d)     the identity of any persons referred to in the documents or sent a copy of the documents; and

   (e)     if the documents have been destroyed, identify the person who destroyed the documents and the person who directed that the documents be destroyed, state when they were destroyed, and state the reasons the documents were destroyed.

6.     If you object to a Request on the ground that it seeks privileged documents, please produce all documents or portions thereof that are not privileged or to which you do not object.

For each document or portion thereof that you withhold from production on the ground that it is privileged, state the following:

    (a)    the nature of the document in sufficient detail so that it may be identified;

    (b)    the date, if any, appearing on the document;

    (c)    the identity of each person who wrote, dictated or otherwise participated in the preparation of the document; and

    (d)    the specific nature of the privilege which you claim applies to the documents and the basis for the claim.

7.    These Requests shall be deemed continuing to the fullest extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure, so that you are required to make further and supplemental production if you obtain additional responsive documents between the time of initial production and the time of trial.

8.    The paragraphs and subparagraphs herein shall not be construed by or with reference to any other paragraph or subparagraph in a manner that limits the scope of any particular Request or the subject matter thereof.

9.    Please produce each requested document in single page Tag Image File Format (TIFF) images with the corresponding Concordance delimited text data file ("DAT") which contains the field level information identified in Instruction E. The standard delimiters for this file are as follows:

| Comma | ASCII Character 20 |
|---|---|
| Quote | ASCII Character 254 |
| Newline | ASCII Character 174 |

The following fields of data, to the extent available, are to be included in the DAT file:

| Field Name | Description |
|---|---|
| Author | Author field value as extracted from the metadata of the original file |
| BegDoc | Bates number of the first page of a document |
| EndDoc | Bates number of the last page of a document |
| BegAttach | BegDoc number of parent record |
| EndAttach | EndDoc number of last attached document in family |
| Page Count | Number of pages in a document |
| Custodian | Custodian of the file or archive from which the file was obtained |
| Duplicate Custodian | Names of the custodians containing duplicate versions of the original record |
| Confidential | Confidentiality status |
| Doc Extension | File extension of the original file |
| From | Sender of the email |
| To | Recipients of the email |
| CC | Recipient(s) of "Carbon Copies" of the email message |
| BCC | Recipient(s) of "Blind Carbon Copies" of the email message |
| Subject | The Subject of an email |
| TimeSent | Time an email was sent |
| DateSent | Date an email was sent |
| DateCreated | Creation date of the original file |
| TimeCreated | Creation time of the original file |

| | |
|---|---|
| DateModified | Date the original file was last modified |
| TimeModified | Time the original file was last modified |
| Title | Title field value extracted from the metadata of the original file |
| Filename | Name of an electronic file as it appears on disk |
| ParentID | The BegDoc number for the email to which a document is attached in a Message Unit |
| ThreadID | Email thread identification of the leftmost 22 characters of ConversationIndex field |
| NativeLink | Contains the full directory path of a file used to hyperlink to the native version of the original file |
| Page Count | Number of pages in a document |

Images must be accompanied by an Opticon Image Cross Reference load file ("OPT"). The Opticon cross-reference file is a comma delimited file consisting of six fields per line. There must be a line in the cross-reference file for every image in the database. The format for the file is as follows:  ImageID, VolumeLabel, ImageFilePath, DocumentBreak, FolderBreak, BoxBreak, PageCount (Sample:  PROD00000001, VOL001, 001\ PROD00000001.TIF,Y,,2).

ImageID:  The unique designation that Concordance and Opticon use to identify an image.  This should be the BegDoc number of the document.

VolumeLabel:  The name of the volume.

DocumentBreak:  If this field contains the letter "Y," then this is the first page of a Document. If this field is blank, then this page is not the first page of a Document.

