# EXHIBIT J

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANYWHERECOMMERCE, INC.**<br>**and BBPOS LIMITED,**<br><br>            **Plaintiffs,**<br><br>        **v.**<br><br>**INGENICO INC., INGENICO CORP.,**<br>**INGENICO GROUP SA, and INGENICO**<br>**VENTURES SAS,**<br><br>           **Defendants.** | **CIVIL ACTION NO.**<br>**1:19-cv-11457-IT** |

### BBPOS LIMITED'S OBJECTIONS AND RESPONSES TO INGENICO INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO BBPOS LIMITED

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and L.R. 34.1, Plaintiff BBPOS Limited ("Plaintiff") submits the following objections and responses to Defendant Ingenico Inc.'s First Set of Requests for Production of Documents to BBPOS Limited (the "Requests").

### RESERVATION OF RIGHTS

The responses and documents addressed herein are based on information known at this time and are set forth without prejudice to the right to supplement, revise, correct or clarify these responses or to assert additional objections should additional information or grounds for objections be discovered at any time before trial. These responses are made without in any way waiving or intending to waive: (a) any objections as to the competence, relevance, materiality, privilege (including attorney-client and/or work-product), immunity or admissibility as evidence, for any purpose, of any answer provided in response to the discovery requests; (b) the right to object on any ground to the use of the answers provided in response to the discovery

4819-9700-8572.1

requests at any hearing or trial, whether in this action or otherwise, or (c) the right to object on any ground at any time to a demand for further responses to the discovery requests.

While preserving its objections, Plaintiff will redact or withhold documents only to prevent disclosure of privileged information or Sensitive Non-Responsive Information, or as otherwise permitted under the ESI Protocol Order or Stipulated Protective Order.  Further, Plaintiff's internal investigation remains ongoing, and it therefore preserves any objections and rights relating to limitations to production of documents on the basis of burden, access, cost, or similar considerations.

## GENERAL OBJECTIONS

1.     Plaintiff objects to each Definition, Instruction, and Request to the extent it fails to comply with Rule 26, which limits discovery to nonprivileged matter that is relevant to any party's claim or defense and which is noncumulative or duplicative and where the burden or expense of the discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues.

2.     Plaintiff objects to each Definition, Instruction, and Request to the extent it is overly broad or unduly burdensome or contains undefined, ambiguous or confusing terms, is compound, vague or has overlapping subject matter.

3.     Plaintiff objects to each Definition, Instruction, and Request to the extent it is not limited as to time or the time limits stated are unreasonable.  Unless otherwise indicated, Plaintiff's responses are limited to the relevant time period of January 1, 2011 through the filing of this lawsuit.

4.      Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information or documents regarding or containing information about persons or entities other than the parties to the action for the reason that such information or documents are not relevant to the subject matter of the pending action or reasonably calculated to lead to the discovery of admissible evidence.

5.      Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks to compel Plaintiff's production of documents and things on behalf of any third-party or distinct entity.

6.      Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information, documents, or tangible things which have been prepared in anticipation of litigation or for trial or are otherwise subject to protection under the work-product doctrine.

7.      Plaintiff objects to each Definition, Instruction, and Request to the extent it is propounded in bad faith, is overly broad, is unreasonably annoying, embarrassing, oppressive, burdensome or expensive, or would require the making of an unreasonable investigation.

8.      Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information or documents that are protected by the attorney-client privilege and to the extent it seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiffs and their attorneys.

9.      Plaintiff objects to each Definition, Instruction, and Request to the extent it calls for a legal conclusion.

10.     Plaintiff objects to each Definition, Instruction, and Request to the extent it purports to impose obligations that are inconsistent with or are beyond the requirements set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable local rules

4819-9700-8572.1

and any court orders entered in this litigation, including the Stipulated Protective Order and/or the Stipulated Order Regarding Discovery of Electronically Stored Information and Hard Copy Documents.

