UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>      **Plaintiffs**,<br><br>      v.<br><br>INGENICO, INC., INGENICO CORP., INGENICO GROUP, SA, and INGENICO VENURES SAS,<br><br>      **Defendants.** | **Civil Docket No: 1:19-cv-11457-IT** |

**MOTION FOR LEAVE TO MODIFY THE SCHEDULE OF REMAINING CASE MANAGEMENT DEADLINES THAT WAS SET DURING THE DECEMBER 20, 2021 STATUS CONFERENCE PENDING FURTHER ORDER OF COURT**

On December 20, 2021, the parties attended a status conference with the Court during which, among other things, expert disclosure and discovery deadlines for the case were re-set. Since then, Plaintiffs realized they require additional three weeks to complete their initial expert disclosures beyond the current January 26, 2022 deadline. While Plaintiffs' counsel, two weeks ago, had anticipated that this would provide sufficient time for timely completion of their affirmative expert submissions, the rapidly changing COVID-19 situation has caused unexpected delays and complications that are hindering Plaintiffs' ability to effectively communicate with counsel, experts, and key employees.

Plaintiffs thus move for leave to modify the proposed schedule of remaining case management deadlines, which had been discussed and set by the Court at the parties' last status conference, pending further Order of Court, extending each deadline by twenty-one days or in any other manner as the Court may find necessary or just under the circumstances. This is the first motion—filed by any party—that seeks to modify only the remaining case management deadlines

in the case, and particularly, the impending expert disclosures and related discovery periods, following completion of fact discovery as of December 17, 2021.

In support of this Motion, Plaintiffs state as follows:

1. Five previous extensions to the fact discovery deadline in this case were sought and subsequently granted by the Court.[1] In large part, these extensions were sought due to complications arising from operational and logistical impacts caused by the COVID-19 pandemic and the fact that the parties and relevant discovery materials are located in various countries around the world, including the U.S., Canada, France, and Hong Kong.

2. In advance of the impending December 17, 2021, fact discovery deadline, Defendants issued notices to depose certain key employees and corporate designees of both Plaintiffs, including Mr. Ben Lo of Plaintiff BBPOS Limited ("BBPOS").

3. Given the technical nature of Mr. Lo's anticipated testimony and the fact that he is not a native English speaker, Plaintiffs' counsel secured office space in Vancouver, Canada to conduct in-person deposition preparation and live attendance for the upcoming remote depositions of Mr. Lo in his personal and corporate designee capacity.

4. Ultimately, Mr. Lo and Plaintiffs' counsel selected Vancouver, Canada as the meeting point as it is the most convenient and the least restrictive venue in terms of international entry and re-entry and quarantine requirements.

5. However, after Mr. Lo and Plaintiffs' counsel arrived in Vancouver, those requirements were unexpectedly heightened in response to the global emergence of the Omicron variant.

---

[1] In November 2021, the Court made clear that no further requests to extend this deadline beyond December 17, 2021 would be entertained. See clerk's docket entry dated November 9, 2021 (No. 160).

6. On December 8 and 10, 2021, Mr. Lo was deposed in his personal and corporate designee statuses, respectively, in Vancouver, Canada. Shortly thereafter, on December 17, 2021, fact discovery closed in this case.

7. On December 10, 2021, after Mr. Lo left Vancouver, Hong Kong's compulsory quarantine requirements confined Mr. Lo to a quarantine hotel in Hong Kong for twenty-one days. During this time, Mr. Lo was neither allowed to leave the quarantine hotel nor receive visitors.

8. This has caused unanticipated delays in the coordination of BBPOS personnel, materials, and information flow in finalization of its expert disclosures. The impact of these delays only became fully apparent within the last two weeks.

9. Meanwhile, Plaintiffs' counsel contemporaneously faced an unanticipated internal work management issue, when the attorney, who had been assigned responsibilities for the coordination of expert requests, management of documentary discovery, and acting as a point of contact for Plaintiffs' e-vendor and platform needs, took a leave of absence.

10. Despite immediately shifting workflow priorities and responsibilities, there nonetheless has been some delay and unavoidable redundancies in efforts expended by Plaintiffs' counsel to restore appropriate coverage for the matters for the remainder of the case.

11. Given the current status of the pandemic and the challenges discussed herein, Plaintiffs estimate they will require additional twenty-one days to comply with each remaining case management deadline.

12. The schedule that had been agreed-upon by counsel to the parties and set by the Court during the parties' last status conference (to counsel's best recollection) is as follows:

- Plaintiffs' affirmative expert disclosures are due January 26, 2022.
- Defendants' affirmative and rebuttal expert disclosures are due 30 days later.

- Plaintiffs' rebuttal expert disclosures are due 30 days later.

- Expert deposition deadline is set for 30 days later.

