UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>    Plaintiffs,<br><br>        v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br><br>    Defendants. | Civil Docket No: 1:19-cv-11457-IT |

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO MODIFY THE SCHEDULE OF REMAINING CASE MANAGEMENT DEADLINES THAT WAS SET DURING THE DECEMBER 20, 2021 STATUS CONFERENCE PENDING FURTHER ORDER OF COURT**

Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group SA (collectively "Defendants" or "Ingenico"), by and through their attorneys, respectfully submit this opposition to Plaintiffs' motion to extend expert discovery deadlines, styled as a "Motion for Leave to Modify the Schedule of Remaining Case Management Deadlines that Was Set During the December 20, 2021 Status Conference Pending Further Order of Court" ("Motion").

Plaintiffs have not met their burden of showing good cause to extend the current deadlines. Plaintiffs have articulated two bases for the extension: one, that one of the principals of one of the plaintiffs, Mr. Ben Lo, was subject to greater quarantine requirements on his return to Hong Kong than had been anticipated, and two, an unidentified attorney having taken a leave of absence.

Plaintiffs refer to the 21-day quarantine of Mr. Lo as an "unexpected extended detention" (Motion at ¶ 15), but it should not have taken anyone by surprise. On November 13, 2021, Plaintiffs' counsel announced that Mr. Lo would be presented for deposition during the week of December 6, 2021, in Vancouver, British Columbia, Canada. *See* Exhibit A (11/13/21 Email from

O. Griffin to J. Techentin). This had followed an earlier understanding that Mr. Lo would appear in Hong Kong to be deposed remotely, which was unilaterally abandoned by Plaintiffs' counsel in favor of "getting Mr. Lo into a time zone for his deposition that is not the exact opposite of ours." *Id.* (11/2/2021 Email from M. Bozeman to J. Techentin). After Plaintiffs announced that Mr. Lo would be traveling to North America, Defendants' counsel suggested deposing him (and the Plaintiff company) in this judicial district, but Plaintiffs' counsel rejected that proposal citing issues concerning "quarantine times/restrictions that Mr. Lo will have to be subjected to upon his return to Hong Kong." *See id.* at 11/9/21 Email from O. Griffin to J. Techentin. But the Hong Kong authorities had announced a mandatory 21-day quarantine for travelers returning from Canada (the same restriction applicable to travelers from the United States) on November 29, 2021, a week before Mr. Lo traveled to Vancouver. Exhibit B (11/29/2021 press release, available at https://www.info.gov.hk/gia/general/202111/29/P2021112900754p.htm). The fact that he would have to quarantine for a 21-day period was known, or certainly should have been know, by Mr. Lo, Plaintiffs, and their counsel. The foreseeable consequences of that quarantine are not good cause for extending the deadlines in this case.[1]

The remaining basis offered for extending expert discovery is a leave of absence taken by an unidentified attorney. This rationale was not raised during the meet and confer among counsel. Plaintiffs have not explained how Kutak Rock, a national firm with offices in 14 states and the District of Columbia, whose website lists 184 attorneys under the category of litigation, is incapable of meeting its deadlines with the absence of a single attorney. It is therefore impossible to assess whether that person's absence (of unknown timing or duration) can reasonably be

---

[1] The Plaintiffs' filing does not explain exactly how this quarantine caused the "unanticipated delays in the coordination of BBPOS personnel, materials, and information flow in finalization of its expert disclosures."

expected to impact the Plaintiffs' expert disclosures.  The Plaintiffs' failure to provide any analysis causes this excuse, also, to fall short of constituting good cause for extending the schedule.

## CONCLUSION

For the foregoing reasons, this Court should deny the Motion.

| | |
|---|---|
| January 11, 2022 | INGENICO INC., INGENICO CORP., and INGENICO GROUP SA |
| | By their attorneys, |
| | /s/ *Jeffrey K. Techentin* <br> JOHN A. TARANTINO (BBO #492230) <br> PATRICIA K. ROCHA (BBO #542348) <br> NICOLE J. BENJAMIN (BBO #666959) <br> JEFFREY K. TECHENTIN (*pro hac vice*) <br> Adler Pollock & Sheehan P.C. <br> One Citizens Plaza, 8th Floor <br> Providence, RI 02903 <br> Tel: (401) 274-7200 <br> Fax: (401) 351-4607 <br> jtarantino@apslaw.com <br> procha@apslaw.com <br> nbenjamin@apslaw.com <br> jtechentin@apslaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2022 I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

Oliver D. Griffin, Esq.
Peter N. Kessler, Esq.
Melissa A. Bozeman, Esq.
Kutak Rock LLP
303 Peach Street, N.E., Suite 2750
Atlanta, GA 30308
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com
Melissa.bozeman@kutakrock.com

Daniel Carmeli, Esq. (admitted *pro hac vice*)
Kutak Rock LLP
1801 California Street, Suite 3000
Denver, CO 80202
daniel.carmeli@kutakrock.com

Ricardo G. Cedillo, Esq.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
rcedillo@lawdcm.com

                                              /s/ *Jeffrey K. Techentin*
                                              Jeffrey K. Techentin