UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br><br>    Defendants. | Civil Docket No: 1:19-cv-11457-IT |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' (EMERGENCY) SECOND MOTION TO IMPOUND DOCUMENTS TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Anywherecommerce, Inc. and BBPOS Limited, by and through their counsel of record, respond as follows to Defendants' (Emergency) Second Motion to Impound Exhibits to Plaintiffs' Motion for Summary Judgment.

---

There is a well-established presumption of public access to judicial documents. *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.,* 830 F.2d 404, 408 (1st Cir.1987). Non-disclosure of judicial records can be justified for "only the most compelling reasons." *Id*. What constitutes sufficient cause depends on the nature of the records the parties seek to impound: the more essential a document is to the Court's core function of adjudicating the parties' claims, the higher the burden to overcome the presumption of public access. *Bradford & Bigelow, Inc. v. Richardson,* 109 F.Supp.3d 445, 447–48 (D.Mass.2015). The moving party has the burden of demonstrating that

records should be impounded, and must provide "a particular factual demonstration of potential harm." *Standard Fin. Mgmt. Corp.,* 830 F.2d at 412.

Instead of providing a particular factual demonstration of harm, Defendants instead simply point out that various documents that will be attached to Plaintiffs' motion for summary judgment were marked "highly confidential" during discovery and that they contain "trade/business information." This falls far short of demonstrating that sufficient cause exists to seal documents. *See Ferring Pharms., Inc. v. Braintree Lab'ys, Inc.,* 215 F. Supp. 3d 114, 128 (D. Mass. 2016) ("bare assertions" and contentions that "all [documents] are confidential" do not constitute "particular factual demonstrations of harm" sufficient to support a motion to impound). The mere fact that documents are marked confidential pursuant to a protective order does not satisfy a party's burden of establishing they should be filed under seal. *See PCT Int'l Inc. v. Holland Elecs. LLC,* No. CV-12-01797-PHX-JAT, 2014 WL 4722326, at *2 (D. Ariz. Sept. 23, 2014). Additionally, mere assertions that documents contain confidential information or are "not available to the public" are insufficient to establish documents must be filed under seal. *See Supernus Pharms., Inc. v. Actavis, Inc.,* No. CV 13-4740(RMB/JS), 2015 WL 12837644, at *2 (D.N.J. June 3, 2015) (collecting cases).

Because Defendants' motion fails to make a particular factual demonstration of potential harm from publicly filing the records at issue, it should be denied.

 

KUTAK ROCK LLP

*/s/ Melissa A. Bozeman*
MELISSA A. BOZEMAN
OLIVER D. GRIFFIN
PETER N. KESSLER
Kutak Rock LLP
1760 Market Street, Suite 1100

3

        Philadelphia, PA 19103
Tel: (215) 288-4384
Fax: (215) 981-0719
melissa.bozeman@kutakrock.com
oliver.griffinf@kutakrock.com
peter.kessler@kutakrock.com

JONATHON D. FRIEDMANN ROBERT P. RUDOLPH
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
Tel: (617) 723-7700
Fax: (617) 227-0313
jfriedmann@rflawyers.com
rrudolph@rflawyers.com

RICARDO G. CEDILLO
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave., Ste 500 San Antonio, Texas 78212
Tel: (210) 822-6666
Fax: (210) 822-1151
rcedillo@lawdcm.com

*Counsel for Plaintiffs AnywhereCommerce,Inc. and BBPOS Limited*

Dated:  June 20, 2022

# CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2022, I caused to be served via electronic mail a true copy of the foregoing document on the following counsel as follows:

John A. Tarantino
Patricia K. Rocha
Nicole J. Benjamin
JEFFREY K. Techentin
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
jtechentin@apslaw.com


Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
JFriedmann@rflawyers.com
RRudolph@rfllawyers.com


Ricardo G. Cedillo, Esq.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
rcedillo@lawdcm.com

>*/s/Melissa A. Bozeman*
>Melkissa A. Bozeman