UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No. 1:19-cv-11457-IT |
| | * |
| IGNENICO, INC. et al, | * |
| | * |
| Defendants. | * |

PROCEDURAL ORDER RE: PRETRIAL/TRIAL

October 6, 2022

TALWANI, D.J.

The above-captioned action is set for a jury trial to commence **April 24, 2023**, at **9:00 a.m.**, in Courtroom 9. The pretrial schedule is as follows:

   I.   An initial pretrial conference will be held on **March 1, 2023, at 2:45 p.m.** The parties shall be prepared to discuss:

   A.   Any jurisdictional questions;

   B.   Any pending motions;

   C.   Disputed factual issues to be resolved at trial;

   D.   Disputed legal issues that must be resolved in connection with the trial;

   E.   An informed estimate of the probable length of the trial (including jury selection and opening and closing statements), based on a trial schedule of 9:00 a.m. to 1:00 p.m.;

   F.   Whether the parties request use of the Jury Evidence Recording System ("JERS").

   II.  The parties shall make and file the following pretrial disclosures no later than **March 13, 2022:**

   A.   All pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3)(A).[1] At trial, exhibits will be identified by a single sequence of

---

[1] Fed. R. Civ. P. 26(a)(3)(A) requires a party to:
. . . provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

1

        numbers, regardless of which party is the proponent of an exhibit. To avoid the burden of renumbering exhibits during the pretrial process or at trial, counsel shall confer in advance of the disclosures required by this paragraph and agree on starting numbers for each side's exhibits, based on an informed estimate of exhibits to be disclosed. For example, in a case with fewer than 50 anticipated exhibits, counsel may agree to start plaintiff's exhibits number 1, and defendant's exhibits at number 25;

    B.    As to those witnesses whose testimony the party expects to present by deposition, an identification by inclusive page and lines of deposition transcripts to be offered at trial other than solely for impeachment purposes.

III.    No later than **March 20, 2023**, the parties shall exchange any objections to the use of the evidence identified in the prior section and shall confer concerning such objections as required by Local Rule 16.5(c).

IV.    No later than **March 27, 2023**, the parties shall file:

    A.    Any objections to witnesses or lines of deposition transcripts that has not been resolved pursuant to Local Rule 16.5(c). The parties shall model objections to deposition designations on the example provided in **Appendix A**;

    B.    As to all exhibits identified under Section I that a party may still offer in evidence following the conference required by Section II, a joint list of all exhibits, identified and marked by a single sequence of numbers, regardless of which party is the proponent of an exhibit, with gaps as necessary to reflect any documents the parties no longer may offer at trial, and including notation as to those items the party expects to offer and those it may offer if the need arises, and noting as to each document whether the opposing party: (1) objects to the document; (2) may object to the document and reserves its position on the issue at this time; or (3) has no objection to the document. The list shall be filed in the form of the

---

**(i)** the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;
**(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and
**(iii)** an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

        chart in attached **Appendix B**, with notations regarding objections set forth in column 5, and columns 6 through 8 left blank;

    C.    A disc containing courtesy copies of all exhibits, numbered according to the single sequence agreed on by the parties. The exhibits shall be pre-marked with exhibit stickers containing the numbering set forth in the joint list of all exhibits;

    D.    Motions *in limine* or other requests regarding foreseeable evidentiary issues;

    E.    Any proposed questions for *voir dire*;

    F.    A succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during jury empanelment;

    G.    Proposed jury instructions as to each claim and each affirmative defense. The instructions should be in the form in which the parties would like the instructions read to the jury, with citations to authority. State law sources should be used for state law claims;

    H.    Proposed verdict forms addressing each claim to be submitted to the jury;

    I.    Any proposed special verdict questions.

The parties shall also provide the clerks with a disc containing modifiable Microsoft Word copies of all proposed questions, jury instructions, and verdict forms.

V.    The parties shall submit the following items by no later than **April 7, 2023**:

    A.    Oppositions to motions *in limine*;

    B.    Any stipulated facts in a form suitable for presentation to the jury;

    C.    A Joint Pretrial Memorandum as required by Local Rule 16.5(d), setting forth:

        (1) a concise summary of the evidence that will be offered by:

            (a) plaintiff;

            (b) defendants;

        with respect to both liability and damages (including special damages, if any);

    (2) the facts established by pleadings or by stipulations or admissions of counsel;

    (3) any contested issues of fact;

    (4) any questions raised by pending motions (other than motions *in limine*);

    (5) issues of law, including evidentiary questions, together with supporting authority;

    (6) any requested amendments to the pleadings;

    (7) any additional matters to aid in the disposition of the action;

    (8) An informed estimate of the probable length of the trial *if the estimated length of trial has changed since the initial pretrial conference*.

  D. Objections to proposed jury instructions. The parties shall file any objections, with citations to authority, to the instructions provided by the opposing party. If the objections include proposed modifications of the instruction, such proposed modifications shall be presented using underlining (for proposed additions) and strike-out (for proposed deletions). <u>Parties shall also provide the clerk with a disc containing modifiable Microsoft Word copies of this submission.</u>

VI. A trial brief shall be filed by no later than **April 10, 2023**.

VII. A final pretrial conference will be held on **April 17, 2023**, at **2:30 p.m**.

All trial exhibits must be reclaimed by the end of the first business day following the day of the verdict. This policy is strictly enforced by the court as there is no space at the courthouse to store exhibits after a trial has ended. Exhibits not reclaimed by counsel will be discarded.

 IT IS SO ORDERED.

October 6, 2022             /s/ Indira Talwani
                    United States District Judge

# APPENDIX A
## USE THIS FORMAT FOR THE DEPOSITION DESIGNATION LIST:

### Witness Name

| Plaintiffs' Initial Designation | Defendant's Objection | Defendant's Explanation (if necessary) | Defendant's Counter-designation (if necessary) |
|---|---|---|---|
| page:line – page:line | Rule | Argument | page:line – page:line |
| | | | |
| | | | |

### Witness Name

| Defendant's Initial Designation | Plaintiffs' Objection | Plaintiffs' Explanation (if necessary) | Plaintiffs' Counter-designation (if necessary) |
|---|---|---|---|
| page:line – page:line | Rule | Argument | page:line – page:line |
| | | | |
| | | | |

## APPENDIX B

### (leave columns 6-8 blank)

### USE THIS FORMAT FOR PREPARATION OF THE EXHIBIT LIST:

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Exhibit Number for Identification | Briefly Describe | Party Offering Exhibit | Does party expect to offer exhibit or may offer if need arises? | Does opposing side object (state rule), reserve, or have no objection? | | | |
| | | | | | | | |
| | | | | | | | |

### SAMPLE EXHIBIT LIST

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Exhibit Number for Identification | Briefly Describe | Party Offering Exhibit | Does party expect to offer exhibit or may offer if need arises? | Does opposing side object (state rule), reserve, or have no objection? | | | |
| 1 | Hospital record 1/2/2013 | Pl. | Offer | No objection | | | |
| 2 | Photo of accident scene | Def. | Offer | Reserved until trial | | | |
| 3 | Police report | Pl. | May offer | Objection | | | |