UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>INGENICO INC., INGENICO CORP. and INGENICO GROUP, SA,<br>　　　　　　Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

**MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT
ON BBPOS LIMITED'S BREACH OF CONTRACT CLAIM**

Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group, SA (collectively, "Ingenico") hereby request leave to file a motion for summary judgment (including a supporting memorandum and statement of undisputed material facts) on BBPOS Limited's ("BBPOS") breach of contract claim (Count V).

On May 23, 2022, this Court granted the parties' joint motion to extend the deadline for dispositive motions to June 22, 2022. On June 22, 2022, both Plaintiffs and Ingenico moved for summary judgment. Ingenico's breach of contract claim sought disgorgement of profits as a remedy; Ingenico did not take the inconsistent position in its summary judgment motion that BBPOS' breach of contract claim that also sought disgorgement of profits as its only remedy should be dismissed.

On March 23, 2023, the Court issued a Text Order that, *inter alia*, granted Plaintiffs' summary judgment motion as to Ingenico's breach of contract claim. *See* Text Order (ECF No. 225). On March 29, 2023, the Court issued its Memorandum & Order (ECF No. 228), in which it ruled, *inter alia*, that disgorgement is not a proper remedy for breach of contract when the duty that was allegedly breached was an obligation not to take certain actions. *See*

Memorandum & Order at 36-39.  Although that ruling was applied to only Ingenico's claim for breach of contract (because Ingenico had not moved on similar grounds), the Court's rationale applies (consistent with the law of the case doctrine) with equal force to BBPOS's breach of contract claim.  As set forth in Ingenico's proposed Memorandum in Support of Motion for Summary Judgment on BBPOS Limited's Breach of Contract Claim (attached hereto as Exhibit 1), BBPOS alleges in its breach of contract claim that Ingenico breached a duty not to disclose BBPOS's confidential information and requests, as its sole remedy, disgorgement.  Thus, based on the Court's Memorandum & Order, BBPOS is not entitled to disgorgement as a remedy for its breach of contract claim, so the Court should grant Ingenico summary judgment on BBPOS's claim for breach of contract.

      Accordingly, the Court should grant Ingenico leave to file a motion for summary judgment as to BBPOS's claim for breach of contract.  Indeed, granting Ingenico such leave would enable the Court to narrow the issues for trial by applying the rationale set forth in the Memorandum & Order to BBPOS's breach of contract claim (and not just Ingenico's breach of contract claim).

Dated:  April 2, 2023

>Respectfully submitted,
>INGENICO INC., INGENICO CORP. AND
>INGENICO GROUP, SA,
>
>By their attorneys,
>
>/s/ *Jeffrey K. Techentin*
>JOHN A. TARANTINO (BBO #492230)
>PATRICIA K. ROCHA (BBO #542348)
>NICOLE J. BENJAMIN (BBO #666959)
>JEFFREY K. TECHENTIN (*pro hac vice*)
>Adler Pollock & Sheehan P.C.
>One Citizens Plaza, 8th Floor
>Providence, RI 02903
>Tel: (401) 274-7200
>Fax: (401) 351-4607
>jtarantino@apslaw.com
>procha@apslaw.com
>nbenjamin@apslaw.com
>jtechentin@apslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

| | |
|---|---|
| Jonathon D. Friedmann, Esq.<br>Robert P. Rudolph, Esq.<br>Rudolph Friedmann LLP<br>92 State Street<br>Boston, MA 02109<br>JFriedmann@rflawyers.com<br>RRudolph@rflawyers.com | Oliver D. Griffin, Esq.<br>Peter N. Kessler, Esq.<br>Melissa A. Bozeman, Esq.<br>Kutak Rock LLP<br>303 Peach Street, N.E., Suite 2750<br>Atlanta, GA 30308<br>Oliver.griffin@kutakrock.com<br>Peter.kessler@kutakrock.com<br>Melissa.bozeman@kutakrock.com<br><br>Ricardo G. Cedillo, Esq.<br>755 E. Mulberry Ave., Ste 500<br>San Antonio, Texas 78212<br>rcedillo@lawdcm.com |

>/s/ *Jeffrey K. Techentin*
>Jeffrey K. Techentin

## Rule 7.1(a)(2) Certification

  I certify that counsel for Defendants have conferred with opposing counsel and attempted in good faith to resolve or narrow the issue.

                         /s/*Jeffrey K. Techentin*