# **EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ANYWHERECOMMERCE, INC. and BBPOS LIMITED,**<br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**INGENICO INC., INGENICO CORP. and INGENICO GROUP, SA,**<br>　　　　　　　　Defendants. | **CIVIL ACTION NO.**<br>**1:19-cv-11457-IT** |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BBPOS LIMITED'S BREACH OF CONTRACT CLAIM**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group, SA (collectively, "Ingenico") submit this Memorandum in support of their Motion for Summary Judgment on BBPOS Limited's ("BBPOS") Breach of Contract Claim. As demonstrated below, BBPOS requests disgorgement as its sole remedy for its breach of contract claim (Count V). However, in ruling on BBPOS's motion for summary judgment on Ingenico's breach of contract claim, this Court held that disgorgement is not a proper remedy for breach of contract when the duty that was allegedly breached was an obligation not to take certain actions. *See* Memorandum & Order (ECF No. 228) (March 29, 2023) at 36-39. BBPOS alleges in its breach of contract claim that Ingenico breached a duty not to disclose BBPOS's confidential information and requests, as its sole remedy, disgorgement. Based on the Court's Memorandum & Order, BBPOS is not entitled to disgorgement as a remedy for its breach of contract claim, so the Court should grant Ingenico summary judgment on BBPOS's claim for breach of contract.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

BBPOS asserts in the First Amended Complaint a claim for breach of contract against Ingenico.  *See* First Am. Compl. (ECF No. 67) ¶¶ 163-68.  BBPOS alleges that Ingenico "thieved" BBPOS's trade secrets in violation of § 6.1 of the Engineering Development and License Agreement dated May 4, 2010.  *Id.* ¶¶ 27, 165-66.  BBPOS further alleges that it "suffered losses, costs, liabilities, or expenses (including court costs and reasonable fees of attorneys and other professionals) arising out of or resulting from the breach of Ingenico [Inc.]'s confidentiality obligation under the ROAM License, entitling BBPOS to recovery of the same from Ingenico [Inc.]."  *Id.* ¶ 168.  BBPOS did *not* include a request for nominal damages in its First Amended Complaint.  *Id.* at 41-42.

In its Second Amended Counterclaims, Ingenico asserts a claim for breach of contract against BBPOS for breach of the Engineering Development and License Agreement dated May 4, 2010.  *See* Second Amended Counterclaims of Ingenico Inc. (ECF 78) ¶¶ 13, 16-21, 38-42; Engineering Development and License Agreement §§ 1.1, 1.3 (true and accurate copy attached to Defendants' Statement of Undisputed Material Facts ("SUF") as Exhibit 1).  In its prayer for relief, Ingenico seeks "[m]onetary damages," "disgorgement of profits," and "[a]n account for past, present, and future sales, revenues, and profit for all devices or products . . . sold . . . in violation of Ingenico's exclusive license thereto, and for all devices or products that use intellectual property in violation of Ingenico's exclusive licenses thereto."  Second Am. Counter. at 24.

On or about February 16, 2022, BBPOS served on Ingenico the expert report of Stephen J. Scherf, CPA/CFF, CFE (the "Scherf Report").  *See* Scherf Report (true and accurate copy attached hereto as Exhibit 2).  In his Report, Mr. Scherf characterized BBPOS's case as one for breach of contract as well as misappropriation of trade secrets, and assumed for purposes of his

2

Report that Ingenico was liable under the claims asserted in the First Amended Complaint. *Id.* at 2. Mr. Scherf provided his estimate of damages under an unjust enrichment theory: he calculated BBPOS's damages based on disgorgement of the gross profits realized by Ingenico from sale of the "Accused Products." *Id.* at 7-8. Mr. Scherf was deposed on May 12, 2022. Transcript of Deposition of Stephen Scherf (May 12, 2022) ("Scherf Dep.") at 1.[1] Mr. Scherf testified that disgorgement of profits, otherwise known as unjust enrichment, was an appropriate measure of damages in the context of the alleged improper use of a trade secret. *Id.* at 14:17-15:13. Mr. Scherf further testified that he did not calculate lost profits because "the issue with los[t] profits is identifying the proper but for model, and so it didn't seem appropriate in this case because the allegations in the underlying complaint was that there was a use of trade secrets in these products. So therefore, in my view, the best measure was the sale of those products." *Id.* at 15:6-13.

On or about March 18, 2022, Ingenico served on BBPOS and AnywhereCommerce, Inc. (together, "Plaintiffs") the expert report of Jennifer Vanderhart, Ph.D (the "Vanderhart Report"). *See* Vanderhart Report (true and accurate copy attached to the SUF as Exhibit 4). Dr. Vanderhart opined that the measure of damages for BBPOS's breach of the exclusivity provision of the Engineering Development and License Agreement was disgorgement of the profits of the accused products. *See id.* at 6.

