**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>INGENICO INC., INGENICO CORP. and INGENICO GROUP, SA,<br>　　　　　Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT OUT OF TIME**

Plaintiffs AnywhereCommerce, Inc. ("AC") and BBPOS Limited ("BBPOS," and together "Plaintiffs"), by and through their undersigned counsel, Kutak Rock LLP, respectfully request that this Honorable Court deny Defendants' Motion for Leave to File Motion for Summary Judgment on BBPOS Limited's Breach of Contract Claim (Doc. No. 237).

Defendants' attempt to *re-open* and *re-do* dispositive motion practice, with less than three weeks to go before trial, comes much "too little, and too late." Lacking any discernable good cause, or supporting evidence, as required under applicable Local Rules, Defendants' motion, if granted, would work substantial prejudice on BBPOS, and its concurrent trial preparation activities, diverting precious resources to oppose a baseless (proposed) summary judgment motion, on an expedited basis, that is premised on incorrect characterizations and assumptions regarding the nature of BBPOS's claims and relief to be sought at trial. It should be denied.

4853-5107-9514.6

I.    **Defendants' Motion Is Untimely, Resulting In Unfair Surprise And Prejudice**

Defendants' submission of their Motion for Leave to file a second, untimely summary judgment motion, on the eve of trial, long after the deadline for dispositive motions has passed, is improper and likely to create significant prejudice. As the Court is well-aware, this matter is scheduled for a jury trial to commence on April 24, 2023. Defendants' late motion, if granted, would accomplish nothing more than prejudicing BBPOS's ability to prepare a robust and considered opposition on a dispositive motion by truncating the procedural right to 21 days to respond under Local Rules 7.1(b)(2) and 56.1 – and distract and impede Plaintiffs' ability to prepare for trial.

Defendants' Motion impliedly concedes the prejudice its granting by the Court would cause. Not only in proposing to take a second, out of time run at dispositive motion practice, but also in seeking to shorten BBPOS's time to respond as would otherwise apply under Local Rules 7.1(b)(2) and 56.1, which allow a party 21 days to respond after service of a summary judgment motion. Otherwise, BBPOS's date for responding under the rules would fall during or after the commencement of trial.

In contravention of both Local Rule 7.1(b)(2), under which Defendants assert this Motion, and Local Rule 56.1, the Motion seeks to nonetheless to rob Plaintiffs of the time they would otherwise be afforded (procedurally) to prepare an informed and comprehensive opposition to Defendants' proposed dispositive motion filing, visiting unjust prejudice upon Plaintiffs. It must be denied.

II.   **Defendants' Motion Presents No Good Cause, Or Supporting Evidence, In Support Of The Motion**

Defendants' Motion for leave to file a summary judgment motion, filed on April 02, 2023, is untimely under the Court's scheduling orders. This Court had granted the parties' joint motion to extend the deadline for dispositive motions to June 22, 2022, on which date both parties duly

filed their respective motions for summary judgment. There were no further extensions to the dispositive deadline sought until now, nor was any sufficient rationale provided by Defendants as to why they may have been unable to submit the underlying legal issue for their proposed dispositive motion on BBPOS's Count V in accordance with the original or amended timeframes to do so. Defendants instead submit an eleventh hour request – nearly ten months after filing their first summary judgment motion. Defendants have had a fair opportunity to present the nature of this claim in their previous summary judgment briefing, but chose not to do so, ostensibly, for strategic reasons.

Local Rule 16.1 regarding early assessment of cases holds that the modification of a scheduling order needs to be supported by good cause and evidence, supported by affidavits, other evidentiary materials, or references to pertinent portions of the record. L.R., D.Mass. 16.1(g). Defendants, in their Motion for Leave to File Motion for Summary Judgment, fail to provide any substantiation as to the purported necessity of this amendment to the scheduling order, and provide no supplemental evidentiary material to demonstrate good cause, as required by the rules. Their Motion is directed to trying to expedite the briefing schedule, though this does not provide a proper basis for the primary motion driver (i.e., a second summary judgment opportunity) to justify permitting such a filing, out of time, weeks before trial is slated to start.

