UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>    Plaintiffs,<br><br>v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br>    Defendants. | Civil Docket No: 1:19-cv-11457-IT<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 1 TO PRECLUDE ARGUMENT THAT BBPOS BREACHED THE AGREEMENT AND TO PRECLUDE REFERENCE TO INGENICO'S CLAIMED "DAMAGES" ON DISMISSED CLAIMS**

Plaintiffs request that the Court prelude Ingenico from (1) arguing at trial that BBPOS breached the Engineering Development and Licensing Agreement (the "Agreement"), as amended, by breaching exclusivity provisions; and from (2) referring to or presenting to the jury in any way at trial its previously claimed "damages" based on claims that have been dismissed pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence. Presentation of these damages and allegations at trial would be irrelevant, is unfairly prejudicial, would confuse the jury, and would be an immense waste of time.

BBPOS moved for summary judgment as to Ingenico's breach of contract claim on multiple, independent grounds, including *inter alia* that the exclusivity provision did not apply to any devices other than the CircleSwip family of devices. (Doc. No. 190 at 16). By Order entered March 29, 2023, the Court granted Plaintiffs' motion as to Count I because Ingenico failed to establish harm. (Doc. No. 228 at 38). The Court further noted that it did not reach BBPOS' alternative arguments, including the argument that the exclusivity provision did not extend beyond the CircleSwipe. (*Id*. at 39). With Ingenico's breach of contract claim being dismissed, the scope

1

of the trial was significantly reduced, and the length of the trial was reduced from three weeks to two weeks. (*See* Doc. No. 227).

At a status conference with the Court on March 27, 2023, Ingenico seemed to suggest that it intended to present its whole case at trial, presumably including arguments that BBPOS was a "bad actor" by breaching the exclusivity provision—an unfounded allegation that no longer has any relevance to this trial. Plaintiffs were confused by this position, given that the bulk of Ingenico's claims (and damages) are dismissed, including the failed claim for breach of exclusivity. The proposed exhibit list and witness list filed by Defendants on March 31, 2023 further was a surprise to Plaintiffs, with several exhibits seeming to relate only to the issue of exclusivity. Then, at a meet and confer on April 7, 2013, Plaintiffs learned that Ingenico intended to use such exhibits to support affirmative defenses, including unclean hands.[1]

The Court should preclude arguments related to the claimed breach of exclusivity from trial. With Ingenico's breach of contract claim based on this point dismissed, such arguments are not relevant and thus inadmissible. FRE 401 & 402. Moreover, the argument that BBPOS and its founder, Ben Lo, allegedly breached the exclusivity provision of the Agreement is unfairly prejudicial to BBPOS because that allegation would be inconsistent with the Court's summary judgment order. Further, breach of contract is not the type of conduct that amount to unclean

---

[1] An unclean hands defense would fail here, anyway, for multiple reasons. Unclean hands is not a defense to breach of contract. *Saggese v. Kelley*, 445 Mass. 434, 444, 837 N.E.2d 699 (2005). Even if BBPOS' statutory trade secret claim is equitable in nature, BBPOS' alleged breach of a contract does not "directly affect the claim being brought" and cannot be a defense. *Murphy v. Wachovia Bank of Delaware*, N.A., 88 Mass. App. Ct. 9, 16, 36 N.E.3d 48, 54 (2015). Moreover, even if a breach of the agreement occurred here (it didn't), that is not the type of unconscionable conduct giving rise to unclean hands.

4859-4179-0300.1

hands.  Under Georgia law,[2] the doctrine of unclean hands precludes relief "only if the inequity so infects the cause of action that to entertain it " 'would be violative of conscience.' " *Goodson v. Ford*, 290 Ga. 662, 666, 725 S.E.2d 229, 233 (2012) (quoting *Pryor v. Pryor*, 263 Ga. 153, 153, 429 S.E.2d 676 (1993)); *See also Synovus Bank v. Sims*, 540 F. App'x 905, 907 (11th Cir. 2013) (*citing Cong. Park Office Condos II, LLC v. First–Citizens Bank & Trust Co.*, 105 So.3d 602, 610 (Fla.Dist.Ct.App.2013) ("A failure to comply with the material terms of a loan document may be a breach of contract, and it may not be nice, but it does not amount to unclean hands.").  A party aggrieved by breach of contract has a remedy which Ingenico tried to pursue here.  But a breach of contract does not give rise to "unrighteous, unconscientious, or oppressive conduct" or "violate the conscience," as is necessary to trigger the unclean hands doctrine.  *Id.*; *Goodson v. Ford*, 290 Ga. at 666.  In addition to being unfairly prejudicial, allowing Ingenico to present its case on breach of exclusivity would be a massive waste of time, and would require lengthening the trial.

Likewise, Ingenico should be precluded from presenting damages to the jury that relate to dismissed claims.  Ingenico's expert, Dr. Vanderhart concluded in her opinion that the total collective damages owed to Ingenico were an eye-popping $72.9 million.  (Doc. No. 188-29 at 43).  She further opined that over $60M was owed by BBPOS on Count I for breach of contract—Ingenico's only remaining claim.  (*Id.*).  However, the bulk of the alleged breach of contract damages—about $56M according to Dr. Vanderhart—is based on the purported breach of exclusivity provisions, which this Court has dismissed (*Id.* at 38; Doc. No 228 at 38–39).  That cannot be referenced at trial.

