UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>    Plaintiffs,<br><br>            v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br>    Defendants. | Civil Docket No: 1:19-cv-11457-IT<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION IN LIMINE NO. 3 TO
PRECLUDE REFERENCE TO ANY CLAIMS PREVIOUSLY DISMISSED**

On March 23, 2023, the Court granted Ingenico's Motion for Summary Judgment, in part, by dismissing Count I (tortious interference), Count III (Massachusetts Trade Secrets Act), Count IV (Defend Trade Secrets Act of 2016) and Count VIII (Georgia Deceptive Trade Practices Act) of the First Amended Complaint and dismissing AC's claims in Count VII (unjust enrichment). (Doc. No. 225).[1]  As a result, AC has no claims remaining in this lawsuit.  BBPOS' remaining claims are Count II (Georgia Trade Secrets Act), Count V (breach of contract) and Count VII (unjust enrichment).

Moreover, the Court dismissed the lion's share of Ingenico's claims in this action, including Count II (breach of duty of good faith and fair dealing), Count III (intentional interference with NAB), Count IV (AC intentional interference with BBPOS), Count V (Defend Trade Secrets Act), Count VI (Massachusetts Trade Secrets Act), and Count VII (deceptive trade practices).  (*Id.*).  In addition, the Court dismissed Count I (breach of contract) to the extent it was

---

[1] The Order also dismissed Counts VI (Lanham Act Violation) and IX (Georgia Fair Business Practices Act violation) of the First Amended Complaint with prejudice, per an agreement of the parties.  (Doc. Nos. 225, 228 at 11).

1

based on BBPOS' alleged breach of exclusivity provisions *and* the alleged failure of BBPOS to indemnify Ingenico of the IOEngine matter.  (*Id*.).

Plaintiffs request that the Court exclude any reference to the previously dismissed claims at trial.  The dismissed claims are irrelevant to the issues that will be before the jury, and bringing them up at trial creates an unnecessary risk of unfair prejudice by inappropriately damaging credibility with the jury, and is further likely to confuse and distract the jury from the issues before it.  Moreover, permitting Ingenico to present its dismissed claims to the jury, alongside the damages sought, runs a *significant* risk of improperly prejudicing the jury by flashing the $70M+ "damages" figures that Ingenico is not entitled to, which may cause the jury to offset an award to Plaintiffs.  That would be improper.

Courts routinely hold that that the practice of shielding claims and issues dismissed on summary judgment and other pretrial rulings are "common practice," and motions requesting such exclusions should be granted.  *Moore v. Bannon*, No. 10-12801, 2012 WL 2154274, at *7 (E.D. Mich. June 13, 2012).  "Stated otherwise, motions in limine should be granted under these circumstances because such evidence has little to do with establishing credibility, and is of little probative value, but instead carries significant risk of undue delay and waste of time." *Id*. (internal quotations omitted).  *See also Jones v. Jasper Wyman & Son*, No. 1:20-CV-00383-JAW, 2022 WL 16854270, at *4 (D. Me. Nov. 10, 2022) (excluding claim dismissed at summary judgment because it has "low probative value and a potentially high prejudicial effect."); *Crabbs v. Pitts*, No. 2:16-CV-0387, 2018 WL 5262397, at *10 (S.D. Ohio Oct. 23, 2018) ("Given the low bar for relevance, it is possible that dismissed claims might have some probative value, however slight. But the potential for unfair prejudice and confusion to the jury far outweigh any slight probative value."); *Duarte v. Catalina Foothills Sch. Dist. No. 16*, No. CV-12-00844-TUC-JAS, 2014 WL 5094128,

at *2 (D. Ariz. Oct. 10, 2014) ("to the extent it could be marginally relevant to Plaintiff's credibility, the Court finds that any reference to this dismissed claim at trial is outweighed by Rule 403 considerations.").

For the above reasons, Plaintiffs ask that the Court exclude reference to the dismissed claims.

Respectfully submitted:

                */s/ Melissa A. Bozeman*
              By: Melissa A. Bozeman (Pro Hac Vice)
                Pennsylvania Bar No. 201116
                Oliver D. Griffin (Pro Hac Vice)
                Pennsylvania Bar No. (80126)
                Peter N. Kessler (Pro Hac Vice)
                Pennsylvania Bar No. 209033
                KUTAK ROCK LLP
                Two Logan Square
                100 N. 18th Street, Suite 1920
                Philadelphia, PA  19103-4104
                (215) 299-4384 (Telephone)
                (215) 981-0719 (Facsimile)
                Melissa.bozeman@kutakrock.com
                Oliver.griffin@kutakrock.com
                Peter.kessler@kutakrock.com

                  and

                Leland P. Abide (Pro Hac Vice)
                MN Bar No. 039269
                KUTAK ROCK LLP
                60 South Sixth Street, Suite 3400
                Minneapolis, MN 55402-4018
                Telephone: (612) 334-5000
                Facsimile: (612) 334-5050
                leland.abide@kutakrock.com

                  and

                Jonathon D. Friedmann, Esq. (BBO # 180130)
                Robert P. Rudolph, Esq. (BBO # 684583)

        RUDOLPH FRIEDMANN LLP
        92 State Street
        Boston, MA 02109
        Tel.: (617) 723-7700
        Fax: (617) 227-0313
        JFriedmann@rflawyers.com
        RRudolph@rflawyers.com

            and

        Ricardo G. Cedillo
        DAVIS, CEDILLO & MENDOZA, INC.
        755 E. Mulberry Ave., Ste 500
        San Antonio, Texas 78212
        Tel: (210) 822-6666
        Fax: (210) 822-1151
        rcedillo@lawdcm.com

Dated: April 10, 2023        *Attorneys for Plaintiffs / Counterclaim-Defendants*

4855-0020-8476.1

## **CERTIFICATE OF SERVICE**

I, Melissa A. Bozeman, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2023.

/s/ *Melissa A. Bozeman*
Melissa A. Bozeman, Esq