UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>    Plaintiffs,<br><br>         v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br>    Defendants. | Civil Docket No: 1:19-cv-11457-IT<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION IN LIMINE NO. 4 TO
PRECLUDE REFERENCE TO STRIPE ACQUISITION OF BBPOS**

Plaintiffs seek to preclude Ingenico from offering any evidence, argument, or other reference to Stripe's acquisition of BBPOS. Stripe announced the acquisition on or about January 21, 2022—long after the pertinent events took place in this case. Ingenico may attempt to present evidence of the acquisition, including the purchase price, as a means of unfairly prejudicing the jury against BBPOS. This would be improper evidence relating to a party's financial condition and is likely to unfairly prejudice BBPOS by suggesting that BBPOS and Ingenico were of relatively equal bargaining power at the relevant times to this case. It should be precluded by the Court. BBPOS being acquired, and its financial condition, have no bearing on any of the claims or defenses at issue in this action.

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Courts in the First

1

Circuit and across the country routinely exclude evidence or prohibit discovery of a party's financial position on the basis of relevance and prejudice. *See, e.g., CardiAQ Valve Techs., Inc. v. Neovasc Inc.*, No. 14-CV-12405-ADB, 2016 WL 8203206, at *2 (D. Mass. Apr. 25, 2016) (evidence of party's financial condition not permitted into evidence where relevance was outweighed by potential danger that the jury could award damages unduly based on an ability to pay); *C & C Jewelry Mfg., Inc. v. West*, No. C09-01303 JF HRL, 2011 WL 2559638, at *1 (N.D. Cal. June 28, 2011) (finding that plaintiff's overall profitability, including revenues derived from non-accused products, was irrelevant to the determination of damages in patent action); *Jones v. Jasper Wyman & Son*, No. 1:20-CV-00383-JAW, 2022 WL 16854267, at *4 (D. Me. Nov. 10, 2022) (excluding evidence of a party's financial condition during liability phase of trial and noting that such evidence is "potentially admissible, if at all, only during the punitive damages stage of the trial.").

Stripe's 2022 acquisition of BBPOS is not of consequence to any fact at issue in this case. It occurred years after the pertinent events in this case (during this litigation) and has no relevance to any claim or defense that will be at issue at trial. For that reason alone, reference to the acquisition should be excluded. Even if there is some minor probative value, that value is substantially outweighed by the danger of unfairly prejudicing Plaintiffs and confusing the jury into believing that Plaintiffs and Ingenico were of similar size and bargaining power during the events of this lawsuit, and in particular, during negotiations related to Ingenico's considered purchase of BBPOS. Reference to the Stipe acquisition may even lead the jury to incorrectly assume that BBPOS had the better bargaining power by virtue of its financial condition. Such an assumption would clearly be incorrect and would create significant unfair prejudice against

BBPOS. Thus, reference to the Stripe acquisition of BBPOS should be precluded under FRE 401, 403, and the applicable case law.

Respectfully submitted:

        */s/ Melissa A. Bozeman*
By: Melissa A. Bozeman (Pro Hac Vice)
    Pennsylvania Bar No. 201116
    Oliver D. Griffin (Pro Hac Vice)
    Pennsylvania Bar No. (80126)
    Peter N. Kessler (Pro Hac Vice)
    Pennsylvania Bar No. 209033
    KUTAK ROCK LLP
    Two Logan Square
    100 N. 18th Street, Suite 1920
    Philadelphia, PA  19103-4104
    (215) 299-4384 (Telephone)
    (215) 981-0719 (Facsimile)
    Melissa.bozeman@kutakrock.com
    Oliver.griffin@kutakrock.com
    Peter.kessler@kutakrock.com

    and

Leland P. Abide (Pro Hac Vice)
MN Bar No. 039269
KUTAK ROCK LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4018
Telephone: (612) 334-5000
Facsimile: (612) 334-5050
leland.abide@kutakrock.com

    and

Jonathon D. Friedmann, Esq. (BBO # 180130)
Robert P. Rudolph, Esq. (BBO # 684583)
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700

3

      Fax: (617) 227-0313
      JFriedmann@rflawyers.com
      RRudolph@rflawyers.com

      and

Ricardo G. Cedillo
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
Tel: (210) 822-6666
Fax: (210) 822-1151
rcedillo@lawdcm.com

Dated: April 10, 2023       *Attorneys for Plaintiffs / Counterclaim-Defendants*

4864-8377-1484.1

## **CERTIFICATE OF SERVICE**

I, Melissa A. Bozeman, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2023.

/s/ *Melissa A. Bozeman*
Melissa A. Bozeman, Esq