UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>    Plaintiffs,<br><br>            v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br>    Defendants. | Civil Docket No: 1:19-cv-11457-IT<br><br>Jury Trial Demanded |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 5 TO PRECLUDE REFERENCE TO THE TERMS OF LEGAL ENGAGEMENT OR FEE ARRANGEMENT**

Ingenico has previously sought discovery into the nature of the AC/BBPOS legal arrangement and any agreement on payment of legal fees in this case. First, Ingenico issued document requests seeking "all agreements AnywhereCommerce and BBPOS, whether or not formalized as a contract" and "agreements with any other person or entity concerning this action." (Ex. A). Then, at the deposition of Michael Kron (who testified as a 30(b)(6) witness on behalf of AC) on December 2, 2021, counsel for Ingenico attempted to dig into this relationship further, asking Mr. Kron questions such as, "Who is obligated to pay the legal fees or expenses related to this litigation?"; "did you discuss [with Mr. Lo] the topic of how potential litigation proceeds or damages awards might be assessed as between AnywhereCommerce and BBPOS?"; and "Does the agreement that you have between you, BBPOS and Kutak Rock contain any obligation of AnywhereCommerce other than the payment of legal fees?" (Ex. B). The Court already declined to compel Plaintiffs from producing its engagement letter in discovery. (Doc. No 177 at 11) ("the court cannot see how the plaintiffs' agreement with their attorney and each other concerning the division of money or costs impacts anything about the causes of action plaintiffs have asserted.").

1

While Ingenico's conduct was improper in discovery, any such reference, allusion, or implication at trial relating to the AC/BBPOS legal engagement with counsel, including paying of costs and attorneys' fees, is plainly uncalled for at trial. Plaintiffs' legal arrangement has no evidentiary value to the issues at trial. Even if it had minimal value, it is outweighed by the risk of unfair prejudice because it runs the risk of suggesting to the jury that Plaintiffs are somehow unfairly "ganging up" against Ingenico to prosecute their claims. Courts have excluded this type of evidence in similar situations. *See Partylite Gifts, Inc. v. MacMillan*, No. 8:10-CV-1490-T-27EAJ, 2012 WL 13059665, at *1 (M.D. Fla. Sept. 13, 2012) (evidence of Common Interest Agreement regarding defense of claims and payment of legal fees was not admissible because it was irrelevant to whether the party was liable for conduct complained of and, even if it had some limited probative value, "any such probative value is substantially outweighed by the unfair prejudice [the party] would face[] if such evidence was admitted at trial.").

For these reasons, Plaintiffs respectfully ask that the Court preclude any reference, in argument, testimony, or otherwise, to the Plaintiffs' legal engagement and payment of costs and attorneys' fees.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs request oral argument on their Motions in Limine at the final pretrial conference, as said motions raise important evidentiary issues for trial, and Plaintiffs believe that oral argument may assist the Court in addressing Plaintiffs' motions.

4862-1256-4828.1

## LOCAL RULE 7.1 (A)(2) CERTIFICATION

Counsel for Movant has made a good faith effort to resolve the foregoing issue. On April 10, 2023, Melissa Bozeman, representing the Plaintiffs, discussed the relief requested herein with counsel for Defendants, Jeffrey K. Techentin ("Attorney Techentin") in response to his inquiry regarding the issue being presented in this Motion. Attorney Techentin did not agree to the relief requested herein.

## CERTIFICATE OF SERVICE

I, Melissa A. Bozeman, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2023.

/s/ *Melissa A. Bozeman*
Melissa A. Bozeman, Esq.


Respectfully submitted:

　　　　　　　　　　　　　　　*/s/ Melissa A. Bozeman*
　　　　　　　　　　　　　　By: Melissa A. Bozeman (Pro Hac Vice)
　　　　　　　　　　　　　　　Pennsylvania Bar No. 201116
　　　　　　　　　　　　　　　Oliver D. Griffin (Pro Hac Vice)
　　　　　　　　　　　　　　　Pennsylvania Bar No. (80126)
　　　　　　　　　　　　　　　Peter N. Kessler (Pro Hac Vice)
　　　　　　　　　　　　　　　Pennsylvania Bar No. 209033
　　　　　　　　　　　　　　　KUTAK ROCK LLP
　　　　　　　　　　　　　　　Two Logan Square
　　　　　　　　　　　　　　　100 N. 18th Street, Suite 1920
　　　　　　　　　　　　　　　Philadelphia, PA  19103-4104
　　　　　　　　　　　　　　　(215) 299-4384 (Telephone)
　　　　　　　　　　　　　　　(215) 981-0719 (Facsimile)

        Melissa.bozeman@kutakrock.com
        Oliver.griffin@kutakrock.com
        Peter.kessler@kutakrock.com

    and

Leland P. Abide (Pro Hac Vice)
MN Bar No. 039269
KUTAK ROCK LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4018
Telephone: (612) 334-5000
Facsimile: (612) 334-5050
leland.abide@kutakrock.com

    and

Jonathon D. Friedmann, Esq. (BBO # 180130)
Robert P. Rudolph, Esq. (BBO # 684583)
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700
Fax: (617) 227-0313
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

    and

Ricardo G. Cedillo
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
Tel: (210) 822-6666
Fax: (210) 822-1151
rcedillo@lawdcm.com

Dated: April 10, 2023        *Attorneys for Plaintiffs / Counterclaim-Defendants*