# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A.,<br><br>Defendants. | CIVIL ACTION NO. 1:19-cv-11457-IT |

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS ANYWHERECOMMERCE, INC. and BBPOS LIMITED

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 26.1 and 33.1, Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group S.A. hereby request that Plaintiffs AnywhereCommerce, Inc. and BBPOS Limited provide full and separate answers, in writing and under oath, to each of the interrogatories set forth below, in accordance with the Definitions and Instructions below. The requested answers should be provided within thirty (30) days of the service of these interrogatories.

### DEFINITIONS

For the purposes of these Interrogatories and responses thereto, the following definitions apply:

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), as set forth in LR 26.5(c)(1).

2. "Concerning" means with referring to, describing, evidencing, or constituting, as set forth in LR 26.5(c)(7).

3. "Person" means any natural person or any business, legal or governmental entity or association, as set forth in LR 26.5(c)(6).

4. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term, as set forth in LR 26(c)(2).

5. "Identify" means, with respect to persons, to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subsection, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person, as set forth in LR 26(c)(3).

6. "Identify" means, with respect to documents, to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s), as set forth in LR 26(c)(4).

7. "Describe in Detail" means to relate as completely as possible each and every fact, act, omission, incident, event, condition, circumstance, or thing relating directly or indirectly to the subject matter of the description, including all pertinent dates, and without limiting the foregoing, to: (1) identify all documents directly or indirectly related thereto; (2) identify all communications directly or indirectly related thereto; (3) identify all persons directly or indirectly related thereto; and (4) identify all locations applicable to any events, incidents, conditions, circumstances, or things directly or indirectly related thereto.

8. "Reflecting" means evidencing, describing, demonstrating, touching upon, mentioning, commenting on, incorporating, analyzing, transcribing, noting, evaluating, reviewing, reporting on, critiquing, criticizing, setting forth or showing in any way.

2

9. "Ingenico" mean Ingenico Inc., Ingenico Corp., Ingenico Ventures SAS, ROAM Data, Inc., and Ingenico Group, SA, their parents, subsidiaries, and affiliates, all present and former officers, employees, and agents, including attorneys, and all other persons that act or purport to act on its behalf or under its direction or control.

10. "You" means either (1) AnywhereCommerce, Inc., all present and former officers, employees, and agents, including attorneys, and all other persons that act or purport to act on its behalf or under its direction or control ("AnywhereCommerce"), or BBPOS Limited, all present and former officers, employees, and agents, including attorneys, and all other persons that act or purport to act on its behalf or under its direction or control ("BBPOS").

11. "Plaintiffs" means collectively AnywhereCommerce and BBPOS.

12. The term "Amended Complaint" or "First Amended Complaint" refers to the Amended Complaint filed by the Plaintiffs in this action on October 17, 2019.

13. The applicable time period for these interrogatories is from January 1, 2010 through the Present.

14. The term "Confidential Information" means any information, besides a trade secret, that is any confidential, sensitive, or non-public information of AnywhereCommerce or BBPOS that you contend Ingenico obtained or used in a manner that supports any Count in your Amended Complaint, including but not limited to (1) the "business plans" of Plaintiffs as alleged in the Amended Complaint, and (2) AnywhereCommerce's "strategic mPOS plans" as alleged in paragraph 60 of the Amended Complaint.

## INSTRUCTIONS

1. Any interrogatory framed in the disjunctive shall also be taken in the conjunctive, and vice versa.

2. When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

   a. identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   b. identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   c. state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

   d. state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory, as set forth in LR 26.5(c)(8)(a)-(d).

3. Each interrogatory shall, pursuant to Federal Rule of Civil Procedure 33, be deemed continuing so as to require prompt supplemental response if you obtain or discover further information called for herein.

4. Per Local Rule 26.1(c), the Interrogatories include subparts that are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory, and shall not be counted separately from the basic Interrogatory for purposes of any discovery event limitations. If You contend that a subpart should be counted separately from the basic Interrogatory, please refrain from answering the subpart and state your objection so that the parties can meet and confer concerning the number of interrogatories propounded.

5. If you object to a specific interrogatory, please set forth the objection with as much specificity as possible, and answer the specific interrogatory insofar as it is not

objectionable. In so doing, please state the extent to which you have narrowed or limited the interrogatory for purposes of your response notwithstanding the objection.

6. Should You claim that any of the requested information is privileged, work product, or otherwise protected from disclosure, please state the basis of such refusal to provide information, the precise nature of the privilege or protection sought, the persons who have been privy to such information, and such additional detail as will enable Ingenico to obtain a judicial determination as to the propriety of the refusal to provide such information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify and Describe in Detail each and every trade secret that forms the basis of Counts II through IX of Plaintiffs' Amended Complaint.

### INTERROGATORY NO. 2:

Identify and Describe in Detail any Confidential Information that Ingenico allegedly misappropriated, thieved, or improperly acquired from AnywhereCommerce or BBPOS.

### INTERROGATORY NO. 3:

State the Basis for your claims of trade secret misappropriation (Counts II-IV of the Amended Complaint).

### INTERROGATORY NO. 4:

For each trade secret and Confidential Information You Identified in response to Interrogatory Numbers 1 and 2, specifically describe any and all efforts You undertook to maintain the secrecy of such trade secret or Confidential Information.

**INTERROGATORY NO. 5:**

To the extent not identified in response to Interrogatory No. 3, State the Basis for Count I.

**INTERROGATORY NO. 6:**

To the extent not identified in response to Interrogatory No. 3, State the Basis for Count V.

**INTERROGATORY NO. 7:**

To the extent not identified in response to Interrogatory No. 3, State the Basis for Count VI.

**INTERROGATORY NO. 8:**

To the extent not identified in response to Interrogatory No. 3, State the Basis for Count VII.

**INTERROGATORY NO. 9:**

To the extent not identified in response to Interrogatory No. 3, State the Basis for Count VIII.

**INTERROGATORY NO. 10:**

To the extent not identified in response to Interrogatory No. 3, State the Basis for Count IX.

**INTERROGATORY NO. 11:**

Identify any and all "fake acquisition promises" or "other false claims" of Ingenico made to You (as alleged in the Amended Complaint) or any other false statements (collectively, "fake acquisition promises," "other false claims," and other false statements are "False Statements"), including the date such False Statements were made, by whom, to whom, the content of the False

Statement, any documents that concern the False Statements, and state the basis for your claim that the False Statements were false.

May 14, 2020

INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A.

By their attorneys,

/s/ John A. Tarantino
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
WILLIAM K. WRAY, JR. (#689037)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
wwray@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2020 I caused to be served via electronic mail and first class mail a true copy of the within document on the following counsel of record:

Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

Oliver D. Griffin, Esq.
Peter N. Kessler, Esq.
Melissa A. Bozeman, Esq.
Kutak Rock LLP
303 Peach Street, N.E., Suite 2750
Atlanta, GA 30308
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com
Melissa.bozeman@kutakrock.com

Daniel Carmeli, Esq. (admitted *pro hac vice*)
Kutak Rock LLP
1801 California Street, Suite 3000
Denver, CO 80202
daniel.carmeli@kutakrock.com

Ricardo G. Cedillo, Esq.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
rcedillo@lawdcm.com

*/s/ William K. Wray, Jr.*
William K. Wray, Jr.

1004666.v4