UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>    Plaintiffs,<br><br>        v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br>    Defendants. | Civil Docket No: 1:19-cv-11457-IT<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION IN LIMINE NO. 6 TO
PRECLUDE EVIDENCE OR ARGUMENT THAT THE ACCUSED PRODUCTS DO
NOT UTILIZE ANY OF THE CLAIMED TRADE SECRETS**

Plaintiffs request that the Court preclude Ingenico from arguing or presenting testimony or other evidence at trial which suggests that the accused products do not utilize any of the claimed trade secrets. The issue of whether or not the accused mPOS devices utilize any of the claimed undoubtably requires scientific, technical, or other specialized knowledge within the scope of Rule 702, and thus cannot be testified to by a lay witness. Moreover, Ingenico's technical expert, Dr. Shamos, did not offer an opinion that any of the accused products did not utilize any of the claimed trade secrets. He cannot now expand the scope of his opinion.

In support of its trade secret claim, BBPOS produced an expert opinion from Ivan Zatkovich. Mr. Zatkovich opined, among other things, that each of the accused products (including the RP350X, RP750X, RP100 series and RP450 series) utilized all of the five trade secrets claimed by BBPOS, including (1) audio jack polarity detection; (2) power management; (3) signal control settings and automatic gain detection; (4) communication formats; and (5) data security/encryption methods. (*See* Ex. A).

1

In response, Ingenico produced the expert report of Dr. Shamos. Dr. Shamos criticized the Zatkovich report and made a number of defenses, including for example that the claimed trade secrets are not actually trade secrets. (*See* Ex. B at 54). However, Dr. Shamos did not opine that any of the accused products do not utilize the information that comprised the claimed trade secrets. (*See generally* Ex. B).

Dr. Shamos cannot now broaden the scope of his opinion to testify before the jury and claim that none of the accused products utilize the claimed trade secrets. Federal Rule of Civil Procedure 26(a)(2) requires that experts disclose the opinions to which they plan to testify and the facts that underlie each of them. Fed. R. Civ. P. 26(a)(2)(B) (expert report "must contain . . . a complete statement of all opinion the witness will express and the basis and reasons for them; [and] the facts or data considered by the witness in forming them."); *id*. at 26(a)(2)(C) (expert disclosure must state "the subject matter on which the witness is expected to present evidence . . . and a summary of the facts and opinions to which the witness is expected to testify.").

"The purpose of the disclosure requirement is to ensure that the opposing party will have an opportunity to 'explore the basis' for the expert's opinions. *Maga v. Hennessy Indus., Inc.*, No. CIV. 12-11423-FDS, 2014 WL 10051399, at *13 (D. Mass. Dec. 1, 2014) (citing *AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70, 78 (D. Mass. 2008)). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004).

Moreover, Ingenico cannot introduce this type of testimony in through a fact witness. *See Perez v. Hyundai Motor Co*., 440 F. Supp. 2d 57, 69 (D.P.R. 2006) (excluding testimony where

2

the area of expertise could not be addressed by a lay person) ("Therefore, if any *part* of a witness' testimony ... is based upon scientific, technical, or other specialized knowledge [it falls] within the scope of Rule 702 [and] is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.") (emphasis added) (internal quotations omitted). While Ingenico may attempt to qualify another witness, such as Christopher Rotsaert, to testify on this topic, that would also be improper. Assuming *arguendo* that Rotsaert could qualify as an expert witness on this topic, it is too late.

For these reasons, Plaintiffs request that the Court enter an Order precluding Ingenico from arguing or presenting testimony or other evidence at trial which suggests that the accused products do not utilize any of the claimed trade secrets.


Respectfully submitted:


                */s/ Melissa A. Bozeman*
By: Melissa A. Bozeman (Pro Hac Vice)
    Pennsylvania Bar No. 201116
    Oliver D. Griffin (Pro Hac Vice)
    Pennsylvania Bar No. (80126)
    Peter N. Kessler (Pro Hac Vice)
    Pennsylvania Bar No. 209033
    KUTAK ROCK LLP
    Two Logan Square
    100 N. 18th Street, Suite 1920
    Philadelphia, PA  19103-4104
    (215) 299-4384 (Telephone)
    (215) 981-0719 (Facsimile)
    Melissa.bozeman@kutakrock.com
    Oliver.griffin@kutakrock.com
    Peter.kessler@kutakrock.com

    and

    Leland P. Abide (Pro Hac Vice)
    MN Bar No. 039269
    KUTAK ROCK LLP

       60 South Sixth Street, Suite 3400
       Minneapolis, MN 55402-4018
       Telephone: (612) 334-5000
       Facsimile: (612) 334-5050
       leland.abide@kutakrock.com

          and

       Jonathon D. Friedmann, Esq. (BBO # 180130)
       Robert P. Rudolph, Esq. (BBO # 684583)
       RUDOLPH FRIEDMANN LLP
       92 State Street
       Boston, MA 02109
       Tel.: (617) 723-7700
       Fax: (617) 227-0313
       JFriedmann@rflawyers.com
       RRudolph@rflawyers.com

          and

       Ricardo G. Cedillo
       DAVIS, CEDILLO & MENDOZA, INC.
       755 E. Mulberry Ave., Ste 500
       San Antonio, Texas 78212
       Tel: (210) 822-6666
       Fax: (210) 822-1151
       rcedillo@lawdcm.com

Dated:  April 10, 2023             *Attorneys for Plaintiffs / Counterclaim-Defendants*

## **CERTIFICATE OF SERVICE**

I, Melissa A. Bozeman, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2023.

/s/ *Melissa A. Bozeman*
Melissa A. Bozeman, Esq.

4880-0702-6780.1