UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>  Plaintiffs,<br><br>    v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br>  Defendants. | Civil Docket No: 1:19-cv-11457-IT<br><br>Jury Trial Demanded |
|---|---|

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 8 TO PRECLUDE USE OF LATE-PRODUCED DOCUMENTS

  Ingenico has made multiple documents productions since the close of fact discovery, with some documents being produced months after the close of discovery, and some within the month before trial—more than a year after the close of discovery.  The below table shows the late productions and when they were made:

| **Production No.** | **Production Date** | **Document Bates Range** | **Number of Days Late** |
|---|---|---|---|
| VOL16 | March 18, 2022 | IngenicoInc_0306564 through IngenicoInc_0306635 (4 total documents) | 92 days |
| VOL17 | February 28, 2023 | IngenicoInc_030636 through IngenicoInc_037553 (72 total documents) | 439 days |
| VOL18 | March 31, 2023 | IngenicoInc_0307554 through IngenicoInc_0307698 (6 total documents) | 470 days |

1

*See attached* Ex. A (VOL16 service correspondence), Ex. B (VOL17 service correspondence), and Ex. C (VOL18 service correspondence).

All of these productions should have been made before the close of discovery, and, in some cases, should have made more than a year ago. Plaintiffs served requests for production of documents (to which these documents are responsive) on December 20, 2019. (Ex. D). Ingenico served objections and responses on February 3, 2020. (Ex. E). While Ingenico continued to produce documents on a rolling basis, the deadline to complete fact discovery ran more than a year ago, on December 17, 2021. (Doc. No. 150). Ingenico's failure to meet the fact discovery cutoff is not excusable, especially considering the amount of time that Ingenico wasted while asserting privacy protections under the GDPR (*See*. Ex. E, Doc. No. 106, *Defendants' Opposition to Plaintiffs' Motion to Compel Concerning GDPR Issues*). Even after ruling on this issue (Doc. No. 118), Ingenico's unfounded GDPR assertions continued to slow down document discovery (*See* Doc. No. 146).

Late production volumes 16 and 17 relate to claimed indemnification damages, including attorney fee invoices for which Ingenico seeks indemnification in this action. Late production volume 18, produced just weeks before trial, appears relate generally to Ingenico's liability defenses. All volumes are responsive to previous requests for production issued by Plaintiffs back in December 2019. Examples of requests to which the documents are responsive include:

> **[Request No.] 44.** All documents which relate to your efforts, interest, plans, or evaluations related to the mobile commerce market and/or development of mPOS technology.
>
> **[Request No.] 66.** All documents which relate to any communication concerning your development of any product substantially similar to or otherwise competitive with one or more of ROAM's products.
>
> **[Request No.] 67.** All documents which relate to any communication concerning your development of any product substantially similar to or otherwise competitive with one or more of BBPOS's products.

2

> **[Request No.] 73.** All documents which relate to any communication concerning your development of mPOS devices, including but not limited market data, economic analyses, schematics, designs, research and development, and testing.
>
> **[Request No.] 92.** All documents which relate to any and all claims of infringement that you contend are losses, which are subject to indemnification by BBPOS.
>
> **[Request No.] 117.** All documents containing factual matter related to your eleventh affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be barred because they fail to state a cause of action upon which relief can be granted."

*See* Ex. D.

Under Federal Rule of Civil Procedure 34, unless the parties stipulate or the court orders otherwise, a party receiving a request for the production of documents must respond in writing within 30 days. Fed. R. Civ. P. 34(b)(2)(A). The production of documents "must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." *BRT Mgmt. LLC v. Malden Storage, LLC*, No. CV 17-10005-FDS, 2019 WL 3936862, at *2 (D. Mass. Aug. 20, 2019) (quoting Fed. R. Civ. P. 34(b)(2)(B)).

Failure to disclose information in accordance with the rules results in exclusion of the late-produced information. Specifically, Rule 37(c)(1) provides that if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." According to the First Circuit, this rule requires "near automatic exclusion of Rule 26 information that is not timely disclosed." *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001); *see also Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sara Lopez, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006) ("The baseline rule is that 'the required sanction in the ordinary case is mandatory preclusion.'") (citing *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir.2001)).

Accordingly, Plaintiffs request that the Court exclude all late-produced documents from trial. In the alternative, Plaintiffs request that the Court exclude Volume 18, which was produced

3

three weeks before trial and effectively derived Plaintiffs of any meaningful time to complete discovery related to those documents.

Respectfully submitted:

          */s/ Melissa A. Bozeman*
By: Melissa A. Bozeman (Pro Hac Vice)
    Pennsylvania Bar No. 201116
    Oliver D. Griffin (Pro Hac Vice)
    Pennsylvania Bar No. (80126)
    Peter N. Kessler (Pro Hac Vice)
    Pennsylvania Bar No. 209033
    KUTAK ROCK LLP
    Two Logan Square
    100 N. 18th Street, Suite 1920
    Philadelphia, PA  19103-4104
    (215) 299-4384 (Telephone)
    (215) 981-0719 (Facsimile)
    Melissa.bozeman@kutakrock.com
    Oliver.griffin@kutakrock.com
    Peter.kessler@kutakrock.com

    and

Leland P. Abide (Pro Hac Vice)
MN Bar No. 039269
KUTAK ROCK LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4018
Telephone: (612) 334-5000
Facsimile: (612) 334-5050
leland.abide@kutakrock.com

    and

Jonathon D. Friedmann, Esq. (BBO # 180130)
Robert P. Rudolph, Esq. (BBO # 684583)
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700
Fax: (617) 227-0313
JFriedmann@rflawyers.com

4

RRudolph@rflawyers.com

and

Ricardo G. Cedillo
DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
Tel: (210) 822-6666
Fax: (210) 822-1151
rcedillo@lawdcm.com

Dated: April 10, 2023    *Attorneys for Plaintiffs / Counterclaim-Defendants*

**CERTIFICATE OF SERVICE**

      I, Melissa A. Bozeman, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2023.

      /s/ *Melissa A. Bozeman*
      Melissa A. Bozeman, Esq.

4888-9091-1580.1