# Exhibit E

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**ANYWHERECOMMERCE, INC.
and BBPOS LIMITED,**

    **Plaintiffs,**

    **v.**

**INGENICO INC., INGENICO CORP., and
INGENICO GROUP S.A.**

    **Defendants.**

**CIVIL ACTION NO.
1:19-cv-11457-IT**

## DEFENDANTS' OBJECTIONS AND RESPONSES
## TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and L.R. 34.1,

Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group S.A. ("Defendants") submit the

following responses and objections to the Plaintiffs' First Set of Requests for Production of

Documents Upon Defendants (the "Request").

## I.  PRELIMINARY STATEMENT

   These responses are the result of Defendants' investigation to date. Defendants'

investigation of the facts of this case, however, is continuing, and discovery is ongoing.

Defendants expressly reserve the right to supplement, alter, and/or amend its responses.

Defendants reserve all objections as to the admissibility at trial of any of the documents

produced in response to the Request.  The production of any documents in response to the

Request does not constitute an admission by Defendants that such documents are relevant to the

claims and/or defenses in the pending litigation.  Defendants reserve the right to object to further

inquiry with regard to any subject matter.

While these responses and objections are served on behalf of all Defendants, in so responding, Defendants do not waive any argument concerning their corporate separateness.  To the extent that documents are within the possession, custody or control of one defendant but not another, they will be produced by the defendant that has possession, custody or control over such documents.  At the time of their production, Defendants will indicate with appropriate prefixes the defendant that is making the production.

Defendants will produce documents on a rolling basis.

## II.   OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

### A.   Objections to Plaintiffs' Definitions

Defendants object to Plaintiffs' definition of "you," insofar as it impermissibly conflates the separate corporate identities of each of the defendants in this case, purports to require Defendants to produce documents beyond those that are within their individual possession, custody or control and seeks to impose obligations on Defendants greater than those set forth by the Federal Rules of Civil Procedure. Defendants repeats this objection with respect to paragraphs 2 through 7 in the Definitions, which purport to define seven entities in a similarly vague and overly-broad fashion.

Defendants object to Plaintiffs' definition of "related to," "relating," and "relates" as vague as well as overly broad and unduly burdensome and not proportional to the needs of the case.  For purposes of these responses, Defendants will rely on the uniform definition of "concerning" set forth in L.R. 26.5.

Defendants object to Plaintiffs' definition of "document" to the extent that it differs from and purports to broaden the uniform definition of "document" set forth in L.R. 26.5(c)(2).  For purposes of these responses, Defendants will rely on the uniform definition set forth in L.R. 26.5.

2

Defendants object to Plaintiffs' definition of "communication" to the extent that it differs from and purports to broaden the uniform definition of "communication" set forth in L.R. 26.5(c)(1).  For purposes of these responses, Defendants will rely on the uniform definition set forth in L.R. 26.5.

Defendants object to the Plaintiffs' purported incorporation of defined terms from the Complaint as overly broad and unduly burdensome.

### B.     Objections to Plaintiffs' Instructions

Defendants object to the Instructions insofar as they seek to impose obligations on Defendants greater than those set forth by the Federal Rules of Civil Procedure and Local Rule 34.1.

Defendants object to the Instructions in so far as they provide that "[u]nless expressly specified otherwise, the relevant time period for each of the Requests is January 1, 2006 to the present."  Such an Instruction, which purports to require Defendants to search for, collect and review documents for a 14-year period and produce them in response to 126 categories of document requests, is overly broad, unduly burdensome, and is not proportional to the needs of this case, particularly where the earliest factual allegations concerning alleged misconduct that forms the basis for Plaintiffs' claims dates back no further than 2012.

Defendants also object to Plaintiffs' instruction (set forth in paragraph 24 of its definitions) that "[i]n the event of any inconsistencies between the definitions set out in these Requests and the definition set out in L.R. 26.5(c), the definitions set out in these Requests shall control" as such an instruction is inconsistent with L.R. 26.5.

3

## III.    GENERAL OBJECTIONS AND RESPONSES

Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege including, but not limited to, the attorney work product doctrine.

Defendants also object to the extent that the Request calls for the production of documents that are or that contain information that is confidential and/or proprietary in nature. Defendants will produce any such documents that are responsive and not otherwise objectionable upon entry of a Protective Order that protects the confidentiality of such documents.

Defendants further object to the extent that the Request calls for the production of documents that contain information that is protected by the General Data Protection Regulations or any similar applicable data privacy law(s).

Defendants also object to the extent that the documents sought through certain of the requests are unreasonably cumulative and duplicative of the documents sought through certain other requests. As detailed more fully in the specific objections and responses that follow, Requests No. 44 and 53 are so sufficiently broad that the documents sought in response to numerous other requests are also responsive to those two requests. Accordingly, Defendants will produce documents, subject to certain objections, in response to those two requests.

Defendants also object to the extent that the Requests seeks the production of documents not relevant to the claims or counterclaims in this action. This action concerns the alleged misappropriation, use and disclosure of Plaintiffs' trade secrets by Defendants, alleged tortious interference, Lanham Act violations, unfair and deceptive trade practices, and breach of contract by Defendants arising from the same conduct and from other alleged misuse of confidential information, and Plaintiffs' breach of contract, tortious interference, and misuse of intellectual

4

property in violation of Defendants' contractual rights arising from, principally, an agreement between Ingenico Inc. and BBPOS, and any losses related to those matters.

Each of the foregoing General Objections is incorporated into each and every specific response set forth below.

## IV.    SPECIFIC OBJECTIONS AND RESPONSES

**Request 1.** All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) which were previously made by you and any of your present or former directors, officers, or employees, including, without limitation, Messrs. Coonen, Graylin, Lazare, and Rotsaert, in the Graylin Litigation or otherwise, concerning this action or relating to its subject matter.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Finally, Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also

5

responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 2.** All documents which relate to any communication between you and AnywhereCommerce, concerning this action or relating to its subject matter.

**Response:**  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Finally, Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 3.** All documents which relate to any communication between you and BBPOS, concerning this action or relating to its subject matter.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally

6

available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Finally, Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 4.** All documents which relate to any communication between you and First Data, concerning this action or relating to its subject matter.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Finally, Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request after the

7

entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 5.** All documents which relate to any communication between you and FDMS, concerning this action or relating to its subject matter.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Finally, Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 6.** All documents which relate to any communication between you and TASQ, concerning this action or relating to its subject matter.

8

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Finally, Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 7.**  All documents which relate to any communication between you and NAB, concerning this action or relating to its subject matter.

**Response:**  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard

9

the confidentiality of these documents. Finally, Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 8.** All documents which relate to any communication which indicates or shows the existence of a contract or relationship between BBPOS and AnywhereCommerce.

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks the production of all documents that relate to any communication which indicates or shows the existence of *any* contract or relationship between BBPOS and AnywhereCommerce without regard to the contracts that are at issue in this case.  Defendants further object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Finally,

10

Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53 and 93.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate to any communication which indicates or shows the existence of the two contracts between BBPOS and AnywhereCommerce identified in Paragraph 21 of Plaintiffs' Complaint after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request. Defendants will withhold all other documents, if any, responsive to this Request.

