UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>        Plaintiffs,<br><br>                v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br>        Defendants. | Civil Docket No: 1:19-cv-11457-IT<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION IN LIMINE NO. 10 TO
<u>PRECLUDE EVIDENCE OR ARGUMENT RELATED TO ASSIGNING
INCREMENTAL VALUE OF THE TRADE SECRETS TO THE ACCUSED PRODUCTS</u>**

Plaintiffs anticipate that Ingenico, through its experts, will seek to offer testimony at trial that attempts to assign value or an incremental cost of each of the five trade secrets. However, in her report, Dr. Vanderhart offered no such testimony, and instead simply opined that the trade secrets were of little to no value because they could be reverse engineered, or because Ingenico was expecting to receive full rights to the license, or applied a royalty rate. (Doc. No 188-29 at 9–10).

Plaintiffs ask the Court to preclude Ingenico from arguing or offering any evidence or testimony at trial related to an incremental increase in value to the accused products by virtue of the trade secrets. Any such testimony would be outside the scope of Ingenico's expert reports under Fed. R. Civ. P. 26(a)(2). That rule requires that experts disclose the opinions to which they plan to testify and the facts that underlie each of them. Fed. R. Civ. P. 26(a)(2)(B) (expert report "must contain . . . a complete statement of all opinion the witness will express and the basis and reasons for them; [and] the facts or data considered by the witness in forming them."); *id*. at 26(a)(2)(C) (expert disclosure must state "the subject matter on which the witness is expected to

1

present evidence . . . and a summary of the facts and opinions to which the witness is expected to testify.").

"The purpose of the disclosure requirement is to ensure that the opposing party will have an opportunity to 'explore the basis' for the expert's opinions. *Maga v. Hennessy Indus., Inc.*, No. CIV. 12-11423-FDS, 2014 WL 10051399, at *13 (D. Mass. Dec. 1, 2014) (citing *AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70, 78 (D. Mass. 2008)). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004).

For the foregoing reasons, any such testimony should not be allowed.

Respectfully submitted:

                                      */s/ Melissa A. Bozeman*
By: Melissa A. Bozeman (Pro Hac Vice)
    Pennsylvania Bar No. 201116
    Oliver D. Griffin (Pro Hac Vice)
    Pennsylvania Bar No. (80126)
    Peter N. Kessler (Pro Hac Vice)
    Pennsylvania Bar No. 209033
    KUTAK ROCK LLP
    Two Logan Square
    100 N. 18th Street, Suite 1920
    Philadelphia, PA  19103-4104
    (215) 299-4384 (Telephone)
    (215) 981-0719 (Facsimile)
    Melissa.bozeman@kutakrock.com
    Oliver.griffin@kutakrock.com
    Peter.kessler@kutakrock.com

    and

    Leland P. Abide (Pro Hac Vice)

4887-3257-6604.1

      MN Bar No. 039269
      KUTAK ROCK LLP
      60 South Sixth Street, Suite 3400
      Minneapolis, MN 55402-4018
      Telephone: (612) 334-5000
      Facsimile: (612) 334-5050
      leland.abide@kutakrock.com

        and

      Jonathon D. Friedmann, Esq. (BBO # 180130)
      Robert P. Rudolph, Esq. (BBO # 684583)
      RUDOLPH FRIEDMANN LLP
      92 State Street
      Boston, MA 02109
      Tel.: (617) 723-7700
      Fax: (617) 227-0313
      JFriedmann@rflawyers.com
      RRudolph@rflawyers.com

        and

      Ricardo G. Cedillo
      DAVIS, CEDILLO & MENDOZA, INC.
      755 E. Mulberry Ave., Ste 500
      San Antonio, Texas 78212
      Tel: (210) 822-6666
      Fax: (210) 822-1151
      rcedillo@lawdcm.com

Dated: April 10, 2023      *Attorneys for Plaintiffs / Counterclaim-Defendants*

## **CERTIFICATE OF SERVICE**

I, Melissa A. Bozeman, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 10, 2023.

/s/ *Melissa A. Bozeman*
Melissa A. Bozeman, Esq.

4887-3257-6604.1