UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANYWHERECOMMERCE, INC.
and BBPOS LIMITED,
           Plaintiffs,

v.

INGENICO INC., INGENICO CORP.
and INGENICO GROUP SA,
           Defendants.

CIVIL ACTION NO.
1:19-cv-11457-IT

## DEFENDANTS' PROPOSED VERDICT FORM

Pursuant to Pursuant to this Court's Second Amended Procedural Order re: Pretrial/Trial entered on March 29, 2023 (Doc. No. 229), Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group SA (collectively, "Defendants" or "Ingenico") respectfully propose the following verdict form addressing the claims that Plaintiff BBPOS Limited ("BBPOS") asserts against Ingenico and the counterclaim that Ingenico asserts against BBPOS.

### BBPOS'S MISAPPROPRIATION OF TRADE SECRETS CLAIM AGAINST DEFENDANTS

1. Has BBPOS proven by a preponderance of the evidence that BBPOS owns any trade secrets?

   \_\_\_\_\_ **YES**, BBPOS is the owner of the following trade secret(s):



   \_\_\_\_\_ **NO**

*If you answered "yes" above, then answer question 2. If you answered "no" above, do not answer questions 2 - 11 and proceed to question 12.*

2. For only the trade secret(s) you listed in response to question 1, has BBPOS proven by a preponderance of the evidence that it did not authorize ROAM Data, Inc. to use those trade secrets?

\_\_\_\_\_ **YES**, BBPOS did not authorize ROAM Data, Inc. to use the following alleged trade secret(s):


\_\_\_\_\_ **NO**

*If you answered "yes" above, then answer question 3. If you answered "no" above, do not answer questions 3 – 11 and proceed to question 12.*

3. For only the alleged trade secret(s) which you listed in response to question 2, have Defendants proven by a preponderance of the evidence that any of the Defendants acquired the trade secret(s) through independent development?

   \_\_\_\_\_ **YES**

   \_\_\_\_\_ **NO**

*If you answered "yes" above, do not answer questions 4 - 11 and proceed to question 12. If you answered "no" above, then answer question 4.*

4. For only the trade secret(s) you listed in response to question 2, has BBPOS proven by a preponderance of the evidence that any of the Defendants acquired the trade secret(s) by improper means?

   \_\_\_\_\_ **YES**, Defendants acquired the following trade secret(s) by improper means:


   \_\_\_\_\_ **NO**

*If you answered "yes" above, then answer question 5. If you answered "no" above, do not answer questions 5 - 11 and proceed to question 12.*

5. For only the trade secret(s) you listed in response to question 4, have Defendants proven by a preponderance of the evidence that the misappropriation occurred before December 20, 2013?

   \_\_\_\_\_ **YES**

   \_\_\_\_\_ **NO**

*If you answered "yes" above, then answer question 6. If you answered "no" above, proceed to question 7.*

6. For only the trade secret(s) you listed in response to question 4, has BBPOS proven by a preponderance of the evidence that it had not discovered the misappropriation, and that it could not have discovered the misappropriation through reasonable diligence, before December 20, 2013?

 \_\_\_\_\_ **YES**

 \_\_\_\_\_ **NO**

*If you answered "yes" above, then answer question 7. If you answered "no" above, do not answer questions 7 - 11 and proceed to question 12.*

7. For only the trade secret(s) you listed in response to question 4, has BBPOS proven by a preponderance of the evidence that any of the below Defendants acquired the information by improper means?

 Ingenico Inc.

 \_\_\_\_\_ **YES**

 \_\_\_\_\_ **NO**

 Ingenico Corp.

 \_\_\_\_\_ **YES**

 \_\_\_\_\_ **NO**

 Ingenico Group SA

 \_\_\_\_\_ **YES**

 \_\_\_\_\_ **NO**

*If you answered "yes" as to any defendant above, then answer question 8. If you answered "no" as to all defendants above, do not answer questions 8 - 11 and proceed to question 12.*

8. For only the alleged trade secret(s) you listed in response to question 4, has BBPOS proven by a preponderance of the evidence that any of the trade secrets are contained in any of the following products:

 **RP100x**

 \_\_\_\_\_ **YES**, RP100x contains the following trade secrets:

3

\_\_\_\_\_ **NO**

**RP 150**

\_\_\_\_\_ **YES**, RP150 contains the following trade secrets:

\_\_\_\_\_ **NO**

**RP170**

\_\_\_\_\_ **YES**, RP170 contains the following trade secrets:

\_\_\_\_\_ **NO**

**RP170c**

\_\_\_\_\_ **YES**, RP170c contains the following trade secrets:

\_\_\_\_\_ **NO**

**RP350x**

\_\_\_\_\_ **YES**, RP350x contains the following trade secrets:

\_\_\_\_\_ **NO**

**RP456**

\_\_\_\_\_ **YES**, RP456 contains the following trade secrets:

_____ **NO**

**RP457c**

_____ **YES**,  RP457c contains the following trade secrets:

_____ **NO**

**RP750x**

_____ **YES**,  RP750x contains the following trade secrets:

_____ **NO**

**RP755x**

_____ **YES**,  RP755x contains the following trade secrets:

_____ **NO**

**RP757c**

_____ **YES**,  RP757c contains the following trade secrets:

_____ **NO**

**RP757x**

_____ **YES**,  RP757x contains the following trade secrets:

_____ **NO**

*If you answered "yes" as to any product above, then answer question 9.  If you answered "no" as to every product above, do not answer questions 9 - 11 and proceed to question 12.*

9. For only the products for which you answered "yes" in question 8, has BBPOS proven by a preponderance of the evidence, that the misappropriation unjustly enriched any of the Defendants?

