UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANYWHERECOMMERCE, INC. and BBPOS LIMITED,**<br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**INGENICO INC., INGENICO CORP. and INGENICO GROUP, SA,**<br>　　　　　　Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

### MEMORANDUM IN SUPPORT OF RENEWED
### MOTION TO STRIKE BBPOS LIMITED'S JURY DEMAND

Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group, SA (collectively, "Ingenico") submit this Memorandum in support of their Renewed Motion to Strike BBPOS Limited's Jury Demand (the "Renewed Motion to Strike"), pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure.[1]

### INTRODUCTION

Plaintiff BBPOS Limited ("BBPOS") claims that Ingenico misappropriated alleged trade secrets concerning its device that processes point-of-sale credit card payments. BBPOS asserted numerous claims, but following this Court's summary judgment decision, BBPOS's claims are now limited to the following: alleged misappropriation under the Georgia Trade Secrets Act (Count II); alleged breach of contract (Count V); and alleged unjust enrichment (Count VII). BBPOS is not entitled to a jury trial on any of those claims, so the Court should strike BBPOS's jury demand.

---

[1] Although both AnywhereCommerce, Inc. ("AnywhereCommerce") and BBPOS Limited demanded jury trials, the Court granted Ingenico's summary judgment motion as to all claims of AnywhereCommerce, so its jury demand is immaterial.

*First*, with respect to BBPOS's claim for misappropriation of trade secrets, BBPOS disclosed an expert witness who acknowledged the various measures of damages available for such a claim, but opined only as to unjust enrichment damages, *i.e.*, disgorgement of Ingenico's profits. *See* Transcript of Deposition of Stephen Scherf (May 12, 2022) ("Scherf Dep.") (true and accurate copy of excerpts attached hereto as Exhibit 1) at 14:17-15:13 (concluding that disgorgement was the appropriate measure of damages because neither lost profits nor a reasonable royalty was applicable to BBPOS's claim for misappropriation of trade secrets). BBPOS is not entitled to a jury trial on its trade secrets claim because its requested remedy, disgorgement, is equitable.

*Second*, as to BBPOS's claim for breach of contract (which asserts breach of a duty not to disclose confidential information), BBPOS seeks disgorgement of Ingenico's profits as its remedy. *See* First Am. Compl. (ECF No. 67) at ¶¶ 163-68. However, disgorgement is not a proper remedy for breach of contract when the duty that was allegedly breached was an obligation not to take certain actions. *See* Memorandum & Order (ECF No. 228) at 36-39. Accordingly, BBPOS is not entitled to disgorgement as a remedy for its breach of contract claim, has not submitted evidence of compensable damages, and therefore is not entitled to a jury trial on its claim for breach of contract.

*Third*, with respect to its claim for unjust enrichment, BBPOS alleges that the benefit conferred on Ingenico is the profits Ingenico obtained through the alleged procurement of BBPOS's trade secrets. *See* First Am. Compl. at ¶¶ 174-79. BBPOS is not entitled to a jury trial on the equitable claim of unjust enrichment that seeks the equitable remedy of disgorgement.[2]

---

[2] Neither BBPOS nor AnywhereCommerce requested nominal damages in the First Amended Complaint. *See* First Am. Compl. at 41-42.

2

*Fourth*, to the extent BBPOS has belatedly asserted that it intends to submit at trial evidence of alleged damages other than disgorgement, admitting any such evidence would severely and unfairly prejudice Ingenico because BBPOS has produced *no documents* and *no computations* for any such alleged damages.  *See* Motion *In Limine* to Exclude Any and All Evidence of BBPOS Limited's Alleged Damages and/or Remedies other than Disgorgement (and Memorandum of Law in Support thereof) (filed April 10, 2023) (together, the "Damages Motion").  The issue of BBPOS having asserted no alleged damages and/or remedies other than disgorgement was raised by Ingenico in its Motion for Leave to File Motion for Summary Judgment (ECF No. 237) (the "Motion for Leave").  In the Motion for Leave, Ingenico argued that (1) BBPOS alleged only disgorgement as its requested remedy for alleged breach of contract; and (2) Ingenico is entitled to summary judgment on Count V (breach of contract) because disgorgement is not available for breach of contract, based on the Court's summary judgment decision.  *See* Memorandum & Order (ECF No. 228) at 36-39 (ruling that Ingenico had failed to allege, or present evidence at summary judgment, of cognizable harm because the requested remedy, disgorgement, is not a proper remedy for breach of contract when the duty that was allegedly breached was an obligation not to take certain actions).  BBPOS objected to the Motion for Leave on the basis of, *inter alia*, the following:

