# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ANYWHERECOMMERCE, INC.
and BBPOS LIMITED,
                    **Plaintiffs,**

        v.

INGENICO INC., INGENICO CORP.
and INGENICO GROUP, SA,
                    **Defendants.**

CIVIL ACTION NO.
**1:19-cv-11457-IT**

### MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE ANY AND ALL EVIDENCE OF BBPOS LIMITED'S ALLEGED DAMAGES AND/OR REMEDIES OTHER THAN DISGORGEMENT

Defendants Ingenico Inc., Ingenico Corp., and Ingenico Group, SA (collectively, "Ingenico") submit this Memorandum of Law in support of their Motion *In Limine* to Exclude Any and All Evidence of BBPOS Limited's Alleged Damages and/or Remedies other than Disgorgement, pursuant to Fed. R. Evid. 403.

To date, other than with respect to the remedy of disgorgement, Plaintiff BBPOS Limited ("BBPOS") has produced to Ingenico *no documents* and *no calculations* concerning any alleged damages and/or remedies. Other than identifying fees of its attorneys and other professionals as potential categories of alleged damages, BBPOS has produced no substantive information at all concerning any alleged damages and/or remedies other than disgorgement.

Nonetheless, BBPOS asserts that it intends to submit such evidence at trial:

> At trial, BBPOS will have the opportunity, and intends, to develop witness testimony as to nonduplicative damages resulting from the breach of confidentiality obligations without reliance upon the trade secret damages analysis of its damages expert, Mr. Scherf. Further, by presenting this testimony at trial Defendants will have the full opportunity to cross-examine and rebut the evidence in real-time.

Plaintiffs' Opposition to Defendants' Request for Leave to File a Second Motion for Summary Judgment Out of Time (ECF No. 247) ("BBPOS Opposition") at 6.

To be clear, what BBPOS intends to do is submit at trial evidence of alleged damages as to which it has produced *no documents* and *no calculations*, such that Ingenico would be forced to "rebut the evidence in real-time" without an opportunity to prepare a defense.  If BBPOS actually possesses such evidence, it violated its mandatory initial discovery disclosures under Fed. R. Civ. P. 26(a)(1)(A)(ii), (iii).  Furthermore, permitting BBPOS to present such evidence at trial would severely and unfairly prejudice Ingenico; indeed, it would constitute the epitome of trial ambush.  Accordingly, Ingenico requests the Court to exclude from trial any and all evidence of BBPOS's alleged damages and/or remedies other than disgorgement.

## ARGUMENT

### I.     BBPOS Produced No Documents And No Computations Concerning Any Alleged Damages And/Or Remedies Other Than Disgorgement

Other than documents and computations concerning the remedy of disgorgement, BBPOS has produced to Ingenico *no documents* and *no computations* concerning any alleged damages or remedies.  BBPOS's answers to Ingenico's interrogatories provided Ingenico *no computations* and *no documents* as to any theory of damages, and certainly no computations and/or documents concerning any theory other than disgorgement.  In Interrogatory No. 3, Ingenico requested BBPOS to "State the Basis for your claims of trade secret misappropriation (Counts II-IV of the Amended Complaint)."  With respect to alleged damages, BBPOS's answer was that it "incurred damages that include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation to be taken into account in computing actual loss, including loss of profits, market share, and royalties."  Plaintiff BBPOS Limited's Third Amended Objections and Answers to Defendants' First Set of Interrogatories to Plaintiffs

AnywhereCommerce, Inc. and BBPOS Limited (true and accurate copy attached hereto as Exhibit 1) at 8.  BBPOS's supplemental answer added no information concerning alleged damages and/or remedies.  *See id.*  BBPOS did *not* provide any explanation for, computation of, or documents concerning any alleged "actual loss caused by misappropriation" or any alleged "loss of profits, market share, and royalties."

BBPOS's supplemental response to Ingenico's Interrogatory No. 6 was similarly uninformative.  Interrogatory No. 6 requested BBPOS to "State the Basis for Count V" (alleged breach of contractual confidentiality provision).  *Id.* at 9.  BBPOS supplemented its response to that interrogatory to state that Ingenico's alleged "breach entitles BBPOS to indemnification by Ingenico Inc. of all related losses incurred by BBPOS as a result of this improper disclosure of its confidential material to a direct competitor and the detrimental marketplace impact suffered by BBPOS."  *Id.* at 10.  However, BBPOS (1) did *not* identify or quantify any alleged "related losses"; (2) did *not* provide any documents evidencing any alleged "related losses"; (3) did *not* identify or quantify any alleged "detrimental marketplace impact"; and (4) did *not* provide any documents evidencing any alleged "detrimental marketplace impact."  BBPOS further asserted that it "suffered losses, costs, liabilities, or expenses (including court costs and reasonable fees of attorneys and other professionals) arising out of or resulting from the breach of Ingenico Inc.'s confidentiality obligations."  *Id.* at 10-11.  However, BBPOS did *not* quantify any alleged "losses, costs, liabilities, or expenses (including court costs and reasonable fees of attorneys and other professionals)" and did *not* provide any documents evidencing them.

