# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>INGENICO INC., INGENICO CORP., INGENICO GROUP SA, and INGENICO VENTURES SAS,<br><br>Defendants. | CIVIL ACTION NO. 1:19-cv-11457-IT |

**PLAINTIFF BBPOS LIMITED'S THIRD AMENDED OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS <u>ANYWHERECOMMERCE, INC. AND BBPOS LIMITED</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and L.R. 33.1, Plaintiff BBPOS Limited ("Plaintiff") submits the following third amended objections and answers to the Defendants' First Set of Interrogatories to Plaintiffs AnywhereCommerce, Inc. and BBPOS Limited (the "Requests").

**RESERVATION OF RIGHTS**

The Answers made herein are based on information known at this time and are set forth without prejudice to the right to supplement, revise, correct or clarify these responses or to assert additional objections should additional information or grounds for objections be discovered at any time before trial. These Answers are made without in any way waiving or intending to waive: (a) any objections as to the competence, relevance, materiality, privilege (including attorney-client and/or work-product), immunity or admissibility as evidence, for any purpose, of any

4834-5382-1648.1

answer provided in response to the discovery requests; (b) the right to object on any ground to the use of the answers provided in response to the discovery requests at any hearing or trial, whether in this action or otherwise, or (c) the right to object on any ground at any time to a demand for further responses to the discovery requests.

## GENERAL OBJECTIONS

1. Plaintiff objects to each Definition, Instruction, and Request to the extent it fails to comply with Rule 26, which limits discovery to nonprivileged matter that is relevant to any party's claim or defense and which is noncumulative or duplicative and where the burden or expense of the discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues.

2. Plaintiff objects to each Definition, Instruction, and Request to the extent it is overly broad or unduly burdensome or contains undefined, ambiguous or confusing terms, is compound, vague or has overlapping subject matter.

3. Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information regarding or containing information about persons or entities other than the parties to the action for the reason that such information is not relevant to the subject matter of the pending action or reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information that has been prepared in anticipation of litigation or for trial or otherwise is subject to protection under the work-product doctrine.

4834-5382-1648.1

5. Plaintiff objects to each Definition, Instruction, and Request to the extent it is propounded in bad faith, is overly broad, is unreasonably annoying, embarrassing, oppressive, burdensome or expensive, or would require the making of an unreasonable investigation.

6. Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information that is protected by the attorney-client privilege and to the extent it seeks and/or encompasses information containing the mental processes and/or legal theories of Plaintiff and its attorneys.

7. Plaintiff objects to each Definition, Instruction, and Request to the extent it calls for a legal conclusion.

8. Plaintiff objects to each Definition, Instruction, and Request to the extent it purports to impose obligations that are inconsistent with or are beyond the requirements set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable local rules and any court orders entered in this litigation, including the Stipulated Protective Order and/or the Stipulated Order Regarding Discovery of Electronically Stored Information and Hard Copy Documents.

9. Plaintiff objects to the Definition of "You" because it is vague and ambiguous inasmuch as it means either AnywhereCommerce or BBPOS. Plaintiff answers the Requests interpreting "You" to refer only to itself.

10. Plaintiff objects to the Definition of "Confidential Information" because it is vague and ambiguous inasmuch as it is defined as "confidential, sensitive, or non-public information," which can have multiple meanings.

11. The general objections set forth herein are applicable to each Answer to the Requests.

12. Plaintiff reserves the right to supplement the Answers to these Requests.

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:** Identify and Describe in Detail each and every trade secret that forms the basis of Counts II through IX of Plaintiffs' Amended Complaint.

**ANSWER:** **Plaintiff objects to this Request because it is vague and ambiguous inasmuch as it requires the legal interpretation of the term "trade secret." Further, Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "Describe in Detail," for Plaintiff to "relate as completely as possible each and every fact, act, omission, incident, event, condition, circumstance, or thing." Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

**Subject to and without waiving the foregoing objections, Ingenico obtained information and documents containing and/or constituting trade secrets belonging to Plaintiff (1) as part of Ingenico's purported due diligence investigation in or around 2012 in relation to its supposed interest in acquiring Plaintiff; and (2) from ROAM through Ingenico's acquisition thereof. Ingenico obtained these trade secrets in multiple ways, including remotely via email and also as part of in-person meetings. . As to the latter, Plaintiff contends that Ingenico had no rights under any license agreements between Plaintiff and ROAM, so the scope of rights granted under any such agreements is irrelevant as to Ingenico.**

