# Exhibit 2



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSSACHUETS**

_____

ANYWHERECOMMERCE, INC. and : CIVIL ACTION
BBPOS LIMITED : NO. 1:19-cv-11457-IT
:
             Plaintiffs. : JURY TRIAL DEMANDED
:
    v. :
:
INGENICO INC., INGENICO COPR., :
and INGENICO GROUP SA, :
:
            Defendants. :
_____

Expert Report
by

Stephen J. Scherf, CPA/CFF, CFE

February 16, 2022



# TABLE OF CONTENTS

1. INTRODUCTION ............................................................................................................. 2
2. BASIS FOR ANALYSIS .................................................................................................... 2
3. BACKGROUND ............................................................................................................... 3
   3.1. PARTIES ................................................................................................................. 3
   3.2. ADDITIONAL BACKGROUND .................................................................................. 4
4. ANALYSIS OF DAMAGES ............................................................................................... 6
   4.1. UNJUST ENRICHMENT ........................................................................................... 6
5. CONCLUSION ................................................................................................................ 8



*www.asterion-consulting.com*

1617 JFK Boulevard  
Suite 1040  
Philadelphia, PA 19103

*t* 215 893 9901  
*f* 215 893 9903

# ANYWHERECOMMERCE, INC. ET AL. V. INGENICO INC., ET AL.

I am engaged by Kutak Rock, LLC ("Counsel") on behalf of BBPOS Limited ("BBPOS," or, "Plaintiff"), to perform calculations of the economic damages sustained by Plaintiff.[1]

This report sets out the results of my analysis structured as follows:

1. Introduction
2. Basis for Analysis
3. Background
4. Analysis of Damages
5. Conclusions
   Appendices

---

[1] I understand that Counsel also represents plaintiff AnywhereCommerce, Inc. I have not been asked to opine on the economic damages, if any, sustained by AnywhereCommerce, Inc. in this matter and as such, I offer no opinions on its damages in this matter. In addition, I understand that apportionment of economic damages between plaintiffs is a legal and not a financial question. As such, I offer no expert opinion on the topic of apportionment.

*Financial & Economic Consultants Focused on*  
*Forensics, Valuation, Intellectual Property & Performance Optimization*

**PRIVILEGED AND CONFIDENTIAL** Page 6

RP100x, RP150x, RP170c); RP 350 (including the RP350x); RP450 (including the RP456, RP457c); RP750 (including the ( RP750x, RP755x, P757cx); (the "Accused Products").[2]

My report calculates damages from the forgoing acts.

## 4. ANALYSIS OF DAMAGES

I understand that due to the competitive nature of the relationship between the parties, counsel has agreed to certain constructs regarding discovery. I have calculated the following damages under those constructs.

### 4.1. UNJUST ENRICHMENT

Under the Uniform Trade Secrets Acts, damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure for use of a trade secret.

I have been asked to provide calculations and my opinion on damages in the form of unjust enrichment. As such, I have not prepared calculations based on other methods, however I reserve the right to rebut and comment on damages based on other methods should the Defendants present them. In addition, I understand that I am only required to quantify revenues under an unjust enrichment damages construct and that it is the burden of Defendants to quantify and deduct costs, if any. I therefore also reserve the right to rebut and comment on the costs, if any, that would be deducted should the Defendants present them.

---

[2] Based on discussions with BBPOS's technical experts Ivan Zatkovich and Virginia Lee.