UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>INGENICO INC., INGENICO CORP. and INGENICO GROUP, SA,<br>　　　　　　　　Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

### MOTION *IN LIMINE* TO EXCLUDE ANY AND ALL TESTIMONY FROM BBPOS LIMITED'S EXPERT ON THE TRADE SECRET STANDARD FOR REVERSE ENGINEERING

Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group, SA, pursuant to Fed. R. Evid. 401, 402, 403, and 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993), submit this Motion *In Limine* to Exclude Any and All Testimony from BBPOS Limited's Expert on the Trade Secret Standard for Reverse Engineering.

As demonstrated in the accompanying Memorandum, under Georgia law, if information can be readily ascertained via reverse engineering that is not difficult, costly, or time-consuming, the Information is *not* entitled to trade secret protection, without regard to whether the information actually was reverse engineered. *See Essex Group, Inc. v. Southwire Co.*, 501 S.E.2d 501, 504 (Ga. 1998) (quoting Restatement (Third) of Unfair Competition § 39, cmt. f). However, the opinion to which BBPOS Limited's expert, Ivan Zatkovich, has testified is the opposite: unless the information actually was reverse engineered, it is entitled to trade secret protection, even if it could be readily reverse engineered. *See* Transcript of Deposition of Ivan Zatkovich (May 11, 2022) at 91:10-12, 91:24-92:10. As Mr. Zatkovich's opinion directly

contradicts the controlling law, the Court should exclude from trial any testimony concerning this opinion.

## REQUEST FOR ORAL ARGUMENT

Ingenico requests oral argument on this Motion because it raises important issues concerning the scope of permissible expert testimony and Ingenico believes that oral argument may assist the Court in addressing the Motion.

## RULE 7.1(a)(2) CERTIFICATION

I certify that counsel for Ingenico has conferred with opposing counsel and attempted in good faith to resolve or narrow the issue.

/s/*Jeffrey K. Techentin*

Dated:  April 10, 2023

                        Respectfully submitted,
                        INGENICO INC., INGENICO CORP. AND
                        INGENICO GROUP, SA,

                        By their attorneys,

                        /s/ *Jeffrey K. Techentin*
                        JOHN A. TARANTINO (BBO #492230)
                        PATRICIA K. ROCHA (BBO #542348)
                        NICOLE J. BENJAMIN (BBO #666959)
                        R. BART TOTTEN (BBO #631605)
                        JEFFREY K. TECHENTIN (*pro hac vice*)
                        Adler Pollock & Sheehan P.C.
                        One Citizens Plaza, 8th Floor
                        Providence, RI 02903
                        Tel: (401) 274-7200
                        Fax: (401) 351-4607
                        jtarantino@apslaw.com
                        procha@apslaw.com
                        nbenjamin@apslaw.com
                        btotten@apslaw.com
                        jtechentin@apslaw.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on April 10, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

| | |
|---|---|
| Jonathon D. Friedmann, Esq.<br>Robert P. Rudolph, Esq.<br>Rudolph Friedmann LLP<br>92 State Street<br>Boston, MA 02109<br>JFriedmann@rflawyers.com<br>RRudolph@rflawyers.com | Oliver D. Griffin, Esq.<br>Peter N. Kessler, Esq.<br>Melissa A. Bozeman, Esq.<br>Kutak Rock LLP<br>303 Peach Street, N.E., Suite 2750<br>Atlanta, GA 30308<br>Oliver.griffin@kutakrock.com<br>Peter.kessler@kutakrock.com<br>Melissa.bozeman@kutakrock.com<br><br>Ricardo G. Cedillo, Esq.<br>755 E. Mulberry Ave., Ste 500<br>San Antonio, Texas 78212<br>rcedillo@lawdcm.com |

                /s/ *Jeffrey K. Techentin*
                Jeffrey K. Techentin

*4894-7543-5867, v. 1*