UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>INGENICO INC., INGENICO CORP. and INGENICO GROUP, SA,<br>　　　　　　　Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE ANY AND ALL TESTIMONY OF, AND/OR REFERENCE
TO, BBPOS LIMITED'S DUPLICATIVE CLAIM FOR UNJUST ENRICHMENT**

Defendants Ingenico Inc., Ingenico Corp., and Ingenico Group, SA (collectively, "Ingenico") submit this Memorandum of Law in support of their Motion *In Limine* to Exclude Any and All Evidence of, and/or Reference to, BBPOS Limited's Duplicative Claim for Unjust Enrichment, pursuant to Fed. R. Evid. 403. As demonstrated below, BBPOS Limited's ("BBPOS") claims for misappropriation and unjust enrichment are based on the same facts, request the same relief (disgorgement), and are asserted against all three Defendants. Thus, BBPOS's claim for unjust enrichment is duplicative of its claim for misappropriation. To avoid confusing the issues, misleading the jury, and unfairly prejudicing Ingenico, the Court should exclude from the trial in this case any and all evidence of, and/or reference to, BBPOS's duplicative claim for unjust enrichment.

**ARGUMENT**

I. **BBPOS's Claims For Misappropriation And Unjust Enrichment Are Based On The Same Facts And Request The Same Relief (Disgorgement)**

Two of BBPOS's remaining claims in this case are alleged misappropriation under the Georgia Trade Secrets Act (Count II) and alleged unjust enrichment (Count VII). These two claims are based on the same facts, request the same relief (disgorgement), and are asserted against all three Defendants. *See* First Amended Complaint at ¶¶ 135-43, 174-79.

In its misappropriation claim, BBPOS alleges that Ingenico "acquired BBPOS's trade secrets by improper means." *Id.* at ¶ 139. BBPOS's sole theory of damages for its misappropriation claim is disgorgement of Ingenico's profits. *See* Transcript of Deposition of Stephen Scherf (May 12, 2022) ("Scherf Dep.") (true and accurate copy of excerpts attached hereto as Exhibit 1) at 14:17-15:13 (concluding that disgorgement was the appropriate measure of damages because neither lost profits nor a reasonable royalty was applicable to BBPOS's claim). With respect to unjust enrichment, BBPOS alleges that Ingenico "improperly procur[ed] the trade secrets and business plans of Plaintiffs." First Amend. Compl. at ¶ 175. The allegations concerning "business plans" pertain to AnywhereCommerce, Inc, not BBPOS. *See id.* at ¶¶ 57-60. Indeed, BBPOS's damages expert does not base any of the alleged damages on "business plans." *See* Report of Stephen Scherf (true and accurate copy of excerpts attached hereto as Exhibit 2) ("Scherf Report") at § 4.1. As the Court granted Ingenico's summary judgment motion as to all claims of AnywhereCommerce, Inc., the allegations concerning "business plans" are immaterial. BBPOS's sole theory of damages for its unjust enrichment claim is based on Ingenico's "retention of the benefits" of BBPOS's alleged trade secrets, *i.e.*, disgorgement of Ingenico's profits. *See id.* at ¶¶ 178-79; *see also* Scherf Dep. at 14:17-15:13 (opining as to no theory of damages other than disgorgement); Scherf Report at § 4.1 (same).

Thus, BBPOS's claim for unjust enrichment is duplicative of its claim for misappropriation. Indeed, it is a duplicative subset of the misappropriation claim – the misappropriation allegedly commenced in "the summer of 2012," whereas the unjust enrichment is alleged to have occurred "[s]ince at least December 13, 2017." *See* First Amend. Compl. at ¶¶ 48, 177.

## II. The Court Should Exclude Any Evidence Of, And/Or Reference To, BBPOS's Duplicative Claim For Unjust Enrichment

This Court has held that a plaintiff is not entitled to proceed on multiple claims that are based on the same allegations and seek the same relief. *See Freeman v. MetLife Group, Inc.*, 583 F. Supp. 2d 218, 222 (D. Mass. 2008). In *Freeman*, this Court addressed claims that the plaintiff had been terminated in violation of public policy and in breach of the implied covenant of good faith and fair dealing. *See id.* This Court rejected the public policy claim as duplicative of the implied covenant claim because it relied on the same allegations and sought the same relief. *See id.* ("Because Freeman has pled a breach of that implied covenant, he does not also need to proceed on public policy grounds."); *Roche v. Donahue*, 985 F. Supp. 14, 16 & n.2 (D. Mass. 1997 (rejecting claim under 42 U.S.C. § 1983 as duplicative of First Amendment claim); *see also Max Rack, Inc. v. Core Health & Fitness, LLC*, 40 F. 4th 454, 463 (6th Cir. 2022) (noting that courts should not present "duplicative trademark-infringement claims under § 1114(1)(a) and § 1125(a) because it might confuse jurors"); *Park v. Hyatt Corp.*, 436 F. Supp. 2d 60, 66 (D.D.C. 2006) (rejecting claim for "discrimination" as duplicative of claims under federal and District of Columbia statutes).

