# **EXHIBIT 1**

**In the Matter Of:**

ANYWHERE COMMERCE vs INGENICO INC.

No. 1:19-cv-11457-IT

**STEPHEN SCHERF**

*May 12, 2022*



800.211.DEPO (3376)
EsquireSolutions.com

STEPHEN SCHERF                                    May 12, 2022
ANYWHERE COMMERCE vs INGENICO INC.                        1

```
 1              UNITED STATES DISTRICT COURT

 2                DISTRICT OF MASSACHUSETTS

 3

 4   ANYWHERE COMMERCE, INC.  :  CIVIL ACTION

 5   and BBPOS LIMITED           :

 6          Plaintiffs,       : No. 1:19-cv-11457-IT

 7   v.                          :

 8   INGENICO INC., INGENICO  :

 9   CORP AND INGENICO GROUPS,:

10   INGENICO VENURES SAS     :

11           Defendants.      :

12

13          TRANSCRIPT of DEPOSITION of STEPHEN SCHERF,

14   taken by and before DANIELLE BRESLIN, Professional

15   Court Reporter and Notary Public at Kutak Rock, 1760

16   Market Street, Suite 1100, Philadelphia,

17   Pennsylvania 19104 on Thursday, May 12, 2022,

18   commencing at 10:00 a.m.

19                       - - -

20

21

22

23

24
```



```
 1   office.  Does Asterion have more than one office?

 2   A.      Yes.

 3   Q.      How many of the principles are in

 4   Philadelphia?

 5   A.      Three.

 6   Q.      Who is the other one?

 7   A.      Mark Bradford.

 8   Q.      Do you work Mr. Bradford on your expert

 9   engagements?

10   A.      Sometimes, but not on this engagement.

11   Q.      Where are the other two principles?

12   A.      Both of them are in New Jersey.

13   Q.      Do you work with them less because they are

14   in a different office?

15   A.      It just depends on the nature of assignment,

16   so it depends on expertise, or what the issue is.

17   Q.      Let's circle back to the nature of the

18   damages that you have you set forth here.  How did

19   you come to the conclusion that a disgorgement

20   analysis would be appropriate?

21   A.      Well, it is theft of trade secrets, and so

22   therefore, under the theft of trade secrets, there

23   are essentially three primary ways to look at

24   damages:  One is the gain or loss profits, the other
```



1  is unjust enrichment, the third is unreasonable

2  royalty.

3        I looked and didn't find a comparable

4  license agreement, and so therefore went with unjust

5  enrichment.

6  Q.    Why didn't you do loss profits?

7  A.    Because the issue with loss profits is

8  identifying the proper but for model, and so it

9  didn't seem appropriate in this case because the

10  allegations in the underlying complaint was that

11  there was a use of trade secrets in these products.

12  So therefore, in my view, the best measure was the

13  sales of those products.

14  Q.    Can I ask you -- let me start over.

15        What did you do to prepare for the

16  deposition today?

17  A.    I reviewed my file.  I reviewed the report,

18  and last week, I spent about, I will say an hour and

19  a half with Ms. Bozeman.

20  Q.    Anything else?

21  A.    No.  That's all I did.

22  Q.    When you said your file, you reviewed your

23  file, what does that encompass?

24  A.    That includes the documents that were



1                      C E R T I F I C A T I O N

2

3

4

5     I, DANIELLE E.  BRESLIN, Professional Court Reporter

6     and Notary Public, do hereby certify that the

7     foregoing is a true and accurate transcript of the

8     stenographic notes taken by me in the aforementioned

9     matter.

10

11

12                                -   -   -

13

14

15

16

17

18

19

20                          Danielle E.  Breslin

21     _____
       DATE:  04/25/2022        DANIELLE E.  BRESLIN
22                                        Pa Notary No.
       1277008
23                                        Expires:  April
       25, 2023
24                           -   -   -

