# EXHIBIT 2



### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSSACHUETS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and<br>BBPOS LIMITED | : CIVIL ACTION<br>: NO. 1:19-cv-11457-IT |
| Plaintiffs. | : JURY TRIAL DEMANDED |
| v. | |
| INGENICO INC., INGENICO COPR.,<br>and INGENICO GROUP SA, | |
| Defendants. | |

Expert Report
by

Stephen J. Scherf, CPA/CFF, CFE

February 16, 2022

PRIVILEGED AND CONFIDENTIAL                                                                                    Page 6

RP100x, RP150x, RP170c); RP 350 (including the RP350x); RP450 (including the RP456, RP457c); RP750 (including the ( RP750x, RP755x, P757cx); (the "Accused Products").[2]

My report calculates damages from the forgoing acts.

## 4. ANALYSIS OF DAMAGES

I understand that due to the competitive nature of the relationship between the parties, counsel has agreed to certain constructs regarding discovery.  I have calculated the following damages under those constructs.

### 4.1. UNJUST ENRICHMENT

Under the Uniform Trade Secrets Acts, damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss.  In lieu of damages measured by any other methods, the damages caused by misappropriation may be measured by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure for use of a trade secret.

I have been asked to provide calculations and my opinion on damages in the form of unjust enrichment. As such, I have not prepared calculations based on other methods, however I reserve the right to rebut and comment on damages based on other methods should the Defendants present them.  In addition, I understand that I am only required to quantify revenues under an unjust enrichment damages construct and that it is the burden of Defendants to quantify and deduct costs, if any.  I therefore also reserve the right to rebut and comment on the costs, if any, that would be deducted should the Defendants present them.

---

[2] Based on discussions with BBPOS's technical experts Ivan Zatkovich and Virginia Lee.

*AnywhereCommerce, Inc. and BBPOS Limited v. Ingenico Inc., et al.*

**PRIVILEGED AND CONFIDENTIAL** Page 7

Defendants have provided sales data for the period January 1, 2013 through March 31, 2021 ("Calculation Period") in various native spreadsheets.[3] I note that there are differences in detail and formatting in the spreadsheets. In addition, there appears to be some discrepancies whereby data that purports to cover the same time-period appears to reflect different values on the various spreadsheets. I have used the data for my calculations, as it is the type of data that experts rely upon to perform these types of damages calculations. I reserve the right to update my calculations when or if new data becomes available or when a witness testifies as to the collection and source of the data, including an explanation of the apparent inconsistencies. In addition, should the trier of fact find that damages are ongoing, and more data is produced, I would calculate damages beyond the Calculation Period expressed in this report.

I calculate unjust enrichment on the Accused Products for the Calculation Period. I understand that once unjust enrichment damages are established, it is the Defendants' burden to show the incremental costs of such sales. Given the data issues identified, I have not speculated on the incremental cost of such sales. However, the spreadsheets do present data for both sales revenues and "gross profits." While I have seen no information detailing how gross profits are calculated in the spreadsheets, it is typical in the determination of damages that incremental profits are less than gross profits. As such, I present both sales revenues and gross profits data for the Accused Products over the Calculation Period. I reserve the right to update this amount, including the recognition of the incremental cost of sales, if additional data is provided or testimony is given regarding the details of how the data contained in the spreadsheets was accumulated.

The spreadsheet 000018_IngenicoInc_0126787 covers the time-period 2014 through 3/2018, summarizes sales of 1,015,918 units representing revenues of $36,334,547 and gross profits of $15,077,263. Selecting only the Accused Products in the spreadsheet[4] results in 674,874 units representing $28,445,521 in revenues and $11,741,732 in gross profits.

---

[3] See deposition of Victor Young dated October 18, 2021 and deposition exhibits 3 – 10.
[4] Sheet "20180331," Column F.

*AnywhereCommerce, Inc. and BBPOS Limited v. Ingenico Inc., et al.*

The spreadsheet included as Victor Young Deposition Exhibit 8: **2018-4.2021 Data from SAP,** covers the time-period 2018 through 3/2021.[5]  I note that the data does not appear to overlap for 2018 as the first spreadsheet reports approximately $570,000 in revenues for 2018 compared to over $16 million in the second spreadsheet for that year.  The spreadsheet summarizes sales of 977,474 units, representing revenues of $31,076,250 and gross profits of $12,251,411.  Selecting only the Accused Products in the spreadsheet[6] results in 480,264 units representing $20,558,015 in revenues and $8,904,232 in gross profits.

Based on the data presented, unjust enrichment damages on Accused Products of 1,155,138 units in the Damages Period are $49,003,536 in revenues representing $20,645,964 in gross profits.

## 5. CONCLUSION

It is my opinion within a reasonable degree of professional certainty that Defendants were unjustly enriched on 1,155,138 units representing sales revenues of $49,003,536 and reported gross profits of $20,645,964.  I understand that the accused sales are continuing.  I understand that it is Defendants' burden to show the incremental costs of the accused sales and I will have an opportunity to review and comment on that analysis.  I reserved the right to present rebuttal, or supplemental, expert opinions, as may be necessary and appropriate.

Stephen J. Scherf, CPA/CFF, CFE
Principal

---

[55] Deposition of Victor Young dated October 18, 2021, pp. 40-42.
[6] Sheet "Data 2018 – Apr 21" Column BE