# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED, **Plaintiffs,** v. INGENICO INC., INGENICO CORP., INGENICO GROUP SA, and INGENICO VENTURES SAS, **Defendants.** | **CIVIL ACTION NO. 1:19-cv-11457-IT** |

**PLAINTIFF ANYWHERECOMMERCE, INC.'S OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS
ANYWHERECOMMERCE, INC. AND BBPOS LIMITED**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and L.R. 33.1, Plaintiff AnywhereCommerce, Inc.  ("Plaintiff") submits the following objections and answers to the Defendants' First Set of Interrogatories to Plaintiffs AnywhereCommerce, Inc. and BBPOS Limited (the "Requests").

**RESERVATION OF RIGHTS**

The Answers made herein are based on information known at this time and are set forth without prejudice to the right to supplement, revise, correct or clarify these responses or to assert additional objections should additional information or grounds for objections be discovered at any time before trial.  These Answers are made without in any way waiving or intending to waive: (a) any objections as to the competence, relevance, materiality, privilege (including attorney-client and/or work-product), immunity or admissibility as evidence, for any purpose, of any

answer provided in response to the discovery requests; (b) the right to object on any ground to the use of the answers provided in response to the discovery requests at any hearing or trial, whether in this action or otherwise, or (c) the right to object on any ground at any time to a demand for further responses to the discovery requests.

## GENERAL OBJECTIONS

1.      Plaintiff objects to each Definition, Instruction, and Request to the extent it fails to comply with Rule 26, which limits discovery to nonprivileged matter that is relevant to any party's claim or defense and which is noncumulative or duplicative and where the burden or expense of the discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues.

2.      Plaintiff objects to each Definition, Instruction, and Request to the extent it is overly broad or unduly burdensome or contains undefined, ambiguous or confusing terms, is compound, vague or has overlapping subject matter.

3.      Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information regarding or containing information about persons or entities other than the parties to the action for the reason that such information is not relevant to the subject matter of the pending action or reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information that has been prepared in anticipation of litigation or for trial or otherwise is subject to protection under the work-product doctrine.

2

5.      Plaintiff objects to each Definition, Instruction, and Request to the extent it is propounded in bad faith, is overly broad, is unreasonably annoying, embarrassing, oppressive, burdensome or expensive, or would require the making of an unreasonable investigation.

6.      Plaintiff objects to each Definition, Instruction, and Request to the extent it seeks information that is protected by the attorney-client privilege and to the extent it seeks and/or encompasses information containing the mental processes and/or legal theories of Plaintiff and its attorneys.

7.      Plaintiff objects to each Definition, Instruction, and Request to the extent it calls for a legal conclusion.

8.      Plaintiff objects to each Definition, Instruction, and Request to the extent it purports to impose obligations that are inconsistent with or are beyond the requirements set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or other applicable local rules and any court orders entered in this litigation, including the Stipulated Protective Order and/or the Stipulated Order Regarding Discovery of Electronically Stored Information and Hard Copy Documents.

9.      Plaintiff objects to the Definition of "Ingenico" because it is vague and ambiguous inasmuch as ROAM Data, Inc. ("ROAM") was at times unaffiliated with any of the other entities listed in the Definition and the Definition does not prescribe any applicable time period.  Plaintiff answers the Requests interpreting "Ingenico" to include ROAM only after the point at which Ingenico acquired ROAM.

10.     Plaintiff objects to the Definition of "You" because it is vague and ambiguous inasmuch as it means either AnywhereCommerce or BBPOS.  Plaintiff answers the Requests interpreting "You" to refer only to itself.

11.     Plaintiff objects to the Definition of "Confidential Information" because it is vague and ambiguous inasmuch as it is defined as "confidential, sensitive, or non-public information," which can have multiple meanings.

12.     The general objections set forth herein are applicable to each Answer to the Requests.

13.     Plaintiff reserves the right to supplement the Answers to these Requests.

## SPECIFIC OBJECTIONS AND ANSWERS

**INTERROGATORY NO. 1:** Identify and Describe in Detail each and every trade secret that forms the basis of Counts II through IX of Plaintiffs' Amended Complaint.

**ANSWER:    Plaintiff objects to this Request because it is vague and ambiguous inasmuch as it requires the legal interpretation of the term "trade secret."  Further, Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "Describe in Detail," for Plaintiff to "relate as completely as possible each and every fact, act, omission, incident, event, condition, circumstance, or thing."  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

**Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

**INTERROGATORY NO. 2:** Identify and Describe in Detail any Confidential Information that Ingenico allegedly misappropriated, thieved, or improperly acquired from AnywhereCommerce or BBPOS.

**ANSWER:    Plaintiff objects to this Request because it is vague and ambiguous inasmuch as the term "Confidential Information" is defined as "confidential, sensitive, or non-public information," which can have multiple meanings.  Further, Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "Describe in Detail," for Plaintiff to "relate as completely as possible each and every fact, act, omission, incident, event, condition, circumstance, or thing."  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

4

**Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

**INTERROGATORY NO. 3:** State the Basis for your claims of trade secret misappropriation (Counts II-IV of the Amended Complaint).

