UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br><br>    Defendants. | Civil Docket No: 1:19-cv-11457-IT<br><br>**Jury Trial Demanded** |

## **PLAINTIFFS' PROPOSED VERDICT SHEET**

Plaintiffs AnywhereCommerce Inc. and BBPOS Limited ("BBPOS," and together, "Plaintiffs"), by and through their undersigned counsel, Kutak Rock LLP, respectfully submit this Proposed Verdict Sheet pursuant to this Court's Scheduling Order. Plaintiffs reserve their right to supplement or amend these requests as appropriate.

# VERDICT SHEET FORM

## COUNT II (MISAPPROPRIATION OF TRADE SECRETS)

1. Did Plaintiff BBPOS assert its legal claim within five years of the Defendants' misappropriation and/or theft being discovered by the exercise of reasonable diligence?

    YES …….       NO ……..

    If your answer to Question 1. is YES, then answer Question 2. If your answer to Question 1. is NO, your verdict is for Defendants on this claim, and you should proceed to Question 6.a.

2. Did Plaintiff BBPOS prove that it had mPOS device technology that was not readily ascertainable by proper means by other persons (*i.e.,* that BBPOS had a "Trade Secret")?

    YES …….       NO ……..

    If your answer to Question 2. is YES, then answer Question 3. If your answer to Question 3. is NO, your verdict is for Defendants on this claim, and you should proceed to Question 6.a.

3. Did Plaintiff BBPOS take reasonable steps, under the circumstances, to maintain the secrecy of its Trade Secrets?

    YES …….       NO ……..

    If your answer to Question 3, is YES, then answer Question 4. If your answer to Question 3 is NO, your verdict is for Defendants on this claim, and you should proceed to Question 6.a.

4. Did Defendants acquire Plaintiff's Trade Secrets through improper means and/or without permission and/or consent from Plaintiff?

    YES …….       NO ……..

If your answer to Question 4, is YES, then answer Question 5. If your answer to Question 4 is NO, your verdict is for Defendants on this claim, and you should proceed to Question 6.a.

5. Did Plaintiff suffer damages as a result of Defendants' wrongful actions of acquiring and then selling BBPOS's Trade Secrets in the commercial marketplace without permission and/or consent from Plaintiff?

YES ……..          NO ……..

If your answer to 5 is YES, your verdict is for the Plaintiff BBPOS on this claim, and you should answer the following Questions 5.a, 5.b, and 5.c. If your answer to 5 is NO, your verdict is for Defendants on this claim, and you should proceed to Question 6.a.

5.a. What amount of money damages do you award BBPOS as a result of Defendants' wrongful actions?

$ _____

5.b. Should Defendant be barred from continuing to sell any product that includes BBPOS's Trade Secrets?

YES …….          NO ……..

5.c. Was Defendant's misappropriation willful and malicious?

YES …….          NO ……

Proceed to Question 6.a.

## COUNT VII (UNJUST ENRICHMENT)

6.a. Did Plaintiff BBPOS prove by a preponderance of the evidence that Defendants received a benefit?

YES ……….          NO ……….

3

If your answer to Question 6.a. is NO, your verdict is for Defendants on this claim and you should not proceed further. If your answer to Question 6.a. is YES, please answer Question 6.b.

6.b.   Was the benefit that Defendants received unjust in light of the reasonable expectations of the parties?

YES ..........          NO ..........

If your answer to Question 6.b. is NO, your verdict is for Defendants on this claim and you should not proceed further. If your answer to Question 6.b. is YES, please answer question 6.c.

6.c.   What amount of money damages must Defendants pay to Plaintiff to compensate Plaintiff?

$_____

## COUNT V

### (The BBPOS-ROAM Licensing Agreement – Plaintiffs' Breach of Contract Claim)

7.a.   Did Defendant Ingenico Inc. breach its confidentiality obligations under the BBPOS-ROAM Licensing Agreement?

YES ..........          NO ..........

