# Exhibit 1

Page 1

```
 1                      MICHAEL SHAMOS
 2             UNITED STATES DISTRICT COURT
 3          FOR THE DISTRICT OF MASSACHUSETTS
 4                       -  -  -
 5   ANYWHERECOMMERCE,           :   CIVIL DOCKET
     INC.,and BBPOS LIMITED      :
 6                               :
              PLAINTIFFS         :   NO.
 7                               :   1:19-cv-11457-IT
            vs.                  :
 8                               :
     INGENICO, INC., INGENICO    :
 9   CORP., and INGENICO         :
     GROUP SA                    :
10                               :
              DEFENDANTS         :
11                               :
12                       -  -  -
13              REMOTE DEPOSITION OF
14                 MICHAEL SHAMOS
15                       -  -  -
16          Taken remotely, via Zoom, on Tuesday,
17   May 17th, 2022, beginning at 10:00 a.m., before
18   Beau Dillard, RPR, a Notary Public in and for
19   the Commonwealth of Pennsylvania, State of
20   New York and Certified Registered Professional
21   Reporter.
22                       -  -  -
23      VERITEXT NATIONAL COURT REPORTING COMPANY
                  MID-ATLANTIC REGION
24         1801 Market Street - Suite 1800
            Philadelphia, Pennsylvania  19103
25
```

Veritext Legal Solutions
215-241-1000 ~ 610-434-8588 ~ 302-571-0510 ~ 202-803-8830

```
 1                   MICHAEL SHAMOS
 2      A P P E A R A N C E S :
 3                   KUTAK ROCK LLP
                     BY:  MELISSA A. BOZEMAN, ESQ.
 4                   1760 Market Street, Suite 1100
                     Philadelphia, Pennsyvlania 19103
 5                   (215) 288-4384
                     Melissa.bozeman@kutakrock.com
 6                   Representing the Plaintiff
 7
                     ADLER POLLOCK & SHEEHAN P.C.
 8                   BY:  JEFFREY K. TECHENTIN, ESQ.
                     One Citizens Plaza, 8th Floor
 9                   Providence, Rhode Island 02903
                     (401) 274-7200
10                   Jtechentin@apslaw.com
                     Representing the Defendants
11
12
                            - - -
13
        A L S O    P R E S E N T :  Dylan Gillespie,
14                                   The Technician
15                                    Robert Leventhal,
                                      The Videographer
16
                            - - -
17
18
19
20
21
22
23
24
25
```

Page 313

1       MICHAEL SHAMOS
2       Q.      Summaries, correct.  All right.
3  So the first one in Paragraph 18, you state
4  Mr. Zatkovich has not shown that any of the
5  alleged trade secrets were actually trade
6  secrets.  In fact, they're not.
7       A.      Yeah.  That's two opinions.
8       Q.      Okay.  When you say in fact,
9  they're not.  Are you referring -- what are you
10 referring to?
11      A.      So something is not a trade
12 secrets if it has appeared in published
13 sources.  Something is not a trade secret if it
14 is readily ascertainable by a proper mean.
15      Q.      Uh-huh.
16      A.      In every case for all the
17 alleged trade secrets, they were either
18 disclosed in publically available sources or
19 they were readily ascertainable by proper
20 means.
21      Q.      Okay.  So I -- in going through
22 your report, and I think it's consistent with
23 the statements you've made today, you've
24 expressed the opinion that conceptionally,
25 these trade secrets alleged by BBPOS are

Page 334

1          MICHAEL SHAMOS
2     Q.     So you said here any detection
3  embodied in any BBPOS circuits could be readily
4  ascertained by reverse engineering.
5          Do you see that?
6     A.     Yes.  You open the box and you
7  look at the circuit.
8     Q.     Okay.  Is that the basis for
9  your opinion?
10    A.     Yes.
11    Q.     Okay is there any other
12  information that you -- or data that you looked
13  at that would be also relevant to the
14  conclusion that you reached?
15    A.     Don't need any.  If you allege
16  that a circuit is a trade secret and you put
17  your circuit in publically available devices,
18  it's no longer a trade secret, that's why we
19  have patents.
20         Anybody can open it up look at
21  it and say, oh, I can use that.  I'll put that
22  in my device, no prohibition against that
23  unless it's patented.
24    Q.     Does your conclusion in this
25  regard necessarily assume that it's in the

1      MICHAEL SHAMOS
2   the nature of the contract was between the
3   holder of the device and the emitter of the
4   device.  If they were under obligation of
5   confidentiality and had a prohibition against
6   reverse engineering, then that would not
7   officiate the trade secret.
8         Q.      Okay.  Let's -- let's move to 95
9   of your report and this is just as a preview, I
10  think these are all going to be references to
11  the reverse engineering.  So that's 95.
12        A.      Same answer to both questions.
13        Q.      Okay.  So this is the basis of
14  your opinion is that it is a circuit and once
15  it's in the public realm, it is capable of
16  being reverse engineered?
17        A.      Well, it -- it's not actually
18  even reverse engineering, it's just looking and
19  seeing what it is.  And just taking it and
20  putting it in your own product.  Reverse
21  engineering implies that you have to do some
22  work to figure out how it works so you can
23  understand its principle of operation.
24                That would not be necessary,
25  once you identified that this is a polarity

1                     MICHAEL SHAMOS
2                  C E R T I F I C A T E
3
      COMMONWEALTH OF PENNSYLVANIA:
4
      COUNTY OF PHILADELPHIA:
5
6           I, Beau Dillard, RPR, a Notary Public
      within and for the County and State aforesaid,
7     do hereby certify that the foregoing deposition
      of MICHAEL SHAMOS was taken before me, pursuant
8     to notice, at the time and place indicated;
      that said deponent was by me duly sworn to tell
9     the truth, the whole truth, and nothing but the
      truth; that the testimony of said deponent was
10    correctly recorded in machine shorthand by me
      and thereafter transcribed under my supervision
11    with computer-aided transcription; that the
      deposition is a true record of the testimony
12    given by the witness; and that I am neither of
      counsel nor kin to any party in said action,
13    nor interested in the outcome thereof.
14            WITNESS my hand this 20th day of May, 2022.
15
16          *[signature: Beau Dillard]*
17
                      _____
18                    Beau Dillard, RPR
                      Notary Public
19
20
21
22
23
24
25