UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>             Plaintiffs,<br><br>v.<br><br>INGENICO INC., INGENICO CORP. and INGENICO GROUP, SA,<br>             Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 5**

Defendants Ingenico Inc., Ingenico Corp., and Ingenico Group, SA (collectively, "Ingenico") submit this Memorandum of Law in support of their Opposition to Plaintiffs' Motion *In Limine* No. 5 to Preclude Reference to the Terms of Legal Engagement or Fee Arrangement.

**ARGUMENT**

Plaintiffs' contention that the existence of a legal engagement or fee arrangement between BBPOS Limited ("BBPOS") and AnywhereCommerce, Inc. ("AnywhereCommerce") is not relevant is erroneous and overlooks the main purpose for which Ingenico seeks to submit such evidence – as proof of bias on cross examination.[1]  Although Ingenico will not call anyone from AnywhereCommerce to testify at trial, BBPOS's Proposed Witness List includes Michael Kron of AnywhereCommerce, who is listed as "expected to be presented." *See* BBPOS's Proposed Witness List (ECF No. 236).  If BBPOS questions Mr. Kron at trial, Ingenico will, of course, cross-examine him, including, *inter alia*, as to his bias against Ingenico and in favor of BBPOS.

---

[1] In ruling on Defendants' Motion to Compel (ECF No. 164), the Court held that the agreement at issue is *not* protected under the attorney-client privilege or work product doctrine. *See* Order on Defendants' Motion to Compel (ECF No. 177) at 10-11.

It is well-settled that "[p]roof of bias is almost always relevant because the finder of fact and weigher of credibility, has historically been entitled to access all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). Accordingly, parties may generally inquire on cross-examination as to matters involving a witness's bias in favor of one party. *See Commonwealth v. Kindell*, 993 N.E.2d 1222, 1226 (Mass. Ct. App. 2013) ("[T]he credibility of a witness and whether a witness's testimony may be influenced by a bias for or against a party are relevant in every case and are proper subjects for cross-examination.").

Here, the finder of fact is entitled to hear evidence that AnywhereCommerce, through its legal arrangement with BBPOS, has a shared allegiance with one of the parties in this case (BBPOS). Indeed, AnywhereCommerce has a financial interest in the litigation. If such evidence is excluded, the factfinder easily could conclude, *erroneously*, that Mr. Kron is an unbiased third party who has no interest in the outcome of this case. Such an erroneous conclusion would unfairly prejudice Ingenico because it could result in the factfinder crediting Mr. Kron's testimony on a false basis.

Courts regularly permit parties to cross-examine witnesses about common interest agreements, even when the agreements themselves are not relevant to the claims at issue.[2] *See, e.g.*, *Harris Corp. v. Fed. Express Corp.*, No. 607CV1819ORL28KRS, 2010 WL 11474447, at *2 (M.D. Fla. July 19, 2010) (permitting cross examination as to the existence of a joint defense

---

[2] The sole case that Plaintiffs cite in their Motion does not refute this point. *See Partylite Gifts, Inc. v. MacMilan*, No. 8:10-CV-1490-T-27EAJ, 2012 WL 13059665 (M.D. Fla. Sept. 13, 2012). There, the United States District Court for the Middle District of Florida held that the common interest agreement was not relevant to the claims at issue. *Id.* at *1–2. However, the court noted that it would "leave[] open the possibility that such evidence **may** be used on cross-examination to impeach or otherwise establish the bias of the witness." *Id.* at *2 (emphasis in original).

agreement because it "is relevant to demonstrate bias"); *Koito Mgf. Co., Ltd v. Turn-Key, L.L.C.*, No. 02-CV-0273 H JFS, 2003 WL 25674799, at *8 (S.D. Cal. Apr. 10, 2003) (permitting cross-examination of a witness on the existence of a joint defense agreement between his company and plaintiff to demonstrate his bias).

The United States District Court for the Southern District of Florida's decision in *Wendel v. International Real Estate News, LLC* is instructive on this point. *See* No. 19-21658-CIV, 2020 WL 13421523, at *4 (S.D. Fla. June 29, 2020). Much like the present case, the court in *Wendel* held that a joint legal agreement was not relevant to the claims at issue. *See id.*; *see also* Order on Defendants' Motion to Compel (ECF No. 177) at 11 (finding that the agreement was not relevant to the parties' claims and defenses). Nonetheless, after reaching that conclusion, the court clarified that the defendant could still question the witness about the agreement to demonstrate the witness's "shared or common allegiances in the litigation" because "[i]mpeachment and bias are always relevant for cross-examination." *Wendel*, 2020 WL 13421523, at *4. The same rationale applies here – Ingenico can inquire as to the legal arrangement for purposes of demonstrating Mr. Kron's bias in favor of BBPOS, even if the arrangement itself is not relevant to the parties' claims and defenses.

## CONCLUSION

For all the aforementioned reasons, Ingenico requests the Court to deny Plaintiffs' Motion *In Limine* No. 5 to Preclude Reference to the Terms of the Legal Engagement or Fee Arrangement.

## REQUEST FOR ORAL ARGUMENT

Ingenico requests oral argument on all pretrial motions filed by Plaintiffs and Ingenico because they raise important issues for trial under, *inter alia*, the Federal Rules of Evidence and/or

the Federal Rules of Civil Procedure, and Ingenico believes that oral argument may assist the Court in addressing the motions.

Dated: April 13, 2023

>Respectfully submitted,
>INGENICO INC., INGENICO CORP. AND
>INGENICO GROUP, SA,
>
>By their attorneys,
>
>/s/ *Jeffrey K. Techentin*
>JOHN A. TARANTINO (BBO #492230)
>PATRICIA K. ROCHA (BBO #542348)
>NICOLE J. BENJAMIN (BBO #666959)
>R. BART TOTTEN (BBO #631605)
>JEFFREY K. TECHENTIN (*pro hac vice*)
>Adler Pollock & Sheehan P.C.
>One Citizens Plaza, 8th Floor
>Providence, RI 02903
>Tel: (401) 274-7200
>Fax: (401) 351-4607
>jtarantino@apslaw.com
>procha@apslaw.com
>nbenjamin@apslaw.com
>btotten@apslaw.com
>jtechentin@apslaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 13, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

Oliver D. Griffin, Esq.
Peter N. Kessler, Esq.
Melissa A. Bozeman, Esq.
Kutak Rock LLP
303 Peach Street, N.E., Suite 2750
Atlanta, GA 30308
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com
Melissa.bozeman@kutakrock.com

Ricardo G. Cedillo, Esq.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
rcedillo@lawdcm.com

/s/ *Jeffrey K. Techentin*
Jeffrey K. Techentin

4894-8558-4733, v. 2


4894-8558-4733, v. 2