UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>       Plaintiffs,<br><br>v.<br><br>INGENICO INC., INGENICO CORP. and INGENICO GROUP, SA,<br>       Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF OBJECTION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 9

Defendants Ingenico Inc., Ingenico Corp., and Ingenico Group, SA (collectively, "Ingenico") submit this Memorandum of Law in support of their Objection to Plaintiffs' Motion *In Limine* No. 9 to Preclude Kerry Timbers from Testifying. The Court should deny Plaintiffs' Motion because Plaintiffs have long known that Kerry Timbers has knowledge of the claims at issue but nonetheless chose not to depose him and not to question Ingenico's Rule 30(b)(6) designee about the legal fees, expenses, and invoices that are at issue.

INTRODUCTION

Plaintiffs' Motion *In Limine* No. 9 seeks to preclude Kerry Timbers at Sunstein Kann Murphy & Timbers LLP ("Sunstein") – Ingenico's counsel concerning the defense of certain claims brought by third parties who contended that the use or sale of certain card reader devices that BBPOS Limited ("BBPOS") provided to Ingenico under the Engineering Development and Licensing Agreement (the "Agreement") violated their intellectual property rights – from testifying at trial, contending that Ingenico failed to identify him in its initial disclosures under Rule 26(a)(1) or in a supplemental disclosure under Rule 26(e).

BBPOS has long known that Kerry Timbers was a potential witness. BBPOS had corresponded with him pre-litigation (as early as November, 2018) concerning Ingenico's demands that BBPOS indemnify and hold it harmless in connection with the above-referenced claims of third parties. BBPOS had also received from Ingenico Sunstein's invoices for legal fees and expenses relating to such claims. Therefore, because any failure to list him as a potential witness in disclosures is harmless, there is no basis to preclude Ingenico from calling Kerry Timbers as a witness at trial.

## BACKGROUND

Over six years ago, by letter dated January 19, 2017, Ingenico notified BBPOS of its duty to indemnify and hold Ingenico harmless concerning REM Holdings 3, LLC's ("REM") claim that a third party's sale of card reader device – devices BBPOS provided to Ingenico under the Agreement and that Ingenico later sold to certain third parties (the "Card Reader Devices") – violated REM's intellectual property rights. *See* **Ex. 1**. At the conclusion of the letter, Ingenico requested that BBPOS:

> [p]lease contact [Ingenico's] outside counsel to confirm that BBPOS acknowledges its duties and responsibilities with respect to this matter, and so our attorneys can discuss the matter further. Our outside counsel is:
>
> Kerry Timbers
> Sunstein Kann Murphy & Timbers LLP
> Attorneys at Law
> 125 Summer Street
> Boston, MA 02110-1618
> Tel: (617) 443-9292
> Fax: (617) 443-0004
> www.sunsteinlaw.com

*See* **Ex. 1**. A month later, after not receiving the requested acknowledgment from BBPOS, by letter dated February 28, 2017, Ingenico advised BBPOS, *inter alia*, that it will submit Sunstein's invoices for legal services relating to the matter to BBPOS for payment. *See* **Ex. 2**.

2

By letter dated October 4, 2018, Ingenico also notified BBPOS that MobilePay LLC ("MobilePay") filed an action against PayPal, Inc. in federal district court in Texas, alleging that PayPal, Inc.'s use of the Card Reader Devices violated MobilePay's intellectual property rights. *See* **Ex. 3**. In addition, by letter dated October 22, 2018, Ingenico notified BBPOS that Blackbird Technologies ("Blackbird") had advised certain other parties that their sale of the Card Reader Devices violated Blackbird's intellectual property rights. *See* **Ex. 4**. Six days later, by letter dated October 26, 2018, Ingenico advised BBPOS that REM had further claimed that other entities that provide the Card Reader Devices for their customers' use violated REM's intellectual property rights. *See* **Ex. 5**. *At the conclusion of each of its letters, Ingenico again requested that BBPOS contact Ingenico's counsel, Kerry Timbers at Sunstein, to acknowledge its duty to indemnify and hold Ingenico harmless and to further discuss the matters*. *See* **Exs. 3, 4, 5**.[1]

In response, by five-page letter dated November 2, 2018, Ms. Bozeman, BBPOS' counsel, requested that Kerry Timbers provide certain information and documents for BBPOS' investigation of Ingenico's indemnity claims. *See* **Ex. 6**. Ms. Bozeman also directed Kerry Timbers to "**refrain from** directly contacting BBPOS (or **sending BBPOS your firm's [Sunstein's] legal bills for payment**, for example) …" *Id.* (emphasis added). In reply, by email dated November 9, 2018, Kerry Timbers advised Ms. Bozeman that, before proceeding further with BBPOS' request for certain information and documents, Ingenico and BBPOS should consider agreeing on the terms of a common interest agreement encompassing all of the claims. *See* **Ex. 7**.[2] After Ms. Bozeman indicated that BBPOS had an interest in considering such an

---

[1] Ingenico produced each of the demand letters in discovery.

