# EXHIBIT 1

**KUTAK**ROCK

**Kutak Rock LLP**
1760 Market Street, Suite 1100, Philadelphia, PA 19103-4104
office 215.299.4384

**Melissa A. Bozeman**
215.299.4384
melissa.bozeman@kutakrock.com

November 2, 2018

**BY EMAIL & FEDEX**

Kerry Timbers, Esq.
Sunstein Kann Murphy & Timbers LLP
125 Summer Street
Boston, MA  02110-1618
ktimbers@sunsteinlaw.com

> Re:   **Ingenico, Inc.'s Claims for Indemnity Directed to BBPOS, Ltd.:**
>
> I. *REM Holdings 3, LLC ("REM") v. Comerica, Inc., Capital One, N.A., Elavon, Inc., Total System Services, Inc., PayPal, Inc., Total Merchant Services, Inc., and North American Bancard, LLC* Regarding U.S. Patent Nos. 9,218,517, 7,896,248, and 9,747,474 (ref: Ingenico Letters dated January 19, 2017, February 28, 2017, and October 26, 2018)
>
> II. *IOENGINE, LLC ("IOENGINE") v. PayPal Holdings, Inc.* Regarding U.S. Patent Nos. 8,539,047, 9,059,969, and 9,774,703 (ref: Ingenico Letters dated May 7, 2018 and October 23, 2018)
>
> III. *MobilePay LLC ("MobilePay") v. Pay Pal, Inc.* Regarding U.S. Patent No. 9,800,706 (ref: Ingenico Letter dated October 4, 2018)
>
> IV. *Blackbird Technologies ("Blackbird") v. Blackbaud, Inc., Total Merchant Services, Inc., and North American Bancard, LLC* Regarding U.S. Patent No. 9,679,286 (ref: Ingenico Letter dated October 22, 2018)

Dear Mr. Timbers:

This is our third attempt to speak with you regarding the above-referenced matters.

As we advised you on October 19, 2018 by voice message and a follow-up email[1], this office represents BBPOS, Ltd. ("BBPOS") in connection with the various indemnity claims that Ingenico, Inc. ("Ingenico"), as successor by merger to ROAM Data, Inc. ("ROAM"), has asserted against our client with reference to an Engineering Development and License Agreement dated

---

[1] Another copy (without attachment) is enclosed for your reference.

**KUTAK**ROCK

Kerry Timbers, Esq.
November 2, 2018
Page 2

May 4, 2010, as amended on August 15, 2010, by and between BBPOS, as Licensor, and ROAM, as Licensee (the "Licensing Agreement").

We would really like to speak with someone in short order to get a better sense of the facts and issues at play in the four separate matters giving rise to Ingenico's indemnity claims. If we should be directing our communications on these matters elsewhere, please so advise.

Ingenico's letters impart some sense of urgency to the situation: in the ensuing two weeks since first reaching out to you regarding the MobilePay litigation, a blitz of letter demands and threats have been sent by Ingenico to BBPOS relating to three other patent infringement claims initiated by REM, IOENGINE, and Blackbird.  In its October 23rd letter concerning IOENGINE, for example, Ingenico makes some sort of waiver-type argument, ratcheting up the pressure (*needlessly, we think*), by incongruously "interpret[ing]" BBPOS's lack of requested assurances as a purported "acceptance and assent" to very indemnity claims for which it sought but failed to receive BBPOS's assurances, advising that, "[e]ffective immediately," Ingenico would be submitting *your firm's* invoices for legal services to BBPOS for payment.  We disagree with Ingenico's analysis, to be clear.

In fact, nothing contained in this letter shall be construed to (i) limit the right of BBPOS to dispute, assert a defense to, and/or apply an offset against any and all sums that Ingenico alleges are or may become due or payable pursuant to the Licensing Agreement or otherwise; (ii) waive any breach or default, whether or not known to BBPOS and whether or not stated in this letter; (iii) amend, waive, limit, modify, prejudice, or otherwise adversely affect any rights, remedies or powers of BBPOS under the Licensing Agreement or by statute, at law or in equity, or otherwise, all of which rights, remedies and powers are expressly reserved; or (iv) waive, limit, modify, prejudice, or otherwise adversely affect any claims of BBPOS against Ingenico.

At this point, we still are in the early stages of our investigation of the competing patent interests at play and the scope of accused products now at issue.  To more efficiently and expeditiously perform our investigation, and thereby, sooner substantively respond to Ingenico's indemnity claims, we hereby request on behalf of BBPOS that you provide us with the following information as soon as practicable (on a rolling basis, if necessary or appropriate):

**I. *REM Holdings 3, LLC v. Comerica, Inc., Capital One, N.A., Elavon, Inc., Total System Services, Inc., PayPal, Inc., Total Merchant Services, Inc., and North American Bancard, LLC* Regarding U.S. Patent Nos. 9,218,517, 7,896,248, and 9,747,474**

- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to Comerica, Inc.

