# Exhibit 1

# In the Matter Of:

## ANYWHERE COMMERCE vs INGENICO INC.

No. 1:19-cv-11457-IT

# STEPHEN SCHERF

*May 12, 2022*



800.211.DEPO (3376)
EsquireSolutions.com

```
 1              UNITED STATES DISTRICT COURT
 2               DISTRICT OF MASSACHUSETTS
 3
 4   ANYWHERE COMMERCE, INC.   :  CIVIL ACTION
 5   and BBPOS LIMITED         :
 6          Plaintiffs,        :  No. 1:19-cv-11457-IT
 7   v.                        :
 8   INGENICO INC., INGENICO   :
 9   CORP AND INGENICO GROUPS, :
10   INGENICO VENTURES SAS     :
11          Defendants.        :
12
13          TRANSCRIPT of DEPOSITION of STEPHEN SCHERF,
14   taken by and before DANIELLE BRESLIN, Professional
15   Court Reporter and Notary Public at Kutak Rock, 1760
16   Market Street, Suite 1100, Philadelphia,
17   Pennsylvania 19104 on Thursday, May 12, 2022,
18   commencing at 10:00 a.m.
19                           - - -
20
21
22
23
24
```



```
 1              A P P E A R A N C E S

 2

 3

 4    KUTAK ROCK
      BY: MELISSA BOZEMAN, ESQUIRE
 5    1760 Market Street
      Suite 1100
 6    Philadelphia, Pennsylvania 19104
      Melissa.bozeman@kutakrock.com
 7    Attorneys for the Plaintiff

 8


 9    ALDER, POLLOCK & SHEEHAN, P.C.
      BY:  JEFFREY K. TECHENTIN, ESQUIRE
10    One Citizen Plaza, 8th Floor
      Providence, Rhode Island 02903
11    Jtechentin@apslaw.com
      Attorneys for the Defendant
12

13

14

15

16

17

18

19

20

21

22

23

24
```



```
 1   specifically explain those.  We just got enough
 2   information on them to do my calculations.
 3   Q.       Would you agree that the trade secrets alone
 4   do not provide the full basis for the value of the
 5   accused products?
 6   A.       I spoke to the technical expert, and he
 7   thinks that those are required and critical
 8   components, and that enabled me to employ unjust
 9   enrichment on the smallest salable unit, which is
10   what I did in this case, and based on my
11   discussions, didn't come to the conclusion that any
12   apportionment of it was appropriate.
13   Q.       Is the basis for your conclusion that no
14   apportionment is appropriate, Mr. Zatkovich's
15   representation that these trade secrets are critical
16   and necessary to the product?
17   A.       It is a couple things:  One is that the
18   measure of damages, the measure that I chose, was
19   unjust enrichment, which I properly calculated.
20           Number two, the -- I looked at the unit
21   itself, which was the smallest salable unit.
22   Ms. Vanderhart appears to think that apportionment
23   in one case is appropriate, and in her affirmative
24   case isn't appropriate.  I don't understand how you
```



```
 1   can be inconsistent with that, but based upon my
 2   experience and the appropriate measure of damages,
 3   unjust enrichment without any apportionment was
 4   appropriate given the fact that it was a small
 5   salable unit, and there was no comparable license to
 6   use to come up with anything else.  So a reasonable
 7   royalty was appropriate.
 8                    MR. TECHENTIN:  Would you mind
 9           reading my question back?
10                         -  -  -
11           (Wherein, the court reporter read back the
12           last question and answer.)
13                         -  -  -
14                    THE WITNESS:  It is an assumption
15           on my part that those are critical and
16           necessary.  I am not a technical expert, and
17           that those items based on my conversation
18           were important to driving the sales, and
19           that is what I assumed as the background,
20           along with the balance of my answer where I
21           discussed small sable unit, et cetera.
22   BY ATTORNEY TECHENTIN:
23   Q.      Just so we are clear, you have assumed that
24   the trade secrets are actually embodied in the
```



```
 1                C E R T I F I C A T I O N
 2
 3
 4
 5   I, DANIELLE E.  BRESLIN, Professional Court Reporter
 6   and Notary Public, do hereby certify that the
 7   foregoing is a true and accurate transcript of the
 8   stenographic notes taken by me in the aforementioned
 9   matter.
10
11
12                          -  -  -
13
14
15
16
17
18
19
20                    Danielle E.   Breslin
21   -----------------------------
     DATE:   04/25/2022        DANIELLE E.   BRESLIN
22                                       Pa Notary No.
     1277008
23                                     Expires:  April
     25, 2023
24                          -  -  -
```

