# Exhibit A

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


_____

ANYWHERECOMMERCE, INC., and             )
BBPOS LIMITED,                          )
                                        )
        Plaintiffs,                     )
                                        )
    v.                                  )  Civil Action No.
                                        )  1:19-cv-11457-IT
INGENICO INC., INGENICO CORP., and      )
INGENICO GROUP, SA,                     )
                                        )
        Defendants.                     )
                                        )
_____


     BEFORE THE HONORABLE INDIRA TALWANI, DISTRICT JUDGE


                        MOTION HEARING



                  Thursday, February 9, 2023
                         2:38 p.m.






John J. Moakley United States Courthouse
Courtroom No. 9
One Courthouse Way
Boston, Massachusetts


Robert W. Paschal, RMR, CRR
Official Court Reporter
rwp.reporter@gmail.com
```

**A P P E A R A N C E S**

On behalf of the Plaintiffs:

    KUTAK ROCK LLP
    BY:  MELISSA ANN BOZEMAN
        OLIVER D. GRIFFIN
    1760 Market Street
    Suite 1100
    Philadelphia, PA  19103
    (215) 299-4384
    melissa.bozeman@kutakrock.com
    oliver.griffin@kutakrock.com


On behalf of the Defendants:

    ADLER POLLOCK & SHEEHAN P.C.
    BY:  JEFFREY TECHENTIN
    One Citizens Plaza
    8th Floor
    Providence, RI  02903
    (401) 274-7200
    jtechentin@apslaw.com

```
 1              THE COURT:  Okay.  So let me just get this
 2   straight, because this is what I had started off with.  Raise
 3   your hand if you think the contract is ambiguous.
 4              MS. BOZEMAN:  (Indicating.)
 5              THE COURT:  Okay.  What I -- when I put you on
 6   that, you said, "No.  They're saying it's ambiguous.  We're
 7   saying it's not."  But to be clear, you're the one who is
 8   saying it's ambiguous, and you're saying that I need to look
 9   at the parol evidence to get to the meaning?
10              MS. BOZEMAN:  Well, yes, Your Honor.  And -- and I
11   apologize.  I'll stand up.  I didn't mean any disrespect to
12   the Court.
13              So, yes, I think that it becomes ambiguous because
14   of the differing positions that the parties --
15              THE COURT:  No, no.  Language is or isn't
16   ambiguous.  If it is ambiguous -- the fact that people fight
17   over language is why you have lawsuits and why you pay
18   lawyers.
19              MS. BOZEMAN:  Absolutely, Your Honor.
20              THE COURT:  But that doesn't mean it is or isn't
21   ambiguous.
22              MS. BOZEMAN:  Well, correct.  I think it gives rise
23   to this idea that it may be ambiguous because we have two
24   alternate understandings of the agreement or we've raised two
25   different theories.
```

1    Yeah, we don't find it to be ambiguous because we
2 think that language falls within the scope of the contract,
3 but to the extent that there's this dispute, it is something
4 that, okay, maybe it's ambiguous; that means the Court goes
5 to the intent to the parties to determine whether it is or
6 not.
7    THE COURT:  But the first step is, is it ambiguous
8 or is it not ambiguous?  And so I think where we're clear
9 here at this point is plaintiff says it's ambiguous and says
10 I look at these things, and then I get a clear answer from
11 that.  And defendants are saying it's not ambiguous; just
12 look at the contract.
13    MS. BOZEMAN:  I think that's right.
14    THE COURT:  Okay.  Assuming -- so if I -- if I find
15 that -- if I were to find "similar to other products" to be
16 ambiguous, you want me to look to the set of emails that you
17 were pointing to.
18    If I end up -- if I end up finding -- if I end up
19 finding that, yes, you're right, it's ambiguous, but the
20 language -- the parol evidence that you've introduced could
21 lead a fact finder to go either way as to that scope, then it
22 goes to the jury?
23    MS. BOZEMAN:  Correct, Your Honor.
24    THE COURT:  Okay.  Your response to that?  Any
25 argument other than argument one being it's not ambiguous?

1   If I find it ambiguous, then where do I go?
2               MR. TECHENTIN:  Well, Your Honor, I think, just if
3   I step back a moment on this issue, now I think we understand
4   why we're looking at emails.  We're looking at emails, if I
5   understand the theory, because there's this word "similar"
6   that is ambiguous, and we need to look at emails to
7   understand the intent of the parties as it respect -- as it
8   respects the word "similar."  And then the Court's going to
9   make some finding about that that could be used with the
10  jury.
11              Okay.  I understand that theoretical framework, but
12  it doesn't work here in summary judgment, because the
13  contract doesn't just speak to similar products.  In
14  Section 1.3 of the agreement, it talks about products or any
15  portion thereof or any products similar to or based upon any
16  products.
17              So the "similar to" might get them some
18  clarification on one subset of that scope of the exclusivity,
19  but it doesn't get them to where they want to be and where
20  they need to be for summary judgment, which is it's only this
21  CircleSwipe product and nothing else.
22              THE COURT:  I -- I think where maybe I'm having a
23  hard time, and the cross claims don't help me here, but I
24  think what plaintiff just said is it goes to the jury.  I
25  don't think -- are you saying that you think -- and I guess

