UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>    Plaintiffs,<br><br>              v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,<br>    Defendants. | Civil Docket No: 1:19-cv-11457-IT<br><br>Jury Trial Demanded |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION IN LIMINE TO EXCLUDE ANY AND ALL TESTIMONY OF, AND/OR REFERENCE TO, BBPOS LIMITED'S DUPLICATIVE CLAIM FOR UNJUST ENRICHMENT**

Ingenico asks the Court to preclude all reference to BBPOS' claim for unjust enrichment. Because that claim is not wholly duplicative of its other claims, and because BBPOS may not have an adequate remedy at law for *all* of Ingenico's wrongful conduct, the claim should be presented to the jury.

At the outset, BBPOS pleaded certain claims in the alternative with overlapping damages, as it is permitted to do. *Fine v. Guardian Life Ins. Co. of Am. & Park Ave. Sec.*, 450 F. Supp. 3d 20, 35 (D. Mass. 2020) ("Fed. R. Civ. P. 8(d)(2) permits a party to present alternative claims based on the same facts.")  Now, claims for breach of contract, misappropriation of trade secrets, and unjust enrichment remain.  A district court may not dismiss a claim for unjust enrichment simply on the basis that a plaintiff also seeks a claim for breach of contract.  Instead, the Court must first ascertain whether there is ambiguity in the contract that casts doubt on whether a breach of contract claim was indeed available as a legal remedy for the plaintiff. *Green v. D2L Ltd.*, 516 F. Supp. 3d 43, 47 (D. Mass. 2021).

Although Plaintiffs were content to keep this trial focused on the trade secret claim and resulting damages, Ingenico's apparent plan to accuse BBPOS of misconduct by alleged breach of the Agreement has revived the issue of ambiguity of that contract. Before the Court can dismiss the unjust enrichment claim, it must determine that the contract is not ambiguous or has another legal remedy that is completely duplicative of its unjust enrichment claim. As this Court stated in *Fine v. Guardian*, "The plaintiff has the right to plead alternative theories of liability . . . and his exercise of that right does not debar him from an independent review of each set of claims." 450 F.Supp.3d at 35. BBPOS is still entitled to that review.

Moreover, BBPOS' recovery under the Georgia Trade Secret Act is not completely duplicative of its unjust enrichment claim. Under the Georgia Trade Secrets Act, a plaintiff may recover its actual losses caused by the misappropriation, *as well as* any unjust enrichment gained by the defendant, to the extent that this unjust enrichment is not taken into account in computing actual loss. Ga. Code Ann. § 10-1-763. Alternatively, and in lieu of those disgorgement damages, a plaintiff may be entitled to recover a reasonable royalty on the sale made by the defendant of the product incorporating the trade secret. *Id*. It is true that BBPOS' expert will present damages under an unjust enrichment measure. However, nothing precludes the jury from awarding further actual damages, or any other damages as permitted under the Georgia Trade Secrets Act including a reasonable royalty or actual damages. *See generally Haemonetics Corp. v. Baxter Healthcare Corp.*, 593 F. Supp. 2d 303, 305 (D. Mass. 2009); *Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 204 (D.R.I. 2008). In fact, Ingenico's expert opined on a reasonable royalty which will, presumably, be presented to the jury at trial. Moreover, willful and malicious misappropriation may entitle BBPOS to exemplary damages and attorneys' fees. Finally, in the event that BBPOS

does not have a viable breach of contract claim, it may have recoverable losses under unjust enrichment that are not duplicative of its damages awarded under the Georgia Trade Secrets Act.

Rather than limiting claims at this stage, the Court should submit all remaining claims to the jury. It can address any issues that arise concerning duplicative or inconsistent damages post-trial.

Respectfully submitted:

> */s/ Melissa A. Bozeman*
> By: Melissa A. Bozeman (Pro Hac Vice)
> Pennsylvania Bar No. 201116
> Oliver D. Griffin (Pro Hac Vice)
> Pennsylvania Bar No. (80126)
> Peter N. Kessler (Pro Hac Vice)
> Pennsylvania Bar No. 209033
> KUTAK ROCK LLP
> Two Logan Square
> 100 N. 18th Street, Suite 1920
> Philadelphia, PA  19103-4104
> (215) 299-4384 (Telephone)
> (215) 981-0719 (Facsimile)
> Melissa.bozeman@kutakrock.com
> Oliver.griffin@kutakrock.com
> Peter.kessler@kutakrock.com
>
> and
>
> Leland P. Abide (Pro Hac Vice)
> MN Bar No. 039269
> KUTAK ROCK LLP
> 60 South Sixth Street, Suite 3400
> Minneapolis, MN 55402-4018
> Telephone: (612) 334-5000
> Facsimile: (612) 334-5050
> leland.abide@kutakrock.com
>
> and
>
> Jonathon D. Friedmann, Esq. (BBO # 180130)

>Robert P. Rudolph, Esq. (BBO # 684583)
>RUDOLPH FRIEDMANN LLP
>92 State Street
>Boston, MA 02109
>Tel.: (617) 723-7700
>Fax: (617) 227-0313
>JFriedmann@rflawyers.com
>RRudolph@rflawyers.com
>
>and
>
>Ricardo G. Cedillo
>DAVIS, CEDILLO & MENDOZA, INC.
>755 E. Mulberry Ave., Ste 500
>San Antonio, Texas 78212
>Tel: (210) 822-6666
>Fax: (210) 822-1151
>rcedillo@lawdcm.com

Dated: April 13, 2023                *Attorneys for Plaintiffs / Counterclaim-Defendants*

## CERTIFICATE OF SERVICE

I, Melissa A. Bozeman, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 13, 2023.

>/s/ *Melissa A. Bozeman*
>Melissa A. Bozeman, Esq.

4889-9490-1341.1