UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>INGENICO INC., INGENICO CORP., and INGENICO GROUP S.A.<br><br>Defendants. | CIVIL ACTION NO. 1:19-cv-11457-IT |

**DEFENDANTS' OBJECTIONS AND RESPONSES
TO PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and L.R. 34.1, Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group S.A. ("Defendants") submit the following responses and objections to the Plaintiffs' Second Set of Requests for Production of Documents Upon Defendants (the "Request").

**I.    PRELIMINARY STATEMENT**

These responses are the result of Defendants' investigation to date. Defendants' investigation of the facts of this case, however, is continuing, and discovery is ongoing. Defendants expressly reserve the right to supplement, alter, and/or amend its responses. Defendants reserve all objections as to the admissibility at trial of any of the documents produced in response to the Request.  The production of any documents in response to the Request does not constitute an admission by Defendants that such documents are relevant to the claims and/or defenses in the pending litigation.  Defendants reserve the right to object to further inquiry with regard to any subject matter.

1

While these responses and objections are served on behalf of all Defendants, in so responding, Defendants do not waive any argument concerning their corporate separateness. To the extent that documents are within the possession, custody or control of one defendant but not another, they will be produced by the defendant that has possession, custody or control over such documents. At the time of their production, Defendants will indicate with appropriate prefixes the defendant that is making the production.

Defendants will produce documents on a rolling basis.

## II.   OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

### A.   Objections to Plaintiffs' Definitions

Defendants object to Plaintiffs' definition of "you," insofar as it impermissibly conflates the separate corporate identities of each of the defendants in this case, purports to require Defendants to produce documents beyond those that are within their individual possession, custody or control and seeks to impose obligations on Defendants greater than those set forth by the Federal Rules of Civil Procedure. Defendants repeats this objection with respect to paragraphs 2 through 7 in the Definitions, which purport to define seven entities in a similarly vague and overly-broad fashion.

Defendants object to Plaintiffs' definition of "related to," "relating," and "relates" as vague as well as overly broad and unduly burdensome and not proportional to the needs of the case. For purposes of these responses, Defendants will rely on the uniform definition of "concerning" set forth in L.R. 26.5.

Defendants object to Plaintiffs' definition of "document" to the extent that it differs from and purports to broaden the uniform definition of "document" set forth in L.R. 26.5(c)(2). For purposes of these responses, Defendants will rely on the uniform definition set forth in L.R. 26.5.

Defendants object to Plaintiffs' definition of "communication" to the extent that it differs from and purports to broaden the uniform definition of "communication" set forth in L.R. 26.5(c)(1). For purposes of these responses, Defendants will rely on the uniform definition set forth in L.R. 26.5.

Defendants object to the Plaintiffs' purported incorporation of defined terms from the Complaint as overly broad and unduly burdensome.

### B.     Objections to Plaintiffs' Instructions

Defendants object to the Instructions insofar as they seek to impose obligations on Defendants greater than those set forth by the Federal Rules of Civil Procedure and Local Rule 34.1.

Defendants object to the Instructions in so far as they provide that "[u]nless expressly specified otherwise, the relevant time period for each of the Requests is January 1, 2006 to the present." Such an Instruction, which purports to require Defendants to search for, collect and review documents for a 14-year period and produce them in response to 126 categories of document requests, is overly broad, unduly burdensome, and is not proportional to the needs of this case, particularly where the earliest factual allegations concerning alleged misconduct that forms the basis for Plaintiffs' claims dates back no further than 2012.

Defendants also object to Plaintiffs' instruction (set forth in paragraph 24 of its definitions) that "[i]n the event of any inconsistencies between the definitions set out in these Requests and the definition set out in L.R. 26.5(c), the definitions set out in these Requests shall control" as such an instruction is inconsistent with L.R. 26.5.

3

## III.     GENERAL OBJECTIONS AND RESPONSES

Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege including, but not limited to, the attorney work product doctrine.

Defendants also object to the extent that the Request calls for the production of documents that are or that contain information that is confidential and/or proprietary in nature. Defendants will produce any such documents that are responsive and not otherwise objectionable upon entry of a Protective Order that protects the confidentiality of such documents.

