UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>                     Plaintiffs,<br><br>v.<br><br>INGENICO INC., INGENICO CORP. and INGENICO GROUP, SA,<br>                     Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

**DEFENDANTS' OBJECTION TO SUCCESSOR JUDGE FOR FINAL DAY OF TRIAL**

Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group, SA (collectively, "Defendants") respectfully submit this Objection to a successor judge presiding over this case for the final day of trial.

**BACKGROUND**

This evening, the Court notified counsel for the parties that Judge Talwani, the trial judge in this case, "will not be able to preside over the trial tomorrow" and that "Judge Burroughs has agreed to preside." The Court further advised that "Judge Talwani will review the record on her return."

Defendants extend their best wishes to Judge Talwani.

Judge Talwani has presided over nine days of trial in this case; only one day remains. The witnesses who will testify tomorrow are (1) Dr. Jennifer Vanderhart, Defendants' damages expert, whose testimony began earlier today; and (2) William Graylin, who already testified in this case (and was cross-examined) and whom Plaintiff BBPOS Limited ("BBPOS") will recall in BBPOS's rebuttal case.

## ARGUMENT

Fed. R. Civ. P. 63 governs the circumstance of a judge being unable to proceed, and states as follows:

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties. In a hearing or nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

Fed. R. Civ. P. 63.

The language of Rule 63 contemplates a successor judge for the remainder of the trial. Thus, the successor judge must determine "that the case may be *completed* without prejudice to the parties" (emphasis added).

In this case, based on the Court's notification, "Judge Talwani will review the record on her return," so it is anticipated that Judge Talwani will return to preside over, and decide, the case. Defendants respectfully suggest that to avoid unfair prejudice to any party, the best course of action would be to postpone the final day of trial until Judge Talwani's return.

*First*, it is unclear how questions of credibility could be assessed given that two different judges would hear the evidence at trial, including each of them hearing effectively half of Dr. Vanderhart's testimony.

*Second*, a successor judge who is unfamiliar with the case may be unable to assess whether Plaintiff's rebuttal case is, genuinely, rebuttal. Plaintiff should not be permitted to re-try its case-in-chief due to the nonavailability of the judge who had heard Defendants' case. The resulting unfair prejudice would far exceed the inconvenience of postponing the final day of trial to another day.

*Third*, one of the witnesses who would testify tomorrow is Dr. Vanderhart, Defendants' damages expert, whose testimony began today. In this case, BBPOS is seeking approximately $23 million in damages, plus exemplary damages. Given how crucial the issue of damages is in this case, Judge Talwani, as the judge who apparently will issue the findings of fact and conclusions of law in this case, should hear the testimony of Dr. Vanderhart and not be forced to rely on just the transcript.

*Fourth*, postponements in bench trials are common. Trial judges often schedule bench trial days around other pressing matters that must be resolved quickly. Thus, a postponement of one day of trial in this bench trial certainly is not extraordinary in any way.

For these reasons, Defendants respectfully request that the final day of trial be postponed until Judge Talwani's return.

Respectfully submitted,
INGENICO INC., INGENICO CORP. AND
INGENICO GROUP, SA,

By their attorneys,

/s/ *Jeffrey K. Techentin*
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
R. BART TOTTEN (BBO #631605)
JEFFREY K. TECHENTIN (*pro hac vice*)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
btotten@apslaw.com
jtechentin@apslaw.com
Dated:  May 4, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

Jonathon D. Friedmann, Esq.
Robert P. Rudolph, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
JFriedmann@rflawyers.com
RRudolph@rflawyers.com

Oliver D. Griffin, Esq.
Peter N. Kessler, Esq.
Melissa A. Bozeman, Esq.
Kutak Rock LLP
303 Peach Street, N.E., Suite 2750
Atlanta, GA 30308
Oliver.griffin@kutakrock.com
Peter.kessler@kutakrock.com
Melissa.bozeman@kutakrock.com

Ricardo G. Cedillo, Esq.
755 E. Mulberry Ave., Ste 500
San Antonio, Texas 78212
rcedillo@lawdcm.com

/s/ *Jeffrey K. Techentin*
Jeffrey K. Techentin

*4858-1450-9666, v. 1*