UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERECOMMERCE, INC. and BBPOS LIMITED,<br>　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>INGENICO INC., INGENICO CORP. and INGENICO GROUP, SA,<br>　　　　　　　Defendants. | CIVIL ACTION NO.<br>1:19-cv-11457-IT |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS BILL OF COSTS

Pursuant to 28 U.S.C. § 1920 and Federal Rules of Civil Procedure Rule 54(d), Defendants Ingenico Inc., Ingenico Corp. and Ingenico Group, SA (collectively, "Ingenico") submits this memorandum of law in support of its Bill of Costs. Ingenico respectfully requests that it be awarded its total costs allowable in the amount of $60,701.43 against Plaintiffs AnywhereCommerce, Inc. ("AnywhereCommerce") and BBPOS Limited ("BBPOS") or collectively ("Plaintiffs").

### ARGUMENT

Rule 54(d) of the Federal Rules of Civil Procedure provides that unless a federal statute, the federal rules or a court order provides otherwise, costs—other than attorneys' fees—"should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). This Court and the First Circuit recognize that Rule 54(d)(1) creates a "background presumption favoring recovery for prevailing parties." *Caruso v. Delta Air Lines, Inc*., 616 F. Supp. 3d 132, 135 (D. Mass. 2022) (quoting *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc*., 516 F.3d 18, 28 (1st Cir. 2008)). "The award of costs is a matter given to the discretion of the district court." *Sharp v. Hylas Yachts, Inc*., No.

11-cv-11814-JCB, 2016 WL 10654435, at *1 (D. Mass. June 14, 206). Accordingly, recovery pursuant to Rule 54(d)(1) is governed by 28 U.S.C. § 1920, which provides, in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
>
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)   Fees and disbursements for printing and witnesses;
>
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; [and]
>
> (5)   Docket fees under section 1923 of this title[.]

28 U.S.C. § 1920.

Here, the Court granted summary judgment on all claims asserted by AnywhereCommerce and on all claims of BBPOS except a single claim for misappropriation of trade secrets under the Georgia Trade Secrets Act.  ECF Doc. No. 228.  Thereafter, following a ten-day bench trial, post-trial briefings, and argument, the Court on July 14, 2023 issued its Findings of Fact and Conclusions of Law (ECF Doc. No. 369) and entered Judgment (ECF Doc. No. 370) in favor of Ingenico and against BBPOS on all remaining claims, *i.e.*, BPPOS's claims for misappropriation of trade secrets and Ingenico Inc.'s counterclaim against BBPOS for breach of contract in the amount of $164,444.97.

As such, there is a presumption favoring Ingenico's request for recovery of costs in the  amount of $$60,701.43. The costs that Ingenico seeks in its successful defense and counterclaim  are set forth in its Bills of Costs and itemized below. These costs are accurate, supported by invoices, concern services that were actually performed, were

necessary to Ingenico's claims and defenses, represent obligations that were reasonably and actually incurred and are properly claimed, and allowed under Rule 54 and Section 1920.

### A. Ingenico's Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained For Use to the Case are Taxable and Recoverable.

Pursuant to 28 U.S.C. § 1920(2), a judge or clerk may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for the use in the case." In accordance with this provision, Ingenico seeks a total of $39,746.02 for "printed or electronically recorded transcripts necessarily obtained for the use in this case." This figure compromises costs for depositions, hearings, status conferences, and trial transcripts.

### i. Deposition Costs

Ingenico is seeking a total of $30,254.52 for deposition transcripts and videos that were necessarily obtained for Ingenico's claims and defenses. "Costs of depositions of record that are reasonably necessary to the case are customarily taxed in favor of the prevailing party." *Asphalt Supply & Service, Inc. v. U..S.*, 75 Fed. Cl. 598, 603 (2007). Accordingly, "[f]or a deposition transcript to be taxed, it must be used at trial, entered into evidence, or there must be 'special circumstances' that justify taxing it." *Inline Plastics Corp. v. Lacerta Group, Inc.* No. 4:18-11631-TSH, 2023 WL 1822899, at *1 (D. Mass. Feb. 8, 2023) (citing *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 19850). "Special circumstances" may exist when the prevailing party relies on the transcripts in in a dispositive motion. *See Brigham and Women's Hospital, Inc. v. Perrigo Co.*, 395 F. Supp. 3d 168, 172 (D. Mass. 2019) (citing *Sharp v. Hylas Yachts, Inc.*, No. 11-CV-11814-JCB, 2016 WL 10654435, at *2 (D. Mass. June 14, 2014)).

