UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANYWHERE COMMERCE, INC., and BBPOS LIMITED,  Plaintiffs and Counterdefendants,  v.  INGENICO INC., INGENICO CORP., and INGENICO GROUP SA,  Defendants and Counterclaimants. | *  *  *  *  *  Civil Action No. 1:19-cv-11457-IT  *  *  *  *  * |

MEMORANDUM & ORDER

October 20, 2023

TALWANI, D.J.

The parties in this matter were engaged in contentious litigation for the better part of five years. The case has not been straightforward, and neither party has enjoyed one-sided success.

Now before the court is Defendants Ingenico Inc., Ingenico Corp., and Ingenico Group, SA's (collectively, "Defendants") Motion for Attorneys' Fees [Doc. No. 373]. Plaintiffs BBPOS Limited ("BBPOS") and Anywhere Commerce, Inc. ("Anywhere Commerce") oppose the motion, as well as Defendants' Bill of Costs [Doc. No. 371].

For the reasons set forth herein, Defendants' Motion and Bill of Costs are DENIED.

I.   **Findings of Fact**

Plaintiffs initiated this action in the Northern District of Georgia in December 2018. Complaint [Doc. No. 1]. Defendants filed a Motion to Dismiss, to Transfer Venue, and for More Definite Statement [Doc. No. 23]. With Plaintiffs' consent, the Northern District of Georgia transferred the matter and denied the Motion to Dismiss as moot. Consent Order 2 [Doc. No. 36]. Once transferred, this court denied Defendants' request for a more definite statement. Order [Doc. No. 56]. Litigation then proceeded through trial.

In Plaintiffs' Amended Complaint ("Am. Compl.") [Doc. No. 67], Anywhere Commerce alone brought a claim for tortious interference with existing and prospective contracts and business relationships (Count I). Id. at ¶¶ 125-134. BBPOS alone alleged violations of the Georgia Trade Secrets ("GTSA") (Count II), id. at ¶¶ 135-143, violations of the Massachusetts Trade Secrets Act (Count III), id. at ¶¶ 144-152, violation of the Defend Trade Secrets Act (Count IV), id. at ¶¶ 153-162, breach of contract (Count V), id. at ¶¶ 163-168, and violation of Section 43(a) of the Lanham Act (Count VI), id. at ¶¶ 169-173.

Both Plaintiffs asserted unjust enrichment (Count VII), id. at ¶¶ 174-179, violation of the Georgia Deceptive Trade Practices Act (Count VIII), id. at ¶¶ 180-188, and violation of the Georgia Fair Business Practices Act (Count IX), id. at 189-197.

Ingenico Inc. brought counterclaims against Anywhere Commerce for tortious interference with contractual relations (Count IV), Second Amended Counterclaim ¶¶ 54-60 [Doc. No. 78], violation of the Defend Trade Secrets Act (Count V), id. at ¶¶ 61-70, and violation of the Massachusetts Trade Secrets Act (Count VI), id. at ¶¶ 71-80.

Ingenico Inc. brought counterclaims against BBPOS for breach of contract (Count I), id. at ¶¶ 38-42, breach of the contractual duty of good-faith and fair dealing (Count II), id. at ¶¶ 43-47, and tortious interference with advantageous business relations (Count III), id. at ¶¶ 48-53.

Ingenico Inc. brought counterclaims against both Anywhere Commerce and BBPOS for violation of Mass. Gen. Law ch. 93A, § 11 (Count VII), id. at ¶¶ 81-85, and patent infringement (Count VIII), id. at ¶¶ 86-109.

In March 2022, following motion practice, including Plaintiffs' unsuccessful Motion to Dismiss Count VIII [Doc. No. 79], see Memorandum and Order [Doc. No. 137], and the completion of fact discovery and expert disclosures, Ingenico Inc. dismissed Count VIII of the

Second Amended Counterclaim [Doc. No. 78] without prejudice but with all parties to bear their own costs and fees. Stipulation of Dismissal [Doc. No. 178].

The parties then filed and fully briefed cross-motions for summary judgment. Plaintiffs' Motion for Summary Judgment on Second Amended Counterclaims [Doc. No. 189]; Defendants' Motion for Summary Judgment [Doc. No. 191]. Plaintiffs did not oppose dismissal of Counts VI and IX of the Amended Complaint [Doc. No. 67] in their papers, and at a hearing on the motion, those claims were dismissed with prejudice and without objection. Transcript of Proceeding 5 [Doc. No. 214].

The court granted Defendants' Motion for Summary Judgment [Doc. No. 191] as to all of Anywhere Commerce's claims and granted Plaintiffs' Motion for Summary Judgment [Doc. No. 189] as to all of Ingenico Inc.'s counterclaims against Anywhere Commerce. Memorandum & Order ("Mem. & Order") 47 [Doc. No. 228].