5

| | |
|---|---|
| FolderBreak: | Leave empty. |
| BoxBreak: | Leave empty. |
| PageCount: | Number of pages in the document. |

## **DEFINITIONS**

For the purposes of these Requests for Production of Documents and responses hereto, the following definitions apply:

1.    The terms "communication," "concerning," "document," and "person" shall have the meanings ascribed to them in Local Rule 26.5. For the avoidance of doubt, the term "document" includes communications.

2.    The term "identify" (i) when used in reference to a document means to identify the author(s) thereof and the actual and intended recipient(s) thereof, state the title of the document, describe the nature or character of the document, and identify the person who has possession, custody or control of the document; and (ii) when used in reference to a person means to identify the name of each such person, the organization or entity with which that person is affiliated, if any, and his or her title or position with such organization or entity, and the last known address of the person.

3.    The term "including" shall be construed to mean "including but not limited to."

4.    The connectives "and" and "or" shall be construed either in the disjunctive or in the conjunctive as necessary to bring within the scope of these Requests for Production all responses that might otherwise be considered to be beyond their scope.

5.     The words "each" and "every," and the words "any" and "all," shall be construed as interchangeable as necessary to bring within the scope of these Requests for Production all responses that might otherwise be considered to be beyond their scope.

6.     The term "things" shall be defined as synonymous in meaning and equal in scope to the use of that term in Federal Rule of Civil Procedure 34(a) and shall include any tangible object other than a document.

7.     Where appropriate as necessary to bring them within the scope of these Requests all responses that might otherwise be considered to be beyond their scope, the use of the singular shall include the plural, the use of the plural shall include the singular, and the use of the masculine shall include the feminine, and the present tense of a verb shall be construed to include the past tense as well as the future, and the past tense shall be construed to include the present tense as well as the future.

8.     "BBPOS" means BBPOS Limited, all present and former officers, employees, and agents, including attorneys, and all other persons that act or purport to act on its behalf or under its direction or control.

9.     "You" or "AnywhereCommerce" means AnywhereCommerce, Inc., all present and former officers, employees, and agents, including attorneys, and all other persons that act or purport to act on its behalf or under its direction or control.

10.     "Plaintiffs" means collectively AnywhereCommerce and BBPOS.

11.     "Ingenico" mean Ingenico Inc., Ingenico Corp., Ingenico Ventures SAS, ROAM Data, Inc., and Ingenico Group, SA, their parents, subsidiaries, and affiliates, all present and former officers, employees, and agents, including attorneys, and all other persons that act or purport to act on its behalf or under its direction or control.

12.     The term "Amended Complaint" or "First Amended Complaint" refers to the Amended Complaint filed by the Plaintiffs in this action on October 17, 2019.

13.     The "Graylin Litigation" has the same meaning assigned to it in Plaintiffs' First Request for Production of Documents upon Defendants.

14.     The term "Ingenico-BBPOS Agreement" means the document entitled "Engineering Development and License Agreement" as amended by the "Amendment to Engineering Development and License Agreement," a copy of which was filed with the Court in the above-captioned action as ECF No. 78-1.

15.     The term "Asserted Patents" has the meaning ascribed to it in Ingenico's Second Amended Counterclaim.

16.     The term "Intellectual Property" means patents, patent applications, any reissues, renewals, re-examinations, substitutions, foreign equivalents, or extensions of patents or patent applications, copyrights, trademarks, trade names, trade secrets, knowledge, data and information.

17.     The term North American Bancard means North American Bancard, LLC and any predecessors, successors, parents, subsidiaries, and affiliates and its officers, directors, employees, agents and representatives, including attorneys or any employee, agent or representative of its attorneys.

18.     The term Acknowledged Products & Portions means Your understanding of the phrases "Products, or any portion thereof, or any products similar to or based upon any Products" and "the Devices, or products substantially similar to the Devices" as those phrases are used and defined in the Ingenico-BBPOS Agreement.

19.     The term "mPOS" refers to mobile point of sale.

20.     The term "POS" refers to point of sale.

21.     The term "mPOS technology" means hardware, software, and other technical features related to mPOS card readers, including the devices themselves.