11.    The general objections set forth herein are applicable to each Response to the Requests.

12.    Plaintiff reserves the right to supplement the Responses to these Requests.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1** All documents concerning any actual or alleged infringement related to any Covered Products & Portions, including but not limited to BBPOS' notifications to Ingenico of any such actual or alleged infringement.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged**

4

in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 2** All documents concerning any actual or alleged infringement related

to any Acknowledged Products & Portions, including but not limited to BBPOS' notifications

to Ingenico of any such actual or alleged infringement.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 3** All documents concerning any value that could be attributed to any

relationship between Ingenico and North American Bancard.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

4819-9700-8572.1

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 4** All documents concerning Your knowledge of any business or

economic relationship between Ingenico and any person not a party to this action.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 5** All documents concerning Your communications with AnywhereCommerce, 4361423 Canada Inc., or any entity that conducted business under the names HomeATM or HomeATM/AnywhereCommerce concerning Ingenico's business or economic relationship with any person not a party to this action.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 6** All documents concerning Your knowledge that Ingenico had a contract, agreement, or business or economic relationship with North American Bancard.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 7** Your communications concerning North American Bancard, including but not limited to Your communications with North American Bancard.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

This Request is objectionable insofar as it is overly broad or unduly burdensome, implicating the production of all "communications concerning North American Bancard," including those that are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its

attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and relevant to the subject matter of the pending action, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 8** All documents concerning the design or development of any

Acknowledged Products & Portions.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged

4819-9700-8572.1

in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 9** All documents concerning the ROAMpay POS EMV Terminal.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

This Request is objectionable insofar as it is overly broad or unduly burdensome, implicating the production of "all documents concerning the ROAMpay POS EMV Terminal," including those that are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and relevant to the subject matter of the pending action, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 10** All documents concerning any work product associated with the

ROAMpay POS EMV Terminal.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information

4819-9700-8572.1

that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

This Request is objectionable insofar as it is overly broad or unduly burdensome, implicating the production of "all documents concerning any work product associated with the ROAMpay POS EMV Terminal," including those that are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and relevant to the subject matter of the pending action, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

>    **REQUEST NO. 11** All documents sufficient to identify any product or device that You

maintain is similar to, based on, or related to any Acknowledged Products & Portions and the

basis of such alleged similarity or relatedness.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary

to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 12** All documents concerning Ingenico's requests, demands, or communications with BBPOS concerning indemnity, including but not limited to any documents concerning discussions of the same, and any analysis or discussion concerning whether BBPOS has any obligation to indemnify Ingenico.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

4819-9700-8572.1

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 13** All documents concerning any of Your insurance policies that relate to or fall within the description of Section 3.15 of the Ingenico-BBPOS Agreement, including any insurance policies that covered BBPOS' obligations and liabilities under the Ingenico-BBPOS Agreement.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 14** All documents concerning sub-contracts, engagements, or agreements with third parties for the manufacture, design, or production of any Acknowledged Products & Portions.

13

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 15**  All documents concerning BBPOS' best efforts to secure

Intellectual Property in any Acknowledged Products & Portions.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.

14

Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 16** All documents concerning BBPOS' best efforts to secure

Intellectual Property in any Covered Products & Portions.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 17** All documents concerning BBPOS' representation and warranty in Section 3.10 of the Ingenico-BBPOS Agreement that "none of the Products, Devices, Deliverables, or Services does or will infringe, misappropriate, or violate any intellectual property right of any person," including but not limited to documents concerning whether BBPOS' representation and warranty was or is accurate.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 18** Any documents concerning Statements of Work or SOW's as those terms are used in Section 2.1 of the Ingenico-BBPOS Agreement.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information**

4819-9700-8572.1

that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 19** All documents concerning any allegation, belief, assertion, or contention that the Ingenico-BBPOS Agreement was terminated.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

4819-9700-8572.1

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 20** Any documents concerning BBPOS' compliance with Section 3.11 of the Ingenico-BBPOS Agreement upon any alleged termination of the Ingenico-BBPOS Agreement.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

4819-9700-8572.1

**REQUEST NO. 21** All documents concerning any allegation, belief, assertion, or contention that any license referenced in, granted by, established in, or conveyed in the Ingenico-BBPOS Agreement was terminated or became ineffective.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 22** All documents concerning any benefits You received from Ingenico as a result of the Ingenico-BBPOS Agreement, including but not limited to documents sufficient to show all payments received from Ingenico that relate to the Ingenico-BBPOS Agreement.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

4819-9700-8572.1

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

REQUEST NO. 23 All documents concerning Ingenico's ownership of, control of, participation in, or interest in ROAM Data, Inc., including but not limited to documents showing Your knowledge or belief concerning Ingenico's ownership of, control of, participation in, or interest in ROAM Data, Inc.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

4819-9700-8572.1

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 24** All communications concerning this action.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

This Request is objectionable insofar as it is overly broad or unduly burdensome, implicating the production of "all communications concerning this action."