13. Plaintiffs ask the Court to modify the above schedule to extend all remaining deadlines in the case by twenty-one days.

14. On December 29, 2021, Plaintiffs' counsel emailed Defendants' counsel, Jeffrey Techentin, to request to meet and confer as to whether Defendants would agree to extend all existing case management deadlines by thirty days. On December 30, 20201, Mr. Techentin responded that they are "not inclined either to join in, or assent to, such an extension." Mr. Techentin further stated that "the court has been quite clear about its feelings on extending the schedule" and that he "perceive[s] no reason to persuade it otherwise." A true and correct copy of the correspondence is attached as **Exhibit A**.

15. On December 30, 2021, Mr. Techentin and Plaintiffs' counsel, Melissa Bozeman, had a telephone conversation. Ms. Bozeman told Mr. Techentin that Plaintiffs needed more time for expert submissions due to unexpected extended detention of Mr. Lo to quarantine hotel and resulting delays on Plaintiffs' ability to communicate with experts. Mr. Techentin responded that he would advise his clients of the basis for Plaintiffs request, and reach back out if Defendants were agreeable to any measure of extension to these deadlines, but has not done so, to date.

16. Although Plaintiffs originally approached Defendants to inquire about a possible thirty-day extension, in partial accommodation of Defendants' inclination not to either "join in, or assent to" the requested thirty-day extension, Plaintiffs now seek only a twenty-one day extension of all remaining deadlines to somewhat lessen the impact of their instant request.

17. Pursuant to the Standing Order Regarding Requests for Adjournments or Extensions of Time dated December 4, 2021, entered by Judge Talwani (the "Standing Order"),

this Motion contains the following: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent.

18. Pursuant to the Standing Order, a proposed revised scheduling order is submitted together with this motion.

19. Further, pursuant to the Standing Order, this request for an extension is made more than forty-eight hours prior to the relevant deadlines.

20. A scheduling order deadline may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4).

21. In evaluating whether a party has shown good cause, courts consider 1) "the diligence of the party seeking the amendment" and 2) whether the opposing party would be prejudiced if modification were allowed. *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) (internal quotations omitted.) "[I]ndifference by the moving party" weighs against a showing of good cause. *Id.* (internal quotations omitted).

22. Trial courts are granted "great latitude in carrying out case-management functions." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993).

23. Plaintiffs meet the good cause standard for extending the remaining deadlines. Plaintiffs have been diligent in their efforts to finalize expert disclosures in a timely fashion and in compliance with this Court's Scheduling Order. Moreover, Plaintiffs have in the past worked cooperatively and communicated regularly with Defendants' counsel to meet case management deadlines in the case as efficiently as possible, and expect to continue to do through the end of the litigation.

24. An unanticipated leave of absence for one of Plaintiffs record counsel as well as communication delays and obstructions caused by COVID-19 pandemic and quarantine requirements are preventing Plaintiffs from being able to meet the upcoming expert discovery deadlines.

25. Defendants will not be prejudiced by the extension, because the extension is only for twenty-one days.

26. For the foregoing reasons, there is good cause to amend the case schedule, and Plaintiffs respectfully request that the Court amend the schedule as follows:

- Plaintiffs' affirmative expert disclosures are due February 16, 2022.
- Defendants' affirmative and rebuttal expert disclosures are due 30 days later.
- Plaintiffs' rebuttal expert disclosures are due 30 days later.
- Expert deposition deadline is set for 30 days later.

WHEREFORE, based on the foregoing, Plaintiffs respectfully request that their Motion be granted.

Respectfully submitted this 4th day of January, 2022

Plaintiffs AnywhereCommerce, Inc.
and BBPOS Limited,
By their attorneys,

*/s/ Melissa Bozeman*
MELISSA A. BOZEMAN
OLIVER D. GRIFFIN
PETER N. KESSLER
Kutak Rock LLP
1760 Market Street, Suite 1100
Philadelphia, PA 19103
Tel: (215) 288-4384
Fax: (215) 981-0719
Melissa.bozeman@kutakrock.com
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com

DANIEL CARMELI
Kutak Rock LLP
1801 California Street, Suite 3000
Denver, Colorado 80202
Tel: (303) 297-2400
Fax: (303) 292-7799
Daniel.carmeli@kutakrock.com

JONATHON D. FRIEDMANN
ROBERT P. RUDOLPH
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
Tel: (617) 723-7700
Fax: (617) 227-0313
jfriedmann@rflawyers.com
rrudolph@rflawyers.com

RICARDO G. CEDILLO
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
Tel: (210) 822-6666
Fax: (210) 822-1151
rcedillo@lawdcm.com

**CERTIFICATE OF SERVICE**

I certify that on this 4th day of January, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Melissa A. Bozeman*