On June 22, 2022, Plaintiffs moved for summary judgment on Ingenico's Second Amended Counterclaims. *See* AnywhereCommerce, Inc.'s and BBPOS Limited's Motion for Summary Judgment on Ingenico Inc.'s Second Amended Counterclaims (ECF No. 189)

---

[1] True and accurate copies of the relevant pages of Mr. Scherf's deposition are attached to the SUF as Exhibit 3.

("Plaintiffs' SJ Motion"). In Plaintiffs' SJ Motion and in their Memorandum of Reasons, Plaintiffs argue that Ingenico failed to show an actionable harm. *See id.* at 3-4; AnywhereCommerce, Inc.'s and BBPOS Limited's Memorandum of Reasons in Support of Their Motion for Summary Judgment on Ingenico Inc.'s Second Amended Counterclaims (ECF No. 190) ("Memorandum of Reasons") at 20-22. Specifically, Plaintiffs argue that "unjust enrichment is not a proper measure of damages on a breach of contract claim." Memorandum of Reasons at 21.

On March 23, 2023, this Court issued a Text Order granting Plaintiffs' SJ Motion as to Ingenico's breach of contract claim. *See* Text Order (ECF No. 225). On March 29, 2023, this Court issued its Memorandum & Order. *See* Memorandum & Order (ECF No. 228).

## ARGUMENT

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *R.R. Isla Verde Hotel Corp. v. Howard Johnson Int'l, Inc.,* 121 F. App'x 870, 870 (1st Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of the pleadings, "but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Id.* (quoting Fed. R. Civ. P. 56(e)). If the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . [t]he moving party is 'entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986) (quoting Fed. R. Civ. P. 56(c)).

4

In its Memorandum & Order, this Court held that "[t]o state a claim for breach of a written contract, a plaintiff must prove that "a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiff sustained damages as a result of the breach." Memorandum & Order at 34 (quoting *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007)). A showing of harm caused by the breach is "[c]entral" to a breach of contract action. *Id.* (citations omitted). "A plaintiff may not bring a claim for breach of contract if it has not suffered a harm caused by that breach." *Id.* at 35 (quoting *Thermal Eng'g Int'l (USA) Inc. v. Lanaville*, 2022 WL 17541938, at *5 (D. Mass. Dec. 8, 2022)).

"The usual rule for damages in a breach of contract case is that the injured party should be put in the position they would have been in had the contact been performed." *Id.* at 36 (quoting *Situation Mgmt. Sys., Inc. v. Malouf, Inc.*, 430 Mass. 875, 880, 724 N.E.2d 699, 704 (2000)). Breach of contract damages "are based on the injured party's 'expectation interest' and are intended to place him in the same position he would have been in had the contract been performed." *Id.* (quoting *Ruggers, Inc. v. U.S. Rugby Football Union, Ltd.*, 843 F. Supp. 2d 139, 145 (D. Mass. 2012)).

In its Memorandum & Order, this Court ruled that the remedy of disgorgement of profits is inapplicable to Ingenico's counterclaim for breach of contract. *See id.* at 36. The Court's basis for that ruling is that BBPOS's duty to Ingenico was a negative duty, *i.e.*, a duty not to sell the subject products outside of China and the Philippines. *See id.* at 36-38. Relying on the First Circuit's decision in *Gemini Investors Inc. v. AmeriPark, Inc.*, 643 F.3d 43 (1st Cir. 20011), the Court concluded that because BBPOS's duty was to refrain from selling the subject products outside of China and the Philippines, BBPOS's profits from sales outside those two countries were not a proper measure of Ingenico's damages, because an award of such damages would put

5

Ingenico in a better position than it would have been in had BBPOS performed under the contract.  *Id.* at 37-38.  The Court determined that Ingenico "has not alleged that BBPOS's alleged breach resulted in any reduction of Ingenico Inc.'s sales" and that Ingenico "has made no claim that it lost profits."  *Id.* at 38.  The Court ruled, therefore, that "unjust enrichment is inapplicable where Ingenico Inc. was never entitled to BBPOS's profits for units not contemplated under the Agreement."  *Id*.