Precedent has uniformly supported the requirement of a showing of just cause to offer a late motion contravening the case management order. For example, a court may, in its discretion, dismiss a case with prejudice for violation of a judicial order. *See, e.g., Top Entertainment Inc. v. Ortega,* 285 F.3d 115, 119 (1st Cir.2002); *Figueroa Ruiz v. Alegria,* 896 F.2d 645, 649 (1st Cir.1990); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962). Courts have held that disobedience of a court order, including those regarding scheduling, constitutes extreme misconduct. *See Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc.,* 848 F.2d 315, 317 (1st Cir.1988); *Cosme Nieves v. Deshler,* 826 F.2d 1, 2 (1st Cir.1987); *Rosario–Diaz v. Gonzalez*, 140

F.3d 312, 315 (1st Cir.1998). In order to manage crowded calendars efficiently and effectively a trial court must take an active role in case management. *Id*. Scheduling orders play an important role in that process, and as such, litigants have an "unflagging duty to comply with clearly communicated case-management orders." *Id* at 315. Compliance with a scheduling order is essential to the court's overall ability to manage its calendar, and the "court's efforts at stewardship are undermined where, as here, a party cavalierly flouts the court's scheduling orders." *Top Ent. Inc. v. Ortega*, 285 F.3d 115, 118 (1st Cir. 2002). Further, conclusory explanations and justifications in *nunc pro tunc* motions are wholly uninformative and do not satisfy the parties burden to show good cause. *Robson v. Hallenbeck*, 81 F.3d 1, 3 (1st Cir. 1996). Enforcing strict adherence to judicial orders, such as scheduling orders as explained by the Supreme Court, serve the dual purpose of punishing the offender and deterring others from similar misconduct. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

Defendants propose to extend the timetable set by Her Honor's scheduling order for the purpose of getting a "second bite at the apple," an action which courts have deemed "unacceptable." *See Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43,47 (1st Cir. 2002). Defendants have no good cause or evidentiary substantiation as required in Local Rule 16.1, and, as such, the Motion for Leave is deficient, warranting summary denial.

## III.     Defendants' Proposed Motion For Summary Judgment On BBPOS Limited's Breach of Contract Claim Is Unavailing

Defendants' proposed motion for summary judgment also fails as the legal arguments presented therein are without merit and rest on an improper mischaracterization of the true nature of BBPOS' alleged damages asserted under the breach of contract claim. BBPOS's Count V received short shrift in their first summary judgment motion papers, and is rife with unaddressed material fact disputes and interrelated legal claims and defenses, and, therefore, is not susceptible to dispositive determination, which is only appropriate when there is no remaining issues of

material fact. *Bulwer v. Mount Auburn Hosp.*, 46 N.E.3d 24, 34 (2016). Now, Defendants largely rely on two factual misstatements in advancing their Motion regarding the nature of BBPOS's contractual damages. First, contrary to Defendants' claims, BBPOS's expert damages report issued by Mr. Scherf on February 16, 2022 does not contain any opinions as to damages sustained by BBPOS as a result of the Defendants' breach of the confidentiality obligations. Rather the expert damages opinions by Mr. Scherf are exclusively (and intentionally) issued in connection with BBPOS's trade secret claims. Defendants are wrong in relying on this report for the (false) proposition that BBPOS seeks disgorgement as the "sole remedy" under its breach of contract claim. Mr. Scherf's expert report states, in relevant part:

> Under the Uniform Trade Secrets Act, damages can **include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss**. In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret.
>
> I have been asked to provide calculations and my opinion on damages in the form of unjust enrichment. As such, I have not prepared calculations based on other methods, however I reserve the right to rebut and comment on damages based on other methods should the Defendants present them. In addition, I understand that I am only required to quantify revenues under an unjust enrichment damages construct and that it is the burden of the Defendants to quantify and deduct costs, if any. I therefore also reserve the right to rebut and comment on the costs, if any, that would be deducted should the Defendants present them.

Expert Rprt. § 4 (emphasis added).

Mr. Scherf's report clearly does not assert disgorgement as the sole remedy to breach of contract. Rather it references the availability of other legal remedies for trade secret theft and then provides an analysis based on disgorgement/unjust enrichment. Moreover, Plaintiffs' First Amended Complaint, at Paragraph 168 of BBPOS's Count V for Breach of Contract, belies Defendants' claims that BBPOS seeks disgorgement damages arising thereunder; to the contrary, the requested damages sought are identified as including "losses, costs, liabilities, or expenses (including court costs and reasonable fees of attorneys and other professionals) arising out of or

resulting from the breach of Ingenico GA's confidentiality obligations under the ROAM License, entitling BBPOS to recovery of the same from Ingenico GA." Plaintiffs' First Amended Complaint, Doc. No. 67.