---

[2] Frist Circuit law is in accord, as unclean hands only applies in instances of inequitableness or bad faith relative to the matter. *Bryan Corp. v. Chemwerth, Inc.*, No. CIV.A. 12-10446-MLW, 2013 WL 6489785, at *2 (D. Mass. Dec. 9, 2013).

3

Regarding the remaining damages for indemnification, the Court correctly noted that Ingenico sought approximately $3,551,084 for the IOEngine matter and $398,260 in total for the remaining matters of REM Holdings 3, REM Holdings 3 (Vantiv/Comerica), Blackbird Technologies, and MobilePay LLC.  (Doc. No. 228 at 40–41).  The indemnification claim on the IOEngine matter having been dismissed, Ingenico's *only* remaining damages on its *only* remaining claim is approximately **$398,260**.  Ingenico's presentation of damages to the jury at trial must not go beyond this amount.[3]

Plaintiffs are concerned that Ingenico may attempt to present damages numbers above and its remaining indemnification claim at trial in an attempt to improperly bolster its affirmative defenses, including recoupment.  The common-law doctrine of recoupment "allows a defendant to 'defend' against a claim by asserting-up to the amount of the claim—the defendant's own claim against the plaintiff growing out of the same transaction."  *Kelly v. Deutsche Bank Nat. Tr. Co.*, 789 F. Supp. 2d 262, 266 (D. Mass. 2011).  The affirmative defense of recoupment may only serve to reduce or extinguish the plaintiff's claim, but it cannot result in an affirmative recovery for the defendant.  *Id*.  A recoupment defense requires that a defendant assert its own claim against the plaintiff related to the same transaction.  *Bolduc v. Beal Bank, SSB*, 167 F.3d 667, 672 (1st Cir. 1999).

Here, Ingenico's only remaining claim is for the indemnification portion of its breach of contract claim related to the above matters in the amount of $398,260.  It has no other "claim" left in this litigation.  Its recoupment defense must be capped at that amount.  However, if Ingenico is permitted to present its "full case" and using its meaningless $70M+ damages numbers, there is

---

[3] Plaintiffs are submitting a separate motion in limine on this issue, as Ingenico failed to demonstrate through an expert that the attorneys' fees incurred in connection with these complex IP matters were reasonable.

4

considerable risk that the jury may (consciously or subconsciously) apply a recoupment defense (or a set off) that wipes out an award to Plaintiffs.  That would be improper.  Ingenico's claimed damages beyond the remaining indemnification damages (related to REM Holdings 3, Blackbird Technologies, and MobilePay) have no relevance to any issue that will be decided by the jury. Moreover, permitting Ingenico to present larger damages numbers creates a significant risk of unfair prejudice and is likely to confuse the jury.

For these reasons, Court prelude Ingenico from (1) arguing at trial that BBPOS breached the Engineering Development and Licensing Agreement (the "Agreement"), as amended, by breaching exclusivity provisions and from (2) referring to or presenting to the jury in any way at trial its previously claimed "damages" based on claims that have been dismissed.

Respectfully submitted:

                                        */s/ Melissa A. Bozeman*
                         By: Melissa A. Bozeman (Pro Hac Vice)
                             Pennsylvania Bar No. 201116
                             Oliver D. Griffin (Pro Hac Vice)
                             Pennsylvania Bar No. (80126)
                             Peter N. Kessler (Pro Hac Vice)
                             Pennsylvania Bar No. 209033
                             KUTAK ROCK LLP
                             Two Logan Square
                             100 N. 18th Street, Suite 1920
                             Philadelphia, PA  19103-4104
                             (215) 299-4384 (Telephone)
                             (215) 981-0719 (Facsimile)
                             Melissa.bozeman@kutakrock.com
                             Oliver.griffin@kutakrock.com
                             Peter.kessler@kutakrock.com

                             and

                             Leland P. Abide (Pro Hac Vice)
                             MN Bar No. 039269
                             KUTAK ROCK LLP

    60 South Sixth Street, Suite 3400
    Minneapolis, MN 55402-4018
    Telephone: (612) 334-5000
    Facsimile: (612) 334-5050
    leland.abide@kutakrock.com

    and

    Jonathon D. Friedmann, Esq. (BBO # 180130)
    Robert P. Rudolph, Esq. (BBO # 684583)
    RUDOLPH FRIEDMANN LLP
    92 State Street
    Boston, MA 02109
    Tel.: (617) 723-7700
    Fax: (617) 227-0313
    JFriedmann@rflawyers.com
    RRudolph@rflawyers.com

    and

    Ricardo G. Cedillo
    DAVIS, CEDILLO & MENDOZA, INC.
    755 E. Mulberry Ave., Ste 500
    San Antonio, Texas 78212
    Tel: (210) 822-6666
    Fax: (210) 822-1151
    rcedillo@lawdcm.com

Dated: April 10, 2023        *Attorneys for Plaintiffs / Counterclaim-Defendants*

4859-4179-0300.1

**CERTIFICATE OF SERVICE**

  I, Melissa A. Bozeman, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2023.

/s/ *Melissa A. Bozeman*
Melissa A. Bozeman, Esq.