**Request 9.**  All documents which relate to any communication which indicates or shows the existence of a contract or relationship between First Data and AnywhereCommerce.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks the production of all documents that relate to any communication which indicates or shows the existence of *any* contract or relationship between First Data and AnywhereCommerce without regard to that which is at issue in this case.  Defendant object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered

11

to safeguard the confidentiality of these documents.  Finally, Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate to any communication which indicates or shows the existence of a contract or relationship at issue in this litigation between First Data and AnywhereCommerce.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 10.**  All documents which relate to any communication which indicates or shows the existence of a contract or relationship between BBPOS and NAB.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks the production of all documents that relate to any communication which indicates or shows the existence of *any* contract or relationship between BBPOS and NAB without regard to that which is at issue in this case.  Defendant object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard

12

the confidentiality of these documents.  Finally, Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate to any communication which indicates or shows the existence of a contract or relationship at issue in this litigation between BBPOS and NAB.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 11.**  All documents which relate to any communication which indicates or shows the existence of a contract or relationship between you or ROAM and NAB.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks the production of all documents that relate to any communication which indicates or shows the existence of *any* contract or relationship between Defendants or ROAM and NAB without regard to that which is are at issue in this case.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered

13

to safeguard the confidentiality of these documents.  Finally, Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate to any communication which indicates or shows the existence of a contract or relationship at issue in this litigation between Defendants or ROAM and NAB.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 12.**  All documents which relate to any communication which indicates or shows the existence of a contract or relationship between BBPOS and any third party, concerning this action or relating to its subject matter.

**Response:** Defendants object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case because Plaintiffs do not allege that Defendants had knowledge of BBPOS' contracts or relationship with all "third parties." Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality

14

of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to show their knowledge of the two contracts between BBPOS and AnywhereCommerce identified in Paragraph 21 of Plaintiffs' Complaint and any contract or relationship with NAB at issue in this case.  To the extent that the documents produced in response to this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 13.**  All documents which relate to any communication which indicates or shows the existence of a contract or relationship between AnywhereCommerce and any third party, concerning this action or relating to its subject matter.

**Response:**  Defendants object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case because Plaintiffs do not allege that Defendants had knowledge of AnywhereCommerce's contracts or relationship with all "third parties."   Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard

15

the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to show their knowledge of AnywhereCommerce's contract or relationship with any third party or person that Plaintiffs allege Ingenico allegedly tortiously interfered with. To the extent that the documents produced in response to this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request. Defendants will withhold all other documents, if any, responsive to this Request.

**Request 14.**  All documents which relate to any communication which indicates or shows the existence of a contract or relationship between you and any third party, concerning this action or relating to its subject matter.

**Response:** Defendants object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in so far as it broadly seeks documents which relate to any communication which indicates or shows the existence of a contract or relationship between Defendants and "any third party."  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object to the Request because it is vague and ambiguous. Specifically, the phrase "contract or relationship

16

between you and any third party, concerning this action or relating to its subject matter" is vague. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.  Defendants will withhold documents, if any, responsive to this Request.

**Request 15.**  All documents which relate to any communication which indicates or shows the existence of a contract or relationship between ROAM and any third party, concerning this action or relating to its subject matter.

**Response:**  Defendants object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in so far as it broadly seeks documents which relate to any communication which indicates or shows the existence of a contract or relationship between ROAM and "any third party."  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object to the Request because it is vague and ambiguous. Specifically, the phrase "contract or relationship between ROAM and any third party, concerning this action or relating to its subject matter" is vague. Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants state they have no documents responsive to this Request.

17

**Request 16.**  All documents which relate to any communication which shows or tends to show that you had knowledge of the existence of a contract or relationship between AnywhereCommerce and BBPOS.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks the production of all documents that relate to any communication which indicates or shows knowledge of the existence of *any* contract or relationship between AnywhereCommerce and BBPOS without regard to that which is at issue in this case.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to any communication that shows any defendant had knowledge of the existence of the contract or relationship between AnywhereCommerce and BBPOS described in Paragraph 22 of the Complaint.  To the extent that the documents sought through this Request are also responsive to one or more other

18

Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 17.**  All documents which relate to any communication which shows or tends to show that you had knowledge of the existence of a contract or relationship between AnywhereCommerce and First Data.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks the production of all documents that relate to any communication which indicates or shows knowledge of the existence of *any* contract or relationship between First Data and AnywhereCommerce without regard to that which is at issue in this case.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to any communication that shows any defendant had knowledge of the existence of the contract or relationship at issue in this litigation between First Data and AnywhereCommerce and BBPOS.  To the extent that the

19

documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 18.**  All documents which relate to any communication which demonstrates any value which might be attributed to the contract or relationship between AnywhereCommerce and First Data.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present.  Defendants object to the Request because it is vague and ambiguous. Specifically, the Request references "the contract or relationship between AnywhereCommerce and First Data" without specifying any specific contract and the phrase "demonstrates any value which might be attributed to" a contract or relationship is vague. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to

safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants have already agreed to produce non-privileged documents

Defendants will produce non-privileged documents, if any, sufficient to show Defendants' valuation(s) of the contract or relationship between AnywhereCommerce and First Data (if any exist).  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 19.**  All documents which relate to any communication which demonstrates any value which might be attributed to the contract or relationship between you or ROAM and BBPOS.

 **Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present.  Defendants object to the Request because it is vague and ambiguous. Specifically, the Request references "the contract or relationship between you or ROAM and BBPOS" without specifying any specific contract and the phrase "demonstrates any value which might be attributed to" a contract or relationship is vague. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard

21

the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to show Defendants' valuation(s) of ROAM's contract with BBPOS (if any exist) after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. Defendants will withhold all other documents, if any, responsive to this Request.

**Request 20.**  All documents which relate to any communication which demonstrates any value which might be attributed to the contract or relationship between you or ROAM and First Data.

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present.  Defendants object to the Request because it is vague and ambiguous. Specifically, the Request references "the contract or relationship between you or ROAM and First Data" without specifying any specific contract and the phrase "demonstrates any value which might be attributed to" a contract or relationship is vague. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard

22

the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to show the valuation of any contract or relationship with First Data that Defendants allegedly tortiously interfered with (if any exist) after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 21.**  All documents which relate to any written or oral agreements between ROAM and AnywhereCommerce or BBPOS.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks the production of any written or oral agreements between ROAM and AnywhereCommerce or BBPOS regardless of that which is at issue in this case.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has

23

been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate to any written or oral agreements between ROAM and AnywhereCommerce or BBPOS at issue in this case after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 22.**  All documents which relate to any written or oral agreements between you and AnywhereCommerce or BBPOS.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks the production of any written or oral agreements between Defendants and AnywhereCommerce or BBPOS regardless of that which is at issue in this case.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and

24

no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate to any written or oral agreements between Defendants and AnywhereCommerce or BBPOS at issue in this case after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 23.**  All documents which relate to any written or oral agreements between you and ROAM.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks the production of any written or oral agreements between Defendants and ROAM regardless of whether such agreements relate to any matters at issue in this case.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and

no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate to any written or oral agreements between Defendants and ROAM concerning matters at issue in this case after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 24.**  All documents which relate to any written or oral agreements between you or ROAM and NAB.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks the production of any written or oral agreements between Defendants and ROAM or NAB regardless of whether such agreements relate to any matters at issue in this case.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these

26

documents. Defendants object that this Request is cumulative of other Requests, including Requests 23, 7 and 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate to any written or oral agreements between Defendants and ROAM or NAB concerning matters at issue in this case after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 25.**  Sufficient documents which relate to or reflect your POS products existing as of November 1, 2009.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from November 1, 2009 to the present and because it seeks information concerning all of Defendants POS products, not just the mPOS solutions at issue in this case.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to

27

safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to identify Defendants' POS products, which existed as of November 1, 2009 after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request. Defendants will withhold all other documents, if any, responsive to this Request.