    Ingenico Inc.

    \_\_\_\_\_ **YES**

    \_\_\_\_\_ **NO**

    Ingenico Corp.

    \_\_\_\_\_ **YES**

    \_\_\_\_\_ **NO**

    Ingenico Group SA

    \_\_\_\_\_ **YES**

    \_\_\_\_\_ **NO**

*If you answered "yes" to any of the defendants above, then answer question 10.  If you answered "no" as to all of the defendants, do not answer questions 10 - 11 and proceed to question 12.*

10. If you answered "yes" as to any defendant in question 9, state the total dollar amount, if any, that BBPOS has proven by a preponderance of the evidence that the Defendants were unjustly enriched by reason of misappropriation of enforceable trade secrets?

    $ _____

*If your answer to question 10 is more than zero, then answer question 11.  If you answer to question 11 is zero, do not answer question 11 and proceed to question 12.*

11. As to each defendant, what is the dollar amount, if any, that BBPOS has proven by a preponderance of the evidence that each defendant was unjustly enriched by reason of misappropriation of enforceable trade secrets?  Note that the combined sum of the amounts below may not exceed the total amount set forth in response to question 10.

    **Ingenico Inc.**                                    $_____

   **Ingenico Corp.**        **$_____**

   **Ingenico Group SA**      **$_____**

### BBPOS'S BREACH OF CONTRACT CLAIM AGAINST INGENICO INC.

12. Has BBPOS proven by a preponderance of the evidence that Ingenico Inc. breached the contract between BBPOS and Ingenico Inc.?

    \_\_\_\_\_ **YES**

    \_\_\_\_\_ **NO**

*If you answered "yes" to the question above, then answer question 13. If you answered "no" to the question above, do not answer question 14 – 16 and proceed to question 17.*

13. Has BBPOS proven by a preponderance of the evidence that Ingenico Inc.'s breach of the contract proximately caused damage to BBPOS?

    \_\_\_\_\_ **YES**

    \_\_\_\_\_ **NO**

*If you answered "yes" to the question above, then answer question 14. If you answered "no" to the question above, do not answer questions 14-16 and proceed to question 17.*

14. Have Defendants proven by a preponderance of the evidence that the breach of contract occurred before December 20, 2012?

    \_\_\_\_\_ **YES**

    \_\_\_\_\_ **NO**

*If you answered "yes" above, then do not answer questions 15-16 and proceed to question 17. If you answered "no" above, then answer question 15.*

15. Has BBPOS proven by a preponderance of the evidence that it had not discovered the breach of contract, and that it could not have discovered the breach of contract through reasonable diligence, before December 20, 2012?

    \_\_\_\_\_ **YES**

_____ NO

*If you answered "yes" above, then answer question 16. If you answered "no" above, do not answer question 16 and proceed to question 17.*

16. What is the dollar amount, if any, that BBPOS has proven by a preponderance of the evidence that Ingenico Inc. caused BBPOS to incur as a result of Ingenico Inc.'s breach of the contract? Note that you may not include here any amounts you awarded in question 10 above or any of Defendants' profits.

$_____

## INGENICO INC.'S BREACH OF CONTRACT CLAIM AGAINST BBPOS

17. Has Ingenico, Inc. proven by a preponderance of the evidence that BBPOS breached the contract between BBPOS and Ingenico, Inc.?

    _____ YES

    _____ NO

*If you answered "yes" above, then answer question 18. If you answered "no" above, do not answer any further questions.*

18. Has Ingenico Inc. proven by a preponderance of the evidence that BBPOS's breach of the contract proximately caused Ingenico, Inc. to be damaged?

    _____ YES

    _____ NO

*If you answered "yes" above, then answer question 19. If you answered "no" above, do not answer any further questions.*

19. What is the dollar amount, if any, that Ingenico, Inc. has proven by a preponderance of the evidence that BBPOS caused Ingenico Inc. to incur as a result of BBPOS's breach of the contract?

$_____

INGENICO INC., INGENICO CORP. AND INGENICO GROUP SA,

By their attorneys,

/s/ *Jeffrey K. Techentin*
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
R. BART TOTTEN (BBO #631605)
JEFFREY K. TECHENTIN (*pro hac vice*)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
btotten@apslaw.com
jtechentin@apslaw.com
Dated:  April 10, 2023

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 10, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

| | |
|---|---|
| Jonathon D. Friedmann, Esq.<br>Robert P. Rudolph, Esq.<br>Rudolph Friedmann LLP<br>92 State Street<br>Boston, MA 02109<br>JFriedmann@rflawyers.com<br>RRudolph@rflawyers.com | Oliver D. Griffin, Esq.<br>Peter N. Kessler, Esq.<br>Melissa A. Bozeman, Esq.<br>Kutak Rock LLP<br>303 Peach Street, N.E., Suite 2750<br>Atlanta, GA 30308<br>Oliver.griffin@kutakrock.com<br>Peter.kessler@kutakrock.com<br>Melissa.bozeman@kutakrock.com<br><br>Ricardo G. Cedillo, Esq.<br>755 E. Mulberry Ave., Ste 500<br>San Antonio, Texas 78212<br>rcedillo@lawdcm.com |

          /s/ *Jeffrey K. Techentin*
           Jeffrey K. Techentin

4855-4107-9132, v. 1
4855-4107-9132, v. 1