> At trial, BBPOS will have the opportunity, and intends, to develop witness testimony as to nonduplicative damages resulting from the breach of confidentiality obligations without reliance upon the trade secret damages analysis of its damages expert, Mr. Scherf.  Further, by presenting this testimony at trial Defendants will have the full opportunity to cross-examine and rebut the evidence in real-time.

Plaintiffs' Opposition to Defendants' Request for Leave to File a Second Motion for Summary Judgment Out of Time (ECF No. 247) ("BBPOS Opposition") at 6.  The Court denied Ingenico's

3

Motion for Leave on the basis that, *inter alia*, "it need not parse the factual record to resolve the issue pretrial." *See* Text Order of April 5, 2023 (ECF No. 248).

In its Damages Motion, Ingenico demonstrates that BBPOS has produced *no documents* and *no computations* for any alleged damages and/or remedies other than disgorgement, and that Ingenico would be severely and unfairly prejudiced if BBPOS submitted at trial evidence of damages and/or remedies other than disgorgement; indeed, it would constitute the epitome of trial ambush. *See* Ingenico's Damages Motion. As the BBPOS Opposition makes clear, BBPOS intends to submit at trial evidence of alleged damages as to which it has produced *no documents* and *no calculations*, such that Ingenico would be forced to "rebut the evidence in real-time" without an opportunity to prepare a defense. Accordingly, Ingenico requests the Court to exclude from trial any and all evidence of BBPOS's alleged damages and/or remedies other than disgorgement. *See id.* Given that BBPOS has submitted no evidence of any potentially compensable damages other than disgorgement (an equitable remedy), BBPOS is not entitled to a jury trial.

Thus, this Renewed Motion to Strike presents an issue that was not raised in the Motion for Leave and that the Court has not addressed: whether BBPOS's failure to produce documents and computations for any alleged damages and/or remedies other than disgorgement bars BBPOS from submitting at trial evidence of alleged damages and/or remedies other than disgorgement. As set forth in Ingenico's Damages Motion, all such evidence should be excluded from trial. As set forth herein, as a result, BBPOS's only evidence of alleged damages and/or remedies is disgorgement, so BBPOS is not entitled to a jury trial in this case.

*Fifth*, if the Court ultimately permits BBPOS to submit at trial evidence of alleged damages and/or remedies other than disgorgement for its breach of contract claim, the Court

4

should limit any jury trial to that claim; the claims for misappropriation and unjust enrichment should be tried to the Court.[3]

## ARGUMENT

The Seventh Amendment to the United States Constitution provides a right to a jury trial "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." *Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 564 (1990). "[T]he phrase 'Suits at common law' refers to 'suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered.'" *Id.* (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830)). "To determine whether a particular action will resolve legal rights, [the Court must] examine both the nature of the issues involved and the remedy sought." *Id.* "'First, [the court] compare[s] the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity [and] Second, [it] examine[s] the remedy sought and determine whether it is legal or equitable in nature.'" *Id.* (quoting *Tull v. United States*, 481 U.S. 412, 417–18 (1987)). The second question is more important. *Id.*; *see also Tull*, 481 U.S. at 421 ("We reiterate our previously expressed view that characterizing the relief sought is '[m]ore important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial."); *FleetBoston Fin. Corp. v. Alt*, 668 F. Supp. 2d 274, 276 (D. Mass. 2009) (Harrington, J.) ("If there is a conflict between the remedy

---

[3] The Court should strike a jury demand "upon motion" if "a right of trial by jury of some or all of those issues [as to which a jury trial is demanded] does not exist under the Constitution or statutes of the United States." Fed. R. Civ. P. 39(a)(2). Indeed, the Court could strike such a demand on its own initiative. *See id.* (court may strike jury demand "of its own initiative"); *Ed Peters Jewelry Co. v. C & J Jewelry Co.*, 215 F.3d 182, 187 (1st Cir. 2000) (district court, *sua sponte*, struck jury demand).