BBPOS's damages expert, Stephen Scherf, analyzed only disgorgement – he did not consider or opine on any other remedy:

> I have been asked to provide calculations and my opinion on damages in the form of *unjust enrichment*.  As such, *I have not*

> *prepared calculations based on other methods*, however I reserve
> the right to rebut and comment on damages based on other
> methods should the Defendants present them.

Report of Stephen Scherf ("Scherf Report") (true and accurate copy of excerpts attached hereto

as Exhibit 2) at § 4.1 (emphases added); BBPOS Opposition at 5 (quoting above language from

Scherf Report).  Thus, BBPOS did not produce, through its damages expert, any calculations

concerning any damages and/or remedies other than disgorgement.

BBPOS's Rule 30(b)(6) designee provided no calculations concerning any damages

and/or remedies:

> Q.   Explain to me what you think BBPOS is entitled to
> in terms of the money from the sales of these products.
>
> A.   If the product is with our stolen IP, with our
> IP, we should be entitled to some of the money.
>
> Q.   Do you have any idea how much of the money?
>
> A.   I leave to the expert, and the expert, he didn't
> share with me yet.
>
> Q.   Right.· You said on Wednesday that you'd recently
> had a telephone call with your damages expert; right?
>
> A.   Yes.
>
> Q.   And did you learn anything about BBPOS's damages
> during that call?
>
> A.   Well, he showed me an Excel file with a lot of
> numbers.· I'm not an accountant.· I don't know what.· He
> told me that roughly like 20, 25 million, something like
> that.
>
> Q.   Do you know how he came up with this 20 or 25
> million dollars?
>
> A.   I don't know.· You have to talk to our damage
> expert and then you will find out more about how he come
> up with this number.

Q.      Does – do you have any further information about
your damages as you sit here today than what we've already
talked about?

A.      You have to – you have to talk to our damage
expert and find out more.

Q.      Does BBPOS contend that it is entitled to damages
of any kind other than as a portion of the sales of the
products that violate its IP?

A.      Can you repeat your questions?

Q.      Does BBPOS contend that its entitled to damages
in any form other than as a share of the revenues for
products that violate its IP?

A.      And also the legal fee?

Transcript of Deposition of BBPOS 30(b)(6) Designee (Dec. 10, 2021) (true and accurate copy

of excerpts attached hereto as Exhibit 3) at 209:1-210:9.

Thus, other than with respect to the remedy of disgorgement, BBPOS produced to

Ingenico *no documents* and *no calculations* concerning any alleged damages and/or remedies.

Indeed, other than identifying fees of its attorneys and other professionals as potential categories

of alleged damages, BBPOS produced no substantive information at all concerning any alleged

damages and/or remedies other than disgorgement.

## II.    The Federal Rules Of Civil Procedure Required BBPOS To Produce
Documents And Calculations Concerning Its Alleged Damages And Remedies

Pursuant to the initial disclosures mandated by the Federal Rules of Civil Procedure,

BBPOS was required to produce to Ingenico "a copy – or a description by category and

location – of all documents, electronically stored information, and tangible things that [BBPOS]

has in its possession, custody, or control and may use to support its claims or defenses, unless the

use would be solely for impeachment."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  The initial disclosures

mandated by the Federal Rules of Civil Procedure also required BBPOS to produce to Ingenico "a computation of each category of damages claimed by [BBPOS] – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

As demonstrated above, other than computations and documents concerning disgorgement, BBPOS has produced to Ingenico *no computations* and *no documents* concerning any alleged damages or remedies. Accordingly, if BBPOS possesses such computations and/or documents, BBPOS violated Fed. R. Civ. P. 26(a)(1)(A)(ii), (iii) by not producing them to Ingenico. Furthermore, as demonstrated below, as a matter of law, BBPOS is barred from submitting at trial any evidence of any alleged damages and/or remedies other than disgorgement.

**III.     The Court Should Exclude From Trial Any And All Evidence
           Of Alleged Damages And/Or Remedies Other Than Disgorgement**

As discussed above, BBPOS intends to submit at trial evidence of alleged damages as to which it has produced *no documents* and *no calculations*, such that Ingenico would be forced to "rebut the evidence in real-time" without an opportunity to prepare a defense. *See* BBPOS Opposition at 6. As of the date of this Motion (April 10, 2023), trial commences in a mere two weeks. Even if BBPOS were to produce the documents and calculations underlying its alleged "nonduplicative damages resulting from the breach of confidentiality obligations without reliance upon the trade secret damages analysis of its damages expert, Mr. Scherf," *id.*, that would not provide Ingenico anywhere near enough time to prepare its defense. Indeed,

producing evidence to support a new category of damages after the court sets a trial date

warrants exclusion of the evidence as unfairly prejudicial to the other party:

> Indeed, any other result would undermine the philosophy of the
> Federal Rules of Civil Procedure.  With the enactment of the
> Federal Rules in 1938, the policy of full disclosure became
> fundamental to federal litigation.  "Trial by ambush" was no longer
> acceptable.  *See Ginns v. Towle,* 361 F.2d 798, 801 (2d Cir.1966)
> ("The basic purpose of the federal rules . . . is to eliminate trial by
> ambush . . . .").  Disclosure of factual information and commitment
> to legal theory became the norm.  The obligations imposed on the
> litigants were increasingly accompanied by concepts of judicial
> case management:  the direct involvement of federal judges in
> pretrial proceedings.  If the goals of economy and early resolution
> of cases are to be achieved, and a judicial officer's supervision of a
> case not to be a wasted effort, a party must be held to its pretrial
> commitments in the absence of events beyond its control.  No such
> exceptional circumstances have been shown here.  It is thus totally
> appropriate for the reasons set out earlier to hold Point to its
> litigation decisions.

*Point Productions A.G. v. Sony Music Ent., Inc.*, No. 93 CIV. 4001 (NRB), 2002 WL 31856951

(S.D.N.Y. Dec. 19, 2002), at *5.  Thus, BBPOS's failure to produce evidence of non-

disgorgement damages at all, with only two weeks remaining before trial, certainly requires

exclusion of any such evidence.

BBPOS's failure to comply with the mandatory initial disclosure requirements renders

inadmissible any evidence of alleged damages and/or remedies other than disgorgement.  In *24/7*

*Records, Inc. v. Sony Music Ent., Inc.*, 566 F. Supp. 2d 305 (S.D.N.Y. 2008), the plaintiff sought

to present at trial evidence of a theory of damages that had not been disclosed in the Rule 26(a)

mandatory initial disclosures (or any supplementation thereof) and that the plaintiff had

disclosed, for the first time, just weeks before trial.  *See id.* at 317-18.  The United States District

Court for the Southern District of New York rejected the plaintiff's request because the plaintiff

had "failed to make this mandatory initial disclosure of the [new] theory of damages and its

accompanying damages computation." *Id.* at 318.  The court concluded that permitting the plaintiff to present its newfound theory of damages would "depriv[e] defendants of a meaningful opportunity to conduct discovery as to this damages theory."  *Id. see also Anthem, Inc. v. Express Scripts, Inc.*, No. 16 CIV. 2048 (ER), 2022 WL 1558879 (S.D.N.Y. Mar. 31, 2022), at *10 (excluding new theory of damages because the plaintiff had failed to satisfy its obligation "to provide 'a computation of each category of damages claimed by the disclosing party'") (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)); *NexStep, Inc. v. Comcast Cable Communications, LLC*, No. 19-1031, 2021 WL5356293 (D. Del. Nov. 17, 2021), at *1 (granting a motion to strike new damages theories that were presented the last business day before trial because the plaintiff "did not meet the disclosure requirements of Rule 26(a)").  Given that disclosure of evidence to support a new theory of damages just weeks before trial mandates exclusion of the evidence, BBPOS's failure to produce such evidence at all, with only two weeks remaining until trial, also requires exclusion.  *See ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 523 (Fed. Cir. 2012) (upholding the exclusion of damages evidence because the plaintiff offered new damage calculation methodology "on the eve of trial," which created "unjustified risk of prejudice" to the defendant).

Consistent with the above-referenced federal court decisions and pursuant to Fed. R. Evid. 403, any and all evidence of BBPOS's alleged damages and/or remedies other than disgorgement should be excluded from trial because the severe and unfair prejudice that its admission would cause Ingenico would substantially outweigh any probative value of such evidence.

## **CONCLUSION**

For all the aforementioned reasons, Ingenico requests the Court to exclude from trial any and all evidence of BBPOS's alleged damages and/or remedies other than unjust enrichment.

## **REQUEST FOR ORAL ARGUMENT**

Ingenico requests oral argument on this Motion because it raises important issues concerning the Federal Rules of Civil Procedure and unfair prejudice under Fed. R. Evid. 403, and Ingenico believes that oral argument may assist the Court in addressing the Motion.

Dated:  April 10, 2023

Respectfully submitted,
INGENICO INC., INGENICO CORP. AND
INGENICO GROUP, SA,

By their attorneys,

/s/ *Jeffrey K. Techentin*
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
R. BART TOTTEN (BBO #631605)
JEFFREY K. TECHENTIN (*pro hac vice*)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
btotten@apslaw.com
jtechentin@apslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

Oliver D. Griffin, Esq.
Peter N. Kessler, Esq.
Melissa A. Bozeman, Esq.
Kutak Rock LLP
303 Peach Street, N.E., Suite 2750
Atlanta, GA 30308
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com
Melissa.bozeman@kutakrock.com

Ricardo G. Cedillo, Esq.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
rcedillo@lawdcm.com

/s/ *Jeffrey K. Techentin*
Jeffrey K. Techentin

*4888-8900-5404, v. 1*