**The trade secrets forming the basis of Counts II through IX of Plaintiffs' Amended Complaint concern design, research and development, technical know-how, manufacture, implementation, marketing, business strategy, technical or nontechnical data, formulas, patterns, compilations, programs, devices, methods, techniques, drawings, processes, financial data, financial plans, product plans, lists of actual or potential customers or suppliers, and/or other related items as to the software, hardware, components, products, technology, and systems involved with mPOS-related host systems, software protocols, data formatting, and audio circuitry, which includes, but is not limited to communication protocols between the mPOS and software development chip; means of transmitting data between the card reader and phone through an audio jack; payment app functionality and compatibility; software development kits; modulation; error correction methods; encryption methods; reliable connections with phones; regulation of signal levels; audio channeling; audio jack polarity protection; end user data conversion; and key management.**

**SUPPLEMENTAL ANSWER:    By way of further response, Plaintiff identifies the following as trade secrets:**

4

- **The software development kit (SDK) developed by BBPOS for application developers to interact with the device using the APIs and device configuration setting described therein. Aspects of this trade secret include documentation and software for the APIs that interact with the device. Such as: configure the device via device settings; update the device software; interact with servers to process data received from the device; establish communications channels between the device and the cell phone.**

- **POS Device Specifications, Components and Interfaces**

    - **Documentation for Hardware design and specifications for BBPOS devices, components and specifications of the POS device. This includes EMV Swiper design using chips from: STM32F405xxSTM32F407xx; Teridian - 73S1215F80515 System-on-Chip with USB, ISO 7816 / EMV, PINpad; NuMicro™ NUC120; (*See* BBPOS_0005601-BBPOS_0005606);**

    - **Documentation of Battery Life Estimates for multi-track devices (*See* BBPOS_0005647-BBPOS_0005648);**

    - **Documentation of BBPOS Data Output Format for POS Device (BBPOS_0005649-BBPOS_0005663, BBPOS_0005123-BBPOS_0005137, BBPOS_0005633-BBPOS_0005645);**

    - **Documentation of process flow diagrams for end to end transactions (BBPOS_0005113-BBPOS_0005114);**

    - **Documentation and schematics created for custom POS devices for clients (BBPOS_0005665-BBPOS_0005667);**

    - **Documentation and schematics created for the Audio Interface of the POS device (BBPOS_0005632);**

    - **Documentation of Two Way Communication between the POS device and the cell phone (BBPOS_0005115-BBPOS_0005116);**

    - **Documentation of the Swiper API Programming Guide (BBPOS_0004628-BBPOS_0004648, BBPOS_0004622-BBPOS_0004627)**

- **The program source code, header files, solution files, libraries, and executables associated with Integration of iWL (wireless terminal) with ROAM Datta Solution (BBPOS_0004382, BBPOS_0004383-BBPOS_0004384, BBPOS_0004385-BBPOS_0004387, BBPOS_0004388, BBPOS_0004389, BBPOS_0004390, BBPOS_0004391-BBPOS_0004397, BBPOS_0004398, BBPOS_0004399-BBPOS_0004406, BBPOS_0004407-BBPOS_0004410, BBPOS_0004411, BBPOS_0004413-BBPOS_0004417, BBPOS_0004418, BBPOS_0004419**

5

**INTERROGATORY NO. 2:** Identify and Describe in Detail any Confidential Information that Ingenico allegedly misappropriated, thieved, or improperly acquired from AnywhereCommerce or BBPOS.

**ANSWER:** Plaintiff objects to this Request because it is vague and ambiguous inasmuch as the term "Confidential Information" is defined as "confidential, sensitive, or non-public information," which can have multiple meanings. Further, Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "Describe in Detail," for Plaintiff to "relate as completely as possible each and every fact, act, omission, incident, event, condition, circumstance, or thing." Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.

Subject to and without waiving the foregoing objections, Ingenico obtained information and documents containing and/or constituting Confidential Information belonging to Plaintiff in multiple ways, including remotely via email and also as part of in-person meetings. Ingenico obtained this Confidential Information (1) as part of Ingenico's purported due diligence investigation in or around 2012 in relation to its supposed interest in acquiring Plaintiff; and (2) from ROAM through Ingenico's acquisition thereof. As to the latter, Plaintiff contends that Ingenico had no rights under any license agreements between Plaintiff and ROAM, so the scope of rights granted under any such agreements is irrelevant as to Ingenico.