The prohibition of proceeding on duplicative claims applies with especial force to unjust enrichment. In *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917 (N.D. Cal. 2014), the plaintiff asserted that the defendant had underfilled canned tuna products and alleged both violations of

3

state consumer protection statutes and unjust enrichment. *See id.* at 922. The unjust enrichment claim was premised on the plaintiff's assertion that the defendant's "retention of the revenue from such sales [of underfilled products] would be unjust and inequitable." *Id.* at 933. The court rejected the unjust enrichment claim as duplicative of the statutory claims. *See id.* at 933-34; *see also Brazil v. Dole Food Co., Inc.*, 935 F. Supp. 2d 947, 967 (N.D. Cal. 2013) (rejecting claim for restitution as "superfluous" because it was a remedy under separate statutory claim asserted by plaintiff).

As BBPOS's claim for unjust enrichment is duplicative of its claim for misappropriation, BBPOS is entitled to proceed only as to misappropriation, to avoid confusing the factfinder with duplicative claims. Thus, any reference to the duplicative claim of unjust enrichment, and/or any testimony of that duplicative claim, should be excluded from trial. Reference to, and or testimony of, that duplicative claim would not add any relevant evidence to the trial because such testimony and/or reference would not have "any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see United States v. Maldonado–García*, 446 F.3d 227, 232 (1st Cir. 2006) (to be relevant, evidence must make existence or non-existence of material fact more likely) (citing Fed. R. Evid. 401).

Furthermore, any reference to, and or testimony of, BBPOS's duplicative claim for unjust enrichment would be inadmissible under Rule 403 because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. As noted above, any such reference and/or testimony would not be relevant and therefore would have no probative value. Importantly, reference to, and/or testimony of, the duplicative unjust enrichment claim could confuse the factfinder by presenting two claims

alleging the same facts and seeking the same remedy. Such confusion could result in an inappropriate finding of liability against Ingenico for millions of dollars, which would severely and unfairly prejudice Ingenico.[1]

## CONCLUSION

For all the aforementioned reasons, Ingenico respectfully requests that the Court exclude from the trial in this case any and all evidence of, and/or reference to, BBPOS's duplicative unjust enrichment claim.

## REQUEST FOR ORAL ARGUMENT

Ingenico requests oral argument on this Motion because it raises important issues concerning duplicative claims and unfair prejudice, and Ingenico believes that oral argument may assist the Court in addressing the Motion.

---

[1] In addition, BBPOS cannot assert against Ingenico, Inc. claims for both breach of contract and unjust enrichment. BBPOS and Ingenico, Inc. have asserted claims against each other under the Engineering Development and License Agreement between ROAM Data, Inc. and BBPOS (dated May 4, 2010). Thus, both BBPOS and Ingenico, Inc. have asserted the position that a valid and enforceable contract defines the parties' obligations. Accordingly, BBPOS is barred from asserting an unjust enrichment claim against Ingenico, Inc., which further supports Ingenico's argument that any and all evidence of, and/or reference to, BBPOS's duplicative unjust enrichment claim should be excluded from trial. *See Wright v. Balise Motor Sales Co.*, No. 1684CV03477BLS2, 2017 WL 2427568, at *2 (Mass. Super. Apr. 19, 2017) ("A plaintiff is not entitled to recovery on a theory of quantum meruit [or unjust enrichment] where there is a valid contract that defines the obligations of the parties.") (citation omitted)).

Dated:  April 10, 2023

        Respectfully submitted,
        INGENICO INC., INGENICO CORP. AND
        INGENICO GROUP, SA,

        By their attorneys,

        /s/ *Jeffrey K. Techentin*
        JOHN A. TARANTINO (BBO #492230)
        PATRICIA K. ROCHA (BBO #542348)
        NICOLE J. BENJAMIN (BBO #666959)
        R. BART TOTTEN (BBO #631605)
        JEFFREY K. TECHENTIN (*pro hac vice*)
        Adler Pollock & Sheehan P.C.
        One Citizens Plaza, 8th Floor
        Providence, RI 02903
        Tel: (401) 274-7200
        Fax: (401) 351-4607
        jtarantino@apslaw.com
        procha@apslaw.com
        nbenjamin@apslaw.com
        btotten@apslaw.com
        jtechentin@apslaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 10, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

| | |
|---|---|
| Jonathon D. Friedmann, Esq.<br>Robert P. Rudolph, Esq.<br>Rudolph Friedmann LLP<br>92 State Street<br>Boston, MA 02109<br>JFriedmann@rflawyers.com<br>RRudolph@rflawyers.com | Oliver D. Griffin, Esq.<br>Peter N. Kessler, Esq.<br>Melissa A. Bozeman, Esq.<br>Kutak Rock LLP<br>303 Peach Street, N.E., Suite 2750<br>Atlanta, GA 30308<br>Oliver.griffin@kutakrock.com<br>Peter.kessler@kutakrock.com<br>Melissa.bozeman@kutakrock.com |
| | Ricardo G. Cedillo, Esq.<br>755 E. Mulberry Ave., Ste 500<br>San Antonio, Texas 78212<br>rcedillo@lawdcm.com |

               /s/ *Jeffrey K. Techentin*
               Jeffrey K. Techentin

*4873-0091-6828, v. 1*