**ANSWER:** **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim.  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

**Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

**INTERROGATORY NO. 4:** For each trade secret and Confidential Information You Identified in response to Interrogatory Numbers 1 and 2, specifically describe any and all efforts You undertook to maintain the secrecy of such trade secret or Confidential Information.

**ANSWER:** **Plaintiff objects to this Request because it is vague and ambiguous inasmuch as it requires the legal interpretation of the term "trade secret."  Plaintiff also objects to this Request because it is vague and ambiguous inasmuch as the term "Confidential Information" is defined as "confidential, sensitive, or non-public information," which can have multiple meanings.**

**Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks for Plaintiff to "specifically describe any and all efforts You undertook to maintain the secrecy of such trade secret or Confidential Information."  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

**Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

**INTERROGATORY NO. 5:** To the extent not identified in response to Interrogatory No. 3, State the Basis for Count I.

**ANSWER:**  **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim.  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

>        **Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

<u>**INTERROGATORY NO. 6:**</u> To the extent not identified in response to Interrogatory No.

3, State the Basis for Count V.

**ANSWER:**  **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim.  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

>        **Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

<u>**INTERROGATORY NO. 7:**</u> To the extent not identified in response to Interrogatory No.

3, State the Basis for Count VI.

**ANSWER:**  **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim.  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

>        **Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

4814-2763-1804.1

**INTERROGATORY NO. 8:** To the extent not identified in response to Interrogatory No. 3, State the Basis for Count VII.

**ANSWER:**      **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim.  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

                **Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

**INTERROGATORY NO. 9:** To the extent not identified in response to Interrogatory No. 3, State the Basis for Count VIII.

**ANSWER:**      **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim.  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

                **Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

**INTERROGATORY NO. 10:** To the extent not identified in response to Interrogatory No. 3, State the Basis for Count IX.

**ANSWER:**      **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks, based on the definition of "State the Basis," for Plaintiff to "identify each and every document," "identify each and every communication," "state separately the acts or omissions to act on the party of any person," and "state separately any other fact" that forms the basis of Plaintiff's claim.  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

**Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

**INTERROGATORY NO. 11:** Identify any and all "fake acquisition promises" or "other false claims" of Ingenico made to You (as alleged in the Amended Complaint) or any other false statements (collectively, "fake acquisition promises," "other false claims," and other false statements are "False Statements"), including the date such False Statements were made, by whom, to whom, the content of the False Statement, any documents that concern the False Statements, and state the basis for your claim that the False Statements were false.

**ANSWER:**   **Plaintiff objects to this Request because it is overly broad and unduly burdensome inasmuch as it seeks for Plaintiff to identify all "'fake acquisition promises' or 'other false claims' of Ingenico made to You (as alleged in the Amended Complaint) or any other false statements"  Plaintiff also objects to this Request because it is overly broad and unduly burdensome inasmuch as it is a premature contention interrogatory.**

**Subject to and without waiving the foregoing objections, Plaintiff will supplement its answer at an appropriate time after a substantial amount of discovery has been completed.**

Dated: June 15, 2020

Plaintiffs
AnywhereCommerce, Inc.
and BBPOS Limited,

By their attorneys,

JONATHON D. FRIEDMANN (BBO #180130)
ROBERT P. RUDOLPH (BBO # 684583)
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
Tel.: (617) 723-7700
Fax: (617) 227-0313
jfriedmann@rflawyers.com
rrudolph@rflawyers.com

-and-

KUTAK ROCK LLP

*/s/ Melissa A. Bozeman*
Oliver D. Griffin (Pro Hac Vice)
Pennsylvania Bar No. 88026
Oliver.griffin@kutakrock.com
Peter N. Kessler (Pro Hac Vice)
Pennsylvania Bar No. 209033
Peter.kessler@kutakrock.com
Melissa A. Bozeman (Pro Hac Vice)
Pennsylvania Bar No.  201116
Melissa.bozeman@kutakrock.com
1760 Market Street
Suite 1100
Philadelphia, PA  19103-4104
(215) 299-4384 (Telephone)
(215) 981-0719 (Facsimile)

Daniel Carmeli (Pro Hac Vice)
Colorado Bar No. 52880
Daniel.carmeli@kutakrock.com
1801 California Street
Suite 3000
Denver, CO 80202-2652
(303) 297-2400 (Telephone)
(303) 292-7799 (Facsimile)

-and-

Ricardo G. Cedillo (Pro Hac Vice)
Davis, Cedillo & Mendoza, Inc.
755 E. Mulberry Ave
Suite 500
San Antonio, TX 78212
(210) 822-6666 (Telephone)
rcedillo@lawdcm.com

9

## **CERTIFICATE OF SERVICE**

I certify that on June 15, 2020 a copy of the foregoing PLAINTIFF ANYWHERECOMMERCE, INC.'S OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS ANYWHERECOMMERCE, INC. AND BBPOS LIMITED was served via electronic mail and first class mail on the following counsel of record:

John A. Tarantino
Patricia K. Rocha
Nicole J. Benjamin
William K. Wray, Jr.
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
wwray@apslaw.com

*/s/ Daniel Carmeli*

10

4814-2763-1804.1