If your answer to Question 7.a. is YES, then answer Question 7.b. If your answer to Question 7.a. is NO, then skip to Question 8.a.

7.b.   Was Plaintiff BBPOS damaged by that breach?

YES ..........          NO ..........

If your answer to Question 7.b. is YES, then answer Question 7.c. If your answer to Question 7.b. is NO, then skip to Question 8.a.

7.c.   What are Plaintiff BBPOS's damages as a result of the breach?

$_____

4

Proceed to Question 8.a.

<u>(Defendant's Breach of the BBPOS-ROAM Licensing Agreement Counterclaim)</u>

8.a.   Did Plaintiff BBPOS breach its indemnification obligations under the BBPOS-ROAM Licensing Agreement for failing to pay legal fees for certain unrelated lawsuits?

YES ..........        NO ..........

If your answer to 8.a. is YES, then answer 8.b. If your answer to 8.a. is NO, then your verdict is for the Plaintiff BBPOS on this claim.

8.b.   Did Defendant Ingenico Inc. commit a preceding material breach of the BBPOS-ROAM Licensing Agreement by breaching its confidentiality obligations to Plaintiff?

YES ..........        NO ..........

If your answer to 8.b. is YES, then your verdict is for the Plaintiff BBPOS on this claim. If your answer to 8.b. is NO, then answer 7.c.

8.c.   Was Defendant Ingenico Inc. damaged by that breach in the amount up to $398,260?

YES ..........        NO ..........

If your answer to 8.c. is YES, then answer 8.d. If your answer to 8.c. is NO.

8.d.   In what amount has Defendant Ingenico Inc. been damaged?

$ _____

Please date and sign this verdict form and return it to the courtroom.

5

Dated: April 10, 2023.

                         Respectfully submitted:

                         */s/ Melissa A. Bozeman*

By: Melissa A. Bozeman (Pro Hac Vice)
    Pennsylvania Bar No. 201116
    Oliver D. Griffin (Pro Hac Vice)
    Pennsylvania Bar No. (80126)
    Peter N. Kessler (Pro Hac Vice)
    Pennsylvania Bar No. 209033
    KUTAK ROCK LLP
    Two Logan Square
    100 N. 18th Street, Suite 1920
    Philadelphia, PA  19103-4104
    (215) 299-4384 (Telephone)
    (215) 981-0719 (Facsimile)
    Melissa.bozeman@kutakrock.com
    Oliver.griffin@kutakrock.com
    Peter.kessler@kutakrock.com

       and

    Leland P. Abide (Pro Hac Vice)
    MN Bar No. 039269
    KUTAK ROCK LLP
    60 South Sixth Street, Suite 3400
    Minneapolis, MN 55402-4018
    Telephone: (612) 334-5000
    Facsimile: (612) 334-5050
    leland.abide@kutakrock.com

       and

    Jonathon D. Friedmann, Esq. (BBO # 180130)
    Robert P. Rudolph, Esq. (BBO # 684583)
    RUDOLPH FRIEDMANN LLP
    92 State Street
    Boston, MA 02109
    Tel.: (617) 723-7700
    Fax: (617) 227-0313
    JFriedmann@rflawyers.com
    RRudolph@rflawyers.com

                and

                Ricardo G. Cedillo
                DAVIS, CEDILLO & MENDOZA, INC.
                755 E. Mulberry Ave., Ste 500
                San Antonio, Texas 78212
                Tel: (210) 822-6666
                Fax: (210) 822-1151
                rcedillo@lawdcm.com

                *Attorneys for Plaintiffs / Counterclaim-Defendant*

## CERTIFICATE OF SERVICE

I, Melissa A. Bozeman hereby certify that I have served a true and correct copy of the foregoing Proposed Verdict Sheet on this 10th day of April, 2023, upon all counsel of record via CM / ECF Notification.

*/s/ Melissa A. Bozeman*
Melissa A. Bozeman