[2] Apparently, BBPOS had already negotiated with Kerry Timbers a Common Interest Agreement on one of the matters – REM Holdings. *Id.*

3

agreement, and pursuant to Ms. Bozeman's request, Kerry Timber's colleague provided Ms. Bozeman with a draft agreement on December 10, 2018. *Id.*

Instead of corresponding with Kerry Timbers concerning the proposed draft agreement, ten days later, on December 20, 2018, BBPOS' counsel filed this action against Ingenico. In response, in its Second Amended Counterclaims, Ingenico alleged, *inter alia*, that BBPOS: (i) breached its contractual obligation to indemnify and hold Ingenico harmless for attorneys' fees and other costs related to claims by third parties that the use or sale of Covered Mobile Payment Devices (including the Card-Reader Devices) or other deliverables or services that BBPOS provided under the Agreement violates the third parties' intellectual property rights; and (ii) placed unreasonable, overly-burdensome, and un-bargained-for conditions precedent and requirements on its contractual obligation to indemnify Ingenico. Countercl. ¶¶ 26-30, ECF No. 78.

In support of its Counterclaims concerning BBPOS's breach of its contractual obligation to indemnify and hold Ingenico harmless, Ingenico produced, *inter alia*, Sunstein's invoices for legal services concerning the claims asserted by REM, MobilePay, and Blackbird.[3] Importantly, on September 24, 2021, *three months prior to the close of fact discovery*, Ingenico produced Sunstein's invoices for 2018 through 2020 (IngenicoInc_0285583-0286135) concerning the claims. See **Ex. 8**. The invoices include numerous time entries by Kerry Timbers as the lead lawyer handling the matters at issue.

Ingenico produced Sunstein's invoices for 2018 through 2020 almost a month prior to the Rule 30(b)(6) deposition of Ingenico. Nonetheless, at that deposition, BBPOS' counsel did *not* question Ingenico's Rule 30(b)(6) damages designee, Victor Young, about the total legal fees and

---

[3] The relevant timeline concerning the production of such documents is set forth in Defendants' Memorandum of Law in Support of Objection to Plaintiffs' Motion *In Limine* No. 8 filed contemporaneously herewith.

4

expenses for which Ingenico sought indemnity from BBPOS or Sunstein's invoices.[4]  Similarly, BBPOS' counsel did not issue a subpoena to depose Kerry Timbers or a Rule 30(b)(6) designee of Sunstein concerning the total legal fees and expenses for which Ingenico sought indemnity from BBPOS, despite BBPOS' counsel's prior communications with Mr. Timbers about such invoices and despite the fact that Mr. Timbers' name appeared numerous times on those invoices.

Despite having (1) been directed to correspond with Kerry Timbers on the indemnification demands, (2) negotiated and corresponded with Kerry Timbers regarding the indemnification claims, including negotiating a common interest agreement as to one of these claims, and (3) received directly and through discovery, invoices for each of these claims identifying Kerry Timbers as the lead lawyer handling the matters, Plaintiffs now claim surprise that Kerry Timbers would be an individual with knowledge of the claims at issue.  Plaintiffs chose to ignore the obvious – Kerry Timbers has knowledge of the claims at issue.  Rather than rewarding Plaintiffs for their eleventh-hour tactic of blaming Ingenico for their own inattention, the Court should deny Plaintiffs' Motion.

## ARGUMENT

Rule 37(c) of the Federal Rules of Civil Procedure provides "[i]f a party fails to provide information or identify a witness as required under Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, **unless the failure was substantially justified or is harmless**." FED. R. CIV. P. 37(c) (emphasis added). The harmless inquiry involves balancing "'fairness, burden, and case management needs.'" *Acadia Ins. Co. v.*

---

[4] During the deposition of Ingenico's damages expert, Dr. Jennifer Vanderhart, BBPOS' counsel questioned her conclusions concerning the total legal fees and expenses for which Ingenico sought indemnity from BBPOS, including those relating to the claims asserted by REM, MobilePay, and Blackbird.  BBPOS' counsel, however, did not question Dr. Vanderhart concerning Sunstein's underlying invoices that comprised the total legal fees and expenses for which Ingenico sought indemnity from BBPOS.