**KUTAK**ROCK

Kerry Timbers, Esq.
November 2, 2018
Page 3

- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to Capital One, N.A.
- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to Elavon, Inc.
- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to Total System Services, Inc.
- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to PayPal, Inc.
- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to Total Merchant Services, Inc.
- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to North American Bancard, LLC.

- As to Comerica, Inc., a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, the price charged for each such product, and the amount of royalties/licensing fees paid for each such product, if any.
- As to Capital One, N.A., a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, the price charged for each such product, and the amount of royalties/licensing fees paid for each such product, if any.
- As to Elavon, Inc., a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, the price charged for each such product, and the amount of royalties/licensing fees paid for each such product, if any.
- As to Total System Services, Inc., a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, and the amount of royalties/licensing fees paid for each such product.
- As to PayPal, Inc., a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, the price charged

**KUTAK**ROCK

Kerry Timbers, Esq.
November 2, 2018
Page 4

for each such product, and the amount of royalties/licensing fees paid for each such product, if any.

- As to North American Bancard, LLC, a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, the price charged for each such product, and the amount of royalties/licensing fees paid for each such product, if any.

**II. *IOENGINE, LLC v. PayPal Holdings, Inc.* Regarding U.S. Patent Nos. 8,539,047, 9,059,969, and 9,774,703**

- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to PayPal Holdings, Inc.

- As to PayPal Holdings, Inc., a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, the price charged for each such product, and the amount of royalties/licensing fees paid for each such product, if any.

**III. *MobilePay LLC v. Pay Pal, Inc.* Regarding U.S. Patent No. 9,800,706**

- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to PayPal, Inc.

- As to PayPal, Inc., a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, the price charged for each such product, and the amount of royalties/licensing fees paid for each such product, if any.

**IV. *Blackbird Technologies v. Blackbaud, Inc., Total Merchant Services, Inc., and North American Bancard, LLC* Regarding U.S. Patent No. 9,679,286**

- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to Blackbaud, Inc.
- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to Total Merchant Services, Inc.

**KUTAK**ROCK

Kerry Timbers, Esq.
November 2, 2018
Page 5

- Copies of each controlling licensing agreement or other relevant contract(s) that governs Ingenico/ROAM's supply of products and services and indemnification duties, if any, with respect to North American Bancard, LLC

- As to Blackbaud, Inc., a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, the price charged for each such product, and the amount of royalties/licensing fees paid for each such product, if any.
- As to Total Merchant Services, Inc., a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, the price charged for each such product, and the amount of royalties/licensing fees paid for each such product, if any.
- As to North American Bancard, LLC, a description and the quantity of the products sold, leased or otherwise disposed of in connection with said customer, the dates of sale for each such product, the serial number sequences for each such product, the price charged for each such product, and the amount of royalties/licensing fees paid for each such product, if any.

Finally, going forward, we ask that you instruct your client to refrain from directly contacting BBPOS (or sending BBPOS your firm's legal bills for payment, for example) and instead direct all further communication to our office relevant to the indemnity claims asserted heretofore as well as any other indemnity claim purportedly running in favor of Ingenico and/or arising under the Licensing Agreement in its favor existing now or at a later date, if any.

Thank you for your prompt attention to the forgoing.

Kutak Rock LLP

/s/ Melissa A. Bozeman

Melissa A. Bozeman

Enclosure

cc:     BBPOS Ltd. (by email only)
        Ward D. Hewins, Vice President & GC of Ingenico North America (by FedEx only)

**Bozeman, Melissa A.**

---

| | |
|---|---|
| **From:** | Bozeman, Melissa A. |
| **Sent:** | Friday, October 19, 2018 1:37 PM |
| **To:** | 'ktimbers@sunsteainlaw.com' |
| **Cc:** | Oliver D. Griffin (Oliver.Griffin@KutakRock.com) |
| **Subject:** | MobilePay Litigation regarding US Patent No. 9,800,706 |
| **Attachments:** | Ltr to BBPOS re MobilePay 10042018.pdf |

Dear Mr. Timbers:

Our office has been retained by BBPOS Ltd. in connection with Ingenico, Inc.'s letter dated October 4, 2018 asserting a claim for indemnity in connection with a licensing agreement.  A copy is attached for your reference.  Following up on the voice message I left you earlier today, I was hoping that we could schedule a convenient time early next week to speak about your client's claim and the status of the lawsuit.

I look forward to speaking with you.

Melissa

**Melissa A. Bozeman** | Of Counsel | **Kutak Rock LLP**
1760 Market Street, Suite 1100, Philadelphia, PA 19103-4104
**D** (215) 717-8489 | **O** (215) 299-4384 | **C** (215) 353-8484
Melissa.Bozeman@KutakRock.com | www.KutakRock.com