```
 1   you are since you're bringing summary judgment, but that
 2   doesn't seem to be what you're saying here right now.
 3              If I say, "Okay.  I've got these things.  I've got
 4   to figure out what's the scope," I'm -- that goes to the
 5   jury?
 6              MS. BOZEMAN:  Right.  And when Your Honor was
 7   asking me that question, it goes to the jury to the extent
 8   that the undisputed extrinsic evidence is up for dispute,
 9   right?  So -- and I'm not saying this clearly, Your Honor.
10              But what -- the Court can decide this issue and
11   need not submit it to the jury if all of the evidence
12   demonstrates what the intent of the parties was.  If there is
13   a dispute, if there are disputed extrinsic facts, then the
14   ambiguity can't be discerned by the Court, and it must be
15   submitted to the jury.
16              THE COURT:  No.  So you're saying -- I think what
17   you're saying is that based on the submission that you made,
18   I have to find that only the Circle product and nothing else
19   is it.  I can't find that.  That's contrary to the language
20   of the agreement.
21              MS. BOZEMAN:  Well --
22              THE COURT:  I mean, you're saying -- what you're
23   saying is I should write out everything, write out everything
24   other than the CircleSwipe.
25              MS. BOZEMAN:  Well, Your Honor, I think that
```

```
 1   that's -- I think that's -- I think the case law allows
 2   Your Honor to do that.
 3           THE COURT:  I don't think it does.  I have a
 4   contract that says "this product," "portions of this
 5   product," "similar."
 6           I get your argument that that can't mean everything
 7   in the whole world, and to the extent that's what you're
 8   saying they're claiming, fine.  I don't really understand the
 9   full scope of all of those products out there.
10           But to the extent you're saying they're claiming,
11   "Anything we do here is off limits," I'd say, no, this must
12   mean something is narrowed and something is in there and not
13   everything.  It's not saying everything that you ever want --
14   "We own the North American market, and you own China."  That
15   doesn't say that.  It says "this product and similar things."
16           MS. BOZEMAN:  Uh-huh.
17           THE COURT:  But I can't just say they don't -- they
18   don't give me parol evidence; and, therefore, I write away --
19   I write off portions of the -- of the agreement which say
20   explicitly X and Y.  I can't -- in trying to interpret the
21   word "similar," I can't ignore and excise portions of the
22   contract.
23           MS. BOZEMAN:  And I understand that, Your Honor,
24   but I think, on the motion for summary judgment, obviously,
25   the plaintiff has an initial showing to demonstrate what
```