Defendants further object to the extent that the Request calls for the production of documents that contain information that is protected by the General Data Protection Regulations or any similar applicable data privacy law(s).

Defendants also object to the extent that the documents sought through certain of the requests are unreasonably cumulative and duplicative of the documents sought through certain other requests.  As detailed more fully in the specific objections and responses that follow, Requests No. 44 and 53 are so sufficiently broad that the documents sought in response to numerous other requests are also responsive to those two requests.  Accordingly, Defendants will produce documents, subject to certain objections, in response to those two requests.

Defendants also object to the extent that the Requests seeks the production of documents not relevant to the claims or counterclaims in this action. This action concerns the alleged misappropriation, use and disclosure of Plaintiffs' trade secrets by Defendants, alleged tortious interference, Lanham Act violations, unfair and deceptive trade practices, and breach of contract by Defendants arising from the same conduct and from other alleged misuse of confidential information, and Plaintiffs' breach of contract, tortious interference, and misuse of intellectual

property in violation of Defendants' contractual rights arising from, principally, an agreement between Ingenico Inc. and BBPOS, and any losses related to those matters.

Each of the foregoing General Objections is incorporated into each and every specific response set forth below.

## IV.   SPECIFIC OBJECTIONS AND RESPONSES

**Request 1.** All documents relating to this litigation that Ingenico provided to Worldine as part of the anticipated acquisition of Ingenico by Worldline.

**Response:** Defendants object to the Request to the extent that it seeks the production of documents protected from disclosure by the attorney-client privilege or any other legally available privilege, immunity, or rule, including, but not limited to, the attorney work product doctrine. Defendants object to the Request on the grounds that it is vague and ambiguous insofar as it seeks documents "relating to this litigation," without clarification as to the nature of the relationship between the document and the litigation that would cause a document to be responsive. Defendants understand the request to seek documents concerning the litigation *qua* litigation and not all documents concerning any subject matter at issue in the litigation and respond in accord with that understanding.

Subject to and without waiving the foregoing objections and the General Objections, Defendants' search for responsive documents is ongoing. Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 2.** All documents relating to the ROAM or Ingenico SDKs for supported operating system versions active at any time since January 1, 2012, including but not limited to

the lower level interfaces to the hardware such as pinpad, swiper/card reader, mobile device connection, battery/power configuration, firmware update, and security functions (including relating to the integration with mobile phones, user password/pin entry, and communications protocols.

**Response:** Defendants object to the Request on the grounds that it is vague and ambiguous, and/or overbroad and unduly burdensome, and seeks documents not relevant to any claim or defense of any party in this action, insofar as it is not restricted to documents concerning mPOS technology. Ingenico understands this request to seek the SDKs for mPOS card readers, as that term is defined in the Request.

Subject to and without waiving the foregoing objections and the General Objections, Defendants' search for responsive documents is ongoing. Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 3.** All documents relating to the identification of supported mobile devices (e.g., Android, iOS, Windows) for supported operating system versions active at any time since January 1, 2012.

**Response:** Defendants object to the Request on the grounds that it is vague and ambiguous, and/or overbroad and unduly burdensome, and seeks documents not relevant to any claim or defense of any party in this action, insofar as it seeks "all documents" that "relat[e] to the identification of supported mobile devices." Ingenico understands this request to seek

6

documents identifying the "mobile devices (e.g., Android, iOS, Windows)" as specified in the request.

Subject to and without waiving the foregoing objections and the General Objections, Defendants' search for responsive documents is ongoing.  Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.


**Request 4.** All documents relating to the identification of supported channels (e.g., Audio, Bluetooth, Serial, etc.) for supported operating system versions active at any time since January 1, 2012.

**Response:** Defendants object to the Request on the grounds that it is vague and ambiguous, and/or overbroad and unduly burdensome, and seeks documents not relevant to any claim or defense of any party in this action, insofar as it seeks "all documents" that "relat[e] to the identification of supported channels."  Ingenico understands this request to seek documents identifying the "supported channels (e.g., Audio, Bluetooth, Serial, etc.)" as specified in the request.