In addition to taxing the costs of a deposition transcript itself, the Court may also tax the reporter attendance, *Brigham and Women's Hospital, Inc.*, 395 F. Supp. at 173, process fees and

courier charges, *Buckstar v. Mayo*, C.A. No. 11-10134-RBC, 2013 U.S. Dist. LEXIS 46378 at *4 (D. Mass. Mar. 28,2013), and video-recorded depositions so long as the video and transcript were reasonably necessarily obtained in the case. *See. e.g. Fid. Int'l Currency Advisor A. Fund, LLC v. United States*, No. 05-40151-FDS, 2010 U.S. LEXIS 134467, at *2-4 (D. Mass. Dec. 20 2010) (holding that costs for videotaping a deposition are reasonably necessarily obtained in the case and thereby taxable when witnesses reside out-of-state and may not have been available at trial). Moreover, while historically videoconferencing fees were considered non-taxable costs, this Court has recognized that "during the pandemic, videoconferencing became a necessity, not a convenience, and thus courts have increasingly taxed videoconference connections fees." *DeBover v. Mellon Investments Corp.*, No. 1:20-cv-10078-IT, 2022 WL 16963803, (D. Mass. Nov. 16, 2022) (quoting *Wiscovitxh-Barreras v. Cruz-Soto*, No. 18-1029 (RAM), 2022 WL 16744873, at *1 (D.P.R. Nov. 7, 20220). Additional expenses such as "realtime" transcription, expedited production, and shipping are generally not costs that are necessarily incurred for within the meaning of 28 U.S.C. § 1920(2). *See Palomar Technologies, Inc. v. MRSI Systems, Inc.*, 2020 WL 4938414, at *3 (D. Mass. Aug. 12, 2020).

     Throughout the course of this litigation, Ingenico deposed eight witnesses: William Graylin ("Graylin), Mitchell Cobrin ("Cobrin"), Michael Kron ("Kron"), Michael Kron as a corporate designee of AnywhereCommerce ("Kron 30(b)(6)"), Ben Lo ("Lo"), Ben Lo as a corporate designee of BBPO ("Lo 30(b)(6)"), Ivan Zatkovich ("Zatkovich"), and Stephen Scherf ("Scherf"). Of these eight depositions, six were also videotaped because these witnesses resided outside of the United States. Specifically, Cobrin and Kron resided in Canada and Lo resided in China at the time of the depositions.

Furthermore, Ingenico defended five witnesses: Christopher Rotsaert ("Rotsaert"), Victor Young ("Young"), David Szczepanski ("Szczepanski"), Dr. Jennifer Vanderhart ("Dr. Vanderhart"), and Dr. Michael Shamos ("Dr. Shamos").

All these depositions were necessary in Ingenico's claims and defenses up and to the ten-day bench trial. A chart of Ingenico's costs is provided below:

| **Deponent** | **Date of Deposition** | **Requested Amount** | **Comments** |
|---|---|---|---|
| Graylin | 8/31/21 | $1,198.45 | - $959.25 (transcript services)<br>- $239.20 (exhibit fee)<br><br>See Ingenico's Bill of Costs, Ex. 1 |
| Cobrin (1/2) | 11/29/21 | $1,872.62 | - $1,229.12 (transcript services)<br>- $303.75 (reporter attendance)<br>- $22.75 (exhibit fee)<br>- $92.00 (video pages)<br>- $25.00 (MLV connect)<br>- $200.00 (AgileLaw)<br><br>See Ingenico's Bill of Costs, Ex. 1 |
|  |  | $522.50 | - $522.50 (video deposition)<br><br>See Ingenico's Bill of Costs, Ex. 1 |
| Cobrin (2/2) | 12/2/21 | $657.60 | - $467.60 (transcript services)<br>- $150.00 (reporter attendance)<br>- $5.00 (exhibit fee)<br>- $35.00 (video pages)<br>- <br>See Ingenico's Bill of Costs, Ex. 1 |
| Kron 30(b)(6) | 11/30/21 | $3,030.62 | - $1,778.88 (transcript services)<br>- $850.50 (reporter attendance)<br>- $172.12 (reporter after hours charge for additional hours)<br>- $172.12 (reporter after hours charge for one hour)<br>- $31.50 (exhibit fee)<br>- .50¢ (video pages) |