The court granted in part and denied in part Defendants' Motion for Summary Judgment [Doc. No. 191] as to BBPOS claims, allowing BBPOS's claims for violations of the Georgia Trade Secrets Act (Count II), breach of contract (Count V), and unjust enrichment (Count VII) to move forward. The court also granted in part and denied in part Plaintiffs' Motion for Summary Judgment [Doc. No. 189] as to Ingenico Inc.'s claims against BBPOS, allowing only part of the breach of contract (Count I) claim to go forward. Mem. & Order 47 [Doc. No. 228]. Defendants and BBPOS subsequently agreed to dismissal with prejudice of Counts V and VII of the Amended Complaint [Doc. No. 67]. Stipulation of Dismissal [Doc. No. 331].

Following a ten-day bench trial and post-trial briefings and argument, the court issued its Findings of Fact and Conclusions of Law [Doc. No. 369] on BBPOS's claim that Defendants misappropriated BBPOS's trade secrets in violation of the GTSA, and Ingenico Inc.'s claim that

3

BBPOS breached its contractual obligations to indemnify Ingenico Inc. As to BBPOS's claim, the court found that BBPOS should have reasonably discovered the alleged misappropriation by May 2013, and that its claim therefore did not fall within the GTSA's five-year statute of limitations. Id. at 17-18. The court also found that once the alleged misappropriation was discovered in November 2014, BBPOS unreasonably delayed in bringing its claims. Id. at 18-20.

On Ingenico Inc.'s counterclaim for indemnification, the court found that Ingenico Inc. was entitled to $164,444.97 for BBPOS's failure to indemnify it for one matter of four matters, but that Ingenico Inc. had failed to prove its damages with specificity for the other matters. Id. at 27-28.

## II.      Discussion

### A.      Costs

Defendants seek $60,701.43 in costs from Anywhere Commerce and BBPOS comprised of transcript costs of $39,746.02 (including deposition costs of $30,254.52 and court transcript costs of $9,491.50), printing and copying costs of $4,669,60, and witness fees of $16,285.81. Bill of Costs [Doc. No. 371]; Defendants' Memorandum in Support of Costs 12 [Doc. No. 372].

Under Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." The court is permitted to exercise its substantial discretion and deny costs in certain circumstances, however, such as when a party is "only partially successful," or where costs are "unreasonably high or unnecessary." Cantrell v. Int'l Broth. of Elec. Workers, AFL-CIO, Local 2021, 69 F.3d 456, 459 (10th Cir. 1995). The court may also reduce a request for costs where "the taxable costs of the litigation were disproportionate to the result achieved." Dunne v. Resource Converting, LLC, 991 F.3d 931, 941 (8th Cir. 2021).

Here, while Defendants seek costs against Anywhere Commerce, between Defendants and Anywhere Commerce, no party prevailed on any claim and Anywhere Commerce was not a party at trial.

And as to BBPOS, Defendants were only partially successful. Defendants seek costs of depositions used at summary judgment, see Defendants' Reply ("Def.'s Rep.") 8 [Doc. No. 378], but at summary judgment there was no prevailing party: BBPOS failed to prevail on the majority of its claims, and Ingenico Inc. failed to prevail on the majority of its counterclaims. In addition, in March 2022, after completion of fact discovery (including all but two of the depositions for which Defendants now seeks costs), Ingenico Inc. dismissed Count VIII of its Second Amended Counterclaim for Patent Infringement, and included in its Stipulation of Dismissal [Doc. No. 178] that all parties would bear their own costs. Yet Defendants now seek costs for those deposition transcripts without any explanation as to the relationship between those depositions and that Stipulation.

Ingenico Inc. did prevail on part of one counterclaim at trial and did defeat Plaintiffs' remaining count. But Defendants' bill for these costs is excessive and disproportionate to the result achieved. While Defendants were awarded damages of $164,444.97, their cost bill of $60,701.43 more than one third of the amount of the recovery—is disproportionate to the result achieved. Included in that high bill are costs for daily trial transcripts and for their two experts to attend eight and ten days of trial. Neither set of costs are justified here.

In sum, the court declines to award Defendants their costs against Anywhere Commerce and BBPOS.

B.  *Attorneys' Fees*

1.  Fees Pursuant to the Trade Secrets Statutes

Under the Defend Trade Secrets Act, the court has discretion to award attorneys' fees where "a claim of misappropriation is made in bad faith." 18 U.S.C. § 1836(b)(3)(D). The Georgia and Massachusetts state laws contain similar discretionary provisions. Ga. Code § 10-1-764; Mass. Gen. Law ch. 93, § 42C. The bad-faith inquiry is a two-prong test, which "requires finding that '(1) Plaintiffs' claim was "objectively specious"; and (2) Plaintiffs exhibited "subjective misconduct" in bringing or maintaining the claim.'" Northstar Healthcare Consulting v. Magellan Health, 17-cv-1071, 2020 WL 10486256 at *30 (N.D. Ga. Feb. 20, 2020). "Objective speciousness exists where 'there is a complete lack of evidence as to every element of a misappropriation of trade secrets claim.'" Id. "Subjective misconduct exists where a plaintiff knows or is reckless in not knowing that its claim for trade secret misappropriation has no merit." Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts, 222 F. Supp. 2d 733, 744 (D. Md. 2002).