22.     The term Covered Products & Portions means POS devices, products, prototypes, projects, and/or associated systems and software, and/or mPOS technology, and any portion of any of the foregoing, that have or are intended to have when operating with the appropriate systems, hardware, and software, any one or more of the following characteristics:

    a.  the ability to generate capacitance for encryption from the audio jack of a mobile device or PC;

    b.  the ability to transmit data through the audio jack of a mobile device or PC;

    c.  the ability to obtain, interpret, or transmit data from a magnetic stripe on a payment card such as a credit card or debit card, including all devices generally known as or that can be referred to as swipe readers, card swipe readers, or magstripe readers;

    d.  the ability to obtain, interpret, or transmit data from a "smart chip" card, an EMV card, and/or cards with VIS, MasterCard, AEIPS, UICS, J Smart, D-PAS, Rupay, or Verve chips;

    e.  a Bluetooth interface;

    f.  it was at any point in its development referred to as the "Crypto Swipe," the "ROAMpay Swipe," or the ROAMpay POS, or was developed based on any devices that were at any point referred to as the "Crypto Swipe," the "ROAMpay Swipe," or the ROAMpay POS.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**     All documents concerning the design or development of any Acknowledged Products & Portions.

**REQUEST NO. 2**     All documents concerning the ROAMpay POS EMV Terminal.

**REQUEST NO. 3**     All documents concerning any work product associated with the ROAMpay POS EMV Terminal.

**REQUEST NO. 4**     All documents sufficient to identify any product or device that You maintain is similar to, based on, or related to any Acknowledged Products & Portions and the basis of such alleged similarity or relatedness.

**REQUEST NO. 5**     All documents concerning BBPOS' best efforts to secure Intellectual Property in any Acknowledged Products & Portions.

**REQUEST NO. 6**     All documents concerning BBPOS' best efforts to secure Intellectual Property in any Covered Products & Portions.

**REQUEST NO. 7**     All documents concerning BBPOS' representation and warranty in Section 3.10 of the Ingenico-BBPOS Agreement that "none of the Products, Devices, Deliverables, or Services does or will infringe, misappropriate, or violate any intellectual property right of any person," including but not limited to documents concerning whether BBPOS' representation and warranty was or is accurate.

**REQUEST NO. 8**     All documents concerning any allegation, belief, assertion, or contention that the Ingenico-BBPOS Agreement was terminated.

**REQUEST NO. 9**     All documents concerning any allegation, belief, assertion, or contention that any license referenced in, granted by, established in, or conveyed in the Ingenico-BBPOS Agreement was terminated or became ineffective.

10

**REQUEST NO. 10**   All documents concerning Ingenico's ownership of, control of, participation in, or interest in ROAM Data, Inc., including but not limited to documents showing Your knowledge or belief concerning Ingenico's ownership of, control of, participation in, or interest in ROAM Data, Inc.

**REQUEST NO. 11**   All communications concerning this action.

**REQUEST NO. 12**   All documents concerning the so-called "BBPOS Covenant."

**REQUEST NO. 13**   All insurance policies under which a person carrying on an insurance business might be liable to pay to you or on your behalf all or part of the damages sought in this action.

**REQUEST NO. 14**   All communications concerning any claims, potential claims, or legal recourse You may have had against Ingenico.

**REQUEST NO. 15**   All documents concerning any agreement between Ingenico and AnywhereCommerce, 4361423 Canada Inc., or any person doing business under the names HomeATM or HomeATM/AnywhereCommerce.

**REQUEST NO. 16**   Any documents concerning BBPOS' right, ability, or the lack of any right or ability to license, use, transfer, or convey any Intellectual Property that is owned, controlled by, or assigned to You, 4361423 Canada Inc. or any entity doing business under the name HomeATM or HomeATM/AnywhereCommerce.