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 25** All documents concerning the Graylin Litigation, including but not

limited to documents showing your knowledge of the existence of the Graylin Litigation.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

      **REQUEST NO. 26** All documents concerning the so-called "BBPOS Covenant."

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

4819-9700-8572.1

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 27** All insurance policies under which a person carrying on an

insurance business might be liable to pay to you or on your behalf all or part of the damages

sought in this action.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 28** All communications concerning any claims, potential claims, or

legal recourse You may have had against Ingenico.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its

23

attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 29** All documents concerning any agreement between Ingenico and AnywhereCommerce, 4361423 Canada Inc., or any person doing business under the names HomeATM or HomeATM/AnywhereCommerce.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 30** Any documents concerning BBPOS' right, ability, or the lack of any right or ability to license, use, transfer, or convey any Intellectual Property that is owned, controlled by, or assigned to AnywhereCommerce, 4361423 Canada Inc. or any entity doing business under the name HomeATM or HomeATM/AnywhereCommerce.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 31** All documents concerning agreements, contracts, or licenses between or among: BBPOS, AnywhereCommerce, any entity that did or is now doing business under the names of HomeATM or HomeATM/AnywhereCommerce, and 4361423 Canada Inc.

4819-9700-8572.1

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

This Request is objectionable insofar as it is overly broad or unduly burdensome, implicating the production of "all documents concerning agreements, contracts, or licenses," including those that are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and relevant to the subject matter of the pending action, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

>        **REQUEST NO. 32** All documents constituting communications concerning the

Ingenico-BBPOS Agreement between or among You and AnywhereCommerce, 4361423

Canada Inc., or any person doing business under the names HomeATM or

HomeATM/AnyhwereCommerce

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

4819-9700-8572.1

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 33** All documents concerning any joint defense agreement or common interest agreement with or among any of the following: BBPOS, AnywhereCommerce, any entity that did or is now doing business under the names HomeATM or HomeATM/AnywhereCommerce, and 4361423 Canada Inc.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  This Request is objectionable insomuch as it is overly broad or unduly burdensome, implicating the production of "all documents concerning any joint defense agreement or common interest agreement with or among any of the following: BBPOS, AnywhereCommerce, any entity that did or is now doing business under the names HomeATM or HomeATM/AnywhereCommerce, and 4361423 Canada Inc.," including those that are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule

26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and relevant to the subject matter of the pending action, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 34** All documents concerning the July 1, 2013 License Agreement and

Non-Competition Agreement, including but not limited to documents concerning the negotiation

thereof, the meaning or interpretation thereof, and any amendments thereto.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 35** All documents constituting communications concerning any agreement between Ingenico and BBPOS, including but not limited to Your communications with AnywhereCommerce, 4361423 Canada Inc., or any entity that conducted business under the names HomeATM or HomeATM/AnywhereCommerce concerning the Ingenico-BBPOS Agreement.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

**REQUEST NO. 36** All documents concerning any estimated, actual, or possible economic value which might be attributed to any contract, relationship, or agreement between BBPOS and Ingenico.

4819-9700-8572.1

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 37** All documents containing factual matter concerning your

Affirmative Defenses.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

This Request is objectionable insofar as it is overly broad or unduly burdensome, implicating the production of "all documents containing factual matter concerning your Affirmative Defenses."

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available

privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 38** Documents sufficient to identify any SKU numbers for any Acknowledged Products & Portions.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 39** Documents sufficient to identify the SKU numbers for any Covered Products & Portions.

31

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

> **REQUEST NO. 40** Documents sufficient to identify the amount of and purpose for any
>
> payments to or from AnywhereCommerce, 4361423 Canada Inc., or any person doing business
>
> under the names HomeATM or HomeATM/AnywhereCommerce.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

This Request is objectionable insofar as it is overly broad or unduly burdensome, implicating the production of "Documents sufficient to identify the amount of and purpose for any payments to or from AnywhereCommerce, 4361423 Canada Inc., or any person doing business under the names HomeATM or HomeATM/AnywhereCommerce," including those that are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available