Like Ingenico's claim, BBPOS's breach of contract claim is premised on a negative duty: an obligation not to disclose or use BBPOS's confidential information.  *See* First Am. Compl. ¶¶ 164-66.  BBPOS has *not* alleged or presented any evidence that but for Ingenico's alleged breach, BBPOS would have made sales that Ingenico made allegedly using BBPOS's confidential information.  Accordingly, awarding BBPOS disgorgement of Ingenico's profits would be exactly the same as awarding Ingenico disgorgement of BBPOS's profits, which this Court held would be inappropriate.  *See* Memorandum & Order at 36, 38 (relying on *G4S Tech. LLC v. Massachusetts Tech. Park Corp.*, 479 Mass. 721, 735, 99 N.E.3d 728, 741 (2018) and *Perroncello v. Donahue*, 448 Mass. 199, 206, 859 N.E.2d 827, 832 (2007)); *see also G4S Tech.*, 99 N.E.3d at 741 ("The nonbreaching party is entitled to be made whole and no more."); *Perroncello*, 859 N.E.2d at 832 ("The law of contracts is intended to give an injured party the benefit of the bargain, not the benefit of the bargain and a windfall.").

Using this Court's summary of its ruling on Ingenico's counterclaim for breach of contract and substituting BBPOS for Ingenico demonstrates that Ingenico is entitled to summary judgment on BBPOS's claim for breach of contract:

> In sum, [BBPOS] has failed to show that it incurred any damages as a result of the alleged breach of contract.  [BBPOS] has made no claim that it lost profits, and recovery based on unjust enrichment is inapplicable where [BBPOS] was never entitled to

6

>     [Ingenico's] profits for units not contemplated under the
>     Agreement.

*See* Memorandum & Order at 38.

Finally, this Court should grant summary judgment on BBPOS's claim for breach of contract because it is the law of the case that disgorgement is not a proper measure of damages for breach of contract when the allegedly breached duty was an obligation not to take certain actions. "The law of the case doctrine precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided." *Ms. M. v. Falmouth Sch. Dep't*, 875 F.3d 75, 78 (1st Cir. 2017) (quoting *Cohen v. Brown Univ.*, 101 F.3d 155, 167 (1st Cir. 1996)). "The law of the case doctrine serves important principles, including 'stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy.'" *AcBel Polytech Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 1:13-CV-13046-IT, 2019 WL 7169470, at *2 (D. Mass. Dec. 24, 2019) (Talwani, J.) (quoting *United States v. Rivera-Martinez*, 931 F.2d 148, 151 (1st Cir. 1991)) (applying the law of the case doctrine because the issues of apparent authority and limited warranty had been decided by the district court).[2]

As discussed above, the Court has ruled that the remedy of disgorgement of profits is inapplicable to Ingenico's counterclaim for breach of contract because BBPOS's duty to Ingenico was a negative duty, *i.e.*, a duty not to sell the subject products outside of China and the Philippines. *See* Memorandum & Order at 36-38. BBPOS's claim for breach of contract also is premised on an alleged breach of a negative duty (Ingenico's obligation not to disclose

---

[2] Although the case was reversed and remanded on other grounds, on remand, this Court adhered to the trial court's prior decision on the issue of apparent authority. *Id.*

7

confidential information), so the Court's ruling governs BBPOS's claim. Accordingly, the law of the case precludes disgorgement as a remedy for BBPOS's claim for breach of contract.[3]

For all these reasons, BBPOS's requested equitable remedy of disgorgement is, as a matter of law, unavailable for its breach of contract claim. As a result, BBPOS has submitted no evidence of (and has not even alleged) a recoverable remedy and cannot satisfy the requirement of harm for a breach of contract claim. Accordingly, Ingenico is entitled to summary judgment on BBPOS's claim for breach of contract.

## CONCLUSION

For the foregoing reasons, Ingenico respectfully requests the Court grant summary judgment on BBPOS's claim for breach of contract.

## REQUEST FOR ORAL ARGUMENT

Ingenico requests oral argument on its Motion for Summary Judgment.

Dated:  April __, 2023

---

[3] Although the law of the case doctrine does not apply to an interlocutory order (*e.g.*, denial of a motion for summary judgment), the Court's grant of BBPOS's summary judgment motion is not an interlocutory order. *Cf. Bethlehem Steel Exp. Corp. v. Redondo Const. Corp.*, 140 F.3d 319, 321 (1st Cir. 1998) (law of the case did not apply to denial of summary judgment motion).

Respectfully submitted,
INGENICO INC., INGENICO CORP. AND
INGENICO GROUP, SA,

By their attorneys,

/s/ *Jeffrey K. Techentin*
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
JEFFREY K. TECHENTIN (*pro hac vice*)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
jtechentin@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April ___, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

Oliver D. Griffin, Esq.
Peter N. Kessler, Esq.
Melissa A. Bozeman, Esq.
Kutak Rock LLP
303 Peach Street, N.E., Suite 2750
Atlanta, GA 30308
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com
Melissa.bozeman@kutakrock.com

Ricardo G. Cedillo, Esq.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
rcedillo@lawdcm.com

/s/ *Jeffrey K. Techentin*
Jeffrey K. Techentin