Defendants' Motion impliedly further rests upon incorrect presumptions and speculations that there will be no admissible evidence presented at trial to meet BBPOS's applicable burdens of proof as to causation and proper damages under its breach of contract claim. If so, then Defendants, like all similarly-situated litigants, have available to them the expedient, practical and fair remedy of simply moving for judgment as a matter of law in a jury trial under Rule 50 of the Federal Rules of Civil Procedure – notably, without burdening the Court and Plaintiffs with expedited briefing schedules and paper submissions on the issue, prematurely.

At trial, BBPOS will have the opportunity, and intends, to develop witness testimony as to nonduplicative damages resulting from the breach of confidentiality obligations without reliance upon the trade secret damages analysis of its damages expert, Mr. Scherf. Further, by presenting this testimony at trial Defendants will have the full opportunity to cross-examine and rebut the evidence in real-time. Thus, Defendants' undeveloped legal arguments and existence of genuine issues of material fact relating to damages under BBPOS's Count V would render further entertain of this issue a waste of precious judicial and party resources.

Defendants' suggestion that resolution of this issue via summary judgment will streamline trial and provide a benefit for judicial economy is simply not true. It is an issue that will be presented and addressed at trial, regardless. BBPOS will be presenting proofs relative to the breach of the confidentiality provision and other defenses to Ingenico Inc.'s indemnification claims which, if determined to be "material" would afford BBPOS relief as the nonbreaching party under the BBPOS-ROAM licensing agreement as of the date of such breach, given that a material breach

of contract by one party excuses the other from performance as a matter of law.[1] *Hastings Assocs., Inc. v. Local 369 Bldg. Fund, Inc.*, 675 N.E.2d 761, 766 (1997). Whether a breach of the contract is material is a question of fact. *Id*. Of course, "[in] deciding a motion for summary judgment, a court does not resolve issues of material fact, and is therefore not the proper subject of the proposed summary judgment motion." *Id*. at 765. Thus, when Defendants state that their Motion will help the court narrow the issues for trial, this is not true. These issues of material fact are not properly disposed of through a last-minute summary judgment motion. Further consideration of this motion would not promote efficient adjudication of this matter because they are issues that will be properly and nonetheless presented to the fact-finder at trial.

WHEREFORE, Plaintiffs, for the foregoing reasons, respectfully request that this Court enter an Order denying Defendants Request for Leave to File a Further Motion for Summary Judgment.

Dated: April 4, 2023.

Respectfully submitted:

KUTAK ROCK LLP

*/s/ Melissa A. Bozeman*
By: Melissa A. Bozeman (Pro Hac Vice)
Pennsylvania Bar No. 201116
Oliver D. Griffin (Pro Hac Vice)
Pennsylvania Bar No. (80126)
Peter N. Kessler (Pro Hac Vice)
Pennsylvania Bar No. 209033
Two Logan Square
100 N. 18th Street, Suite 1920
Philadelphia, PA 19103-4104
(215) 299-4384 (Telephone)
(215) 981-0719 (Facsimile)

---

[1] For example, should BBPOS prevail in demonstrating Defendants' breach of the BBPOS-ROAM Licensing Agreement was material, BBPOS would not be bound by any obligations to perform after the date thereof and therefore established an affirmative defense to the Ingenico Inc's remaining claims for indemnification under Count I. *See* Doc. No. 140 (Affirmative Defenses).

Melissa.bozeman@kutakrock.com
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com

and

Jonathon D. Friedmann, Esq. (BBO # 180130)
Robert P. Rudolph, Esq. (BBO # 684583)
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700
Fax: (617) 227-0313
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

and

Ricardo G. Cedillo
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
Tel: (210) 822-6666
Fax: (210) 822-1151
rcedillo@lawdcm.com
*Attorneys for Plaintiffs / Counterclaim-Defendants*

**CERTIFICATE OF SERVICE**

      I, Melissa A. Bozeman hereby certify that I have served a true and correct copy of the foregoing Opposition To Defendants' Request For Leave To File A Further Motion For Summary Judgment on this 4th day of April, 2023, upon all counsel of record via the Court Electronic Filing System, CM/ECF.

                                                 */s/ Melissa A. Bozeman*
                                                 Melissa A. Bozeman