**Request 26.** All documents which relate to the identity of your target customers for your POS products existing as of November 1, 2009.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from November 1, 2009 to the present and because it seeks information concerning target customers for all of Defendants POS products, not just the mPOS solutions at issue in this case and because the identity of all of Defendants' target customers is not relevant to the claims or defenses in this litigation. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is highly competitive, confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these

28

documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 27.** Sufficient documents which relate to or reflect your POS products existing as of February 6, 2012.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from February 6, 2012 to the present and because it seeks information concerning all of Defendants POS products, not just the mPOS solutions at issue in this case. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to identify Defendants' mPOS solutions, which existed as of February 6, 2012 after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through this Request are also responsive to one or more

29

other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 28.**  All documents which relate to the identity of your target customers for your POS products existing as of February 6, 2012.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from February 6, 2012 to the present and because it seeks information concerning target customers for all of Defendants POS products, not just the mPOS solutions at issue in this case and because the identity of all of Defendants' target customers is not relevant to the claims or defenses in this litigation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is highly competitive, confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.  Defendants will withhold documents, if any, responsive to this Request.

**Request 29.**  Sufficient documents which relate to or reflect your POS products existing as of January 1, 2015.

30

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from January 1, 2015 to the present and because it seeks information concerning all of Defendants POS products, not just the mPOS solutions at issue in this case.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to identify Defendants' mPOS solutions, which existed as of January 1, 2015 after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 30.**  All documents which relate to the identity of your target customers for your POS products existing as of January 1, 2015.

 **Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and

31

purports to require the production of documents from January 1, 2015 to the present and because it seeks information concerning target customers for all of Defendants POS products, not just the mPOS solutions at issue in this case and because the identity of all of Defendants' target customers is not relevant to the claims or defenses in this litigation. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is highly competitive, confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 31.**  The organizational charts sufficient to identify you as of November 2009 and any material changes in your organization or corporate structuring through to the present.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as the Request is not limited to Defendants' organization and corporate structuring concerning the mobile point of sale business. Defendants object to the Request because it is vague and ambiguous. Specifically, the phrases "sufficient to identify you" and "material changes" are vague. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object on the grounds that, as narrowed to the mobile point of sale organization and corporate

32

structuring, this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold all other documents, if any, responsive to this Request.

**Request 32.** All documents which relate to each instance a merger, combination, acquisition, investment arrangement, or other similar transaction by you with ROAM, including but not limited to due diligence materials, valuations, financial models and sensitivity analyses, business plans, projections, marketing plans, and break even analyses.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and to the extent it seeks all documents, including but not limited to due diligence materials, valuations, financial models and sensitivity analyses, business plans, projections, marketing plans, and break even analyses. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 33.** The valuations of your investment(s) in ROAM and/or ROAM's share value undertaken by Floyd Advisory, Ernst & Young, and Houlihan Lokey in determining a

33

"Purchase Price Per Share" for the company as of September 20, 2012 and the valuation
undertaken by Stout Risius Ross, Inc. with an effective date of June 30, 2013.

      **Response:** Defendants object to the Request to the extent that it seeks the production of
documents protected from disclosure by the attorney-client privilege or any other legally
available privilege, immunity, or rule, including, but not limited to, the attorney work product
doctrine. Defendants object because this Request seeks production of documents that contain
information that is confidential, proprietary, or both, and no order has been entered to safeguard
the confidentiality of these documents. Defendants object that this Request is cumulative of other
Requests, including Request 44.

      Subject to and without waiving the foregoing objections and the General Objections,
Defendants will produce non-privileged documents, if any, responsive to this Request after the
entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the
requested documents.  To the extent that the documents sought through this Request are also
responsive to one or more other Requests, Defendants will produce them in response to one
request.

      **Request 34.**  All documents which relate to a potential merger, combination, acquisition,
investment arrangement, or other similar transaction by you or ROAM with BBPOS, including
but not limited to due diligence materials, valuations, financial models and sensitivity analyses,
business plans, projections, marketing plans, and break even analyses.

      **Response:** Defendants object that this Request is overly broad, unduly burdensome, and
disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and
purports to require the production of documents from 2006 to the present. Defendants object to

the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53. Defendants will withhold documents, if any, responsive to this Request.

**Request 35.**  All documents which relate to a potential merger, combination, acquisition, investment arrangement, or other similar transaction by you or ROAM with AnywhereCommerce, including but not limited to due diligence materials, valuations, financial models and sensitivity analyses, business plans, projections, marketing plans, and break even analyses.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and to the extent it seeks all documents, including but not limited to due diligence materials, valuations, financial models and sensitivity analyses, business plans, projections, marketing plans, and break even analyses.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard

the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53. Defendants will withhold documents, if any, based on their objections.

**Request 36.**  All documents which relate to an actual or potential merger, combination, acquisition, investment arrangement, or other similar transaction by you or ROAM with First Data, including but not limited to due diligence materials, valuations, financial models and sensitivity analyses, business plans, projections, marketing plans, and break even analyses.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and to the extent it seeks all documents, including but not limited to due diligence materials, valuations, financial models and sensitivity analyses, business plans, projections, marketing plans, and break even analyses. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44.  Defendants will withhold documents, if any, responsive to this Request.

**Request 37.**  All documents which relate to an actual or potential merger, combination, acquisition, investment arrangement, or other similar transaction by you or ROAM with any

third party mPOS supplier/provider (other than BBPOS or AnywhereCommerce), including but not limited to due diligence materials, valuations, financial models and sensitivity analyses, business plans, projections, marketing plans, and break even analyses.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because neither Defendants nor ROAM's transactions (or potential transactions) with any third party mPOS supplier or provider (other than BBPOS or AnywhereCommerce) is in any way relevant to the allegations in this case. Defendants further object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case because neither Plaintiffs' claims nor Ingenico Inc.'s Counterclaims make all of Defendants' merger and acquisition activities relevant. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 38.** All documents which relate to your or ROAM's pursuit of Series B financing for purposes of a potential marger [sic], combination, acquisition, investment arrangement, or similar transaction by you or ROAM with AnywhereCommerce or BBPOS.

37

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it broadly seeks "all documents which relate to your or ROAM's pursuit of Series B financing for purposes of a potential marger [sic], combination, acquisition, investment arrangement, or similar transaction by you or ROAM with AnywhereCommerce or BBPOS." Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to demonstrate Defendants' or ROAM's pursuit of Series B financing for purposes of a potential merger, combination, acquisition, investment arrangement, or similar transaction by Defendants or ROAM with AnywhereCommerce or BBPOS after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 39.** Copies of your registration documents, with all attachments and exhibits, from 2006 through the present (both native language and translated versions).

38

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants further object to the extent this Request is intended to require Defendants to generate translated versions of documents that do not already exist.