5

and issue, the court weighs the nature of the remedy more heavily and the remedy decides who should be the finder of fact, the court or a jury.").

### I. BBPOS Has No Right To A Jury Trial On Its Trade Secrets Claim Because It Seeks The Equitable Remedy Of Disgorgement

Numerous courts have held that disgorgement of profits is an equitable remedy for which there is no right to a jury trial. The Federal Circuit ruled that there is no right to a jury trial for disgorgement damages in trade secret cases, based on its review of the history and nature of the disgorgement remedy. *See Texas Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1326 (Fed. Cir. 2018). In that case, the Federal Circuit concluded that for analogous 18th century actions such as patent, copyright, and trademark infringement, disgorgement was not an available remedy, so disgorgement would not be a remedy for a trade secret claim. *See id.* at 1324-25 ("The apparent fact is that for patent infringement, disgorgement of profits was not historically available at law. As for copyright and trademark infringement, we have seen no support for concluding that disgorgement of profits was available at law for those wrongs."). The plaintiff in *Texas Advanced Optoelectronic* had asserted a damages claim as well as a claim for disgorgement, so the court concluded that the issue of liability could be presented to the jury, but not the issue of disgorgement. *See id.* at 1320 (finding that liability had been properly before the jury because the requested relief included "the undisputedly legal remedy of a reasonable royalty").

In contrast to the circumstances in *Texas Advanced Optoelectronic*, BBPOS's sole requested remedy for its trade secrets claim is disgorgement, so the entirety of BBPOS's claim should be tried by the Court, not a jury. That is the conclusion the district court reached in *Speedfit, LLC v. Woodway USA, Inc.*, No. 13CV1276KAMAKT, 2020 WL 3051511 (E.D.N.Y. June 8, 2020). In that case, the district court ruled that a plaintiff with only equitable claims

6

would not be entitled to a jury trial after adding a trade secret claim because the requested remedy for that claim was disgorgement. *See id.* at *6; *see also Wilson v. Corning, Inc.*, 609 F. Supp. 3d 753, 756-57 (D. Minn. 2022) (granting motion to strike jury demand as to trade secret claim because "[u]nder the weight of authority under federal law, the equitable remedy of disgorgement is not a remedy for which the Seventh Amendment guarantees a right to trial by jury").[4]

The Federal Circuit's decision in *Texas Advanced Optoelectronic* is consistent with rulings in trademark, patent, copyright, and trade dress actions, which are analogous to trade secret actions. In *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343 (11th Cir. 2019), the Eleventh Circuit ruled that the "remedy of an accounting and disgorgement of profits for trademark infringement is equitable in nature and has long been considered that way, so we hold that a plaintiff seeking the defendant's profits in lieu of actual damages is not entitled to a