The Confidential Information that Ingenico misappropriated, thieved, or improperly acquired concerns design, research and development, technical know-how, manufacture, implementation, marketing, business strategy, technical or nontechnical data, formulas, patterns, compilations, programs, devices, methods, techniques, drawings, processes, financial data, financial plans, product plans, lists of actual or potential customers or suppliers, and/or other related items as to the software, hardware, components, products, technology, and systems involved with mPOS-related host systems, software protocols, data formatting, and audio circuitry, which includes, but is not limited to communication protocols between the mPOS and software development chip; means of transmitting data between the card reader and phone through an audio jack; payment app functionality and compatibility; software development kits; modulation; error correction methods; encryption methods; reliable connections with phones; regulation of signal levels; audio channeling; audio jack polarity protection; end user data conversion; and key management.

**SUPPLEMENTAL ANSWER:** *See* **Response to Interrogatory No. 1.**

**INTERROGATORY NO. 3:** State the Basis for your claims of trade secret misappropriation (Counts II-IV of the Amended Complaint).

**ANSWER:** **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim. Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

**Subject to and without waiving the foregoing objections, after reasonable investigation and based on current knowledge, information, and belief, the following acts and omissions form the basis of Counts II-IV:**

- **BBPOS maintains trade secret information as described in its answer to Interrogatory No. 1;**

- **BBPOS derives economic value, actual or potential, from the trade secret information not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use;**

- **The misappropriated trade secrets at issue are related to products and services that BBPOS uses in, or intends for use in, interstate and foreign commerce;**

- **The trade secret information is not commonly known by or available to the public and BBPOS makes reasonable efforts under the circumstances to maintain its secrecy, including through encryption, burning off one of the fuses of the microprocessor chips, password protection, non-disclosure, entry into non-disclosure agreements, and generally through best business practices of industrial design;**

- **Defendants acquired trade secrets from ROAM as part of their acquisition of that company but Defendants had no legal or contractual right to do so;**

- **Defendants acquired trade secrets from BBPOS as part of an expressed and purported, but feigned, interest to acquire BBPOS;**

- **Defendants used the acquired trade secrets for their own competitive advantage but without any legal or contractual right to do so and in violation of BBPOS's rights; and**

- **BBPOS has incurred damages that include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation to be taken into account in computing actual loss, including loss of profits, market share, and royalties.**

**Plaintiff reserves the right to supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

**SUPPLEMENTAL ANSWER:   BBPOS shared proprietary information and trade secrets with Ingenico with the reasonable expectation that it would be kept confidentially and otherwise only used in relation to certain agreed upon purposes (e.g., due diligence, collaboration on certain products).**

- *See, e.g.,* **BBPOS_0000003-BBPOS_0000005, BBPOS_0004341, BBPOS_0004382, BBPOS_0005121-BBPOS_0005122, BBPOS_0005123-BBPOS_0005137, BBPOS_0598751, BBPOS_0605692-BBPOS_0605693, BBPOS_0642384-BBPOS_0642385, BBPOS_0655319-BBPOS_0655320, BBPOS_0688410, BBPOS_1632203-BBPOS_1632208, IngenicoInc_0009567, IngenicoInc_0067083-IngenicoInc_0067085**

**But, instead, Ingenico provided that proprietary information and trade secrets to its product developers for the purpose of developing competing products.**

- *See, e.g.,* **IngenicoInc_0134213-IngenicoInc_0134215, IngenicoInc_0009619-IngenicoInc_0009620, IngenicoInc_0071123-IngenicoInc_0071124, IngenicoInc_0134216-IngenicoInc_0134217, IngenicoInc_0071720-IngenicoInc_0071723**

**INTERROGATORY NO. 4:** For each trade secret and Confidential Information You Identified in response to Interrogatory Numbers 1 and 2, specifically describe any and all efforts You undertook to maintain the secrecy of such trade secret or Confidential Information.