5

*Cunningham*, 771 F. Supp. 2d 172, 176 (D. Mass. 2011) (quoting *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 198 (1st Cir. 2006)). An illustrative example of a harmless failure to disclose a witness includes "'a potential witness known to all parties.'" *Id.* (quoting *Gagnon*, 437 F.3d at 198); *see also Columbia Data Prods., Inc. v. Autonomy Corp. Ltd.*, Civil Action No. 11-12077-NMG, 2012 WL 6212898, at *4 (D. Mass. Dec. 12, 2012) (quoting *BASF Corp. v. Sublime Restorations Inc.*, 880 F. Supp. 2d 205, 211 (D. Mass. 2012)).

In *Columbia Data Prods., Inc.*, 2012 WL 6212898, at *1-2, the plaintiff sought to strike an affidavit from defendants' corporate counsel submitted in support of a motion to compel, arguing that the defendants failed to disclose the corporate counsel as a potential witness in its initial disclosures or in any supplemental disclosure. Importantly, plaintiff "was … a party to pre-litigation communications [with defendants' corporate counsel]." *Id.* at *4. Denying plaintiffs' motion, this Court reasoned that any disclosure violation was harmless because "'the circumstances in the case at bar 'fall squarely within the reach of at least one of the illustrative examples [set forth in the Advisory Committee Notes to the 1993 Amendments to the Rule 37(c)], to wit, a potential witness known to all parties.''" *Id.*

These cases demonstrate that the purpose of Fed. R. Civ. P. 37(c) is to prevent harm to a party who had no basis to conclude that a particular individual was a potential witness, not to reward a party by excluding from trial a witness that the party had reason to believe was a potential witness. Here, Plaintiffs' extensive pre-litigation dealings with Kerry Timbers and the invoices that Plaintiffs received that were replete with Mr. Timbers' entries made clear that Mr. Timbers has knowledge of the claims at issue. Thus, like the cases discussed above, any failure by Ingenico to disclose Kerry Timbers as a potential witness in its initial disclosures or in any supplemental disclosure is harmless. Pre-litigation, BBPOS' counsel corresponded with Kerry Timbers

concerning Ingenico's demands that BBPOS indemnify and hold it harmless concerning the third-party claims asserted by REM, MobilePay, and Blackbird after being specifically directed to contact Kerry Timbers concerning the indemnification matters. BBPOS also received Sunstein's invoices for legal fees and expenses, which are replete with entries by Kerry Timbers relating to Ingenico's defense of such claims – the very damages sought by Ingenico in this action. BBPOS, despite possessing such knowledge and information, did not issue a subpoena to depose Kerry Timbers or a Rule 30(b)(6) designee of Sunstein concerning the legal fees and expenses for which Ingenico has sought indemnity from BBPOS. Accordingly, Ingenico should not be precluded from calling Kerry Timbers as a witness at trial.

## CONCLUSION

For all the aforementioned reasons, Ingenico requests the Court to deny Plaintiffs' Motion *In Limine* No. 9 to Preclude Kerry Timbers from Testifying.

## REQUEST FOR ORAL ARGUMENT

Ingenico requests oral argument on all pretrial motions filed by Plaintiffs and Ingenico because they raise important issues for trial under, *inter alia*, the Federal Rules of Evidence and/or the Federal Rules of Civil Procedure, and Ingenico believes that oral argument may assist the Court in addressing the motions.

Dated: April 13, 2023

Respectfully submitted,
INGENICO INC., INGENICO CORP. AND
INGENICO GROUP, SA,

By their attorneys,

/s/ *Jeffrey K. Techentin*
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
R. BART TOTTEN (BBO #631605)
JEFFREY K. TECHENTIN (*pro hac vice*)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
btotten@apslaw.com
jtechentin@apslaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 13, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

| | |
|---|---|
| Jonathon D. Friedmann, Esq.<br>Robert P. Rudolph, Esq.<br>Rudolph Friedmann LLP<br>92 State Street<br>Boston, MA 02109<br>JFriedmann@rflawyers.com<br>RRudolph@rflawyers.com | Oliver D. Griffin, Esq.<br>Peter N. Kessler, Esq.<br>Melissa A. Bozeman, Esq.<br>Kutak Rock LLP<br>303 Peach Street, N.E., Suite 2750<br>Atlanta, GA 30308<br>Oliver.griffin@kutakrock.com<br>Peter.kessler@kutakrock.com<br>Melissa.bozeman@kutakrock.com |
| | Ricardo G. Cedillo, Esq.<br>755 E. Mulberry Ave., Ste 500<br>San Antonio, Texas 78212<br>rcedillo@lawdcm.com |

      /s/ *Jeffrey K. Techentin*
      Jeffrey K. Techentin

4882-7048-8157, v. 1