Subject to and without waiving the foregoing objections and the General Objections, Defendants' search for responsive documents is ongoing.  Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.


**Request 5.** All documents relating to the features involved in ensuring PCI compliance for supported operating system versions active at any time since January 1, 2012.

**Response:** Defendants object to the Request on the grounds that it is vague and ambiguous and not amenable to a reasoned response because "PCI compliance" is not specific to any particular operating system and therefore there are no documents that relate to "features" that ensure such compliance for any or all particular operating systems. By way of further response, to the extent the Request seeks to discover the documentation of Ingenico's technology that provides PCI compliance, Ingenico objects to the Request on the grounds that the Request seeks information not relevant to any claim or defense of any party to this action, and further that the information sought, although irrelevant to this action, comprises highly sensitive, protected trade secret information.

**Request 6.** All documents relating to the security functions that ensure PCI compliance for supported operating system versions active at any time since January 1, 2012.

**Response:** Defendants object to the Request on the grounds that it is vague and ambiguous and not amenable to a reasoned response because "PCI compliance" is not specific to any particular operating system and therefore there are no documents that relate to "security functions" that ensure such compliance for any or all particular operating systems. By way of further response, to the extent the Request seeks to discover the documentation of Ingenico's technology that provides PCI compliance, Ingenico objects to the Request on the grounds that the Request seeks information not relevant to any claim or defense of any party to this action, and further that the information sought, although irrelevant to this action, comprises highly sensitive, protected trade secret information.

**Request 7.** All documents relating to testing tools, simulators, or sandboxes available for developers integrating with ROAM or Ingenico MPOS card reader versions active at any time since January 1, 2012.

**Response:** Defendants object to the Request to the extent that it is overbroad and unduly burdensome, and seeks documents not relevant to any claim or defense of any party to this action, insofar as it seeks the production of "all documents" concerning the simulator maintained by Ingenico for the use of its customers, which would include not only documentation of the functionality underlying the communication of simulated financial transactions, which is a process independent of, and not dependent upon, the technology at issue in this action, as well as actual customer information regarding their use of the simulator, which information is not probative of any matter in dispute.

Subject to and without waiving the foregoing objections and the General Objections, Defendants' search for responsive documents is ongoing. Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 8.** Three units of each ROAM or Ingenico mPOS card reader developed, marketed, and/or sold by Ingenico since 2012.

**Response:** Defendants object to this Request to the extent that it seeks multiple physical samples of products that were "developed" but not commercially produced. Subject to and without waiver of the foregoing objections and the General Objections, Defendants will provide responsive materials subject to the execution of an appropriate bailment agreement by the parties

9

to this action, for each responsive reader for which the Defendants are able to locate no fewer than six physical exemplars.

**Request 9.** All documents relating to design specifications and model mockups for ROAM or Ingenico mPOS card readers, including in relation to logo placement and exterior casing coloration.

**Response:** Subject to and without waiving the foregoing General Objections, Defendants' search for responsive documents is ongoing. Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 10.** All documents relating to software for ROAM or Ingenico mPOS card readers, including requirements, specifications, designs, flowcharts, communications protocols, output format, error conditions, and certification records.

**Response:** Subject to and without waiving the foregoing General Objections, Defendants' search for responsive documents is ongoing. Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 11.** All documents relating to the supported integrating mobile devices and any ROAM or Ingenico mPOS card reader design features that are specific to each mobile device.

**Response:** Subject to and without waiving the foregoing General Objections, Defendants' search for responsive documents is ongoing. Defendants will produce non-

privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 12.**  All documents identifying the mobile device libraries used in the ROAM or Ingenico mPOS card readers.

**Response:** Subject to and without waiving the foregoing General Objections, Defendants' search for responsive documents is ongoing.  Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 13.**  All documents identifying the libraries or functions supporting the ROAM or Ingenico mPOS card readers' "read" and "detect" operations for the Magstripe, EMV and NFC cards, including error conditions.

**Response:**  Subject to and without waiving the foregoing General Objections, Defendants' search for responsive documents is ongoing.  Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 14.**  All documents relating to the battery(ies) and associated battery/power specifications used in the ROAM and Ingenico mPOS card readers.