5

| Deponent | Date of Deposition | Requested Amount | Comments |
|---|---|---|---|
| | | | - $25.00 (MLV connect)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| | | $1,350.00 | - $855.00 (video deposition)<br>- $495.00 (MPEG, split, burn to DVD)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| Kron (Individual) | 12/2/21 | $1,759.54 | - $1,189.04 (transcript services)<br>- $303.75 (reporter attendance)<br>- $6.75 (exhibit fee)<br>- $25.00 (MLV connect)<br>- $200.00 (AgileLaw)<br>- $35.00 (GoGreenScripts Lit Package)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| Cobrin (2/2) and Kron (Individual) | 12/2/21 | $1,258.75 | - $760.00 (video depositions)<br>- $498.00 (video overtime)<br>- <br>*See* Ingenico's Bill of Costs, Ex. 1 |
| Lo (Individual) | 12/8/21 | $2,106.60 | - $1,261.50 (transcript services)<br>- $100.00 (reporter fee)<br>- $320.00 (reporter fee overtime)<br>- $100.00 (remote video conference via Zoom)<br>- $275.00 (international remote management)<br>- $37.70 (exhibit fee)<br>- $3.60 (exhibits fee)<br>- $9.00 (processing and compliance)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| | | $1,375.00 | - $625.00 (remote video)<br>- $750.00 (remote video overtime)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |

6

| Deponent | Date of Deposition | Requested Amount | Comments |
|---|---|---|---|
| Lo 30(b)(6) | 12/10/21 | $3,226.00 | - $1,787.50 (transcript services)<br>- $110.00 (reporter fee)<br>- $715.00 (reporter fee overtime)<br>- $165.00 (reporter fee additional time)<br>- $275.00 (international remote management)<br>- $81.00 (exhibit fee)<br>- $42.50 (exhibits fee)<br>- $50.00 (processing and compliance)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| | | $1,187.50 | - $1,000.00 (remote video)<br>- $187.50 (remote video overtime)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| Zatkovich | 5/11/22 | $1,416.20 | - $1,215.00 (transcript services)<br>- $1.20 (exhibit fee)<br>- $150.00 (on-site resource fee)<br>- $50.00 (processing and compliance)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| | | $246.00 | - $244.80 (exhibit fee)<br>- $19.20 (electronic exhibit fee)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| | | $615.70 | - $615.70 (rough ASCII)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| Scherf | 5/12/22 | $1,226.54 | - $675.00 (transcript services)<br>- $6.20 (exhibit fee)<br>- $345.34 (rough ASCII)<br>- $150.00 (on-site resource fee)<br>- $50.00 (processing and compliance)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |

| Deponent | Date of Deposition | Requested Amount | Comments |
|---|---|---|---|
| Rotsaert (1/2) | 10/13/21 | $1,683.25 | - $1,121.25 (transcript services)<br>- $513.50 (exhibit fee)<br>- $48.50 (Veritext Exhibit Package)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| Rotsaert (2/2) | 10/15/21 | $388.20 | - $388.20 (transcript services)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| Young | 10/18/21 | $421.05 | - $351.75 (transcript services)<br>- $20.80 (exhibit fee)<br>- $48.50 (Veritext Exhibit Package)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| Szczepanski | 10/27/21 | $840.50 | - $715.00 (transcript services)<br>- $77.00 (exhibit fee)<br>- $48.50 (Veritext Exhibit Package)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |
| Dr. Vanderhart | 5/4/22 | $1,956.95 | - $1,685.95 (transcript services)<br>- $220.50 (exhibit fee)<br>- $50.50 (Veritext Exhibit Package)<br><br>*See* Ingenico's Bill of Costs, Ex. 1<br>- |
| Dr. Shamos | 5/17/22 | $1,915.65 | - $1,689.90 (transcript services)<br>- $175.25 (exhibit fee)<br>- $50.50 (Veritext Exhibit Package)<br><br>*See* Ingenico's Bill of Costs, Ex. 1 |

**TOTAL: $30,254.52**

  **ii. Court Transcript Costs**

In addition to the deposition transcripts, Ingenico is also seeking a total of $9,491.50 in court transcripts that were necessarily obtained for Ingenico's claims and defenses. Ingenico seeks costs for the electronic transcripts from the summary judgement hearing held on February 9,

8

2023, the pretrial conference held on April 19, 2023, the daily transcripts for the ten-day bench trail held on April 24, 2023 – May 5, 2023, the status video conference held on May 10, 2023, and the oral argument held on June 15, 2023.