To start, the court's conclusion that the statute of limitations ultimately barred BBPOS' trade secrets claim was by no means a foregone conclusion, contra Defendants' Memorandum ("Def.'s Mem.") 5, 7 [Doc. No. 374] (describing claim as "completely meritless"). To the contrary, the court did not make any findings with regard to BBPOS's actual knowledge as of May 2013—the court cabined its conclusion to whether BBPOS "should reasonably have discovered" any alleged misappropriation by that time. Findings of Fact and Conclusions of Law 17 [Doc. No. 369]. That this was a close call should be clear to Defendants from the court's denial of summary judgment on the issue. Mem. & Order [Doc. No. 228]; see Russo v. Baxter Healthcare Corp., 51 F. Supp. 2d 70, 77 (D.R.I. 1999) ("Objectively, [Plaintiff] had a colorable

6

claim, as evidenced both by [the Judge's] refusal to grant summary judgment and by [the Judge's] belief that the case needed to go to trial.").

Moreover, Defendants are incorrect that the court previously found that BBPOS' claim would be barred "except under a certain set of facts." Def.'s Mem. 5 [Doc. No. 374]; see Def.'s Rep. 2 [Doc. No. 378]. The court made no such statement: Instead, the court determined that "a jury could reject Ingenico's contention that the claim accrued no later than January 2013" based on the evidence before the court at summary judgment, Mem. & Order 22 [Doc. No. 228]. Defendants' revisions to the court's order thus fail to support their proposition that BBPOS's claim was doomed from the start. The court also declines to adopt Defendants' suggestion that the underlying meritoriousness of a trade secrets misappropriation claim is irrelevant to the bad faith inquiry, see Def.'s Mem. 3 [Doc. No. 374], particularly where, as here, the evidence of misappropriation was substantial, see Findings of Fact and Conclusions of Law 10-12 [Doc. No. 369].

Further, BBPOS's strategy to pursue additional trade secret claims alongside their claim under the Georgia Trade Secrets Act (GTSA) does not equate to bad faith. Nor did BBPOS's decision to continue with its claims under multiple trade secrets laws prejudice Defendants where the facts underlying those claims were the same, and Defendants were not required to significantly alter their defenses in order to respond.

Finally, Defendants' request for statutory fees fails entirely as applied to Anywhere Commerce, see Def.'s Mem. 8 [Doc. No. 374], where Anywhere Commerce brought no claims for violations of the trade secret statutes in this litigation, see Am. Compl. [Doc. No. 67]. This court declines to read the statutes upon which Defendants rely to bring this motion—which expressly and exclusively contemplate trade secrets claims—to extend to tort claims.

### 2. Fees Pursuant to the Court's Inherent Authority

The court declines to grant Defendants' requests for attorneys' fees under the court's inherent authority. See RTR Techs., Inc. v. Helming, 707 F.3d 84, 94 (1st. Cir. 2013) (courts should "use their inherent power cautiously and [] grant attorneys' fees sparingly under that power"). The mere fact that Defendants prevailed at trial on the few remaining claims not resolved pretrial does not entitle them to attorneys' fees. See Russo, 51 F. Supp. 2d at 77.

The court notes finally that Defendants have failed entirely to support their fee request. Defendants seek "$2,335,429.05 in reasonable fees," see Motion for Attorneys' Fees [Doc. No. 373], without ever stating what fees were incurred for what hours at what hourly rate, let alone offering any breakdown of tasks that were performed. The absence of any such information is troubling in light of the mixed results in this litigation. Given further that Ingenico Inc.'s voluntary dismissal of its patent claim—*after* fully litigating a motion to dismiss on that claim and *after* completing fact discovery—specifically stated that each side would bear its own fees, see Stipulation of Dismissal [Doc. No. 178], the absence of such a breakdown is extremely problematic.

While Defendants offer to provide "the terms of any agreement about fees as well as the invoices and any other required supporting documentation" pursuant to Rule 54(d)(2)(B)(iv) if the court so orders, that provision relates only to "the terms of any agreement about fees for the services for which the claim is made" and does not excuse Defendants' failure to make any showing to support their claim that the fee request is reasonable.

### III.    Conclusion

For the foregoing reasons, Defendants' Motion for Attorneys' Fees [Doc. No. 373] and Bill of Costs [Doc. No. 371] is DENIED.

IT IS SO ORDERED.

October 20, 2023                                        /s/     Indira Talwani
                                                        United States District Judge