**REQUEST NO. 17**   All documents concerning agreements, contracts, or licenses between or among: BBPOS, AnywhereCommerce, any entity that did or is now doing business under the names of HomeATM or HomeATM/AnywhereCommerce, and 4361423 Canada Inc.

**REQUEST NO. 18**   All documents constituting communications concerning the Ingenico-BBPOS Agreement between or among You and BBPOS Limited.

**REQUEST NO. 19**   All documents concerning any joint defense agreement or common interest agreement with or among any of the following: BBPOS, AnywhereCommerce, any entity that did or is now doing business under the names HomeATM or HomeATM/AnywhereCommerce, and 4361423 Canada Inc.

**REQUEST NO. 20**   All documents concerning the July 1, 2013 License Agreement and Non-Competition Agreement, including but not limited to documents concerning the negotiation thereof, the meaning or interpretation thereof, and any amendments thereto.

**REQUEST NO. 21**   All documents constituting communications concerning any agreement between Ingenico and BBPOS.

**REQUEST NO. 22**   All documents concerning any estimated, actual, or possible economic value which might be attributed to any contract, relationship, or agreement between BBPOS and Ingenico.

**REQUEST NO. 23**   All documents containing factual matter concerning your Affirmative Defenses.

**REQUEST NO. 24**   Documents sufficient to identify any SKU numbers for any Acknowledged Products & Portions.

**REQUEST NO. 25**   Documents sufficient to identify the SKU numbers for any Covered Products & Portions.

**REQUEST NO. 26**   Documents sufficient to identify the amount of and purpose for any payments to or from BBPOS Limited.

**REQUEST NO. 27**   Profit and loss statements, royalty reports, budget profit and loss statements, financial statements, and income statements concerning the mobile point-of-sale technology (including but not limited to the manufacture and design of mobile point-of-sale

technology) of You, BBPOS Limited, 4361423 Canada Inc., and/or any person doing business under the names HomeATM or HomeATM/AnywhereCommerce.

**REQUEST NO. 28**   Documents sufficient to show the nature of the relationship between BBPOS and AnywhereCommerce, including but not limited to documents sufficient to show all mobile POS devices, products, or systems that BBPOS makes, has made, develops, has developed, designs, produces, or assists in the design or production of for You, 4361423 Canada Inc. or any entity doing business under the names HomeATM or HomeATM/AnywhereCommerce.

**REQUEST NO. 29**   All documents concerning BBPOS' use or sale, whether direct or indirect, of any Acknowledged Products & Portions to persons other than Ingenico, unless those documents solely concern sales of Acknowledged Products & Portions in China for use in China or in Philippines for use in Philippines.

**REQUEST NO. 30**   All documents concerning BBPOS' use or sale, whether direct or indirect, of any Covered Products & Portions to persons other than Ingenico, unless those documents solely concern sales of Covered Products & Portions in China for use in China or in Philippines for use in Philippines.

**REQUEST NO. 31**   All documents concerning BBPOS' grant to any person other than Ingenico of any right to any Intellectual Property that relates to Acknowledged Products & Portions.

**REQUEST NO. 32**   All documents concerning BBPOS' grant to any person other than Ingenico of any right to any Intellectual Property that relates to Covered Products & Portions.

**REQUEST NO. 33**   All documents concerning BBPOS' direct or indirect design, production, or assistance in the design or production of any Acknowledged Product & Portion for persons

other than Ingenico, except insofar as such documents solely concern activities solely directed to sales of Acknowledged Products & Portions in China for use in China or in Philippines for use in Philippines.

**REQUEST NO. 34**    All documents concerning BBPOS' direct or indirect design, production, or assistance in the design or production of any Covered Products & Portion for persons other than Ingenico, except insofar as such documents solely concern activities solely directed to sales of Covered Products & Portions in China for use in China or in Philippines for use in Philippines.

**REQUEST NO. 35**    Documents concerning whether BBPOS' relationship with AnywhereCommerce (including any work that BBPOS does for AnywhereCommerce) breaches, contradicts, or is prohibited by the Ingenico-BBPOS Agreement.