4819-9700-8572.1

privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, and relevant to the subject matter of the pending action, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 41** Profit and loss statements, royalty reports, budget profit and loss statements, financial statements, and income statements concerning the mobile point-of-sale technology (including but not limited to the manufacture and design of mobile point-of-sale technology) of You, AnywhereCommerce, 4361423 Canada Inc., and/or any person doing business under the names HomeATM or HomeATM/AnywhereCommerce.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

This Request is objectionable insofar as it is overly broad or unduly burdensome, implicating the production of "Profit and loss statements, royalty reports, budget profit and loss statements, financial statements, and income statements concerning the mobile point-of-sale technology," including those that are not relevant to the subject matter of the pending action or otherwise objectionable under the strictures of Rule 26.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule

33

26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein or otherwise seeks to compel Plaintiff's response on behalf of another party or entity.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request and relevant to the subject matter of the pending action, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 42** Documents sufficient to show the nature of the relationship between BBPOS and AnywhereCommerce, including but not limited to documents sufficient to show all mobile POS devices, products, or systems that BBPOS makes, has made, develops, has developed, designs, produces, or assists in the design or production of for AnywhereCommerce, 4361423 Canada Inc. or any entity doing business under the names HomeATM or HomeATM/AnywhereCommerce.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request,

subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 43** All documents concerning BBPOS' use or sale, whether direct or

indirect, of any Acknowledged Products & Portions to persons other than Ingenico, unless those

documents solely concern sales of Acknowledged Products & Portions in China for use in China

or in Philippines for use in Philippines.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 44** All documents concerning BBPOS' use or sale, whether direct or

indirect, of any Covered Products & Portions to persons other than Ingenico, unless those

documents solely concern sales of Covered Products & Portions in China for use in China or in

Philippines for use in Philippines.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

> **REQUEST NO. 45** All documents concerning BBPOS' grant to any person other than

Ingenico of any right to any Intellectual Property that relates to Acknowledged Products &

Portions.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or**

4819-9700-8572.1

documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

> **REQUEST NO. 46** All documents concerning BBPOS' grant to any person other than Ingenico of any right to any Intellectual Property that relates to Covered Products & Portions.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

4819-9700-8572.1

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 47** All documents concerning BBPOS' direct or indirect design, production, or assistance in the design or production of any Acknowledged Product & Portion for persons other than Ingenico, except insofar as such documents solely concern activities solely directed to sales of Acknowledged Products & Portions in China for use in China or in Philippines for use in Philippines.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 48** All documents concerning BBPOS' direct or indirect design, production, or assistance in the design or production of any Covered Products & Portion for

persons other than Ingenico, except insofar as such documents solely concern activities solely directed to sales of Covered Products & Portions in China for use in China or in Philippines for use in Philippines.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

> **REQUEST NO. 49** Documents concerning whether BBPOS' relationship with AnywhereCommerce (including any work that BBPOS does for AnywhereCommerce) breaches, contradicts, or is prohibited by the Ingenico-BBPOS Agreement.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 50** All documents showing any interest You have in any of the Asserted

Patents.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

4819-9700-8572.1

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 51** Documents sufficient to show any Intellectual Property which is used by, employed in, practiced in, or relates to Acknowledged Products & Portions or in the manufacture or design of Acknowledged Products & Portions, including but not limited to all documents constituting patents, patent applications, or patent filings that relate to Acknowledged Products & Portions.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 52** Documents sufficient to show any Intellectual Property which is used by, employed in, practiced in, or relates to Covered Products & Portions or in the manufacture or

4819-9700-8572.1

design of Covered Products & Portions, including but not limited to all documents constituting

patents, patent applications, or patent filings that relate to Covered Products & Portions.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

       **REQUEST NO. 53** All documents showing any interest You have in any Intellectual

Property which is used by, employed in, or practiced in, any Covered Products & Portions or in

the manufacture or design thereof.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or**

4819-9700-8572.1

documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

> **REQUEST NO. 54** Documents sufficient to identify the Intellectual Property which is used by, employed in, or practiced in any of the "Infringing Devices" as that term is used in the Second Amended Counterclaim, or in any of the predecessors to the Infringing Devices.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 55** All documents that license, transfer, or convey any Intellectual

Property to BBPOS that BBPOS employs or employed in connection with Acknowledged

Products & Portions.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 56** All documents that license, transferred, or conveyed any Intellectual

Property to BBPOS that BBPOS employs or employed in connection with Covered Products &

Portions.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

> **REQUEST NO. 57** All documents concerning analyses, identifications, discussions, or communications concerning any Intellectual Property in connection with any Covered Products & Portions.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule.  Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged

in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 58** All documents concerning any assertion, argument, discussion, reflection, analysis, or belief that BBPOS has any right to any Intellectual Property that is now or was at any point owned or controlled by or assigned to AnywhereCommerce, 4361423 Canada Inc. or any entity doing business under the name HomeATM or HomeATM/AnywhereCommerce.