**Request 40.**  Copies of any investor presentations or materials used by ROAM.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present, because it seeks presentations and materials that are not relevant to any of the claims or defenses asserted in this case, and because seeks any investor presentations or materials used by ROAM regardless of the subject matter of such materials.  Defendants object to the Request because it is vague and ambiguous. Specifically, the phrase "investor … materials" is vague. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

39

**Request 41.**  Copies of any investor presentations or materials used by you, concerning First Data, ROAM, mPOS technology, and/or the mobile commerce market.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks presentations and materials that are not relevant to any of the claims or defenses asserted in this case. Defendants object to the Request because it is vague and ambiguous. Specifically, the phrase "investor … materials" is vague.  Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 42.**  Copies of any press releases issued by ROAM, concerning First Data, mPOS technology, and/or the mobile commerce market.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request is cumulative of other Requests, including Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce any press releases issued by ROAM, concerning First Data, mPOS technology, and/or the mobile commerce market.  To the extent that the documents sought

40

through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 43.**  Copies of any press releases issued by you, concerning First Data, ROAM, mPOS technology, and/or the mobile commerce market.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request is cumulative of other Requests, including Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce any press releases they issued concerning First Data, mPOS technology, and/or the mobile commerce market.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 44.**  All documents which relate to your efforts, interest, plans, or evaluations related to the mobile commerce market and/or development of mPOS technology.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present.  Defendants further object to the extent that this Request seeks the production of documents not relevant to the claims or counterclaims in this action. This action concerns the alleged misappropriation, use and disclosure of Plaintiffs' trade secrets by Defendants, alleged tortious interference, Lanham Act

41

violations, unfair and deceptive trade practices, and breach of contract by Defendants arising from the same conduct and from other alleged misuse of confidential information, and Plaintiffs' breach of contract, tortious interference, and misuse of intellectual property in violation of Defendants' contractual rights arising from, principally, an agreement between Ingenico Inc. and BBPOS, and any losses related to those matters.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will confer with Plaintiffs to develop a reasonable search protocol for non-privileged documents that are responsive to this Request and that relate to the subject matter of the action as described above.  If the parties cannot reach an agreement on a reasonable search protocol, Defendants will use a search protocol sufficient to discharge Defendants' duties under Rule 34, and produce documents responsive this Request on a rolling basis after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 45.**  All documents which relate to any mobile commerce market reports or research received by you or ROAM, concerning First Data, BBPOS, and/or AnywhereCommerce.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and to the extent it is read to broadly seeks all documents related to any research received by Defendants or ROAM, concerning First Data, BBPOS, and/or AnywhereCommerce without regard to whether that research concerns the claims or defenses in this litigation. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44.  Defendants will withhold documents, if any, responsive to this Request.

**Request 46.**  All documents which relate to any confidentiality and/or non-disclosure agreements that ROAM received, requested and/or executed, concerning any disclosure or proposed disclosure of mPOS technology and design information, commercial information, or other trade secrets.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and

43

purports to require the production of documents from 2006 to the present. Defendants object that this Request, which relates to confidentiality and non-disclosure agreements that ROAM received, requested, and/or executed, is overly broad and unduly burdensome in that it is not limited to the parties to this action or relevant non-parties. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to any confidentiality and/or non-disclosure agreements that ROAM received, requested and/or executed, concerning any disclosure or proposed disclosure of mPOS technology and design information, commercial information, or other trade secrets owned, licensed, and/or controlled by BBPOS and/or Anywhere Commerce that Defendants allegedly misappropriated after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 47.** All documents which relate to any confidentiality and/or non-disclosure agreements that you received, requested and/or executed, concerning any disclosure or proposed

44

disclosure of mPOS technology and design information, commercial information, or other trade secrets owned, licensed, and/or controlled by ROAM, BBPOS, and/or AnywhereCommerce.

   **Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because its seeks all confidentiality and/or non-disclosure agreements concerning mPOS technology and design information, commercial information or other trade secrets owned, licensed and/or controlled by ROAM.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

   Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to any confidentiality and/or non-disclosure agreements that Defendants received, requested and/or executed, concerning any disclosure or proposed disclosure of mPOS technology and design information, commercial information, or other trade secrets owned, licensed, and/or controlled by BBPOS, and/or AnywhereCommerce that Defendants allegedly misappropriated after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 48.**  All documents which relate to your development and/or launch of new or emerging cross-channel products and/or services by and among the acquired Easycash, Ogone, and ROAM business operations.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object to the Request because it is vague and ambiguous. Specifically, the phrase "cross-channel products" and the clause beginning with "by and among" are vague. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 49.**  All documents which relate to any interviews taken of, or statements attributed to, BBPOS, concerning BBPOS's or AnywhereCommerce's mPOS technology or otherwise relating to the intellectual property at use in the making of ROAM's products.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object to the Request because it is vague and ambiguous. Specifically, the phrase "statements attributed

to" is vague. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to interviews taken of, or statements attributed to, BBPOS, concerning BBPOS's or AnywhereCommerce's mPOS technology or otherwise relating to the intellectual property at use in the making of ROAM's product after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 50.**  All documents which relate to any communication between you and ROAM related to your requests for and/or your receipt of documents and/or information related to mPOS technology.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants further object that this Request, which is directed to entities that participate in the mobile point of sale

47

devices business, is overly broad, unduly burdensome, and disproportionate to the needs of the case as it purports to require production of nearly every communication ever sent by any person associated with Defendants that has worked with mobile point of sale technology as well any documents "relate" to said communications. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which concern  any communication between Defendants and ROAM reflecting requests for receipt of documents related to mPOS technology and design information, commercial information, or other trade secrets owned, licensed, and/or controlled by BBPOS, and/or AnywhereCommerce after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request. Defendants will withhold all other documents, if any, responsive to this Request.

**Request 51.**  All documents which relate to any communication between you or ROAM and BBPOS related to requests for and/or receipt of documents and/or information related to mPOS technology.

48

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Additionally, in light of the fact that Ingenico, ROAM, and BBPOS participate in the business of mPOS technology, this request seeks virtually every communication between Defendants and these entities. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 50 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which concern any communication between Defendants and BBPOS reflecting requests for receipt of documents related to mPOS technology and design information, commercial information, or other trade secrets owned, licensed, and/or controlled by BBPOS after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request. Defendants will withhold all other documents, if any, responsive to this Request.

**Request 52.**  All documents which relate to any communication between you or ROAM and AnywhereCommerce related to requests for and/or receipt of documents and/or information related to mPOS technology.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to any communication between Defendants or ROAM and AnywhereCommerce related to requests for and/or receipt of documents and/or information related to mPOS technology after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 53.**  All documents which relate to any communication related to AnywhereCommerce's or BBPOS's mPOS technology, including but not limited as to development, operations, plans, projections, patents, and licensing.

50

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present.  Defendants further object to the extent that this Request seeks the production of documents not relevant to the claims or counterclaims in this action and seeks any of Defendants' communications concerning AnywhereCommerce or BBPOS' mPOS technology, who acknowledge themselves as Defendants' competitors, and any documents even related to said communications. This action concerns the alleged misappropriation, use and disclosure of Plaintiffs' trade secrets by Defendants, alleged tortious interference, Lanham Act violations, unfair and deceptive trade practices, and breach of contract by Defendants arising from the same conduct and from other alleged misuse of confidential information, and Plaintiffs' breach of contract, tortious interference, and misuse of intellectual property in violation of Defendants' contractual rights arising from, principally, an agreement between Ingenico Inc. and BBPOS, and any losses related to those matters.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will confer with Plaintiffs to develop a reasonable search protocol for non-privileged documents that are responsive to this Request and that relate to the subject matter of the action as described above.  If the parties cannot reach an agreement on a reasonable search protocol,

51

Defendants will use a search protocol sufficient to discharge Defendants' duties under Rule 34, and produce documents responsive this Request on a rolling basis after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 54.**  All documents which relate to any communication between you and Mr. Rotsaert, concerning any technology and design information, commercial information, or other trade secrets owned, licensed, and/or controlled by ROAM, BBPOS, and/or AnywhereCommerce.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks virtually every communications between Defendants' employee and an entity that merged with and into a Defendant.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to any communication

52

between Defendants and Mr. Rotsaert, concerning any technology and design information, commercial information, or other trade secrets owned, licensed, and/or controlled by BBPOS, and/or AnywhereCommerce and that relates to the claims and defenses in this action after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 55.**  All documents which relate to any communication between Mr. Rotsaert and Mr. Graylin, identifying any files or other information that had been obtained from BBPOS.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object to the Request because it is vague and ambiguous. Specifically, the phrase "information that had been obtained from BBPOS" is vague. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to any communication

53

between Mr. Rotsaert and Mr. Graylin, identifying any files or other information that had been obtained from BBPOS as alleged in the Amended Complaint after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 56.** All documents which relate to any communication concerning the development of ROAM's EMV Swipe reader.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and seeks all documents relevant to Defendants' development of a product that is directly or indirectly competitive with Plaintiffs. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants state that to the extent that the development of ROAM's EMV Swipe reader is in any way related to Plaintiffs' intellectual property, any documents concerning as much are

54

responsive to and will be produced in response to other Requests.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 57.**  Mr. Coonen's e-mail dated in or around mid-2012 to Mr. Graylin or ROAM, copying Mr. Lazare, directing him to stop engaging a vendor to accelerate the development of the EMV Level 2 kernel.