---

[4] In *Wilson*, the plaintiff sought disgorgement of the misappropriator's profits as well as 50% of that same number, which the plaintiff alleged reflected compensatory damages that it would have obtained had its trade secret not been misappropriated and had the parties entered into an agreement. 609 F. Supp. 3d at 757. The court concluded that the damages "regardless of how they are labeled, are equitable in nature." *Id*. As the damages in *Wilson* were based on the benefit to the misappropriator and not on any actual loss to the plaintiff, the calculation of damages did not serve as a proxy for actual damage to the plaintiff and therefore constituted an equitable remedy that did not confer a right to a jury trial. *See Tex. Advanced Optoelectronic Sols.*, 895 F.3d at 1320 (finding no right to a jury trial because the plaintiff "sought disgorgement of [the defendant's] profits as such, not based on any evidence or argument that such profits soundly measured, and hence were a case-specific proxy for, [the plaintiff's] losses or a reasonable royalty"). Similarly, BBPOS's requested relief focuses exclusively on Ingenico and is therefore equitable. *See FleetBoston*, 668 F. Supp. 2d at 276 (explaining that "[a] remedy is legal when a plaintiff seeks money damages for a loss he alleges he suffered" but "is equitable when a plaintiff seeks restitution for funds or property held by the defendant that actually belong to the plaintiff"); *see also Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 482 (7th Cir. 2010) ("The classic example is when the defendant has wrongfully obtained or withheld the plaintiff's money or property, and a constructive trust or equitable lien is imposed to ensure that the defendant disgorges his ill-gotten gain and the plaintiff receives that to which he is entitled." (citing *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002)).

7

jury trial."). *Id.* at 1348; *see also TrueNorth Companies, LC v. TruNorth Warranty Plans of N. Am., LLC*, No. 17-CV-31-LTS-KEM, 2019 WL 8301690, at *4 (N.D. Iowa June 3, 2019) (ruling that the remedy of disgorgement was clearly equitable and therefore the entire claim was equitable and could not be tried to a jury); *Playnation Play Systems v. Velex Corp.*, No. 1:14-CV-01046-RWS, 2016 WL 4166250, at *2 (N.D. Ga. Apr. 27, 2016) (trademark infringement plaintiff requested the equitable remedy of disgorgement, so the plaintiff had no right to a jury trial).

Similarly, in cases involving patent infringement claims seeking disgorgement, courts have held that the plaintiff was not entitled to a jury trial. *See Red Carpet Studios v. Midwest Trading Grp., Inc.*, No. 1:12CV501, 2021 WL 1172218, at *2 (S.D. Ohio Mar. 29, 2021) (finding no right to a jury trial in a patent infringement case seeking disgorgement, in part because "for patent infringement, disgorgement of profits was not historically available at law") (quoting *Texas Advanced Optoelectronic Sols.*, 895 F.3d at 1324); *Future Fibre Techs. Pty. Ltd. v. Optellios, Inc.*, No. 2:08-CV-00600-UA-DNF, 2009 WL 10669861, at *3 (M.D. Fla. May 7, 2009) (in the context of ruling on a motion to bifurcate patent ownership from infringement, the court noted that a request for disgorgement of profits for patent infringement is equitable and provides no right to a jury); *see also In re Tech. Licensing Corp.*, 423 F.3d 1286, 1290-91 (Fed. Cir. 2005) (in considering the right of a counterclaimant, the Federal Circuit recognized that a patentee seeking an injunction had no right to a jury trial and held that "if the patentee seeks only equitable relief, the accused infringer has no right to a jury trial").

The Supreme Court has concluded that in copyright infringement actions, disgorgement of profits is an equitable remedy. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 668 n.1 (2014); *Chauffeurs, Teamsters & Helpers*, 494 U.S. at 559 (Supreme Court has "characterized

8

damages as equitable where they are restitutionary, such as in 'action[s] for disgorgement of improper profits'") (quoting *Tull,* 481 U.S. at 424); *see also Assessment Techs. Inst., LLC v. Parkes*, No. 19-2514-JAR, 2022 WL 588889, at *3 (D. Kan. Feb. 25, 2022) (deciding, in a copyright infringement case, to "follow[] authority from the Supreme Court, Federal Circuit, and Tenth Circuit and find[] that disgorgement of profits, at least in this case, is an equitable claim to which no Seventh Amendment right to a jury trial attaches").

In trade dress cases brought pursuant to the Lanham Act, courts have held that there is no right to a jury trial if the requested remedy is disgorgement. *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) ("A claim for disgorgement of profits under [15 U.S.C.] § 1117(a) is equitable, not legal."); *Nat'l Presto Indus., Inc. v. U.S. Merchants Fin. Grp., Inc.*, No. 18CV03321SRNBRT, 2021 WL 5083934, at *2 (D. Minn. Nov. 2, 2021) ("Plaintiff is not entitled to a jury trial on its trade dress infringement claim because Plaintiff only seeks the remedy of disgorgement of profits under the Lanham Act, which is an equitable remedy.").