**ANSWER:** **Plaintiff objects to this Request because it is vague and ambiguous inasmuch as it requires the legal interpretation of the term "trade secret." Plaintiff also objects to this Request because it is vague and ambiguous inasmuch as the term "Confidential Information" is defined as "confidential, sensitive, or non-public information," which can have multiple meanings.**

**Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks for Plaintiff to "specifically describe any and all efforts You undertook to maintain the secrecy of such trade secret or Confidential Information." Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

8

**Subject to and without waiving the foregoing objections, BBPOS makes reasonable efforts under the circumstances to maintain the secrecy of its trade secrets and Confidential information, including through encryption, burning off one of the fuses of the microprocessor chips, password protection, non-disclosure, entry into non-disclosure agreements, and generally through best business practices of industrial design.**

**INTERROGATORY NO. 5:** To the extent not identified in response to Interrogatory No. 3, State the Basis for Count I.

**ANSWER:** **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim. Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

**Subject to and without waiving the foregoing objections, Count I is not a claim asserted by Plaintiff and therefore Plaintiff cannot State the Basis for that claim.**

**INTERROGATORY NO. 6:** To the extent not identified in response to Interrogatory No. 3, State the Basis for Count V.

**ANSWER:** **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim. Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

**Subject to and without waiving the foregoing objections, after reasonable investigation and based on current knowledge, information, and belief, the following acts and omissions form the basis of Counts V:**

- **BBPOS maintains trade secret information and Confidential Information as described in its answers to Interrogatory Nos. 1 and 2;**

- **Defendants, through Rotsaert, under the direction of Lazare and Coonen, thieved BBPOS's trade secrets and gleaned an unfair competitive advantage in breach of Rotsaert's fiduciary duties to**

> ROAM by then misusing the stolen technology and trade secrets, and converting the same to Ingenico's exclusive benefit without any reasonable value in return, to develop a directly competitive EMV reader;

- **This amounts to an acknowledged theft of BBPOS's trade secrets by or through Ingenico Inc. and on the part of Ingenico and Ingenico Ventures with the assistance of ROAM's then-newly appointed executive, Rotsaert, undertaken with Graylin's knowledge (if not consent) as ROAM's lame-duck Chairman of the Board and CEO.**

- **The foregoing also constitutes a breach (acknowledged by no less than two ROAM executives at the time) of the ROAM License at § 6.1, which provides:**

  > **Both parties agree to treat the other's Confidential Information (as defined below) as confidential, to take all reasonable measures to protect and prevent the disclosure of and/or unauthorized use by third parties of the other parties' Confidential Information, to exercise at least the same degree of care exercised for the protection of its own Confidential Information, and to not use Confidential Information other than for its intended purpose under this Agreement.**

- **Said breach entitles BBPOS to indemnification by Ingenico Inc. of all related losses incurred by BBPOS as a result of this improper disclosure of its confidential material to a direct competitor and the detrimental marketplace impact suffered by BBPOS. In particular, § 4.3 of the ROAM License provides:**

  > **The Company agrees to indemnify and hold [BBPOS] harmless from any and all losses, costs, liabilities, or expenses (including court costs and reasonable fees of attorneys and other professionals) arising out of or resulting from the breach any warranty, representation or other provision of this Agreement by the Company or arising out of or resulting from any claim brought by a third party against [BBPOS] as a result of or relating to any actual or alleged breach hereof by the Company. In the event of any such claim, [BBPOS] agrees to notify the Company promptly of the claim and to permit the Company at the Company's expense, to assume control of the defence (sic) thereof with counsel of the Company's choosing, and cooperate with the Company in such defence (sic) at the Company's expense.**

- **BBPOS has suffered losses, costs, liabilities, or expenses (including court costs and reasonable fees of attorneys and other professionals)**

10

4834-5382-1648.1

>
> **arising out of or resulting from the breach of Ingenico Inc.'s confidentiality obligations under the ROAM License, entitling BBPOS to recovery of the same from Ingenico Inc.**
>
> **Plaintiff reserves the right to supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

**INTERROGATORY NO. 7:** To the extent not identified in response to Interrogatory No. 3, State the Basis for Count VI.

**ANSWER:** **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim. Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

> **Subject to and without waiving the foregoing objections, Plaintiff incorporates its answer to Interrogatory No. 3.**

**INTERROGATORY NO. 8:** To the extent not identified in response to Interrogatory No. 3, State the Basis for Count VII.

**ANSWER:** **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim. Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

> **Subject to and without waiving the foregoing objections, Plaintiff incorporates its answer to Interrogatory No. 3.**

**INTERROGATORY NO. 9:** To the extent not identified in response to Interrogatory No. 3, State the Basis for Count VIII.