**Response:** Subject to and without waiving the foregoing General Objections, Defendants' search for responsive documents is ongoing.  Defendants will produce non-

privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 15.**  All schematics of the ROAM or Ingenico mPOS card readers, including those identifying the onboard chips or chipsets used and configuration.

**Response:**  Subject to and without waiving the foregoing General Objections, Defendants' search for responsive documents is ongoing.  Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 16.**  All documents that identify measurement thresholds or ranges of the audio signal, antennas, power management, interference or distortion management, or radio or magnetic interference thresholds (e.g., noise tolerance, temperature, signal interference or insulation) relating to ROAM or Ingenico mPOS card readers.

**Response:** Defendants do not have documents responsive to this Request.

**Request 17.**  All documents that identify the specifications for the format of track data output from in ROAM or Ingenico mPOS card readers.

**Response:** Subject to and without waiving the foregoing General Objections, Defendants' search for responsive documents is ongoing.  Defendants will produce non-

privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 18.** All documents, including schematics, relating to the audio interface of the ROAM or Ingenico mPOS card readers.

**Response:** Subject to and without waiving the foregoing General Objections, Defendants' search for responsive documents is ongoing. Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 19.** All documents relating to the user interface and input requirements for mobile devices (e.g., Android, iOS, Windows) integrated with the ROAM or Ingenico mPOS card reader, including but not limited to user interface screen layouts (displayed on the mobile device), data passed between the mobile device and mPOS card reader, and any mobile device-specific features required.

**Response:** Defendants object to this Request to the extent that it is overbroad and unduly burdensome insofar as it seeks documents relating to "user interfaces" for the subject mPOS card developed by the customer and not by Defendants. Subject to and without waiving the foregoing objection and the General Objections, Defendants' search for responsive documents is ongoing.

Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 20.**  All documents relating to the two way communication between each mobile device type (e.g., Android, iOS, Windows) and ROAM or Ingenico mPOS card reader (e.g., configuration settings required, setup or tear down conversation, and security authentication and error conditions).

**Response:**  Subject to and without waiving the foregoing General Objections, Defendants' search for responsive documents is ongoing.  Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 21.**  All documents relating to the ROAM or Ingenico mPOS card readers' GPS interface (i.e., the configuration and messaging between the mobile device (e.g., Android, iOS, Windows) and mPOS card reader).

**Response:** Defendants object to this Request to the extent it seeks documents that are not relevant to any claim or defense of any party to this action.  Subject to and without waiving the foregoing objection and the General Objections, Defendants' search for responsive documents is ongoing.  Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

**Request 22.** All documents relating to the ROAM or Ingenico mPOS card readers' Wallet interface (i.e., configuration and messaging between mobile device (e.g., Android, iOS, Windows) and mPOS card reader).

**Response:** Defendants object to this Request to the extent it seeks documents that are not relevant to any claim or defense of any party to this action. Subject to and without waiving the foregoing objection and the General Objections, Defendants' search for responsive documents is ongoing. Defendants will produce non-privileged documents, if any, responsive to this Request on a rolling basis upon identification of responsive documents.

October 8, 2021

INGENICO INC., INGENICO CORP., and
INGENICO GROUP S.A.

By their attorneys,

/s/ Jeffrey K. Techentin
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
JEFFREY K. TECHENTIN (*pro hac vice*)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
jtechentin@apslaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 8, 2021 I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

Oliver D. Griffin, Esq.
Peter N. Kessler, Esq.
Melissa A. Bozeman, Esq.
Kutak Rock LLP
303 Peach Street, N.E., Suite 2750
Atlanta, GA 30308
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com
Melissa.bozeman@kutakrock.com

Daniel Carmeli, Esq. (admitted *pro hac vice*)
Kutak Rock LLP
1801 California Street, Suite 3000
Denver, CO 80202
daniel.carmeli@kutakrock.com

Ricardo G. Cedillo, Esq.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
rcedillo@lawdcm.com

                                              */s/ Jeffrey K. Techentin*
                                              Jeffrey K. Techentin