Given the complex issues and extensive factual recorded of the case, all the transcripts mentioned above were necessarily obtained in Ingenico's ultimate success at trial. Like deposition transcripts, hearing and trial transcripts are taxable if "necessarily obtained for the use of the case." *See e.g.*, *Inline Plastics Corp.*, 2023 WL 1822899, at *2 (finding that summary judgment and trial transcripts were necessarily obtained for the use of the prevailing party's case before, during, and after trial given the complex and complicated claims at issue); *Colon v. Fashion Institute of Technology (State University of New York*), No. 12cv7405(HB), 2014 WL 1979875, at *2 (S.D.N.Y. May 15, 2014) (holding that trial transcript was necessarily obtained for purposes of moving for a judgment as a matter of law).

Accordingly, Ingenico seeks $552.90 for the summary judgment transcript, $63.00 for the pretrial conference transcript, $8,254.50 for the daily trial transcripts, $267.05 for the video status conference, and $354.05 for the hearing for a total of $9,491.50. *See* Ingenico's Bill of Costs, Ex. 2.

### B. Ingenico's Fees for Printing are Taxable and Recoverable

Ingenico seeks $4,669.60 in costs related to the in-house printing and copying of exhibits for use at trial. A judge or clerk may tax as costs "for fees and disbursements for printing" such as exhibits. *See* 28 U.S.C. § 1920(3). "To recover for copying costs, a litigant must sufficiently 'inform the court of the number of copies, the cost of each copy, and provide, if possible, a breakdown for the reasons why photocopying of certain documents was necessary.'" *Palomar Technologies, Inc.,* 2020 WL 4938414, at *3 (quoting *Roggio v. Grasmuk*, 18 F. Supp. 49, 61-62

9

(D. Mass. 2014)). However, "a page-by-page justification is not required." *SiOnyx, LLC* v. *Hamamatsu Photonics K.K.*, 540 F. Supp. 3d 85, 91 (D. Mass. 2021) (*Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 210 (D.R.I 2008)). The First Circuit has held that "copying costs which were reasonably necessary to the maintenance of the action are allowable, even if they are not filed as evidence." *Prouty v. Thippanna*, 552 F. Supp. 3d 45, 49 (D. Mass 2021) (*Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir. 1990)). Hence, in line with the above, this Court in *SiOnyx, LLC* has awarded costs for in-house printing for trail exhibits at an average rate of $0.16 per page. 540 F. Supp. 3d at 91-92.

      Here, Ingenico seeks the costs related to the in-house printing it incurred of two sets of its trial exhibits and one set of BBPOS's trial exhibits at an average rate of $0.16 a page. Per this Court's Instruction to Counsel Concerning Trial Procedures, parties were strongly encouraged to print, three-ring bind, and provide the Court with their designated trial exhibits at the beginning of trial. In accordance with this instruction, Ingenico printed and bound its 208 marked trial exhibits, which consisted of a total of 6,085 pages. In addition to the bench copy Ingenico provided, Ingenico also printed a second set of its trial exhibits which was reasonably necessary to the maintenance of the trial because both parties used paper copies of its exhibits to introduce and question the witnesses on the stand. These two sets of designated trial exhibits, the total number of pages printed was 12,170. Applying the rate of of $0.16 per page, Ingenico seeks the costs related to printing its designated trial exhibits in the amount of $1,947.20.

      In addition to costs associated with the in-house printing of its own exhibits, Ingenico also seeks an additional $2,722.40 related to the in-house printing and copying expenses Ingenico incurred from printing Plaintiffs' trial exhibits because such exhibits were necessary for the maintenance of the trial. Per this Court's instructions, parties were required to number their

exhibits numerically without repeated exhibit numbers. Ingenico printed a single set of Plaintiff's designated trial exhibits, which consisted of 17,015 pages. At the rate of $0.16 per page, Ingenico seeks reimbursement of $2,722.40.