**REQUEST NO. 36**    All documents showing any interest You have in any of the Asserted Patents.

**REQUEST NO. 37**    Documents sufficient to show any Intellectual Property which is used by, employed in, practiced in, or relates to Acknowledged Products & Portions or in the manufacture or design of Acknowledged Products & Portions, including but not limited to all documents constituting patents, patent applications, or patent filings that relate to Acknowledged Products & Portions.

**REQUEST NO. 38**    Documents sufficient to show any Intellectual Property which is used by, employed in, practiced in, or relates to Covered Products & Portions or in the manufacture or design of Covered Products & Portions, including but not limited to all documents constituting patents, patent applications, or patent filings that relate to Covered Products & Portions.

**REQUEST NO. 39**   All documents showing any interest You have in any Intellectual Property which is used by, employed in, or practiced in, any Covered Products & Portions or in the manufacture or design thereof.

**REQUEST NO. 40**   Documents sufficient to identify the Intellectual Property which is used by, employed in, or practiced in any of the "Infringing Devices" as that term is used in the Second Amended Counterclaim, or in any of the predecessors to the Infringing Devices.

**REQUEST NO. 41**   All documents that license, transfer, or convey any Intellectual Property to BBPOS that BBPOS employs or employed in connection with Acknowledged Products & Portions.

**REQUEST NO. 42**   All documents that license, transferred, or conveyed any Intellectual Property to BBPOS that BBPOS employs or employed in connection with Covered Products & Portions.

**REQUEST NO. 43**   All documents concerning analyses, identifications, discussions, or communications concerning any Intellectual Property in connection with any Covered Products & Portions.

**REQUEST NO. 44**   All documents concerning any assertion, argument, discussion, reflection, analysis, or belief that BBPOS has any right to any Intellectual Property that is now or was at any point owned or controlled by or assigned to AnywhereCommerce, 4361423 Canada Inc. or any entity doing business under the name HomeATM or HomeATM/AnywhereCommerce.

**REQUEST NO. 45**   All documents concerning any alleged breach of the Ingenico-BBPOS Agreement by Ingenico.

**REQUEST NO. 46**    All documents concerning any contract, agreement, or relationship between BBPOS and Ingenico, including all communications that show or tend to show that You had knowledge of the existence of such a contract, agreement, or relationship.

**REQUEST NO. 47**    All documents that license, transfer, convey, or grant any rights in any of the Asserted Patents.


Dated: March 16, 2020                    Respectfully submitted,


                                         */s/ John A. Tarantino*
                                         JOHN A. TARANTINO (BBO #492230)
                                         PATRICIA K. ROCHA (BBO #542348)
                                         NICOLE J. BENJAMIN (BBO #666959)
                                         WILLIAM K.WRAY, JR. (BBO #689037)
                                         Adler Pollock & Sheehan P.C.
                                         One Citizens Plaza, 8th Floor
                                         Providence, RI 02903
                                         Tel: (401) 274-7200
                                         Fax: (401) 351-4607
                                         jtarantino@apslaw.com
                                         procha@apslaw.com
                                         nbenjamin@apslaw.com
                                         wwray@apslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 16, 2020 I caused to be served via electronic mail and first class mail a true copy of the within document on the following counsel of record:

Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

Oliver D. Griffin, Esq.
Peter N. Kessler, Esq.
Melissa A. Bozeman, Esq.
Kutak Rock LLP
303 Peach Street, N.E., Suite 2750
Atlanta, GA 30308
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com
Melissa.bozeman@kutakrock.com

Daniel Carmeli, Esq. (admitted *pro hac vice*)
Kutak Rock LLP
1801 California Street, Suite 3000
Denver, CO 80202
daniel.carmeli@kutakrock.com

Ricardo G. Cedillo
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
rcedillo@lawdcm.com

*/s/ William K. Wray, Jr.*
William K. Wray, Jr.

17

997673.v2