**REQUEST NO. 59** All documents concerning any alleged breach of the Ingenico-BBPOS Agreement by Ingenico.

**RESPONSE:**

Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein. Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.

Plaintiff objects to the Request to the extent it seeks information or documents that are protected by the attorney-client privilege, seeks and/or encompasses information or documents containing the mental processes and/or legal theories of Plaintiff and its attorneys, or otherwise is protected from disclosure pursuant to any other legally available privilege, immunity, or rule. Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c). To the extent that the Request calls for a legal conclusion, it is further objectionable. Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.

Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.

Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.

**REQUEST NO. 60** All documents that license, transfer, convey, or grant any rights in any of the Asserted Patents.

**RESPONSE:**

**Plaintiff incorporates by reference its Reservation of Rights and General Objections as though fully set forth herein.  Plaintiff objects to the Request insofar as it seeks information that Defendant already possesses and, therefore, requiring Plaintiff to respond to this Request amounts to an annoyance, oppression, and undue burden to Plaintiff.**

**Plaintiff further objects to this Request to the extent necessary to prevent unauthorized disclosure and use of trade secrets and other confidential research, development, personally identifiable, or commercial information within the meaning of Rule 26(c).  To the extent that the Request calls for a legal conclusion, it is further objectionable.  Finally, Plaintiff objects that this Request is cumulative of other Requests propounded herein.**

**Subject to and without waiving the foregoing and the above general objections, Plaintiff will produce non-privileged, non-duplicative documents that are responsive to this Request, subject to the terms of the ESI Protocol Order and the Stipulated Protective Order, as may be appropriate.**

**Plaintiff also refers Defendant's attention to the pleadings in this matter, as may be amended, as well as all deposition testimony to be rendered and discovery materials to be exchanged in this case, including that which is produced in connection herewith, which are incorporated herein by reference, along with any expert reports to be exchanged.**

Dated: June 5, 2020

Plaintiffs
AnywhereCommerce, Inc.
and BBPOS Limited,

By their attorneys,

JONATHON D. FRIEDMANN (BBO #180130)
ROBERT P. RUDOLPH (BBO # 684583)
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700
Fax: (617) 227-0313
jfriedmann@rflawyers.com
rrudolph@rflawyers.com

-and-

KUTAK ROCK LLP

*/s/ Daniel Carmeli*
Oliver D. Griffin (Pro Hac Vice)

Pennsylvania Bar No. 88026
Oliver.griffin@kutakrock.com
Peter N. Kessler (Pro Hac Vice)
Pennsylvania Bar No. 209033
Peter.kessler@kutakrock.com
Melissa A. Bozeman (Pro Hac Vice)
Pennsylvania Bar No.  201116
Melissa.bozeman@kutakrock.com
1760 Market Street
Suite 1100
Philadelphia, PA  19103-4104
(215) 299-4384 (Telephone)
(215) 981-0719 (Facsimile)

Daniel Carmeli (Pro Hac Vice)
Colorado Bar No. 52880
Daniel.carmeli@kutakrock.com
1801 California Street
Suite 3000
Denver, CO 80202-2652
(303) 297-2400 (Telephone)
(303) 292-7799 (Facsimile)

-and-

Ricardo G. Cedillo (Pro Hac Vice)
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave
Suite 500
San Antonio, TX 78212
(210) 822-6666 (Telephone)
rcedillo@lawdcm.com

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on June 5, 2020 the foregoing was served via email on the following counsel

of record:


  John A. Tarantino
  Patricia K. Rocha
  Nicole J. Benjamin
  William K. Wray, Jr.
  ADLER POLLOCK & SHEEHAN P.C.
  One Citizens Plaza, 8th Floor
  Providence, RI 02903
  Tel: (401) 274-7200
  Fax: (401) 351-4607
  jtarantino@apslaw.com
  procha@apslaw.com
  nbenjamin@apslaw.com
  wwray@apslaw.com


                  */s/ Daniel Carmeli*

4819-9700-8572.1