**Response:** Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce the requested email, if such an email exists, after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 58.**  All documents which relate to any communication between you and ROAM concerning a document called "Delegation of Authority".

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants further object to this Request as vague in that it is unclear what purported delegation of authority is the subject of this Request.  Defendants object to the Request to the extent that it seeks the

55

production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53. Defendants will withhold documents, if any, responsive to this Request.

**Request 59.**  Copies of the pleadings filed of record in the Graylin Litigation.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and constitutes impermissible cloned discovery. Defendants object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case because the documents sought are equally accessible to Plaintiffs. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Finally, Defendants object to the extent the pleadings of record have been filed under seal in the Graylin Litigation.  Defendants will withhold documents, if any, responsive to this Request.

**Request 60.**  Copies of the deposition transcripts, with all exhibits and copies of any related visual or audio recording(s) thereto, of any depositions undertaken in connection with the Graylin Litigation, concerning this action, or relating to its subject matter.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case and constitutes impermissible cloned discovery. Defendants object on the grounds that if any of the referenced deposition transcripts or related materials relate to this action or its subject matter, they are also likely to include sensitive and confidential information that has no relevance to this action or its subject matter, may be subject to a protective order, and therefore Defendants reserve the right to redact or provide excerpts of said documents. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that insofar as this Request seeks documents that are relevant or potentially relevant to this action, this Request is cumulative of other requests, including but not limited to Requests 44 and 53. Defendants will withhold documents, if any, responsive to this Request.

**Request 61.**  All non-privileged documents which relate to your investigation of the merits of this action or the Graylin Litigation or by virtue of any discovery efforts undertaken in connection with the Graylin Litigation, concerning this action, or relating to its subject matter.

**Response:**  Defendants object to the extent that this Request seeks documents that are not relevant because they relate to the merits of a different case. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object

57

that insofar as this Request seeks documents that are relevant or potentially relevant to this action, this Request is cumulative of other requests, including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to Defendants' investigation of the merits of this action after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request. Defendants will withhold all other documents, if any, responsive to this Request.

**Request 62.** The Series A Preferred Stock Purchase Agreement (including all exhibits and schedules), dated February 6, 2012, entered into by or among Ingenico Ventures SAS, Mr. Graylin, and ROAM, as well as any amendments or addenda related thereto.

**Response:** Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce the requested Series A Preferred Stock Purchase Agreement (including all exhibits and schedules), dated February 6, 2012 and any amendments or addenda related thereto after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through

58

this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 63.**  The Amended and Restated Call Option Agreement (including all exhibits and schedules), dated February 6, 2012, entered into by or among Ingenico Ventures SAS, Mr. Graylin, and ROAM, as well as any amendments or addenda related thereto.

**Response:** Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce the requested Amended and Restated Call Option Agreement (including all exhibits and schedules), dated February 6, 2012 and any amendments or addenda related thereto after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 64.**  All documents which relate to any communication between you and Mr. Graylin, concerning your alleged receipt of intellectual property, trade secrets, and other proprietary information owned, licensed, or controlled by ROAM, BBPOS, and/or AnywhereCommerce.

59

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and purports to require the production of virtually all communications between ROAM's founder and ROAM. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce documents that relate to communications between Defendants and Mr. Graylin, concerning Defendants' alleged receipt of intellectual property, trade secrets, and other proprietary information owned, licensed, or controlled by BBPOS, and/or AnywhereCommerce after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one Request.

**Request 65.**  All documents which relate to any communication between you and Mr. Graylin, concerning your alleged use of intellectual property, trade secrets, and other proprietary information owned, licensed, or controlled by ROAM, BBPOS, and/or AnywhereCommerce.

60

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and purports to require the production of virtually all communications between Defendants and ROAM's founder. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate to communications between Defendants and Mr. Graylin, concerning Defendants' alleged use of intellectual property, trade secrets, and other proprietary information owned, licensed, or controlled by BBPOS and/or AnywhereCommerce after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one Request.

**Request 66.**  All documents which relate to any communication concerning your development of any product substantially similar to or otherwise competitive with one or more of ROAM's products.

61

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this request is unduly broad, unduly burdensome, and disproportionate to the needs of the case as it seeks all information concerning the development of any products that compete with ROAM's products, and is not limited to (e.g.) products that embody allegedly misappropriated trade secrets. Defendants object to the Request because it is vague and ambiguous. Specifically, the phrase "substantially similar to or otherwise competitive with" is vague. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 67.**  All documents which relate to any communication concerning your development of any product substantially similar to or otherwise competitive with one or more of BBPOS's products.

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this request is unduly broad, unduly burdensome, and disproportionate to the needs of the case as

62

it seeks all information concerning the development of any products that compete with ROAM's products, and is not limited to (e.g.) products that embody allegedly misappropriated trade secrets. Defendants object to the Request because it is vague and ambiguous. Specifically, the phrase "substantially similar to or otherwise competitive with" is vague. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53. Defendants will withhold documents, if any, responsive to this Request.

**Request 68.**  Mr. Graylin's written communication(s) directed to the attention of Messrs. Lazare and Coonen on or about September 3, 2012, concerning the alleged receipt and use by you of intellectual property at use in the making of ROAM's products.

**Response:** Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce the requested documents, if any, after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To

63

the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 69.**  Mr. Graylin's e-mail dated September 15, 2012 directed to Messrs. Lazare and/or Coonen, concerning the alleged receipt and use by you of intellectual property at use in the making of ROAM's products.

**Response:** Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce the requested email, if any, after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one Request.

**Request 70.**  All documents which relate to any communication concerning your or ROAM's assertion of a claim or right to set-off against Mr. Graylin for alleged indemnified losses under the Series A Preferred Stock Purchase Agreement, including your calculations of any diminution in value of ROAM or its shares related thereto.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product

doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 71.**  All non-privileged documents which relate to any communication concerning the so-called "BBPOS Covenant."

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because Defendants are unaware of any claim or defense to which a "so-called 'BBPOS Covenant'" is relevant. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.  Defendants will withhold documents, if any, responsive to this Request.

**Request 72.** All documents which relate to any communication concerning the Engineering Development and License Agreement dated May 4, 2010 as amended August 15, 2010, between BBPOS and ROAM.

**Response:** Defendants object on the grounds that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case because the documents sought are already in the possession, custody, or control of Plaintiffs or readily available thereto and because not all communications concerning the referenced Agreement are not relevant to the claims or defenses in this action, and to the extent they are, other Requests herein seek the production of such documents. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants state that they will produce the Engineering Development and License Agreement dated May 4, 2010 as amended August 15, 2010, between BBPOS and ROAM after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents, together with any communications concerning the Agreement that relate to claims or defenses in this action.  To the extent that the documents produced in response to this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents responsive to this Request.