Cases in which disgorgement has been held to be an equitable remedy for which there is no right to a jury trial are not limited to intellectual property disputes. *See Osborn v. Griffin*, 865 F.3d 417, 464 (6th Cir. 2017) (holding in breach of fiduciary duty case that there was no right to a jury trial when the remedy was disgorgement and stating that "we agree with Lord Coke, Blackstone, Justice Story, the Supreme Court, and the Second and Ninth Circuits, as well as numerous other commentators – an action seeking disgorgement is equitable in nature"); *Sec. & Exch. Comm'n v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 95 (2d Cir. 1978) (holding that an SEC enforcement action seeking an injunction and disgorgement did not provide a right to a jury trial).

Here, BBPOS asserts no theory of damages for its misappropriation claim other than disgorgement of Ingenico's profits. BBPOS does *not* seek actual damages or a reasonable royalty. Indeed, BBPOS's expert witness testified that both of those remedies are inapplicable to BBPOS's claims. *See* Scherf Dep. at 14:17-15:13. There is no basis to conclude, or even suggest, that BBPOS's disgorgement remedy is offered as a proxy for BBPOS's actual damages or that the calculation of Ingenico's profits is in any way tied to BBPOS's losses. *See Texas Advanced Optoelectronic Sols.*, 895 F.3d at 1320-21 (noting a lack of evidence that the claimed unjust enrichment remedy was tied to the plaintiff's losses, so that remedy was not a proxy for actual damages). BBPOS's expert expressly testified that his damages calculation is in lieu of an analysis of lost profits, and he did not provide any testimony linking that calculation to any alleged actual losses. *See* Scherf Dep. at 15:6-13.

As numerous federal courts have held that disgorgement of profits is an equitable remedy for which there is no right to a jury trial,[5] and as BBPOS's sole requested remedy is equitable, BBPOS is not entitled to a jury trial on its claim for misappropriation of trade secrets.

---

[5] In *Newark Grp., Inc. v. Sauter*, No. C2:01-CV-1247, 2004 WL 5782100 (S.D. Ohio Apr. 6, 2004), the district court held that because the governing trade secrets statute included unjust enrichment in the section addressing "damages," disgorgement constituted legal damages, not an equitable remedy. *Id.* at *1. This ruling ignores the federal case law discussed above, including Supreme Court precedent, that disgorgement constitutes an equitable remedy, even when it is included in a statutory cause of action. *See, e.g.*, *Petrella*, 572 U.S. at 668 n.1 (finding no right to a jury trial when the requested remedy for a violation of the Copyright Act was disgorgement); *Hard Candy, LLC*, 921 F.3d at 1348 (no right to a jury trial as to disgorgement for claim under Lanham Act); *Fifty-Six Hope Rd. Music*, 778 F.3d at 1075 (same). Thus, the constitutional analysis for a jury trial is guided by the nature of the remedy, not by its label or statutory characterization.

## II. BBPOS Has No Right To A Jury Trial On Its Claim For Breach Of Contract Because It Has Presented No Evidence Of Any Compensable Damages

BBPOS alleges in its breach of contract claim that Ingenico breached a duty not to disclose BBPOS's confidential information. *See* First Am. Compl. at ¶¶ 164-66. BBPOS seeks disgorgement of Ingenico's profits as its remedy. *See id.* at ¶¶ 163-68.

As this Court held in ruling on BBPOS's motion for summary judgment on Ingenico's breach of contract claim, disgorgement is not a proper remedy for breach of contract when the duty that was allegedly breached was an obligation not to take certain actions. *See* Memorandum & Order (ECF No. 228) at 36-39 (ruling that Ingenico had failed to allege, or present evidence at summary judgment, of cognizable harm because the requested remedy, disgorgement, is not a proper remedy for breach of a contract with a negative duty). Thus, based on the Court's Memorandum & Order, BBPOS is not entitled to disgorgement as a remedy for its breach of contract claim, has not submitted evidence of compensable damages, and therefore is not entitled to a jury trial on its claim for breach of contract.