**ANSWER:** **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of**

any person," and "state separately any other fact" that forms the basis of Plaintiff's claim. Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.

Subject to and without waiving the foregoing objections, Plaintiff incorporates its answer to Interrogatory No. 3.

**INTERROGATORY NO. 10:** To the extent not identified in response to Interrogatory No. 3, State the Basis for Count IX.

**ANSWER:** Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim. Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.

Subject to and without waiving the foregoing objections, Plaintiff incorporates its answer to Interrogatory No. 3.

**INTERROGATORY NO. 11:** Identify any and all "fake acquisition promises" or "other false claims" of Ingenico made to You (as alleged in the Amended Complaint) or any other false statements (collectively, "fake acquisition promises," "other false claims," and other false statements are "False Statements"), including the date such False Statements were made, by whom, to whom, the content of the False Statement, any documents that concern the False Statements, and state the basis for your claim that the False Statements were false.

**ANSWER:** Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks for Plaintiff to identify all "'fake acquisition promises' or 'other false claims' of Ingenico made to You (as alleged in the Amended Complaint) or any other false statements" Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.

Subject to and without waiving the foregoing objections, Defendants made the following "fake acquisition promises," "other false claims," and "False Statements":

12

- **Defendants falsely represented an interest in acquiring BBPOS, where in actuality Defendants held no such interest;**

- **Defendants falsely represented that they sought access to BBPOS's trade secrets and Confidential Information as part of its pre-acquisition due diligence, where in actuality Defendants intended no such acquisition and sought the trade secrets and Confidential Information for their own competitive advantage;**

- **Defendants falsely represented that the trade secrets and Confidential Information that they obtained would be evaluated and used strictly for purposes of evaluating a potential acquisition of BBPOS, where in actuality Defendants intended to evaluate and use and did in fact evaluate and use the trade secrets and Confidential Information for their own competitive advantage; and**

- **Defendants did not acquire BBPOS and used BBPOS's trade secrets and Confidential Information for their own competitive advantage, demonstrating the falsity of their representations.**

Plaintiff reserves the right to supplement its answer at an appropriate time after a substantial amount of discovery has been completed.

Dated: July 2, 2021

Plaintiffs
AnywhereCommerce, Inc.
and BBPOS Limited,

By their attorneys,

JONATHON D. FRIEDMANN (BBO #180130)
ROBERT P. RUDOLPH (BBO # 684583)
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700
Fax: (617) 227-0313
jfriedmann@rflawyers.com
rrudolph@rflawyers.com

-and-

KUTAK ROCK LLP

13

*/s/ Daniel Carmeli*
Oliver D. Griffin (Pro Hac Vice)
Pennsylvania Bar No. 88026
Oliver.griffin@kutakrock.com
Peter N. Kessler (Pro Hac Vice)
Pennsylvania Bar No. 209033
Peter.kessler@kutakrock.com
Melissa A. Bozeman (Pro Hac Vice)
Pennsylvania Bar No.  201116
Melissa.bozeman@kutakrock.com
1760 Market Street
Suite 1100
Philadelphia, PA  19103-4104
(215) 299-4384 (Telephone)
(215) 981-0719 (Facsimile)

Daniel Carmeli (Pro Hac Vice)
Colorado Bar No. 52880
Daniel.carmeli@kutakrock.com
1801 California Street
Suite 3000
Denver, CO 80202-2652
(303) 297-2400 (Telephone)
(303) 292-7799 (Facsimile)

-and-

Ricardo G. Cedillo (Pro Hac Vice)
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave
Suite 500
San Antonio, TX 78212
(210) 822-6666 (Telephone)
rcedillo@lawdcm.com

14

## **CERTIFICATE OF SERVICE**

I certify that on July 2, 2021, a copy of the foregoing PLAINTIFF BBPOS LIMITED'S THIRD AMENDED OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS ANYWHERECOMMERCE, INC. AND BBPOS LIMITED was served via electronic mail and first class mail on the following counsel of record:

John A. Tarantino
Patricia K. Rocha
Nicole J. Benjamin
William K. Wray, Jr.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
wwray@apslaw.com

*/s/ Daniel Carmeli*