### C. Ingenico's Witness Fees are Taxable and Recoverable

Lastly, Ingenico seeks $16,285.81 in costs for fees and travel expenses of two of its experts, Dr. Michael Shamos ("Dr. Shamos") and Dr. Jennifer Vanderhart ("Dr. Vanderhart"). Pursuant to 28 U.S.C. § 1920(3), a judge or clerk may tax as costs associated with witnesses within the limits set forth in 28 U.S.C. § 1821. Under § 1821, "witnesses are entitled to reasonable travel expenses, a flat fee of $40 per day of trial attendance, and a subsistence allowanced for witnesses who are required to stay overnight in the area to participate in the trial." *Guzman v. Boeing Company*, 2019 WL 468195 (D. Mass. Feb. 6, 2019). Further, § 1821 provides that the Court be provided the receipt or other evidence shall be furnished. See § 1821(c)(1).

Dr. Shamos traveled from Pittsburgh, Pennsylvania to testify. Dr. Vanderhart traveled from Washington, D.C. to testify. Because their testimony was based in part on the evidence at trial, it was reasonable for Ingenico to incur the expense of both witnesses staying in Boston from the start of trial until they completed their testimony. Consequently, in addition to their trial attendance fee, Dr. Shamos and Dr. Vanderhart are also entitled to reasonable travel expenses and a subsistence allowance for their overnight stay in Boston. A chart of their fees and travel expenses is provided below:

| Witness's Name | Description of Costs |
|---|---|
| Dr. Shamos | - $320.00 (trial attendance fee for eight days at $40 a day)<br>- $1,405.60 (round trip airfare on JetBlue Airways)<br>- $6,836.91 (hotel expense at Residence Inn by Marriott 4/22/23 – 5/3/23) |

| | |
|---|---|
| | Total: $8,562.51<br><br>*See* Ingenico's Bill of Costs, Ex. 3 |
| Dr. Vanderhart | - $400.00 (trial attendance fee for ten days at $40 a day)<br>- $1,018.80 (round trip airfare on Delta Airlines)<br>- $6,304.50 (hotel expense at the Seaport Hotel and Residence Inn by Marriott 4/23/23 – 5/5/23)<br><br>Total: $7,723.30<br><br>*See* Ingenico's Bill of Costs, Ex. 3 |

**TOTAL: $16,285.81**

## CONCLUSION

Accordingly, Ingenico respectfully requests that it be awarded its total costs allowable in the amount of $60,701.43 against AnywhereCommerce and BBPOS.

| **Bill of Costs** | **Requested Amount** |
|---|---|
| Fees for Printed or Electronically Recorded Transcripts: | $39,746.02 |
| Fees and Disbursements for Printing: | $4,669.60 |
| Fees for Witnesses: | $16,285.81 |
| **Total:** | **$60,701.43** |

Respectfully submitted,
INGENICO INC., INGENICO CORP. AND INGENICO GROUP, SA,

By their attorneys,

/s/ *Jeffrey K. Techentin*
JOHN A. TARANTINO (BBO #492230)
PATRICIA K. ROCHA (BBO #542348)
NICOLE J. BENJAMIN (BBO #666959)
R. BART TOTTEN (BBO #631605)
JEFFREY K. TECHENTIN (*pro hac vice*)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
jtarantino@apslaw.com
procha@apslaw.com
nbenjamin@apslaw.com
btotten@apslaw.com
jtechentin@apslaw.com
Dated:  May 1, 2023

## **CERTIFICATE OF SERVICE**

   I hereby certify that on July 28, 2023, I caused to be served via electronic mail a true copy of the within document on the following counsel of record:

| | |
|---|---|
| Jonathon D. Friedmann, Esq.<br>Robert P. Rudolph, Esq.<br>Rudolph Friedmann LLP<br>92 State Street<br>Boston, MA 02109<br>JFriedmann@rflawyers.com<br>RRudolph@rflawyers.com | Oliver D. Griffin, Esq.<br>Peter N. Kessler, Esq.<br>Melissa A. Bozeman, Esq.<br>Kutak Rock LLP<br>303 Peach Street, N.E., Suite 2750<br>Atlanta, GA 30308<br>Oliver.griffin@kutakrock.com<br>Peter.kessler@kutakrock.com<br>Melissa.bozeman@kutakrock.com |
| | Ricardo G. Cedillo, Esq.<br>755 E. Mulberry Ave., Ste 500<br>San Antonio, Texas 78212<br>rcedillo@lawdcm.com |

             /s/ *Jeffrey K. Techentin*
             Jeffrey K. Techentin

*4881-5701-3344, v. 1*