66

**Request 73.**  All documents which relate to any communication concerning your development of mPOS devices, including but not limited market data, economic analyses, schematics, designs, research and development, and testing.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request, which is directed to Defendants whose businesses include mobile point of sale devices, is overly broad, unduly burdensome, and disproportionate to the needs of the case as it purports to require production of nearly every communication ever sent by any person associated with Defendants as well any documents "relate" to said communications. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object to this Request on the grounds that it is cumulative of other Requests, including but not limited to Request 44.  Defendants will withhold documents, if any, responsive to this Request.

**Request 74.**  All documents which relate to any communication concerning your development of mPOS services, including but not limited market data, economic analyses, schematics, designs, research and development, and testing.

67

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request, which is directed to Defendants whose businesses include mobile point of sale devices, is overly broad, unduly burdensome, and disproportionate to the needs of the case as it purports to require production of nearly every communication ever sent by any person associated with Defendants as well any documents "relate" to said communications. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object to this Request on the grounds that it is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.


**Request 75.**  All documents which relate to any communication concerning licensing rights related to mPOS technology that you or ROAM have granted or have been granted, including but not limited to negotiations thereof.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request, which is directed to Defendants whose businesses include mobile point of sale devices, is overly broad, unduly burdensome, and disproportionate to the needs of the case

68

because it seeks every communication concerning licensing agreements and all documents that relate to them, and is in no way narrowed to the claims or defenses in this action. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 76.**  All documents which relate to any communication concerning royalties you or ROAM have paid or been paid related to mPOS technology.

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request, which is directed to Defendants whose businesses include mobile point of sale devices, is overly broad, unduly burdensome, and disproportionate to the needs of the case as it would require disclosure of all documents concerning royalties exchanged for that technology. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is

confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object to this Request on the grounds that it is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged responsive documents, if any, sufficient to show royalties paid to BBPOS or AnywhereCommerce after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents produced in response to this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents responsive to this Request.

**Request 77.**  All documents which relate to income, expenses, assets, liabilities, and debts related to your or ROAM's mPOS technology operations.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request, which is directed to Defendants whose businesses include mobile point of sale devices, is overly broad, unduly burdensome, and disproportionate to the needs of the case as it would require production of all documents which relate to income, expenses, assets, liabilities, and debts attributable to those products. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents

70

that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object to this Request on the grounds that it is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 78.**  All documents which relate to the mPOS technology you or ROAM have sold, licensed, or leased, including but not limited to contracts with merchants, volume of sales/leases, pricing, and solicitation.

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request, which is directed to Defendants whose businesses include mobile point of sale devices, is overly broad, unduly burdensome, and disproportionate to the needs of the case as it would require disclosure of all documents related to that technology. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object to this Request on the grounds that it is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 79.**  All documents which relate to your or ROAM's efforts to secure preferred and/or exclusive vendor status, modified pricing arrangements, distributor agreements, and/or supply agreements for your or ROAM's mPOS technology, including but not related to marketing, solicitations, RFPs, bids, proposals, offers, and negotiations.

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case because, among other things, the Request is not limited to responsive documents concerning persons or entities whose relationships with Plaintiffs Defendants allegedly tortiously interfered with and because not all documents requested, and even if limited to such persons or entities, the request seeks documents that are not relevant to the claims or defenses in this action.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 80.**  All documents which relate to your or ROAM's efforts to secure from First Data preferred and/or exclusive vendor status, modified pricing arrangements, distributor

agreements, and/or supply agreements for your or ROAM's mPOS technology, including but not related to marketing, solicitations, RFPs, bids, proposals, offers, and negotiations.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because many of the documents allegedly sought are likely to be irrelevant to the claims or defenses in this action. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 81.**  All documents which relate to your or ROAM's bid for the POGO RFP statement of work, as described in the Amended Complaint.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present, because Plaintiffs do not allege that Defendants or ROAM's bid for the POGO RFP was in any way improper, and because it seeks all documents that relate to Defendants' response to an RFP in apparent competition with Plaintiffs, and is not narrowed to documents that are likely to be relevant to claims or defenses in this action.  Defendants object to the Request to the extent that it seeks the

73

production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request based on Defendants' objections.

**Request 82.**  All documents which relate to the auction process between you or ROAM and First Data related to your or ROAM's mPOS technology.

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because the request seeks documents that are not relevant to any alleged tortious interference, deceptive trade practices, nor misappropriation of trade secrets or any other claim or defense in this litigation. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44. Defendants will withhold documents, if any, responsive to this Request.

74

**Request 83.** All documents which relate to preferred and/or exclusive vendor status, modified pricing arrangements, distributor agreements, and/or supply agreements for your or ROAM's mPOS technology.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case because, among other things, the Request is not limited to responsive documents concerning persons or entities that Defendants allegedly tortiously interfered with. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Requests 44, 79 and 84.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to preferred and/or exclusive vendor status, modified pricing arrangements, distributor agreements, and/or supply agreements with First Data for Defendants' or ROAM's mPOS technology after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to

75

one or more other Requests, Defendants will produce them in response to one request. Defendants will withhold all other documents, if any, responsive to this Request.

**Request 84.**  All documents which relate to any arrangements, agreements, or transactions between you or ROAM and First Data with respect to your or ROAM's mPOS technology.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, which relate to preferred and/or exclusive vendor status, modified pricing arrangements, distributor agreements, and/or supply agreements with First Data for Defendants' or ROAM's mPOS technology after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to

76

one or more other Requests, Defendants will produce them in response to one request. Defendants will withhold all other documents, if any, responsive to this Request.

     **Request 85.**  All documents which relate to your or ROAM's finances since November 2009 related to sales, licensing, leases, supply, or distribution of your or ROAM's mPOS technology, including but not limited to audited financial statements, unaudited financial statements, tax returns, check registers, ledgers, and journals.

     **Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from November 2009 to the present. Defendants further object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case in so far as it seeks all documents which relate to Defendants' or ROAM's finances since November 2009 related to sales, licensing, leases, supply, or distribution of Defendants' or ROAM's mPOS technology.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 86.**  All documents which relate to your ot [sic] ROAM's finances related to sales, licensing, leases, supply, or distribuition [sic] of your or ROAM's mPOS technology in the United States since November 2009, including but not limited to audited financial statements, unaudited financial statements, tax returns, check registers, ledgers, and journals.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from November 2009 to the present. Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks (among other information) all financial data concerning mobile point of sale technology from companies that participate in the mobile point of sale business, and is not reasonably limited to Plaintiffs' claims or Ingenico Inc.'s Counterclaims. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 85. Defendants will withhold documents, if any, responsive to this Request.


**Request 87.**  All documents which relate to finances related to sales, licensing, leases, supply, or distribution of your or ROAM's mPOS technology to or through First Data since November 2009, including but not limited to audited financial statements, unaudited financial statements, tax returns, check registers, ledgers, and journals.

78

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from November 2009 to the present. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate exclusively to finances related to sales, licensing, leases, supply, or distribution of your or ROAM's mPOS technology to or through First Data since November 2009, including but not limited to audited financial statements, unaudited financial statements, tax returns, check registers, ledgers, and journals after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested documents.  To the extent that documents responsive to this request contain other financial information, Defendants intend to redact such non-responsive information on the basis that it is highly confidential and competitive business information.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

79

**Request 88.**  All internal financial statements (income statements) related to your or ROAM's mPOS technology since November 2009, separated by product and/or service.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from November 2009 to the present. Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks (among other information) all financial data concerning mobile point of sale technology from companies that participate in the mobile point of sale business, and is not reasonably limited to Plaintiffs' claims or Ingenico Inc.'s Counterclaims. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Requests 44 and 85.  Defendants will withhold documents, if any, responsive to this Request.