Indeed, BBPOS's contract claim is merely a reiteration of its trade secrets claim with the identical requested equitable remedy. "We reiterate our previously expressed view that characterizing the relief sought is '[m]ore important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial." *Tull*, 481 U.S. at 421. Given that the substance of the claim, not its label, controls, BBPOS is not entitled to a jury trial. *See Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir. 1979) (finding that a case seeking conveyance of title to the plaintiff at a specific future time, without any claim for legal damages, was equitable and explaining that "[i]n considering a demand for a jury trial, a court should look to the substance of the pleadings and not rely on the labeling used by the litigants").

11

At the very least, based on all the federal court precedent discussed above, BBPOS would not be entitled to a jury trial as to alleged damages (disgorgement) for breach of contract. *See also Desmond v. Ng*, 552 B.R. 781, 789-90 (D. Mass. 2015) (ruling that jury would first decide the legal claims and "any purely equitable claims remaining could only be decided by the court after the jury makes its findings"); *Gilmore v. Macy's Retail Holdings*, No. CIV. 06-3020 (JBS), 2009 WL 305073, at *2 (D.N.J. Feb. 4, 2009) (in discrimination case, jury would determine liability and, if needed, compensatory damages; the court would then decide the equitable remedy of back pay).

### III. BBPOS Has No Right To A Jury Trial On Its Unjust Enrichment Claim Because It Is An Equitable Claim And Requests The Equitable Remedy Of Disgorgement

BBPOS is not entitled to a jury trial on its claim for unjust enrichment because that is an equitable claim and BBPOS's requested remedy, disgorgement, is an equitable remedy. This Court has concluded that a plaintiff seeking restitution under an unjust enrichment theory is not entitled to a jury trial. *See Massachusetts Eye & Ear Infirmary v. QLT, Inc.*, 495 F. Supp. 2d 188, 193 (D. Mass. 2007), *aff'd in part, vacated in part sub nom. on other grounds Massachusetts Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 552 F.3d 47 (1st Cir. 2009), *decision clarified on denial of reh'g*, 559 F.3d 1 (1st Cir. 2009). In that case, the Court held that unjust enrichment was an equitable claim because it requires the absence of an adequate legal remedy, so the plaintiff was not entitled to a jury trial on that claim. *Id.*[6] Other courts also have ruled that a plaintiff is not entitled to a jury trial for an unjust enrichment claim. *See Osborn*, 865 F.3d at 461 (relying on unjust enrichment claims in finding that there was no right to a jury

---

[6] Although the plaintiff was not entitled to a jury trial on the unjust enrichment claim, the Court held that the plaintiff was entitled to a jury on its Chapter 93A claim because it sought legal damages under that claim, so the Court ultimately submitted both claims to the jury. *Id.* at 197-99.

12

trial for a breach of fiduciary duty claim seeking disgorgement); *Inv. Almaz v. Temple-Inland Forest Prod. Corp.*, No. CIV. 97-374-JM, 2000 WL 36938, at *1-2 (D.N.H. Nov. 22, 1999) ("Because unjust enrichment has historical roots in equity, and more particularly because restitution is an equitable form of monetary relief, [the court] conclude[s] that [the plaintiff's] unjust enrichment claim is equitable and not legal in nature."); *see also Roberts v. Sears, Roebuck & Co.*, 617 F.2d 460, 465 (7th Cir. 1980) (noting that "[r]estitution for the disgorgement of unjust enrichment is an equitable remedy with no right to a trial by jury").[7]

Here, BBPOS has asserted a quintessential equitable claim, unjust enrichment, and requests the equitable remedy of disgorgement. Accordingly, BBPOS is not entitled to a jury trial and the Court should strike its jury demand.