**Request 89.**  All documents which relate to your or ROAM's business plans, forecasts, and/or projections related to your or ROAM's mPOS technology.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case

80

insofar as it seeks (among other information) all financial data concerning mobile point of sale technology from companies that participate in the mobile point of sale business, and is not reasonably limited to Plaintiffs' claims or Ingenico Inc.'s Counterclaims. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44.  Defendants will withhold documents, if any, responsive to this Request.

**Request 90.** All documents which relate to your marketing plans for mPOS technology relative to:

    a. Your operations and/or sales in the United States and/or North America;

    b. ROAM business operations;

    c. Easycash business operations; and

    d. Ogone business operations."

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because marketing plans for mPOS technology are unlikely to include information relevant to Plaintiffs' claims of misappropriation and unfair competition and, to the extent they contain any relevant information, the burden of searching for, collecting and producing such documents, coupled with the

sensitivity of such documents and the fact that this Request is not limited temporally, outweighs any value such documents may have.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44. Defendants will withhold documents, if any, responsive to this Request.

**Request 91**. All documents which relate to your Strengths, Weaknesses, Opportunities, Threats(SWOT) analyses related to mPOS technology at use in connection with your operations and/or sales in the United States and/or North America."

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because SWOT analyses related to mPOS technology are unlikely to include information relevant to Plaintiffs' claims of misappropriation and unfair competition and, to the extent they contain any relevant information, the burden of searching for, collecting and producing such documents, coupled with the sensitivity of such documents and the fact that this Request is not limited temporally, outweighs any value such documents may have.

. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege,

82

immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including Request 44.  Defendants will withhold documents, if any, responsive to this Request.

**Request 92.** All documents which relate to any and all claims of infringement that you contend are losses, which are subject to indemnification by BBPOS.

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests all documents that relate to the subject matter, rather than documents sufficient to show losses from claims of infringement that are subject to indemnification by BBPOS.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to show losses from claims of infringement that are subject to indemnification by BBPOS after the entry of a Protective

Order sufficient to protect the confidential and/or proprietary nature of the requested documents. To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 93.** All documents which relate to any communication which shows or tends to show that you had knowledge of the existence of a contract or relationship between AnywhereCommerce and BBPOS.

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 8 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, that relate to any communication which indicates or shows Defendants had knowledge of the existence of the two contracts between BBPOS and AnywhereCommerce identified in Paragraph 21 of Plaintiffs' Complaint after the entry of a Protective Order sufficient to protect the confidential and/or proprietary

84

nature of the requested documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 94.** All documents identifying every product, service, and/or device that you contend at ¶ 15 of the Second Amended Counterclaims are Covered Mobile Payment Devices (as defined therein)."

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present. Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it requests all documents that relate to the subject matter, rather than documents sufficient to identify the Covered Mobile Payment Devices (as defined in the Second Amended Counterclaims). Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to identify the Covered Mobile Payment Devices (as defined in the Second Amended Counterclaims) after the entry of a Protective Order sufficient to protect the confidential and/or proprietary nature of the requested

documents.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request. Defendants will withhold all other documents, if any, responsive to this Request.

**Request 95.** All documents containing factual matter related to your contention at ¶ 93 of the Second Amended Counterclaims that "[t]he principal of BBPOS, who is listed as an inventor on each of the Asserted Patents, has asserted facts" to somehow challenge 4361423 Canada Inc.'s ownership of certain Asserted Patents (as defined therein) based on either fraud or a failure of consideration.

**Response:**  Defendants object to the request on the grounds that it is vague and does not accurately reflect the allegation made in ¶ 93 of the Second Amended Counterclaims. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.  Defendants will withhold documents, if any, responsive to this Request.

**Request 96.**  All documents containing factual matter related to your contention at ¶ 95 of the Second Amended Counterclaims that you "hold[] a legally sufficient interest" in the Asserted Patents (as defined therein).

86

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to demonstrate the factual basis for Ingencio Inc.'s allegation in ¶ 95 of the Second Amended Counterclaims that it "holds a legally sufficient interest" in the Asserted Patents (as defined therein). To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 97.**  All documents which relate to any communication which shows or tends to show that you had knowledge of the litigation matter initiated by 4361423 Canada Inc. for patent infringement against Square, Inc. in the United States District Court for the Northern District of California at Case No. 3:19-cv-04311.

**Response:**  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object to this Request on the grounds that it does not seek relevant or

87

potentially relevant documents. Specifically, this request seeks documents that are wholly unrelated to Plaintiffs' claims or Ingenico Inc.'s counterclaims. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.  Defendants will withhold documents, if any, responsive to this request.

**Request 98.**  All documents which relate to any communication between you and Square, Inc., or its officers, directors, employees, agents and representatives, including attorneys or any employee, agent or representative of its attorneys, concerning its litigation with 4361423 Canada Inc., concerning this action or relating to its subject matter.

**Response:**  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object to this Request on the grounds that it does not seek relevant or potentially relevant documents. Specifically, this request seeks documents that are wholly unrelated to Plaintiffs' claims or Ingenico Inc.'s counterclaims. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53. Defendants will withhold documents, if any, responsive to this request.

**Request 99.**  All documents which relate to any release, settlement, or other agreement, formal or informal, pursuant to which the liability of any person or any entity for damage arising out of the occurrences which are the subject matter of this action has been limited, reduced, or released in any manner. This request includes all agreements by one party or person to indemnify another party or person for claims asserted in this action.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it seeks every document that relate to the subject matter of the Request rather than documents sufficient to show the subject matter of the request. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to show any release, settlement, or other agreement, formal or informal, pursuant to which the liability of any person or any entity for damage arising out of the occurrences which are the subject matter of this action has been limited, reduced, or released in any manner, including all agreements by one party or person to indemnify another party or person for claims asserted in this action, if any.  Defendants will withhold all other documents, if any, responsive to this Request.

89

**Request 100.** All insurance policies under which a person carrying on an insurance business might be liable to pay to you or on your behalf all or part of the damages sought in this action.

**Response:** Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 99.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" as required by Rule 26(a)(1)(iv).

**Request 101.** All documents received from or provided to any other party to this action or received from any third party since the filing of the initial complaint, whether provided informally or in response to a formal request.

**Response:** Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case because this request seeks documents received from "any third party" since the filing of the initial complaint, thereby requesting every document that Defendants has received since December 20, 2018. Defendants further object that this Request seeks any documents sent between Defendants. Defendants object to the Request because it is vague and ambiguous. Specifically, the phrase "documents … provided informally or in response to a formal request" is vague. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the

90

attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents.  Defendants will withhold documents, if any, responsive to this request.


**Request 102.** All documents referred to in the Amended Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

**Response:** Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify a reasonable date range and purports to require the production of documents from 2006 to the present and because it seeks documents referred to by Plaintiffs (not Defendants) in their pleadings, including but not limited to the Amended Complaint, which documents Plaintiffs presumably had access to when drafting their pleadings.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests (and therefore will not produce documents in response thereto), including but not limited to Requests 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce any document that was referenced for the first time in this litigation by

91

Defendants in their pleadings and was not otherwise attached thereto.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.  Defendants will withhold all other documents, if any, responsive to this Request.

**Request 103.** Copies of social media messages, chat programs (such as g-chat), or postings concerning this action or relating to its subject matter.