## IV. The Court Should Reject BBPOS's Belated Argument That It Is Entitled To Submit At Trial Evidence Of Alleged Damages And/Or Remedies Other Than Disgorgement

As noted above, BBPOS intends to submit at trial "witness testimony as to nonduplicative damages resulting from the breach of confidentiality obligations without reliance upon the trade secret damages analysis of its damages expert, Mr. Scherf." BBPOS Opposition at 6. This would force Ingenico "to cross-examine and rebut the evidence in real-time," *id.*, without an opportunity to prepare a defense, because BBPOS has produced *no documents* and *no computations* for any alleged damages other than disgorgement. *See* Ingenico's Damages Motion. BBPOS's ambush tactics would severely and unfairly prejudice Ingenico, so the Court should exclude from the trial in this case any evidence of BBPOS's alleged damages other than

---

[7] The First Circuit has not expressly held that unjust enrichment is an equitable claim for which there is no right to a jury trial. However, in *Frappier v. Countrywide Home Loans, Inc.*, 750 F.3d 91, 97 (1st Cir. 2014), the First Circuit accepted as undisputed that there was no such right.

disgorgement.  *See id.*  As BBPOS has submitted no evidence of any potentially compensable damages other than disgorgement, BBPOS is not entitled to a jury trial.

### V.     If The Court Permits BBPOS To Submit Evidence Of Non-Disgorgement Damages For Its Contract Claim, Any Jury Trial Should Be Limited To That Claim

As demonstrated above, BBPOS is not entitled to a jury trial on any of its claims. However, if the Court ultimately permits BBPOS to submit at trial evidence of alleged damages and/or remedies other than disgorgement for its breach of contract claim, the Court should limit any jury trial to that claim; the claims for misappropriation and unjust enrichment should be tried to the Court.  *See In re Evangelist*, 760 F.2d 27, 32 (1st Cir. 1985) ("For one thing, joining a legal with an equitable claim does not give a plaintiff a right to a jury trial on the equitable claim.").

### CONCLUSION

For the foregoing reasons, Ingenico respectfully requests the Court to strike BBPOS's jury demand in its entirety.[8]

### REQUEST FOR ORAL ARGUMENT

Ingenico requests oral argument on its Renewed Motion to Strike BBPOS Limited's Jury Demand.  Ingenico's Motion raises important issues concerning the constitutional right to a jury trial and Ingenico believes that oral argument may assist the Court in addressing Ingenico's Motion.

Dated:  April 10, 2023

---

[8] If the Court strikes BBPOS's jury demand, Ingenico intends to withdraw its jury demand for its breach of contract claim (which seeks the legal remedy of contractual indemnification).  To effectuate that withdrawal, Ingenico would require BBPOS's consent.  *See* Fed. R. Civ. P. 38(d).

Respectfully submitted,
INGENICO INC., INGENICO CORP. AND
INGENICO GROUP, SA,

By their attorneys,

/s/ *Jeffrey K. Techentin*
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
R. BART TOTTEN (BBO #631605)
JEFFREY K. TECHENTIN (*pro hac vice*)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
btotten@apslaw.com
jtechentin@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

| | |
|---|---|
| Jonathon D. Friedmann, Esq.<br>Robert P. Rudolph, Esq.<br>Rudolph Friedmann LLP<br>92 State Street<br>Boston, MA 02109<br>JFriedmann@rflawyers.com<br>RRudolph@rflawyers.com | Oliver D. Griffin, Esq.<br>Peter N. Kessler, Esq.<br>Melissa A. Bozeman, Esq.<br>Kutak Rock LLP<br>303 Peach Street, N.E., Suite 2750<br>Atlanta, GA 30308<br>Oliver.griffin@kutakrock.com<br>Peter.kessler@kutakrock.com<br>Melissa.bozeman@kutakrock.com<br><br>Ricardo G. Cedillo, Esq.<br>755 E. Mulberry Ave., Ste 500<br>San Antonio, Texas 78212<br>rcedillo@lawdcm.com |

/s/ *Jeffrey K. Techentin*
Jeffrey K. Techentin

15