**Response:**  Defendants object that this Request is overly broad, unduly burdensome, and disproportionate to the needs of the case insofar as it fails to specify the sender or recipient of the requested communications. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.  Defendants will withhold documents, if any, responsive to this Request.

**Request 104.** All documents containing factual matter related to your contention at ¶ 57 of the Second Amended Counterclaims that AnywhereCommerce interfered with your or ROAM's relationship with BBPOS "by inducing BBPOS to breach the contract or preventing it from performing its contractual obligations."

92

**Response:**  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingencio Inc.'s allegation in ¶ 57 of the Second Amended Counterclaims that AnywhereCommerce interfered with Ingenico Inc.'s or ROAM's relationship with BBPOS "by inducing BBPOS to breach the contract or preventing it from performing its contractual obligations."  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 105.** All documents identifying the the [sic] particular "trade secrets" of BBPOS that you contend AnywhereCommerce allegedly misappropriated and the improper means by which AnywhereCommerce allegedly obtained them.

**Response:**  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard

93

the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, sufficient to identify the particular trade secrets of BBPOS that Ingenico Inc. contends AnywhereCommerce misappropriated and the improper means by which AnywhereCommerce obtained them.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 106.** All documents containing factual matter related to your contention at ¶ 83 of the Second Amended Counterclaims that "BBPOS' and AnywhereCommerce Inc.'s actions as alleged constitute an unfair method of competition and an unfair or deceptive act or practice. . ."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s allegation in  ¶ 83 of the Second Amended Counterclaims that "BBPOS' and

AnywhereCommerce Inc.'s actions as alleged constitute an unfair method of competition and an unfair or deceptive act or practice. . ."  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 107.** All documents containing factual matter related to your first affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be barred by the applicable statutes of limitations."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s first affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be barred by the applicable statutes of limitations."  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

95

**Request 108.** All documents containing factual matter related to your second affirmative defense that "Plaintiffs' recovery, if any, should be reduced by set off."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44, 53 and 92.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s second affirmative defense that "Plaintiffs' recovery, if any, should be reduced by set off."  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 109.** All documents containing factual matter related to your third affirmative defense that "Plaintiffs' recovery, if any, should be reduced due to recoupment."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of

documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44, 53 and 92.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s third affirmative defense that "Plaintiffs' recovery, if any, should be reduced due to recoupment." To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 110.** All documents containing factual matter related to your fourth affirmative defense that "Plaintiffs' recovery, if any, should be reduced as a result of their failure to mitigate damages."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44, 53 and 92.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for

97

Ingenico Inc.'s fourth affirmative defense that "Plaintiffs' recovery, if any, should be reduced as a result of their failure to mitigate damages."  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 111.** All documents containing factual matter related to your fifth affirmative defense that "Plaintiffs[] are not entitled to any remedy due to the doctrine of unclean hands."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s fifth affirmative defense that "Plaintiffs[] are not entitled to any remedy due to the doctrine of unclean hands."  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 112.** All documents containing factual matter related to your sixth affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be barred by laches."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s sixth affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be barred by laches."  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 113.** All documents containing factual matter related to your seventh affirmative defense that "[a]ll or part of Plaintiffs' claims are or may be barred because Defendants have a license to use that which Defendants are accused of unlawfully using."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client

privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s seventh affirmative defense that "[a]ll or part of Plaintiffs' claims are or may be barred because Defendants have a license to use that which Defendants are accused of unlawfully using." To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 114.** All documents containing factual matter related to your eighth affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be barred because they lack standing."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation. Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has

been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s eighth affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be barred because they lack standing."  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 115.** All documents containing factual matter related to your ninth affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be barred because they materially breached the contract upon which they rely."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s ninth affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be

101

barred because they materially breached the contract upon which they rely."  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 116.** All documents containing factual matter related to your tenth affirmative defense that "Plaintiffs lack capacity to sue because they have failed to comply with Mass. Gen. Laws ch. 156D, §§ 15.02 & 15.03."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents.

 Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s tenth affirmative defense that "Plaintiffs lack capacity to sue because they have failed to comply with Mass. Gen. Laws ch. 156D, §§ 15.02 & 15.03."

**Request 117.** All documents containing factual matter related to your eleventh affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be barred because they fail to state a cause of action upon which relief can be granted."

102

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

 Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s eleventh affirmative defense that "[s]ome or all of Plaintiffs' claims are or may be barred because they fail to state a cause of action upon which relief can be granted."  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 118.** All documents containing factual matter related to your twelfth affirmative defense that "[s]ome or all of Plaintiffs' claims fail due to lack of agreement and lack of consideration with respect to the form and/or interpretation of the agreement(s) as Plaintiffs purport to be the case."

**Response:** Defendants object to the extent that the Request seeks documents concerning a legal conclusion and not a factual allegation.  Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to,

103

the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, supporting the factual basis for Ingenico Inc.'s twelfth affirmative defense that "[s]ome or all of Plaintiffs' claims fail due to lack of agreement and lack of consideration with respect to the form and/or interpretation of the agreement(s) as Plaintiffs purport to be the case." To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 119.** All documents containing factual matter related to your claim for patent infringement asserted in Count VIII of the Second Amended Counterclaims or otherwise subject to automatic patent-related disclosure requirements.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard

104

the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.


**Request 120.** All documents which demonstrate any reason why you contend that your or ROAM's actions relating to the contract or relationship between AnywhereCommerce and First Data were not intentional.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 121.** All documents which demonstrate any reason why you contend that your or ROAM's actions relating to the contract or relationship between AnywhereCommerce and First Data were justified.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.


**Request 122.** All documents which demonstrate any reason why you contend that AnywhereCommerce's actions relating to the contract or relationship between you or ROAM and BBPOS were intentional.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard

106

the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 123.** All documents which demonstrate any reason why you contend that AnywhereCommerce's actions relating to the contract or relationship between you or ROAM and BBPOS were unjustified.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 124.** All documents which demonstrate any reason why you contend that BBPOS's actions relating to the contract or relationship between you or ROAM and NAB were intentional.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

**Request 125.** All documents which demonstrate any reason why you contend that BBPOS's actions relating to the contract or relationship between you or ROAM and NAB were unjustified.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard

108

the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.


**Request 126.** All documents which demonstrate any reason why you contend that your or ROAM's actions relating to the contract or relationship between AnywhereCommerce and First Data were not intentional.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object because this Request seeks production of documents that contain information that is confidential, proprietary, or both, and no order has been entered to safeguard the confidentiality of these documents. Defendants object that this Request is cumulative of other Requests, including but not limited to Request 44 and 53.

Subject to and without waiving the foregoing objections and the General Objections, Defendants will produce non-privileged documents, if any, responsive to this Request.  To the extent that the documents sought through this Request are also responsive to one or more other Requests, Defendants will produce them in response to one request.

Dated: February 3, 2020                    DEFENDANTS,

By their attorneys,

/s/ John A. Tarantino
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
WILLIAM K.WRAY, JR. *(#689037)*
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
wwray@apslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2020 I caused to be served via electronic mail and First Class United States Mail a true copy of the within document to the following counsel of record.

Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
(617) 723-7700 (Telephone)
(617) 227-0313 (Facsimile)
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

Oliver D. Griffin, Esq.
Peter N. Kessler, Esq.
Melissa A. Bozeman, Esq.
Kutak Rock LLP
1760 Market Street, Suite 1100
Philadelphia, PA 19103-4104
(215) 299-4384 (Telephone)
(215) 981-0719 (Facsimile)
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com
Melissa.bozeman@kutakrock.com

*/s/ William K. Wray, Jr.*
William K. Wray, Jr.

111